IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 99-00303-01-CR-W-6 |
| | ) | |
| KEITH D. NELSON, | ) | |
| | ) | |
| Defendant. | ) | |

MOTION FOR APPOINTMENT OF COUNSEL TO PURSUE POSTCONVICTION REMEDIES AND SUGGESTIONS IN SUPPORT

COMES NOW defendant, Keith D. Nelson, by and through appointed counsel, Jennifer Herndon, and pursuant to 21 U.S.C. §848(q), requests that this Court appoint counsel to represent Mr. Nelson in the pursuit of all available post conviction remedies in the above case. Specifically, Mr. Nelson requests that the Court appoint attorneys David Ruhnke and Gary Brotherton to represent him. In support of this request, Mr. Nelson provides the following:

On November 28, 2001, Keith Nelson was sentenced to death by a jury following his plea of guilty to the crime of unlawful interstate transportation of a minor who had been kidnapped for the purpose of sexual abuse, which resulted in the death of the victim. His direct appeal to the United States Court of Appeals for the Eighth Circuit was unsuccessful. *See* ***United States v. Nelson***, 347 F.3d. 701 (8th Cir. 2003). Rehearing was denied by the Court on December 24, 2003. Mr. Nelson has filed a petition for writ of certiorari with the United States Supreme Court. The case was conferenced by the Court on October 29, 2004. Therefore, the Court's decision as to whether certiorari will be granted is expected any day. While appellate counsel believes the petition has merit, the

reality is that even petitions with merit are routinely denied due to the Court's time constraints. Therefore, it is likely that Mr. Nelson's petition will be denied by the Court.

Having nearly exhausted his avenues of relief on direct appeal, Mr. Nelson now wishes to pursue all available post conviction remedies, as well as clemency if necessary, and requires the assistance of counsel to do so. In this motion, he requests that this Court appoint attorneys David Ruhnke and Gary Brotherton as post conviction counsel. Mr. Nelson requests that this Court appoint counsel as soon as possible in light of the fact that the one year statute of limitations for filing a 28 U.S.C. § 2255 petition will begin to run the day after the Supreme Court denies certiorari. *See* 28 U.S.C. §2255.

Applicable federal law requires the appointment of qualified counsel in this case. In 1988 Congress enacted the Anti-Drug Abuse Act. *See* 21 U.S.C. §848. In general, the Act created a number of federal crimes involving drug trafficking, and provided for a federal death penalty in some cases.[1] Section 848(q)(4)(B) relates to the appointment of counsel (and related matters) in death penalty cases. That section requires, *inter alia*, the appointment of "one or more" attorneys for indigent inmates seeking relief from their federal capital convictions and sentences of death in §2255 proceedings or in any other

[1] Mr. Nelson was sentenced to death under the later enacted Federal Death Penalty Act, 18 U.S.C. §3591 *et seq.*. The appointment of post conviction counsel for §2255 and/or clemency proceedings in his case, however, is governed by 21 U.S.C. §848(q)(4)(B).

post conviction proceedings, including clemency.[2] Mr. Nelson is such an inmate. His indigent status was previously determined by this Court. Counsel were appointed to represent him at the trial. He is therefore entitled to the appointment of qualified counsel to pursue all available post conviction remedies.

Since its enactment, the United States Supreme Court has interpreted provisions of 21 U.S.C. §848, specifically holding that the appointment of qualified counsel in these cases is mandated by federal law: "[o]n its face, this statute grants indigent capital defendants a mandatory right to qualified legal counsel and related services '[i]n any [federal] post conviction proceeding.'" ***McFarland v. Scott***, 512 U.S. 849 (1994). The 1988 law also contains specific provisions regarding qualifications of counsel, *ex parte* proceedings for funds for experts, investigators and other necessary services, and payment of counsel. In particular, the law requires that appointed counsel have sufficient

---

[2] The statute provides:

> (B) In any post conviction proceeding under section 2254 or 2255 of Title 28, United States Code, seeking to vacate or set aside a death sentence, any defendant who is or becomes financially unable to obtain adequate representation or investigative, expert, or other reasonable necessary services shall be entitled to the appointment of one or more attorneys and the furnishing of such other services in accordance with paragraphs (5), (6), (7), (8), and (9).

21 U.S.C. §848(q)(4)(B).

experience and expertise in the appropriate area of law.[3]

The right to counsel provided by §848(q) attaches prior to the filing of a prisoner's habeas petition. As the Supreme Court has explained, absent this pre-petition right to counsel, condemned prisoners would not have meaningful access to the remedy of habeas corpus:

> Congress' provision of a right to counsel under §848(q)(4)(B) reflects a determination that quality legal representation is necessary in capital habeas corpus proceedings in light of "the seriousness of the possible penalty and . . . the unique and complex nature of the litigation." §848(q)(7). An attorney's assistance prior to the filing of a capital defendant's habeas corpus petition is crucial because "the complexity of our jurisprudence in this area . . . makes it unlikely that capital defendants will be able to file successful petitions for collateral relief without the assistance of persons learned in the law."

***McFarland***, 512 U.S. at 855-56 (quoting ***Murray v. Giarratano***, 492 U.S. 1, 14 (1989) (Kennedy, J., joined by O'Connor, J., concurring in the judgment)).

In construing §848(q)(4)(B) to require appointment of counsel prior to the filing of the petition, the Supreme Court explained that Congress provided for investigative and expert resources to be made available to counsel upon request and a showing of need.

---

[3] In post trial cases such as this, subsection (6) provides:

> . . . at least one attorney so appointed must have been admitted to practice in the court of appeals for not less than five years, and must have had not less than three years experience in the handling of appeals in that court in felony cases.

21 U.S.C. §848(q)(6). Subsection (7) of the statute provides:

> With respect to paragraphs (5) and (6), the court, for good cause, may appoint another attorney whose background, knowledge, or experience would otherwise enable him or her to properly represent the defendant, with due consideration to the seriousness of the possible penalty and to the unique and complex nature of the litigation.

21 U.S.C. §848(q)(7).

Since these services "may be critical in the pre-application phase of a habeas corpus proceeding, when possible claims and their factual bases are researched and identified," ***McFarland***, 512 U.S. at 855, Congress clearly intended counsel to be appointed prior to the filing of the habeas petition. ***Id***.

From this analysis, it is plain that the right to counsel conferred by §848(q) is a right to assistance in identifying, developing, and pleading all available claims for relief, including the record-based claims already raised in the state trial and appeal proceedings, as well as the claims not raised in those proceedings because they are derived from non-record facts that require access to investigative and expert resources. For the reasons set forth in this motion, the proper course in this case is for the Court to appoint as counsel in this matter attorneys David Ruhnke and Gary Brotherton.

Messers. Ruhnke and Brotherton have both corresponded with Keith Nelson, who has indicated his desire to have them act as his post conviction counsel in this case. Counsel Ruhnke and Brotherton's appointment will therefore ensure and promote an agreeable working relationship between attorneys and client. Counsel Ruhnke, as demonstrated by his attached resume (Exhibit A), clearly has the necessary experience and qualifications to ensure Mr. Nelson receives the quality of counsel required by law. Mr. Ruhnke is a member of the bar of four different courts of appeals and has been practicing in the court of appeals since 1977. *See* 21 U.S.C. §848(q)(6) and (7).

Although Mr. Brotherton does not meet the requirements of 21 U.S.C. §848(q)(6), his appointment is permissible under that statute because Mr. Ruhnke satisfies the requirements of the statute. Furthermore, 21 U.S.C. §848(q)(7) provides that second counsel does not have to meet the requirements of subsection (6) if his "background,

knowledge, or experience would otherwise enable him or her to properly represent the defendant." Mr. Brotherton's resume, attached as Exhibit B, demonstrates that his extensive appellate experience in state court makes him more than qualified to represent Mr. Nelson in his federal post conviction actions.

## Conclusion

This Court is required to appoint counsel in this case under the applicable federal statute, 21 U.S.C. §848(q), and under governing federal case law. *See* ***McFarland v. Scott***, *supra*. Counsel seeks nothing here that is not required by federal law. For reasons of quality of representation, the appointment of David Ruhnke and Gary Brotherton is demonstrably reasonable.

Therefore, undersigned counsel respectfully requests that this Court appoint David Ruhnke and Gary Brotherton as counsel for Mr. Nelson in the pursuit of his post conviction remedies under §2255, and any other post conviction remedies that counsel deem appropriate on Mr. Nelson's behalf, including clemency proceedings.

RESPECTFULLY SUBMITTED,

/s/ Jennifer Herndon

______________________________

Jennifer Herndon,
Missouri Bar No. 37921
Attorney at Law
33 Flower Valley, #188
St. Louis, Missouri 63033
Telephone: (314) 831-5531
Facsimile: (314) 831-5645

COUNSEL FOR MR. NELSON