RUHNKE & BARRETT
ATTORNEYS AT LAW

DAVID A. RUHNKE
(MEMBER OF N.J. AND NEW YORK BARS)
davidruhnke@ruhnkeandbarrett.com
JEAN DESALES BARRETT
(MEMBER OF N.J. AND COLORADO BARS)
jeanbarrett@ruhnkeandbarrett.com

47 PARK STREET
MONTCLAIR, NEW JERSEY 07042

(973)744-1000
(973)746-1490 (FAX)

**Resume of Death Penalty Experience – David A. Ruhnke**
(Revised June 2004)

Education: B.A., English Literature, Dartmouth College, 1965

J.D. *cum laude*, Seton Hall University, 1975
Class rank -1/250

Work History:

1965-1967: Management trainee
Prudential Ins. Co. of America
Newark, New Jersey

1967-1969: Peace Corps Volunteer
Republic of the Philippines

1969-1970: Instructor of English
East-West Cultural Institute
Chiba City, Japan

1970-1972: Free-lance journalist/photographer
Part-time construction worker

1972-1975: Summer employment in law school: project to revise New Jersey child-abuse legislation (summer, 1973); law clerk Office of the Federal Public Defender for the District of New Jersey (summer, 1974)

1975-1976: Law clerk to Hon. Lawrence A. Carton, Jr., Presiding Judge, Appellate Division New Jersey Superior Court

1976-1983: Assistant Federal Public Defender for the District of New Jersey

1983-present: Partner, Ruhnke & Barrett, Montclair, New Jersey

Teaching: Adjunct faculty member, Seton Hall University Law School, teaching

primarily Criminal Law and Criminal Procedure (inactive at present).

<u>Bar Admissions</u>:

State of New Jersey, 1975
State of New York, 1984
District of New Jersey, 1975
Eastern District of New York, 1983
Southern District of New York, 1983
First Circuit, 2004
Second Circuit, 1993
Third Circuit, 1977
Tenth Circuit, 1997
United States Supreme Court, 1983

<u>Memberships</u>: American Bar Association New Jersey Bar Association; National Association of Criminal Defense Lawyers; Association of Criminal Defense Lawyers of New Jersey (Past President and chair of death-penalty committee); New Jersey State Bar Association, Criminal Law Section (former trustee); former member, Death Penalty Subcommittee, Federal Defender Advisory Committee, Administrative Office of the United States Courts (Defender Services Division).

FEDERAL DEATH-PENALTY CASES (trial level):[1]

- *United Stats v. Vincent Pagan* (SDNY 2004). Court-appointed by Hon. Loretta A. Preska, U.S.D.J. Single murder occurring in context of drug-dealing. Case is pending mitigation submission to local United States Attorney. Case is noteworthy for fact that client was released on house arrest conditions.

- *United States v. Mario Hernandez* (DPR 2004). Court-appointed by Hon. Juan M. Perez-Gimenez. Carjacking murder of young woman victim whose body has never been recovered. Allegations are hat victim was sexually assaulted and torured prior to death. Pending mitigation submisssion to United States Attorney.

- *United States v. Bing Yi Chen* (S.D.N.Y. 2003). Court-appointed by Hon. Deborah K. Batts, U.S.D.J. Double homicide in context of large-scale drug-dealing. Pending authorization decision.

[1]The date shown is the year of entry into the case as retained or appointed counsel.

- *United States v. Christian DelRosario* (S.D.N.Y. 2003). Court-appointed by Hon. Gerard E. Lynch, U.S.D.J. Double homicide in context of large scale drug-dealing. Pending authorization decision.

- *United States v. Albert Burgos* (S.D.N.Y. 2003). Court-appointed by Hon. Loretta A. Preska, U.S.D.J. Single murder occurring in context of drug-dealing and gang activity. Pending authorization decision.

- *United States v. Freddy Abad* (S.D.N.Y. 2002). Court-appointed by Hon. George P. Daniels. Indictment alleges single murder, accompanied by torture and home invasion, of reputed drug dealer in unsuccessful effort to steal drugs and money. Death penalty was not sought after it was demonstrated the defendant was mentally retarded.

- *United States v. John Petrucelli* (S.D.N.Y. 2002). Court-appointed by Hon. Thomas P. Griesa. Defendant accused of single murder occurring in 1995 in an organized crime context. United States did not request authorization to seek the death penalty.

- *United States v. Gary Lee Sampson* (D.Mass. 2001). Court-appointed by Hon. Mark L. Wolf, U.S.D.J. Defendant guilty of committing three murders in Massachusetts and New Hampshire while on run from bank robbery prosecution. Case tried from September through December 23, 2003. Death verdict. Pending appeal.

- *United States v. Michael O'Driscoll* (M.D.Pa. 2001). Court-appointed by Hon. Malcolm Muir, Senior Judge. Prisoner kills fellow prisoner at the United States Penitentiary, Allenwood. Defendant alleged to have a long and serious history of violence, including prior murder. Case authorized for capital prosecution. On March 4, 2003, non-unanimous jury returned life verdict.

- *United States v. Elijah Bobby Williams* (S.D.N.Y. 2000). Court-appointed by Hon. Naomi Reice Buchwald, U.S.D.J. Case brought pursuant to the Federal Death Penalty Act of 1994 and involves an allegation of a triple homicide occurring in the context of large-scale drug trafficking and racketeering. Case authorized for capital punishment, over contrary recommendation of United States Attorney. Pending trial March 2005.

- *United States v. Khalfan Khamis Mohamed* (S.D.N.Y.1999). Court-appointed by Hon. Leonard Sand, U.S.D.J. Case brought pursuant to Federal Death Penalty Act of 1994 and charged the defendant with participation in the August 1998 bombings of the American Embassies in Kenya and Tanzania, allegedly at the behest of the lead defendant, Usama Bin Laden. Case began trial January 3, 2001. Defendant convicted of the murder of 11 people in the bombing of the embassy in Dar es Salaam. On July 10, 2001, at severed penalty-phase, non-unanimous jury returned

life verdict. Capital co-defendant also received a life verdict. Defendant withdrew appeal of underlying conviction.

· *United States v. Anthony Greco* (S.D.N.Y. 1999). Court-appointed by Hon. Lawrence McKenna. Case brought pursuant to Federal Death Penalty Act of 1994. Alleged single murder in organized crime context. United States did not seek capital authorization.

· *United States v. John Tibbs* (D.Mass. 1999). Court-appointed by Hon. Nancy Gertner, U.S.D.J. Drug "kingpin" case. Single murder. Department of Justice did not authorize for capital prosecution.

· *United States v. Lee Arthur Taylor* (D.Mass 1999). Court-appointed by Hon. Nancy Gertner, U.S.D.J. Drug "kingpin" case. Single murder. Department of Justice did not authorize for capital prosecution.

· *United States v. Joseph Calco* (E.D.N.Y. 1999). Court-appointed by Hon. Edward R. Korman, U.S.D.J. Three murders set in organized crime/narcotics trafficking context. Defendant entered into cooperation agreement with the United States and death-penalty not sought.

· *United States v. Gurmeet Singh Dhinsa* (E.D.N.Y. 1998). Retained as co-counsel to Gerald Shargel, Esquire. Brought pursuant to Federal Death Penalty Act of 1994. Millionaire Sikh businessman charged with two murders-for-hire to silence witnesses to fraudulent scheme. Convicted after eight-week trial. Penalty phase ended in unanimous life verdict.

· *United States v. Clarence Heatley* (S.D.N.Y. 1996). Court-appointed by Hon. Sonia Sotomayor, U.S.D.J. Drug "kingpin" case. Nineteen murders. Death penalty authorized for Heatley and co-defendant. Both capital defendants plead out to life sentences.

· *United States v. Moses Clary* (D.N.J. 1996). Court-appointed by Hon. Joseph Rodriquez as co-counsel to Federal Public Defender. Brought pursuant to Federal Death Penalty Act of 1994. Bank-robbery shoot-out at suburban shopping mall. Two bystanders and one perp killed. Security guard wounded. (Guard killed one by-sander; dead perp killed other. Clary is the survivor.) Death-penalty authorized. Plead to life sentence.

· *United States v. David Paul Hammer* (M.D. Pa. 1996). Court-appointed by Hon. Malcolm Muir, U.S.D.J. Case brought pursuant to Federal Death Penalty Act of 1994. Prison killing at U.S.P./Allenwood. Defendant charged with strangling cellmate. Defendant confessed in grisly detail, said he did not fear the death-penalty

and that, given the opportunity, he would kill again. Was serving equivalent of life sentences from Oklahoma. In federal custody as "transfer" since Oklahoma could not keep him from running economic and other scams from Oklahoma State Prison. IQ of 138. Death-penalty authorized and death verdict returned 7/98. Client withdrew appeal in order to speed his execution. *United States v. Hammer*, 226 F.3d 229 (3d Cir. 2000). Client changed mind again and execution date of 11/15/00 was vacated. Petition for post-conviction relief is presently pending at the district court level.

· *United States v. Chen* (E.D.N.Y. 1995). Court-appointed by Hon. Edward R. Korman, U.S.D.J. Case brought pursuant to Federal Death Penalty Act of 1994. Charged rape/torture/shooting death of Chinese immigrant held captive for ransom and/or repayment of fees owed to smugglers. Department of Justice authorized capital prosecution in summer of 1996. Plead guilty to life sentence.

· *United States v. Christopher Green* (D.N.J. 1995). Court-appointed by the Hon. Joseph H. Rodriguez, U.S.D.J., as co-counsel to Federal Public Defender. Case brought pursuant to Federal Death Penalty Act of 1994. On March 21, 1995, Christopher Green, a 29 year-old man with no criminal record, entered a small postal sub-station in Montclair, New Jersey and announced a robbery. After receiving approximately $5,000, he ordered the five people in the post office — two postal employees and three customers — to the ground and methodically shot each in the head with a 9mm pistol loaded with "Black Talon" bullets. Four of the individuals died instantly; the fifth survived made a full recovery. After several negotiating sessions, the United States Attorney dropped her request for the death penalty and, on June 8, 1995, Green entered a guilty plea to the indictment and was sentenced to a life sentence without parole on September 22, 1995.

· *Moore v. Reynolds* (W.D.Ok 1994). Court-appointed by Hon. Robin J. Cauthron, U.S.D.J., to represent death-sentenced Oklahoma inmate on federal habeas. Petition denied January, 1997. Decision affirmed by divided panel of Tenth Circuit. *Moore v. Reynolds*, 153 F.3d 1086 (10th Cir. 1998). Supreme Court denied *certiorari*. Board of Pardon and Parole refused clemency. Client executed 6/3/99.

· *United States v. Tyrone Walker* (N.D.N.Y. 1994). Court-appointed by Hon. Thomas J. McAvoy, Chief Judge. Drug "kingpin" case. Case went to trial from October 1995 to February 1996. Convicted. At penalty, jury found defendant responsible for two additional murders. Jury returned a non-unanimous life verdict.

· *United States v. Michael Murray* (M.D.Pa. 1993). Court-appointed by Hon. Sylvia H. Rambo, Chief Judge. Drug "kingpin" case. Young client (19) charged with drug-related shooting of 20 year-old drug-dealer. Alleged "kingpin," although charged with having ordered killing, did not face death penalty. Case plead out on

June 16, 1994 after one week of jury selection to max 27-year sentence. Unfortunately, the trial judge rejected the plea bargain and in late June, 1995 the defendant was permitted to retract his guilty plea. The case was scheduled to go to trial on July 21, 1995. Defense counsel sought Justice Department review of the decision to seek the death penalty and, over the objection of the local United States Attorney, Attorney General Reno withdrew capital authorization. The case went to trial as a non-capital murder case and defendant was convicted and sentenced to life imprisonment. Murder conviction reversed by Third Circuit 1/3/97. *United States v. Murray*, 103 F.3d 310 (3d Cir. 1997) (Trial court erred in admitting second murder on 404(b) basis); *but see*, *United States v. Murray,* 144 F.3d 270 (3d Cir. 1998) (Permissible to re-sentence defendant to life sentence on drug counts without conducting new trial on reversed murder charge).

· *United States v. Dandeny Munoz-Mosquera* (E.D.N.Y. 1993). Court-appointed by the Hon. Sterling Johnson. Drug "kingpin" case. Defendant alleged "assassin" for the Medillin Cocaine Cartel; co-defendant was the late Pablo Escobar, alleged head of the cartel and then a fugitive in the Republic of Colombia. The capital count charged mid-air bombing of a domestic Colombia airliner (Avianca Airlines) in which 110 people — including two American citizens — were killed. The United States Attorney in Brooklyn eventually declined to seek Justice Department authorization and the case went to trial as non-capital prosecution.

· *United States v. Thomas Pitera* (E.D.N.Y. 1992). Court-appointed by the Hon. Reena Raggi, U.S.D.J. Drug "kingpin" case. First such prosecution in Eastern District of New York., Case alleged nine murders set in context of organized-crime RICO and CCE. Client was 38-year old alleged male [you have made] member of Bonnano organized crime family. At conclusion of guilt-phase, jury convicted client of seven homicides. At death-penalty phase, divided jury returned life verdict.

· *United States v. Bilal Pretlow* (D.N.J. 1992). Court-appointed by the Hon. Harold A. Ackerman, U.S.D.J. Drug "kingpin" case. First such case in District of New Jersey. After several weeks of trial, 21-year old client committed suicide by hanging self in jail cell.

STATE DEATH-PENALTY CASES (trial level):

· *State v. James Minett* (New Jersey Superior Court 1996). Murder-for-hire of defendant's girlfriend. Shooter cooperated and testified. Life verdict spring 1998. Conviction affirmed on appeal. Pending federal habeas filing.

· *State v. William David Jones* (New Jersey Superior Court 1995). Designated counsel by Public Defender. On July 19, 1995 defendant was arrested for knife-, bat- and pitchfork-slaying of acquaintance. Related charge of sexual assault. Case tried in fall

of 1999 into early 2000. Jury convicted of capital murder after seven days of deliberations. Jury deliberated slightly over one hour after three-day penalty-phase presentation and did not find any aggravating factors. Guilt-phase verdict pending appeal.

- *State v. Eddie Lee Oliver a/k/a Al Damany Kamau* (New Jersey Superior Court 1993). Designated counsel by the Office of the Public Defender. Defendant charged with June 3, 1993 murder of a Newark Police Officer as he waited to testify in the hallway outside a courtroom on the 11th floor of the Essex County Courthouse in Newark, New Jersey. In the ensuing escape attempt, a sheriff's officer was shot in the chest. Defense was insanity. Jury convicted after five days of deliberations but, after two days of penalty deliberations, returned a non-unanimous verdict rejecting death penalty.

- *State v. Anthony McDougald* (New Jersey Superior Court 1990). Designated counsel by the Office of the Public Defender. This was a double-murder by stabbing of the parents of the 13-year old girlfriend of 27-year old defendant. After the murder, he inserted baseball bat into the vagina of the mother with the comment that this was in retaliation for her having given birth to the 13-year-old. Aggravating factors are that the murders were outrageously and wantonly vile and that there were committed to avoid prosecution for another offense. (The statutory rape of the 13-year-old.) This case was a penalty-only re-trial after the New Jersey Supreme Court affirmed the murder convictions but vacated the death verdict. See *State v. McDougald*, 120 N.J. 523, 577 A.2d 419 (1990). On November 18, 1995, following six weeks of jury selection and a two-week trial, the jury returned a verdict for life.

- *State v. Bryan Coyle* (New Jersey Superior Court, 1991). Designated counsel by the Office of the Public Defender. This was a shooting death of the husband of a woman with whom defendant was romantically involved. Aggravating factors were that defendant has a prior murder conviction and that the filling was outrageous and wantonly vile in that it was a killing committed purely for the pleasure of killing. First jury convicted and imposed death sentence. This was a re-trial following the New Jersey Supreme Court's reversal of both the guilt- and penalty- phase verdicts. See *State v. Coyle*, 119 N.J. 194, 574 A.2d 951 (1990). After plea negotiations, prosecution withdrew aggravating factors and defendant plead guilty to murder and was sentenced to 30 years.

- *State v. Julius Boeglin* (New Jersey Superior Court 1990). Retained as counsel to handle pre-trial motions and jury-selection only. Aggravating factors are murder-by-hire and avoiding detection for another offense. Allegations were defendant — the son of a millionaire industrialist — paid another to kill victim for informing on defendant's drug activities. Case went to trial with substituted counsel and jury returned verdict of non-capital murder.

- *State v. James Jerald Koedatich* (New Jersey Superior Court, 1990). Designated counsel by the Office of the Public Defender.) Case involved the kidnaping, sexual assault and stabbing murder of an 18-year old adopted Korean girl. Aggravating factors were the defendant's two prior murder convictions; that murder was committed in a manner that was outrageous and wantonly vile; that murder was committed for the purpose of escaping detection for the other felonies; and that murder was committed in the course of certain other felonies. This was a penalty-phase only re-trial. Because of the massive publicity, venue was moved out of the county where the crime occurred to a rural adjacent county. Trial took place in the summer of 1990. Jury selection took approximately five weeks. There was one week of penalty-phase evidence. Jury was unable to agree unanimously on whether the death penalty should be imposed and, therefore, as required by New Jersey law, defendant was sentenced to life imprisonment.

- *State v. Eneida Berrios* (New Jersey Superior Court, 1983). Designated counsel by the Office of the Public Defender. Case involved the arson-murder of a six-year old child motivated by an argument between two families in the City of Newark. Building was set on fire in the middle of the night. Child was trapped. Aggravating factors were that defendant hired the arsonist and that the murder was outrageously and wantonly vile. Case tried in 1986. Defendant found not guilty at conclusion of guilt phase.

**APPELLATE DEATH-PENALTY EXPERIENCE**

- *State of Delaware v. Thomas Capano*, 781 A.2d 556 ((Del.Supreme Ct. 2001). Retained as appellate co-counsel to politically prominent attorney found guilty of murdering his girlfriend (appointments secretary to the Governor of Delaware) and disposing of her body at sea. Sentenced to death. Conviction and sentence of death affirmed by Delaware Supreme Court. *Certiorari* petition pending in United States Supreme Court raising *Apprendi* challenge to Delaware capital punishment scheme. Outcome of case will be controlled by analysis of the United States Supreme Court's decision in *Ring v. Arizona*. Case is now in state post-conviction at the trial level.

- *State v. John Martini, Sr.,* 144 N.J. 603, 678 A.2d 164 (1996). Martini was New Jersey's first potential "volunteer" for execution. Served as counsel to *amicus curiae*, the Association of Criminal Defense Lawyers of New Jersey, taking the position that an otherwise competent defendant may not waive a state court post-conviction challenge to a death sentence where the attorneys handling the case are of the view that there are meritorious issues to be presented. Court accepted that argument. Societal interest in reliability of death sentences outweighs individual defendant's wish to forgo post-conviction review. *State v. Martini*, 144 N.J. 603, 678 A.2d 164 (1996).

- *State v. Marshall*, 130 N.J. 109, 613 A.2d 1059 (1992). *Marshall* was the first death sentence affirmed by the New Jersey Supreme Court. See, 123 N.J. 1, 586 A.2d 85 (1991). (Defendant was convicted of hiring others to murder his wife for insurance proceeds and was subject of book and made-for-TV movie entitled "Blind Faith.") In this aspect of *Marshall*, served as counsel to *amicus curiae*, the American Civil Liberties Union of New Jersey, concerning the methodology to be employed by the New Jersey Supreme Court in carrying out statutorily-mandated proportionality review.

- *State v. Koedatich*, 112 N.J. 225, 548 A.2d 939 (1988). Defendant originally tried and sentenced to death in 1984. Firm became involved in the case on direct appeal to the New Jersey Supreme Court. Above-cited opinion affirmed defendant's underlying convictions by 4-3 vote but unanimously vacated the death penalty. See also, *State v. Koedatich*, 118 N.J. 513, 572 A.2d 622 (1990). State appealed trial court's decision to grant motion striking two of four aggravating factors on ground that previous penalty-phase jury had not been able to reach a unanimous finding that those aggravating factors existed. The New Jersey Supreme Court, in another 4-3 opinion, reversed the trial court and re-instated the dismissed aggravating factors which were then presented to the jury when the penalty-phase was re-tried in the summer of 1990. Jury returned life verdict.

**OTHER RELEVANT EXPERIENCE**

- Qualified and testified as expert witness in area of effective assistance of counsel in handling guilt- and penalty-phases of capital-murder cases: *State v. Jermaine Wright* (Delaware Superior Court 1994); *Hooks v. Ward*, (U.S. Dist. Ct., W.D.Ok. 1997); *State v. Jackson*, (Delaware Superior Court 1998); *Mollett v. Ward* (U.S. Dist. Ct. W.D.Ok. 2000); *State v. Donald Loftin* (N.J. Superior Court 2004).

- April, 2004. Faculty Member, Capital Trial Advocacy Program, Plano, Texas. Small group leader and plenary presentations on mitigating evidence and future danger.

- March 2004. Faculty member and presenter Life in the Balance program, Memphis, Tennessee. Presented small group and plenary sessions on mitigation, closing instructions and penalty-phase summation.

- February 2004. Presentation at the mid-winter meeting of the Association of Criminal Defense Lawyers at San Antonio,. Texas, "Putting a Human Face on the Despised."

- July 2003. Presentation, the Airlie Conference, 2003 NAACP Legal Defense Fund,

Inc. Capital Punishment Conference, Warrenton, Virginia: "What we are Learning About Mitigation: Findings from the LifeVote Project."

· March 2003. Faculty member at Federal Strategy Session and Life in the Balance programs, Austin, Texas.

· February 2003. Faculty Member, Virginia Death Penalty College, Richmond, Virginia.

· October 2002. Presentation to First Circuit Judicial Conference, Chatham, MA. "The Ability of the Federal Courts to Handle Cases of International Terrorism."

· August 2002. Faculty member, National Death Penalty College, Santa Clara University Law School, Santa Clara, CA

· April 23, 2002, Presentation, Internal Law Society, Suffolk University Law School, Boston, "International Law Issues Arising from the Embassy Bombing Case."

· National Seminar for Federal Defenders, Philadelphia, March 13-15, 2002. Presentation, "Mitigating Evidence in Death Penalty Cases."

· 2002 Federal Capital Defense Strategy Session, Kansas City, MO, March 8, 9, 2002. Presentations: Discussion Leader, Caucus of First, Second and Third Circuits; "Political and Terrorist Prosecutions," (with Jerry Zerkin and David Bruck); "Mitigation: Federal Jury Findings" (with Margaret O'Donnell and William Brennan); "Ethical Considerations in Federal Capital Cases" (with Carol Kolinchak and David Lewis); "Litigating Racial, Ethnic and Geographic Diversity" (with Sam Gross and Tim Sullivan); "Mitigation that Opens the Door" (with Jerry Zerkin, David Bruck and Mark Cunningham).

· Faculty Member, South Carolina Bar Association's 17th Annual Update on the Criminal Law, Charleston, South Carolina January 2002, Panel, "The Criminal Law in the Aftermath of September 11."

· Faculty Member, Capital Trial Advocacy Program, Austin Texas, January 2002. Small group leader and plenary presentation, "Thinking About, Discovering and Presenting Mitigating Evidence"

· Faculty member, National Death Penalty College, Santa Clara University Law School, Santa Clara, CA, August 2001.

· Daylong seminar, "Saving Lives in a New Millennium," co-sponsored by the

Association of Criminal Defense Lawyers of New Jersey and the ABA Death Penalty Representation Project, moderator and speaker, "Capital Cases – Answering the Hardest Question," East Brunswick, N.J., March 17, 2001

· Presentation, Federal Death Penalty Strategy Session, "Volunteers – Dealing With the Client Who has Lost the Will to Fight," Albuquerque, NM, March 3, 2001

· August 2000. Presentation, the Airlie Conference, 2000 NAACP Legal Defense Fund, Inc. Capital Punishment Conference, Warrenton, Virginia: "Jury-Selection in Capital Cases."

· Faculty Member, Clarence Darrow Darrow Death Penalty College, University of Michigan Law School, Ann Arbor, MI, May 2000

· Presentation, Federal Death Penalty Strategy Session, "The Department of Justice and the Authorization Process," Crystal City, MD, March, 2000.

· Faculty member, National Death Penalty College, Santa Clara University Law School, Santa Clara, CA, August 1999.

· Presentation to Federal Defense Investigators Conference, New Orleans, LA, May 1999, "Investigating Mitigating Evidence."

· Life in the Balance, Atlanta, GA, May 1999 (National Legal Aid and Defenders Association), faculty member. Presentation at special federal death-penalty seminar and on "What to do When a Client Volunteers for Execution?" and "Opening Address to the Jury at a Penalty Phase."

· American Academy of Forensic Psychology, Philadelphia, PA, April 1998, co-presenter, with Alan Goldstein, Ph.D., of day-long presentation: "The role of the Forensic Psychologists in a Death-Penalty Case."

· American Academy of Forensic Psychology, Palm Springs, CA, January 1998, co-presenter, with Alan Goldstein, Ph.D., of day-long presentation: "The role of the Forensic Psychologists in a Death-Penalty Case."

· American Academy of Forensic Psychology, New Orleans, LA, January 1997, co-presenter, with Alan Goldstein, Ph.D. and Jean D. Barrett, Esquire, of day-long presentation: "The role of the Forensic Psychologists in a Death-Penalty Case."

· Life in the Balance, Dallas, TX, March 1997 (National Legal Aid and Defender Association), faculty member. Presentations on "Cross-examining the Government's Expert;" "Working with Expert Witnesses;" "Brainstorming the Case;" and "Direct

Examination of Penalty-Phase Witnesses."

· Presentation, seminar sponsored by Federal Judicial Center, "Appellate Capital Case Issues: the Attorney's Perspective," Miami, FL, August 5, 1996.

· Presentation, "Death is Different," at training seminar sponsored by New York Capital Defender Organization, Rochester, NY, March 1996.

· Presentation, the Airlie Conference, 1996 NAACP Legal Defense Fund, Inc. Capital Punishment Conference, "Hard Lessons Learned from Federal Death Penalty Cases," July 26, 1996 at Georgetown University, Washington, D.C.

· Presentation, "Death is Different," at training seminar sponsored by New York Capital Defender Organization, White Plains, NY, October, 1995.

· Presentation, "Counsel in Federal Death Penalty Cases," 1995 meeting of Federal Defenders and Resource Center Directors, Marco Island, FL, January 1995.

· Presentation, "Why Death is Different," New York Association of Criminal Defense Lawyers, N.Y.U. Law School, New York, NY, February 1995.

· Presentation, "Opening Arguments in a Death Penalty Case," Life in the Balance (National Legal Aid and Defender Association), Austin, TX, March 1994.

· Presentation, "The Federal Death Penalty," July 1994 Capital Punishment Conference, NAACP Legal Defense Fund, Inc., Warrenton, VA.

· Presentation, "Litigating the Federal Death Penalty Case," Ohio Association of Criminal Defense Lawyers, Columbus, OH, December 2, 1994.

· Presentation, "Opening and Closing in Theme," 1993 Capital Punishment Conference, NAACP Legal Defense Fund, Inc., Warrenton, VA.

· Keynote speaker and panel member, "Saving Client's Lives in the 90's." Day-long seminar presented by the Association of Criminal Defense Attorneys of New Jersey, New Brunswick, N.J., Spring 1993.