IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, Plaintiff, | ) | |
| v. | ) | Case No. 99-00303-01-CR-W-6 |
| KEITH DWAYNE NELSON, Defendant. | ) | |

GOVERNMENT'S RESPONSE TO DEFENDANT'S
MOTION FOR APPOINTMENT OF COUNSEL
TO PURSUE POST CONVICTION REMEDIES

Comes now the United States of America, by and through its undersigned counsel, and for its Response to Defendant's Motion for Appointment of Counsel to Pursue Post Conviction Remedies, states the following.

1. TIMELINES

On November 8, 2004, the United States Supreme Court denied defendant’s petition for Writ of Certiorari. Nelson v. United States, 2004 WL 2154317 (U.S.), 73 USLW 3285.

2. QUALIFICATIONS OF APPOINTED COUNSEL

Defendants have no constitutional right to have counsel appointed for purposes of making collateral attacks on their conviction. Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). That being said, in 1988 Congress, in establishing the death penalty for certain drug offenses, created a statutory right to legal representation for capital defendants in post-conviction proceedings. 21 U.S.C. § 848(q)(4)(B), and see McFarland v.

Scott, 512 U.S. 849, 855 (1994). Specifically, § 848(q)(4)(B) provides that in post-conviction proceedings under either § 2254 or 2255 of Title 28, a capital defendant who is indigent may be entitled to the appointment of one or more attorneys for legal representation. Subsections (6) and (7) qualify that appointment as follows:

> (6) If the appointment is made after judgment, at least one attorney so appointed must have been admitted to practice **in the court of appeals for not less than five years**, and must have had **not less than three years experience in the handling of appeals in that court in felony cases.**
>
> (7) With respect to paragraphs (5) and (6), the court, for good cause, may appoint another attorney whose background, knowledge, or experience would otherwise enable him or her to properly represent the defendant, with due consideration to the seriousness of the possible penalty and to the **unique and complex nature of the litigation.**

(emphasis supplied).

Defendant has asked this Court to appoint two attorneys for him to pursue post-conviction remedies, specifically David Ruhnke of Ruhnke & Barrett, Montclair, New Jersey, and Gary Brotherton of Legal Writes, LLC, Columbia, Missouri. Defendant cites no specific reason for the selection of these two counsel other than "Messrs. Ruhnke and Brotherton have both corresponded with Keith Nelson, who has indicated his desire to have them act as his post-conviction counsel in this case. Counsel Ruhnke and Brotherton's appointment will therefore ensure and promote an

agreeable working relationship between attorneys and client." Defendant's Motion at p. 5.

<u>Background</u>

The Criminal Justice Act, 18 U.S.C. § 3006A(a), authorizes each federal district court to "place in operation throughout the district a plan for furnishing representation for any person financially unable to obtain adequate representation . . ." [which class of defendants includes those charged with felony offenses]. Pursuant to this statute, the United States District Court for the Western District of Missouri has promulgated a Plan for Implementing the Criminal Justice Act of 1964, 18 U.S.C. § 3006A, which plan, as amended, provides that (as to the appointment of private attorneys) a panel of attorneys in private practice shall be prepared for each division of the district by the full-time magistrates. (Plan, Section V(A)(1)).

By historic practice in this district, the panel of attorneys eligible for appointment consists of the Bar of the Court, that is, attorneys admitted to practice before the court and eligible by qualification of being a member of the Missouri Bar in good standing, or admitted to practice before the United States District Court for the District of Kansas, regularly engaged in the practice of law and whose admission is moved by an attorney member of the Western District of Missouri Bar who has been in good standing for five years. United States District

Court for the Western District of Missouri, Local Rule 83.5(a) and (b)(1).

Title 21, United States Code, Section 848(q)(4)(B), setting forth additional requirements for the appointment of counsel in federal death penalty cases, is not inconsistent with the provisions of 18 U.S.C. § 3006A (or provisions the Plan promulgated thereunder to implement the statute), but rather should be read in pari materia to provide that should a defendant be eligible for appointment of counsel pursuant to the provisions of § 3006, that an attorney or attorneys shall be appointed consonant with the Court's Plan, which counsel shall possess those additional qualifications set forth in 21 U.S.C. § 848(q)(4)(B)(6) and (7).

The issue of construction of 21 U.S.C. § 848(q) with the Northern District of California's Court Plan, promulgated pursuant to the Criminal Justice Act and similar to the Plan of the Western District of Missouri, was addressed and decided by the Ninth Circuit in Russell v. Hug, 275 F.3d 812 (9th Cir. 2002). That Circuit held that the Court's Plan, which limited membership on the Northern District's Indigent Defense Panel to those attorneys who were members of the California Bar, was valid and violated none of ten statutory and constitutional bases upon which it was challenged, including 21 U.S.C. § 848(q).

In so holding, the Circuit stated:

> 2. [The Plan] Is Not Inconsistent with 21 U.S.C. § 848(q)(5) and (6).
>
> Russell contends that [the Plan] is inconsistent with subsections (5) and (6) of 21 U.S.C. § 848(q), which set forth requirements for counsel in federal death penalty cases. Among other things, subsection (5) requires that at least one attorney "have been admitted to practice in the court in which the prosecution is to be tried for not less than five years." Subsection (6) requires that at least one attorney appointed after judgment "must have been admitted to practice in the court of appeals for not less than five years."
>
> We see no inconsistency between these requirements and those of [the Plan]. Section 848(q) does not state that the requirements it sets forth are exclusive; they are far more reasonably understood as minimum requirements for death penalty cases. For example, § 848(q) does not expressly require any attorney to have been admitted to any state bar, or to have passed a bar examination anywhere. Of course, an attorney admitted to and experienced in a federal court will certainly have done both, but that fact simply illustrates the federal courts may add requirements to those expressly set forth in § 848(q). Section 848(q) is no obstacle to the validity of [the Plan].

Russell v. Hug, 275 F.3d at 817-818.

In the instant case, neither Messrs. Ruhnke nor Brotherton satisfy the requirements for appointment in this District. Mr. Ruhnke is not admitted to practice before this Bar, is not a member of the Missouri Bar, and is not admitted to practice before the United States District Court for the District of Kansas.

Mr. Brotherton, by defendant's own admission, does not meet the minimal requirements of 21 U.S.C. § 848(q)(6). Defendant's

Motion at p. 5. Defendant suggests that despite not meeting the minimal qualifications, Mr. Brotherton should be appointed pursuant to § 848(q)(7) because he has "extensive appellate experience in state court." Defendant's Motion at p. 6.

Subsection (7) of § 848(q)(4)(B) empowers the Court to appoint an ancillary counsel, for good cause shown, where it is demonstrated that counsel's background and experience would enable proper representation given the penalty and "unique and complex nature of the litigation." Defendant has not demonstrated that Mr. Brotherton's background or experience would enable proper representation. Specifically, there is no showing that anything about his background or experience makes him particularly appropriate or unusually qualified to address issues in this litigation.

3. NO ENTITLEMENT TO PARTICULAR APPOINTED COUNSEL

As noted by the Ninth Circuit in Russell v. Hug, supra, there are good and rational reasons for limiting indigency appointments to counsel who are qualified by virtue of the district's Plan. Such limitation (1) ensures a uniform minimum level of competence for lawyers provided to indigent defendants, and (2) serves the District's legitimate interest in policing standards of ethical conduct of the lawyers appointed. Russell v. Hug, 275 F.3d at 819-20.

Further, the Eighth Circuit has repeatedly held that "a criminal defendant does not have the absolute right to counsel of his own choosing. (Citations omitted.) Furthermore, an indigent defendant has no right to demand of a court that a particular attorney, or particular attorneys, be appointed to represent him. (Citations omitted.)" United States v. Espino, 317 F.3d 778, 798-99 (8th Cir. 2003). As provided in Wheat v. United States, 486 U.S. 153, 159 (1988):

> Thus, while the right to select and be represented by one's preferred attorney is comprehended by the Sixth Amendment, the essential aim of the Amendment is to guarantee an effective advocate for each criminal defendant rather than to ensure that a defendant will inexorably be represented by the lawyer whom he prefers. (Citations omitted.)
>
> The Sixth Amendment right to choose one's own counsel is cirmcumscribed in several important respects. Regardless of his persuasive powers, an advocate who is not a member of the bar may not represent clients (other than himself) in court. Similarly, a defendant may not insist on representation by an attorney he cannot afford or who for other reasons declines to represent the defendant.

This District Court has drawn a plan for the selection of attorneys to represent indigent defendants and has a unique and continuing interest in assuring the quality, competence, and integrity of that representation. The roster for the Bar for the Western District of Missouri is extensive and includes many attorneys who meet the requirements for representation set out in 21 U.S.C. § 848(q). Therefore, this Court should select for appointment in this post-conviction matter counsel who is or are

qualified by virtue of the Court's Plan, its Local Rules, and those additional qualifications of 21 U.S.C. § 848(q) to represent defendant. See for example: United States v. Pope, 251 F. Supp. 234, 237, fn. 2, (D. Neb. 1966) (selection of appointed counsel should be made from the panel designated).

## CONCLUSION

Wherefore, for the above-stated reasons, the Government does not oppose appointment of counsel to represent defendant in his post-conviction challenges, but does oppose the appointment of Messrs. David Ruhnke and Gary Brotherton as not being qualified or appropriate for this representation.

Respectfully submitted,

Todd P. Graves
United States Attorney

By */s/ Sheryl L. Jeans*

Sheryle L. Jeans #21995
Assistant United States Attorney

Charles Evans Whittaker Courthouse
400 East 9th Street, Suite 5510
Kansas City, Missouri 64106
Telephone: (816) 426-2605

<u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that a copy of the foregoing was served this 22nd day of November 2004, by electronic notice on those parties having entered their appearance under the Electronic Filing System (ECF), and by U.S. Mail, postage prepaid, on those parties having requested notice by conventional service.

Jennifer Herndon
Attorney at Law
33 Flower Valley, #188
St. Louis, MO 63033

*/s/ Sheryl L. Jeans*

Sheryle L. Jeans
Assistant United States Attorney

SLJ/rah