IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. 99-00303-01-CR-W-6** |
| | ) | |
| **KEITH DWAYNE NELSON,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S REPLY TO GOVERNMENT'S MOTION OBJECTING TO HIS MOTION FOR APPOINTMENT OF COUNSEL**

**COMES NOW** Defendant, by and through appointed counsel, and hereby for his Reply to the Government's Objections to his Motion for Appointment of Counsel states as follows:

1. As the government correctly notes the Supreme Court of the United States denied defendant's Petition for Writ of Certiorari on October 8, 2004. As a result, the one year time limit for filing a 2255 Motion begun on October 8, 2004.

2. It is crucial that this Court appoint counsel to handle this 2255 as soon as possible, as the clock is ticking on the statute of limitations.

3. The government also asserts, based on pure speculation, that the two attorneys suggested in the Motion were personally selected by Mr. Nelson. Nothing could be farther from the truth.

4. After the Petition for Certiorari was filed counsel began to think about

attorneys to represent defendant on his 2255. Undersigned counsel personally contacted Mr. Brotherton after he was recommended by another attorney in Kansas City. Counsel discussed Mr. Nelson's case with Mr. Brotherton and he agreed to accept the appointment if offered. Counsel believes Mr. Brotherton's appellate and death penalty experience certainly qualifies him for this appointment.

5. Co-counsel, Jennifer Brewer personally contacted Mr. Rumke and discussed Mr. Nelson's case. After that discussion Mr. Rumke agreed to accept the appointment if offered. Clearly, Mr. Rumke is qualified to accept this appointment,

6. It was only after counsel personally found these two attorneys did they write Mr. Nelson a letter regarding their willingness to accept the appointment if offered.

7. Neither counsel has ever personally met Mr. Nelson, nor have either spoken with him on the telephone. In fact, Mr. Nelson never heard of either attorney until the undersigned counsel informed him of their willingness to accept this appointment. Thus contrary to the government assertion, neither of these attorneys were selected by Mr, Nelson.

8. Counsel made the decision to look for attorneys outside the Kansas City Metropolitan area for this case due to the unique characteristics of this case. As this court will remember, this was a highly publicized sensational case. Members of the victims family appeared at evey court hearing and conducted press conferences on the courthouse steps after every hearing. In fact, recently on the five year anniversary of this crime this case again made the evening news with statements from the victim's family.

In addition to the voluminous publicity that case has produced there were threats

made to undersigned counsel in connection with her representation of Mr. Nelson. Early on in the case the victim's father made threatening statements against the undersigned to an investigator for Mr. Nelson. Those threats were reported to the FBI and several months later he apologized for the statements. Again, after the sentence was handed down by the jury, death threats against the undersigned appeared on Channel 5's website. Again those threats were reported to the FBI. However, they were unable to determine the maker of the threats

There is no indication that the postconviction proceedings will be any different. As a result, counsel believes that attorneys residing outside the Kansas City Metropolitan area should be appointed as they would be less likely to be influenced by the potential for adverse publicity or subject to threats.

9. As this Court is also aware, many of the qualified attorneys in this Metropolitan area refused to take this case due to facts. Undersigned counsel has talked to several members of the bar in this area about the 2255 Motion and again many qualified attorneys have expressed the desire not to handle this case. As a result, counsel felt it necessary to look outside this community for qualified counsel to represent Mr. Nelson.

WHEREFORE for the above stated reasons, defendant respectfully requests this Honorable Court appoint Gary Brotherton and David Rumke to handle his 2255 Motion.

Respectfully submitted:

/s/

Susan M. Hunt
819 Walnut, Ste. 308
Kansas City, MO. 64106
Phone: (816) 221-4588
Fax: (816) 221-2551

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing electronically filed this 1st day of December 2004 and served on all parties.

/s/



4