IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| KEITH D. NELSON, | : | |
| Petitioner, | : | |
| vs. | : | 4:04-cv-8005(JFG) |
| UNITED STATES OF AMERICA, | : | |
| Respondent. | : | |

PETITIONER KEITH NELSON'S MOTION REGARDING BILLING PROCEDURES, THE SETTING OF AN HOURLY RATE OF COMPENSATION, AND TO PERMIT INTERIM BILLING FOR APPOINTED COUNSEL

COMES NOW Petitioner Keith D. Nelson, by his undersigned counsel, and moves this court for the following relief: (1) an order pursuant to 21 U.S.C. § 848(q)(10(A) setting an hourly rate of $125 for both appointed counsel in this case; and (2), an order allowing appointed counsel to submit bills for interim payment. The grounds for the motion are set forth in the following numbered paragraphs.

1. In November 2001, Keith D. Nelson ("Petitioner") was sentenced to death by a jury within the jurisdiction of this district. On direct appeal, the sentence of death was

affirmed. *United States v. Nelson*, 347 F.3d 701 (8th Cir. 2003). On November 8, 2004, the United States Supreme Court denied Petitioner's *certiorari* petition. *Nelson v. United States*, ___ U.S. ___ (2004). On December 14, 2004, this court, Hon. Fernando J. Gaitain, Jr., U.S.D.J., appointed Gary E. Brotherton, Esquire and David A. Ruhnke, Esquire for the purposes of represenitng Petitioner in connection with a petition for *habeas corpus* to be brought pursuant to 28 U.S.C. § 2255.

2. Both counsel believe that the process of investigating, presenting, and litigating a petition brought pursuant to 28 U.S.C. § 2255 will be complex and time-consuming. In essence, this stage of the litigation represents Petitioner's last real chance to set aside the sentence of death that has been imposed. In pursuing a new trial or sentencing proceeding in this matter, Petitioner's counsel must, in essence, re-investigate the case from the beginning, locate and retain experts (and seek court approval for the funding of such experts), and present a coherent legal argument to this Court as to why Petitioner's sentence should be set aside. All of this will take place in the context of a highly-publicized and emotionality-charged case. Maximum efforts will be required of both counsel, neither of whom presently has any serious degree of familiarity with the case

3. Congress has set a limit of $125 per hour for the compensation of counsel in cases such as these. 21 U.S.C. § 848(q)(10)(A). It is respectfully submitted that both counsel should be compensated at the hourly rate of $125. Both counsel have extensive capital case experience. Mr. Brotherton has served as lead appellate counsel in five state capital cases, three of which resulted in relief for the client. Mr. Ruhnke has extensive state

and federal capital case experience, having tried eight federal capital cases to a verdict and having handled at least a dozen other federal capital cases that were either plead to less than a sentence-of-death or not authorized as a capital prosecution by the Attorney General of the United States.

4. Mr. Brotherton has been a practicing attorney for 13 years. Mr. Ruhnke has been a practicing attorney for 29 years, and served as Assistant Federal Public Defender for the District of New Jersey for eight years. He lectures frequently on the topic of the defense of capital cases. Mr. Brotherton was Assistant Public Defender in the Office of the State Public Defender in Missouri for 12 years and was the recipient of the David J. Dixon Appellate Advocacy Award in 1998 and he has frequently lectured on the topic of appellate advocacy.

5. The experience of both counsel substantially exceed the minimum requirements of 21 U.S.C. § 848(q)(5). Both counsel have extensive appellate experience. Mr. Ruhnke has extensive state and federal trial and appellate experience with a particular expertise in the federal death penalty.

6. Mr. Ruhnke is in frequent contact with lawyers around the country who handle cases of this nature and notes that rate of $125 per hour is considered the appropriate rate for counsel handling cases of this nature. It is further the understanding of counsel that the rate of $125 per hour is the rate that has been set for all previous federal capital cases in the Western District of Missouri to date. In reality, the rate is far below what most attorneys charge in private practice charge for even routine criminal or civil cases, let alone a case

where another human being's life is at stake.

7. In light of the forgoing, counsel respectfully request that this Court establish an hourly rate of $125 per hour for both counsel.

8. Counsel request further, pursuant to 18 U.S.C. § 3006A(1) that this Court permit interim billing and payment on a monthly basis. It is anticipated that this litigation will be protracted and will demand a lot of counsel's time. Both counsel are from small law firms. Mr. Ruhnke is in partnership with his wife, Jean D. Barrett. Mr. Brotherton is a solo practitioner. It would work an unfair hardship on counsel to require counsel to wait until the conclusion of this matter to apply for payment. Interim billing also has the virtue of keeping the Court apprised of the costs in the case as they are incurred.

WHEREFORE, Petitioner's counsel request that this court set a rate of compensation for counsel at $125 per hour and that counsel be permitted to submit bills for interim payment every 30 days. Petitioner also seeks and further relief that the Court may deem just and proper.

Respectfully submitted,

RUHNKE & BARRETT
47 Park Street
Montclair, New Jersey 07042
(973)744-1000
(973)746-1490
davidruhnke@ruhnkeandbarrett.com
Co-counsel to Petitioner

By: ______________________________
DAVID A. RUHNKE
Co-counsel to Petitioner

Dated: Montclair, New Jersey
December 17, 2004

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that, on this date, a copy of this motion was served upon the following:

SHERYLE L. JEANS, A.U.S.A.
ROSEANNA HILL, A.U.S.A.
Office of the United States Attorney
400 E. 9th Street, 5th Floor
Kansas City, MO 64106
sheryle.jeans@usdoj.gov
roseanna.hill@usdoj.gov

________________________________
DAVID A. RUHNKE

Dated: Montclair, New Jersey
December 17, 2004