SUBMITTED *EX PARTE*

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| KEITH D. NELSON, | : | |
| Petitioner, | : | |
| vs. | : | 4:04-cv-8005(JFG) |
| UNITED STATES OF AMERICA, | : | |
| Respondent. | : | |

PETITIONER KEITH NELSON'S *EX PARTE* MOTION FOR INCREASED COUNSEL FEES EFFECTIVE FEBRUARY 1, 2005

COMES NOW Petitioner Keith D. Nelson, by his undersigned counsel, and moves this court for an order increasing the hourly rate for counsels' services to $160 per hour. The grounds for the motion are set forth in the following numbered paragraphs.

1. In November 2001, Keith D. Nelson ("Petitioner") was sentenced to death by a jury within the jurisdiction of this district. On direct appeal, the sentence of death was affirmed. *United States v. Nelson*, 347 F.3d 701 (8th Cir. 2003). On November 8, 2004, the United States Supreme Court denied Petitioner's *certiorari* petition. *Nelson v. United States*, ___ U.S. ___ (2004). On December 14, 2004, this court, Hon. Fernando J. Gaitain, Jr.,

U.S.D.J., appointed Gary E. Brotherton, Esquire and David A. Ruhnke, Esquire for the purposes of represenitng Petitioner in connection with a petition for *habeas corpus* to be brought pursuant to 28 U.S.C. § 2255.

2. Both counsel believe that the process of investigating, presenting, and litigating a petition brought pursuant to 28 U.S.C. § 2255 will be complex and time-consuming. In essence, this stage of the litigation represents Petitioner's last real chance to set aside the sentence of death that has been imposed. In pursuing a new trial or sentencing proceeding in this matter, Petitioner's counsel must, in essence, re-investigate the case from the beginning, locate and retain experts (and seek court approval for the funding of such experts), and present a coherent legal argument to this Court as to why Petitioner's sentence should be set aside. All of this will take place in the context of a highly-publicized and emotionality-charged case. Maximum efforts will be required of both counsel.

3. This Court previously approved a compensation rate for counsel of $125 per hour, which was the maximum rate payable in federal capital cases at the time counsel were appointed. On January 28, 2005, the Administrative Office of the United States Courts notified all interested parties, including all Judges of the United States district Courts, that the Fiscal Year 2005 Omnibus Appropriations Act included, in the federal judiciary's Defender Services appropriation, funds to raise the maximum hourly rate in capital cases from $125 to $160. The rate increase was effective as of February 1, 2005. The announcement from the Administrative Office also noted the following:

> Where the appointment of counsel occurred before the effective

date, the new maximum hourly rate applies to that portion of services provided on or after February 1, 2005.

4. The increase in rates represents the first such increase in hourly rates paid by the federal courts to counsel in capital cases since 1988. The increase reflects, in part, the rising costs of practicing law, the difficult and specialized nature of capital work, and the need to continue to attract qualified counsel to provide representation in capital cases. It is respectfully submitted that both counsel should be compensated at the increased hourly rate of $160, effective with services provided on and after February 1, 2005. Both counsel have extensive capital case experience. Mr. Brotherton has served as lead appellate counsel in five state capital cases. Mr. Ruhnke has extensive state and federal capital case experience, having tried eight federal capital cases to a verdict and having handled at least a dozen other federal capital cases that were either plead to less than a sentence-of-death or not authorized as a capital prosecution by the Attorney General of the United States.

5. Mr. Brotherton has been a practicing attorney for 13 years. Mr. Ruhnke has been a practicing attorney for 29 years, and served as Assistant Federal Public Defender for the District of New Jersey for eight years. He lectures frequently on the topic of the defense of capital cases. Mr. Brotherton was Assistant Public Defender in the Office of the State Public Defender in Missouri for 12 years and was the recipient of the David J. Dixon Appellate Advocacy Award in 1998.

6. The experience of both counsel substantially exceed the minimum requirements of 21 U.S.C. § 848(q)(5). Both counsel have extensive appellate experience.

Mr. Ruhnke has extensive state and federal trial and appellate experience with a particular expertise in the federal death penalty.

7. In reality, the rate is far below what most attorneys charge in private practice charge for even routine criminal or civil cases. The rate is far below what courts routinely award to prevailing counsel in employment cases. The rate is certainly fair compensation in a case where counsel bear the responsibility of attempting to save another human being's life.

8. In light of the forgoing, counsel respectfully request that this Court establish an hourly rate of $160 per hour for both counsel effective February 1, 2005.

WHEREFORE, Petitioner's counsel request that this court set a rate of compensation for counsel at $160 per hour effective February 1, 2005 and such further relief that the Court may deem just and proper.

Respectfully submitted,

RUHNKE & BARRETT
47 Park Street
Montclair, New Jersey 07042
(973)744-1000
(973)746-1490
davidruhnke@ruhnkeandbarrett.com
Co-counsel to Petitioner

By: /s/ David A. Ruhnke
DAVID A. RUHNKE
Co-counsel to Petitioner

Dated: Montclair, New Jersey
March 6, 2005