# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| Keith D. Nelson, | ) | |
| Petitioner, | ) | |
| vs. | ) | No. 04-8005-CV-W-FJG |
| United States of America, | ) | |
| Respondent. | ) | |

## ORDER

Petitioner's sealed ex parte motion to authorize reimbursement for paraglegal services (Doc. #13), filed June 12, 2005, is **GRANTED**. Counsel is granted permission to incur paralegal services at a rate of $20 per hour up to 200 hours effective June 12, 2005.

Also pending is petitioner's ex parte motion for expert and investigative assistance (Doc. # 15). Pursuant to 21 U.S.C. § 848(q)(10)(B), petitioner seeks the appointment of two individuals to provide expert and investigative assistance in connection with his post-conviction challenge to his sentence of death. Petitioner seeks to submit his application ex parte and under seal of the Court as it contains sensitive and privileged information. Petitioner's request to submit this request ex parte and to maintain it under seal is hereby **GRANTED**.

Petitioner seeks to have a neuropsychologist, Michael Gelbort, Ph.D. appointed to conduct a neuropsychological examination of petitioner. Counsel represents that this examination would include a review of pertinent history and records, an in person evaluation, and the administration of a battery of standardized tests. Counsel estimates that this evaluation and testing would take eight to twelve hours to complete and that the review of the records, examination, scoring the results and preparing the report would take approximately thirty hours. Therefore, counsel for petitioner is seeking authorization for up to $7,500.00 for the testing and preparation of the report, plus reasonable travel expenses.

Additionally, petitioner seeks authorization for the appointment of Jill Miller, MSSW, to conduct and complete the mitigation investigation that was left uncompleted by the mitigation expert previously involved in the case. Counsel represents that Ms. Miller would conduct in depth interviews with petitioner and with members of his family, on both the maternal and paternal sides. Counsel states that Ms. Miller will attempt to locate critical life history records that were not acquired by trial counsel and will attempt to document and determine the presence of Fetal Alcohol Syndrome. Counsel seeks authorization for up to 200 hours of time at the hourly rate of $110 per hour for this investigation.

21 U.S.C. § 848(q)(4)(B) states in part:

> [i]n any post conviction proceeding under section 2254 or 2255 of Title 28, seeking to vacate or set aside a death sentence, any defendant who is or becomes financially unable to obtain adequate representation or investigative, expert, or other reasonably necessary services shall be entitled to the appointment of one or more attorneys and the furnishing of such other services in accordance with paragraphs (5), (6), (7), (8), and (9).

Pursuant to 21 U.S.C. § 848(q)(10), the Court may authorize fees and expenses to pay investigators or other experts in a capital case. However, 21 U.S.C. § 848(q)(9) requires a finding that these services are reasonably necessary for the representation of the defendant. After reviewing the ex parte application, the Court finds that the experts services requested are reasonably necessary in order to develop petitioner's ineffective assistance of counsel claim. As the Supreme Court stated in McFarland v. Scott, 512 U.S. 849 (1994), "[t]he services of investigators and other experts may be critical in the preapplication phase of a habeas corpus proceeding, when possible claims and their factual bases are researched and identified." Id. at 2572. Therefore, the Court hereby **GRANTS** petitioner's Motion for Expert and Investigative Assistance (Doc. # 15). The

Court hereby authorizes fees up to an including $7,500.00 for Michael Gelbort to conducting testing and complete his report, plus travel reasonable expenses. The Court also authorizes fees up to an including $7,500.00, plus reasonable travel expenses for Ms. Miller to conduct and complete a mitigation investigation. The Court realizes that this is well below the amount originally requested for Ms. Miller. However, if counsel feels that additional fees in excess of the $7,500 are necessary, he may apply for additional funds for this expert with specific rationale. This request requires approval of the Chief Judge of the United States Court of Appeals for the Eighth Circuit.

/s/Fernando J. Gaitan, Jr.
United States District Judge

Dated: August 30, 2005
Kansas City, Missouri