# U.S. District Court
# Western District of Missouri (Kansas City)
# CRIMINAL DOCKET FOR CASE #: 4:99-cr-00303-FJG-1

Case title: USA v. Nelson, et al
Magistrate judge case numbers: 4:99-mj-00138
:99-mj-08071 Transfer In

Date Filed: 10/21/1999

---

Assigned to: District Judge Fernando J. Gaitan, Jr

**Defendant**

**Keith D Nelson** (1)
*TERMINATED: 03/12/2002*

represented by **Daniel L. Franco**
13128 Larsen Street
Overland Park, KS 66213
*TERMINATED: 03/02/2001*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Larry C Pace**
Federal Public Defender
818 Grand Ave
Ste 300
Kansas City, MO 64106
816-471-8282
Fax: 816-471-8008
Email: larry_pace@fd.org
*TERMINATED: 08/21/2000*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Patrick J. Berrigan**
Watson & Dameron
2500 Holmes
Kansas City, MO 64108
(816)474-3350
Fax: (816)221-1636
Email: pberrigan@kctriallawyers.com
*TERMINATED: 03/12/2002*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**Susan Hunt**
819 Walnut
Suite 109
Kansas City, MO 64106
816-221-4588
Fax: 816-221-2551
Email: shunt5733@aol.com
*TERMINATED: 03/12/2002*

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**William E Shull**
104 West Kansas
Liberty, MO 64068
(816) 792-4242
Fax: (816) 792-0888
Email: wshull@kc.rr.com
*TERMINATED: 02/20/2001*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**Jennifer Herndon**
Brewer Law Office
33 Flower Valley, #188
St. Louis, Mo 63033
(314)831-5531
Fax: (314)831-5645
Email: jenifer@ix.netcom.com
*ATTORNEY TO BE NOTICED*

| **Pending Counts** | **Disposition** |
| --- | --- |
| 18:1201.F KIDNAPPING (1) | Dft plead guilty to count 1 on 10/25/01. Date of Imposition of Judgment on 3/11/02. IMPRISONMENT: Death; CRIMINAL MONETARY PENALTIES: MSA $100 |

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
| --- | --- |
| 18:2241C.F SEX WITH PERSON LESS THAN 12 YEARS OLD (2) | Count 2 dimsissed on the Motion of the United States |

**Highest Offense Level (Terminated)**

Felony

| **Complaints** | **Disposition** |
| --- | --- |
| None | |

---

**miscellaneous**

**CJA Clerk**
*TERMINATED: 03/12/2002*

---

**interested party**

**Roger Moore, Warden**
*TERMINATED: 03/12/2002*

---

**interested party**

**Warden Roger Moore**
*TERMINATED: 03/12/2002*

represented by **Michael Crow**
Crow, Clothier & Bates
PO Box 707
302 Shawnee
Leavenworth, KS 66048
(913) 682-0166
*TERMINATED: 03/12/2002*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

---

**interested party**

**Valley View Financia**
*Valley View Financial Trust Company*
*TERMINATED: 03/12/2002*

represented by **John L. Peterson**
748 Ann Avenue
Kansas City, KS 66101
913/371-1930
*TERMINATED: 03/12/2002*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

---

**Plaintiff**

**USA**
*TERMINATED: 03/12/2002*

represented by **Sheryle L Jeans**
United States Attorney's Office
400 E 9th St
Kansas City, MO 64106
816-426-4218
Fax: 816-426-3126
Email: sheryle.jeans@usdoj.gov
*TERMINATED: 03/12/2002*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 10/14/1999 | 1 | COMPLAINT against Keith D Nelson Magistrate Sarah W. Hays [ 4:99-m -138 ] (Susan Larson) (Entered: 10/15/1999) |
| 10/14/1999 | 2 | Arrest Warrant issued for Keith D Nelson by Magistrate Sarah W. Hays [ 4:99-m -138 ] (Susan Larson) (Entered: 10/15/1999) |
| 10/17/1999 | | DEFENDANT Keith D Nelson arrested [ 4:99-m -138 ] (Susan Larson) (Entered: 10/19/1999) |
| 10/18/1999 | 3 | Arrest Warrant returned executed as to Keith D Nelson 10/17/99 [ 4:99-m -138 ] (Susan Larson) (Entered: 10/19/1999) |
| 10/20/1999 | 4 | APPEARANCE for Keith D Nelson by Daniel L. Franco [ 4:99-m -138 ] (Susan Larson) (Entered: 10/21/1999) |

| | | |
|---|---|---|
| 10/21/1999 | 5 | INDICTMENT assigned to Judge Howard F. Sachs Counts filed against Keith D Nelson (1) count(s) 1, 2 (Georgia Kee) (Entered: 10/21/1999) |
| 10/21/1999 | 6 | ORDER by Judge Howard F. Sachs case reassigned to to Judge Fernando J. Gaitan Jr. as to Keith D Nelson (cc:all counsel) (Georgia Kee) (Entered: 10/21/1999) |
| 10/21/1999 | 7 | MINUTE ENTRY as to defendant Keith D Nelson Magistrate Sarah W. Hays presiding first appearance of Keith D Nelson; Bail not set; on 10/18/99 a Motion for Detention hearing and for continuance of hearing filed by Government at a Rule 5 hearing in the District of Kansas; dft waived the detention in the District of Kansas and proceedings will be held in the Western District of Missouri on 10/21/99 on a Complaint filed on 10/14/99; Parties stipulate that if called as a witness, Pretrial Service Officer would testify to the facts contained in this report; No evidence by parties; no argument by parties; Court grants government's motion; FPD appointed (Daniel Franco remains as retained counsel also); dft ordered detained without bail pending trial; written detention order to be forthcoming Court Reporter: JoRita Gicinto (Court Employee) (Entered: 10/21/1999) |
| 10/21/1999 | 8 | ORDER by Magistrate Sarah W. Hays as to Keith D Nelson appointing the FPD as counsel (Daniel L. Franco will also remain as retained counsel for the dft) (cc:all counsel) (Court Employee) Modified on 10/22/1999 (Entered: 10/21/1999) |
| 10/21/1999 | 9 | ORDER by Judge Fernando J. Gaitan Jr. referring motions to Magistrate Sarah W. Hays (Court Employee) Modified on 10/22/1999 (Entered: 10/21/1999) |
| 10/21/1999 | 10 | MOTION by Keith D Nelson for leave to file under seal re: capital qualified counsel (Court Employee) (Entered: 10/22/1999) |
| 10/21/1999 | 11 | DOCUMENT SEALED- ORDER by Magistrate Sarah W. Hays granting motion for leave to file under seal re: capital qualified counsel [10-1] as to Keith D Nelson (cc:all counsel) (Court Employee) (Entered: 10/22/1999) |
| 10/21/1999 | 12 | ORDER of Detention of Keith D Nelson pending Trial by Magistrate Sarah W. Hays (Court Employee) (Entered: 10/22/1999) |
| 10/22/1999 | 13 | MOTION by USA to compel production of hair and blood samples as to Keith D Nelson (Steve Navarro) (Entered: 10/23/1999) |
| 10/26/1999 | 14 | RULE 40 Documents received from District of Kansas as to Keith D Nelson (Court Employee) (Entered: 10/26/1999) |
| 11/02/1999 | 15 | CJA Form 30 (CR Appointment of Counsel-Death Penalty) as to defendant Keith D Nelson appointing; William E. Shull; (the address in the system is incorrect) sent new address information to Cindy Reed; 20 Westwood Dr., Seaport Clock Tower, Liberty MO 64068 (Court Employee) (Entered: 11/09/1999) |
| 11/02/1999 | 16 | CJA Form 30 (CR Appointment of Counsel-Death Penalty) as to defendant Keith D Nelson appointing Susan M. Hunt (Court Employee) (Entered: 11/09/1999) |
| 11/09/1999 | 17 | MOTION by USA to compel production of saliva samples as to Keith D Nelson (Steve Navarro) Modified on 12/16/1999 (Entered: 11/10/1999) |
| 11/09/1999 | 19 | MINUTE ENTRY as to defendant Keith D Nelson Magistrate Sarah W. Hays presiding dft Keith D Nelson arraigned; Atty present; Court Reporter: JoRita Gicinto (Court Employee) Modified on 11/15/1999 (Entered: 11/15/1999) |
| 11/09/1999 | 20 | OMNIBUS hearing report for defendant Keith D Nelson (Court Employee) (Entered: 11/15/1999) |
| 11/09/1999 | 21 | MOTION by USA to dismiss complaint as to Keith D Nelson (Court Employee) Modified on 11/15/1999 (Entered: 11/15/1999) |
| 11/12/1999 | 18 | ORDER by Magistrate Sarah W. Hays dismissing counts Keith D Nelson (1) cmp. Upon Motion of |

| | | |
|---|---|---|
| | | the US of America, the complaint against dft Keith Dwayne Nelson on 10/14/99 is hereby dismissed as to Keith D Nelson (cc:all counsel) (Court Employee) (Entered: 11/15/1999) |
| 11/16/1999 | 22 | MOTION by Keith D Nelson for billing procedures, for setting of compensation limits & for authorization to make interim pymts for appointed counsel William E Shull & Susan M Hunt (Georgia Kee) (Entered: 11/17/1999) |
| 11/22/1999 | 23 | OBJECTIONS by defendant Keith D Nelson to [17-1] (Steve Navarro) (Entered: 11/22/1999) |
| 11/23/1999 | 24 | RESPONSE by plaintiff USA as to defendant Keith D Nelson objections to the govt's motion to compel production of saliva samples [17-1] (Georgia Kee) (Entered: 11/24/1999) |
| 11/30/1999 | 25 | ORDER by Judge Fernando J. Gaitan Jr. granting motion for billing procedures, for setting of compensation limits & authorization to make interim pymts for appointed counsel William E Shull & Susan M Hunt [22-1] as to Keith D Nelson; It is ordered taht the rate of compensation for the appointed cousnel for dft Nelson, that is, William E. shull and Susan M. Hunt, is set at $125.00 per hour for all work performed by said counsel, including any such work performed by counsel prior to the date of this order; Interim vouchers shall be submitted on a monthly basis (cc:all counsel) (Court Employee) (Entered: 12/01/1999) |
| 12/02/1999 | 26 | ORDER by Magistrate Sarah W. Hays as to Keith D Nelson that dft's Ex Parte Application for Request for Appointment of Capital Counsel pursuant to 18 U.S.C. 3005 is granted (cc:all counsel) (Court Employee) (Entered: 12/03/1999) |
| 12/03/1999 | 27 | NOTICE of telephone status hearing by Magistrate Sarah W. Hays as to defendant Keith D Nelson, status hearing scheduled for 12/9/99 at 9:30 (Court Employee) (Entered: 12/03/1999) |
| 12/06/1999 | 28 | ORDER by Magistrate Sarah W. Hays directing govt to file by 12/13/99 afdts as it deems appropriate pursuant to search warrant standards which support the issuance of an order compelling dft Nelson to produce samples of his blood, hair and saliva; further ordered that on or before 12/13/99 govt shall describe the medical personnel and procedures which govt propose be utilized to draw the samples as to Keith D Nelson by 12/13/99 (cc:all counsel) (Susan Larson) Modified on 12/16/1999 (Entered: 12/07/1999) |
| 12/09/1999 | 30 | MINUTE ENTRY:Status telephone conf as to defendant Keith D Nelson Magistrate Sarah W. Hays presiding; Counsel appear by telephone; discussion held regarding proposed scheduling of pretrial motions & trial date; Court Reporter: JoRita Gicinto (Georgia Kee) (Entered: 12/13/1999) |
| 12/10/1999 | 29 | MOTION by Keith D Nelson to authorize the Clerk to issue subpoenas duces tecum and to direct the US Marshal to pay witness fees to: Records Custodian, Pamela Butler & Family Fund (Georgia Kee) (Entered: 12/13/1999) |
| 12/10/1999 | 31 | SUGGESTION with sealed in camera affidavit attached by plaintiff USA in support motion to compel production of hair and blood samples [13-1] (Steve Navarro) (Entered: 12/14/1999) |
| 12/14/1999 | 32 | ORDER by Magistrate Sarah W. Hays granting motion to compel production blood samples [13-1], withdrawing motion to compel production of saliva samples [17-1] as to Keith D Nelson (cc:all counsel) (Court Employee) Modified on 12/20/1999 (Entered: 12/15/1999) |
| 12/22/1999 | 33 | ORDER by Magistrate Sarah W. Hays as to Keith D Nelson that any request for a determination of dft's competency should be filed no later than 1/3/00 (cc:all counsel) (Court Employee) (Entered: 12/23/1999) |
| 12/27/1999 | 34 | WAIVER OF SPEEDY TRIAL RIGHTS AND CONSENT TO A FEBRUARY 2001, TRIAL DATE by defendant Keith D Nelson (Court Employee) Modified on 12/12/2000 (Entered: 12/27/1999) |
| 12/27/1999 | 35 | MOTION by Keith D Nelson for request for funds to hire investigator/Mitigation specialist, and for approval to exceed 21 USC 848(q)(10)(B) funding limits (Court Employee) (Entered: 12/28/1999) |
| 12/29/1999 | 36 | MOTION by Keith D Nelson that the court dispense with holdback of 1/3 of compensation for |

| | | |
|---|---|---|
| | | mitigation specialist, and other experts appointed by the court (Court Employee) (Entered: 12/30/1999) |
| 01/05/2000 | 37 | RESPONSE by plaintiff USA as to defendant Keith D Nelson's motion to issue subpoenas duces tecum (Steve Navarro) (Entered: 01/07/2000) |
| 01/12/2000 | 38 | ORDER by Judge Fernando J. Gaitan Jr. accelerated docket scheduled for 10/23/00 , continuing the trial to a special setting as to Keith D Nelson (cc:all counsel) (Court Employee) (Entered: 01/14/2000) |
| 01/19/2000 | 39 | MOTION by Keith D Nelson to change venue (Court Employee) (Entered: 01/19/2000) |
| 01/21/2000 | 40 | MOTION by Keith D Nelson to suppress dft's statements (Georgia Kee) (Entered: 01/24/2000) |
| 01/28/2000 | 41 | SCHEDULING ORDER by Magistrate Sarah W. Hays See Order for specific details as to Keith D Nelson (cc:all counsel) (Court Employee) (Entered: 01/31/2000) |
| 02/04/2000 | 42 | RESPONSE by plaintiff USA as to defendant Keith D Nelson motion to suppress dft's statements [40-1] (Steve Navarro) (Entered: 02/07/2000) |
| 02/04/2000 | 64 | MOTION by USA to submit in Camera as to Keith D Nelson (Court Employee) (Entered: 04/21/2000) |
| 02/09/2000 | 43 | OBJECTIONS by defendant Keith D Nelson to govt's motion to submit in camera (Georgia Kee) (Entered: 02/10/2000) |
| 02/10/2000 | 44 | REPLY by defendant Keith D Nelson re [37-1] (Steve Navarro) (Entered: 02/10/2000) |
| 02/10/2000 | 45 | MOTION by Keith D Nelson in limine to preclude the government from introducing video tapes seized from a 1979 Maroon Chrysler LeBaron Owned by Mike Morse (Steve Navarro) (Entered: 02/10/2000) |
| 02/11/2000 | 46 | RESPONSE by plaintiff USA to Objections to government's motion to submit in camera as to defendant Keith D Nelson (Georgia Kee) (Entered: 02/14/2000) |
| 02/14/2000 | 47 | RESPONSE by plaintiff USA as to defendant Keith D Nelson motion to change venue [39-1] (Steve Navarro) (Entered: 02/15/2000) |
| 02/14/2000 | 48 | ORDER by Magistrate Judge Sarah W. Hays the hearing on pretrial motions is rescheduled for 3/30/00 at 9:00 as to Keith D Nelson (cc:all counsel) (Court Employee) Modified on 02/15/2000 (Entered: 02/15/2000) |
| 02/14/2000 | 54 | MOTION by USA for leave to in camera suggestion in support of motion ofr order directing deposition as to Keith D Nelson (Court Employee) (Entered: 02/18/2000) |
| 02/14/2000 | 56 | MOTION by USA for order directing deposition of Mr. Gary Calhoun as to Keith D Nelson (Court Employee) (Entered: 02/18/2000) |
| 02/16/2000 | 50 | Ex Parte MOTION by Keith D Nelson for travel expense (Michelle Kendall) (Entered: 02/17/2000) |
| 02/16/2000 | 51 | Ex Parte MOTION by Keith D Nelson for funds to hire Thomas Biesecker, Communications Professor at the University of KS, to provide expert assistance regarding dft's motion for change of venue (Michelle Kendall) (Entered: 02/17/2000) |
| 02/17/2000 | 49 | Ex Parte MOTION by Keith D Nelson for funds to employ Litigation Consultants, Inc. to conduct a venue study to determine if the extensive pre-trial publicity has jeopardized dft's right to a fair trial before a fair and impartial jury (Michelle Kendall) (Entered: 02/17/2000) |
| 02/17/2000 | 52 | MOTION by Keith D Nelson to extend time to file his intent to rely on an insanity defense and his intent to offer mental health testimony at trial (Michelle Kendall) (Entered: 02/17/2000) |

| | | |
|---|---|---|
| 02/17/2000 | 53 | ORDER by Magistrate Sarah W. Hays granting motion for travel expense to Ft. Worth, Texas; counsel is authorized to travel on 2/22/00, returning on 2/25/00 [50-1] as to Keith D Nelson (cc:all (Court Employee) (Entered: 02/18/2000) |
| 02/17/2000 | 55 | ORDER (DOCUMENT SEALED) by Magistrate Sarah W. Hays granting motion for leave to in camera suggestion in support of motion directing deposition to be filed in camera [54-1] as to Keith D Nelson (cc:all counsel) (Court Employee) (Entered: 02/18/2000) |
| 02/17/2000 | 57 | ORDER by Magistrate Sarah W. Hays granting motion for order directing deposition of Mr. Gary Calhoun [56-1] as to Keith D Nelson (cc:all counsel) (Court Employee) (Entered: 02/18/2000) |
| 02/18/2000 | 58 | RESPONSE by plaintiff USA as to defendant Keith D Nelson motion in limine to preclude the government from introducing video tapes seized from a 1979 Maroon Chrysler LeBaron Owned by Mike Morse [45-1] (Steve Navarro) (Entered: 02/22/2000) |
| 02/28/2000 | 59 | ORDER by Magistrate Sarah W. Hays granting motion to extend time to file his intent to rely on an insanity defense and his intent to offer mental health testimony at trial [52-1] as to Keith D Nelson (cc:all counsel) (Court Employee) (Entered: 02/29/2000) |
| 03/16/2000 | 60 | MOTION by Keith D Nelson to continue evidentiary hearing (Steve Navarro) (Entered: 03/17/2000) |
| 03/16/2000 | 61 | MINUTE ENTRY/Waiver Hearing as to defendant Keith D Nelson Magistrate Sarah W. Hays presiding Court Reporter: JoRita Gicinto (Court Employee) (Entered: 03/20/2000) |
| 03/16/2000 | 62 | WAIVER of Presence at Deposition by defendant Keith D Nelson (Court Employee) (Entered: 03/20/2000) |
| 03/20/2000 | 63 | ORDER by Magistrate Sarah W. Hays granting motion to continue evidentiary hearing [60-1] in-court hearing set for 4/20/00 at 10:00 as to Keith D Nelson (cc:all counsel) (Court Employee) (Entered: 03/21/2000) |
| 04/05/2000 | 65 | MOTION by USA for leave to file under seal as to Keith D Nelson (Court Employee) Modified on 04/21/2000 (Entered: 04/21/2000) |
| 04/06/2000 | 68 | ORDER (DOCUMENT SEALED) by Magistrate Sarah W. Hays as to Keith D Nelson (cc:all counsel) (Court Employee) (Entered: 04/21/2000) |
| 04/20/2000 | 66 | MINUTE ENTRY Magistrate Sarah W. Hays presiding denying motion to submit in Camera [64-1], denying motion for leave to file under seal; govt withdraws exhibits [65-1] Court Reporter: JoRita Gicinto (Court Employee) (Entered: 04/21/2000) |
| 04/20/2000 | 67 | NOTICE OF INTENT TO SEEK THE DEATH PENALTY by plaintiff USA as to defendant Keith D Nelson (Court Employee) (Entered: 04/21/2000) |
| 04/24/2000 | 69 | TRANSCRIPT of proceedings held on 4/20/00 before Magistrate Sarah W. Hays as to defendant Keith D Nelson (Susan Larson) (Entered: 04/25/2000) |
| 04/25/2000 | 71 | CERTIFICATE of transmission of deposition of Gary Calhoon taken on 3/23/00 on behalf of plaintiff USA Costs: $169.00 by pla and $35.00 by dft. (Steve Navarro) (Entered: 04/26/2000) |
| 04/27/2000 | 72 | Supplemental response by plaintiff USA to motion to suppress dft's statements [40-1], response [42-1] (Court Employee) (Entered: 04/28/2000) |
| 05/16/2000 | 73 | MINUTE ENTRY as to defendant Keith D Nelson Magistrate Sarah W. Hays presiding Court Reporter: John Bowen; Parties present; Court advises parties that a suppression hearing had been held and issues had arose from this hearing by letter to the court and the government by 5/22/00; the govt is to respond by 5/26/00 parties are to meet regarding modifying schedule and are to get back with the court by 5/30/00 (Court Employee) (Entered: 05/19/2000) |
| 05/18/2000 | 74 | MOTION by Keith D Nelson to authorize Clerk, US District Court, Western District of Missouri,to |

| | | |
|---|---|---|
| | | issue a subpoena Duces Tecum and to direct the US Marshal, Western District of Missouri, to pay witness fees (Court Employee) (Entered: 05/19/2000) |
| 05/22/2000 | 75 | TRANSCRIPT of Hearing re: Conflict of Interest held on 5/16/00 before Magistrate Sarah W. Hays as to defendant Keith D Nelson (Court Employee) (Entered: 05/23/2000) |
| 05/22/2000 | 76 | ORDER by Judge Sarah W. Hays granting motion to authorize Clerk, US District Court, Western District of Missouri,to issue a subpoena Duces Tecum to Roger Moore, Records Custodian and to direct the US Marshal, Western District of Missouri, to pay witness fees [74-1] as to Keith D Nelson; 4 certified copies of Order sent to USM for processing (cc:all counsel) (Court Employee) Modified on 06/09/2000 (Entered: 05/23/2000) |
| 05/31/2000 | 77 | MOTION by Keith D Nelson to authorized Clerk, US District Court, Western District of Missouri, to issue a Subpoena Duces Tecum and to direct the US Marshal, Western District of Missouri, to pay witness fees to: Ercell Grimes, Records Custodian, Missouri Dept of Corrections (Court Employee) (Entered: 06/01/2000) |
| 05/31/2000 | 78 | (SEALED DOCUMENT) ORDER by Magistrate Sarah W. Hays as to Keith D Nelson; Ex Parte Motions and Order (cc:all counsel) (Court Employee) (Entered: 06/01/2000) |
| 06/02/2000 | 79 | ORDER by Judge Fernando J. Gaitan Jr. granting motion to authorize the Clerk to issue subpoenas duces tecum and to direct the US Marshal to pay witness fees to: Records Custodian, Pamela Butler & Family Fund [29-1] as to Keith D Nelson; 4 Certified copies sent to USM for processing (cc:all counsel) (Court Employee) (Entered: 06/05/2000) |
| 06/02/2000 | 80 | EXHIBIT INDEX by defendant Keith D Nelson (Michelle Kendall) (Entered: 06/06/2000) |
| 06/02/2000 | 81 | MINUTE ENTRY/Continuation of Suppression Hearing as to defendant Keith D Nelson Magistrate Sarah W. Hays presiding Court Reporter: Donna Turner; All evidence fully submitted and Court takes under advisement; A written report and recommendation is forthcoming (Court Employee) (Entered: 06/06/2000) |
| 06/06/2000 | 82 | MOTION by Keith D Nelson to authorize Clerk, US District Court, Western District of Missouri, to issue a Subpoena Duces Tecum and to direct the US Marshal to pay witness fees (Dennis Agniel, Records Custodian) (Court Employee) (Entered: 06/06/2000) |
| 06/07/2000 | 83 | ORDER by Judge Sarah W. Hays granting motion to authorized Clerk, US District Court, Western District of Missouri, to issue a Subpoena Duces Tecum and to direct the US Marshal, Western District of Missouri, to pay witness fees to: Ercell Grimes, Records Custodian, Missouri Dept of Corrections [77-1] as to Keith D Nelson ; 4 certified copies of order sent to USM for processing (cc:all counsel) (Court Employee) Modified on 06/09/2000 (Entered: 06/07/2000) |
| 06/07/2000 | 84 | ORDER by Magistrate Judge Sarah W. Hays granting motion to authorize Clerk, US District Court, Western District of Missouri, to issue a Subpoena Duces Tecum and to direct the US Marshal to pay witness fees (Dennis Agniel, Records Custodian) [82-1] as to Keith D Nelson (cc:all counsel) (Court Employee) (Entered: 06/08/2000) |
| 06/07/2000 | 89 | MOTION by Keith D Nelson for leave to file dft's exp parte motions for full payment of counsel and investigator under seal (Court Employee) (Entered: 06/12/2000) |
| 06/07/2000 | 124 | EX Parte MOTION by Keith D Nelson to file dft's Ex Parte Motions for Appointment of Psychiatrist Under Seal (Court Employee) (Entered: 08/23/2000) |
| 06/08/2000 | 85 | SEALED DOCUMENT (ORDER) by Magistrate Sarah W. Hays as to Keith D Nelson (cc:all counsel) (Court Employee) (Entered: 06/08/2000) |
| 06/08/2000 | 86 | MOTION by Roger Moore as interested party to quash (Court Employee) Modified on 06/08/2000 (Entered: 06/08/2000) |
| 06/08/2000 | 87 | ORDER by Magistrate Judge Sarah W. Hays as to Keith D Nelson Authorizing Clerk, US District |

| | | |
|---|---|---|
| | | Court, Western District of Missour, to issue a supboena Duces Tecum, and to direct the USM to pay witness fee; (Records Custodian-Jim O'Sullivan, Pamela Butler and Family Fund) (cc:all counsel) (Court Employee) (Entered: 06/09/2000) |
| 06/08/2000 | 125 | ORDER SEALING EX PARTE MOTIONS AND ORDER by Magistrate Sarah W. Hays as to Keith D Nelson (cc:all counsel) (Court Employee) (Entered: 08/23/2000) |
| 06/09/2000 | 88 | NOTICE OF INTENT TO SEEK THE DEATH PENALTY by plaintiff USA as to defendant Keith D Nelson (Court Employee) (Entered: 06/09/2000) |
| 06/09/2000 | 90 | DOCUMENT SEALED: ORDER SEALING EX PARTE MOTIONS AND ORDERS by Magistrate Sarah W. Hays as to Keith D Nelson (cc:all counsel) (Court Employee) (Entered: 06/12/2000) |
| 06/12/2000 | 91 | REPLY by defendant Keith D Nelson to suggestions to motion to suppress dft's statements [40-1] (Cassaundra Honeycutt) (Entered: 06/13/2000) |
| 06/12/2000 | 92 | OBJECTIONS by defendant Keith D Nelson to [86-1] USA's Motion to Quash part of Subpoena Duces Tecum (Cassaundra Honeycutt) (Entered: 06/13/2000) |
| 06/26/2000 | 93 | MINUTE ENTRY as to defendant Keith D Nelson Magistrate Sarah W. Hays presiding re Ex Parte In Camera Hearing. Court Reporter: Bonnie Rowland (Susan Larson) (Entered: 06/28/2000) |
| 06/30/2000 | 94 | MOTION by Keith D Nelson to continue of trial setting (Cassaundra Honeycutt) (Entered: 07/03/2000) |
| 06/30/2000 | 101 | MOTION by Keith D Nelson for leave to file Ex Parte supplemental suggestion in support of his Motion for Continuance Under Seal (Court Employee) (Entered: 07/21/2000) |
| 07/06/2000 | 95 | RESPONSE to subpoena by interested party Valley View Financia as to defendant Keith D Nelson (Court Employee) (Entered: 07/06/2000) |
| 07/06/2000 | 96 | SUGGESTION by plaintiff USA in opposition to motion to continue trial [94-1] (Cassaundra Honeycutt) (Entered: 07/07/2000) |
| 07/12/2000 | 97 | MOTION by Keith D Nelson for authorization to have Clerk, US District Court, issue a subpoena deuces tecum and to direct the US Marshal, Western District of Missouri, to pay Witness Fees (Court Employee) (Entered: 07/13/2000) |
| 07/12/2000 | 98 | ORDER by Judge Fernando J. Gaitan Jr. granting motion for authorization to have Clerk, US District Court, issue a subpoena deuces tecum and to direct the US Marshal, Western District of Missouri, to pay Witness Fees [97-1] as to Keith; 4 certified copies of order sent to USM Nelson (cc:all counsel) (Court Employee) (Entered: 07/13/2000) |
| 07/20/2000 | 99 | MOTION by Keith D Nelson for issuance of rule 17(c) subpoena to St. Louis Post Dispatch (Court Employee) (Entered: 07/21/2000) |
| 07/20/2000 | 100 | ORDER by Magistrate Judge Sarah W. Hays granting motion for issuance of rule 17(c) subpoena to St. Louis Post Dispatch [99-1] as to Keith D Nelson (cc:all counsel) (Court Employee) (Entered: 07/21/2000) |
| 07/20/2000 | 102 | DOCUMENT SEALED ORDER by Magistrate Sarah W. Hays granting motion for leave to file Ex Parte supplemental suggestion in support his Motion for Continuance Under Seal [101-1] as to Keith D Nelson (cc:all counsel) (Court Employee) (Entered: 07/21/2000) |
| 07/20/2000 | 103 | MINUTE ENTRY/Motion to Quash/ Motion for Contiuance as to defendant Keith D Nelson Magistrate Sarah W. Hays presiding Court Reporter: John Bowen ; Parties presetn and ready to proceed; discussion held regarding Motion to Quash filed by the govenrment; Government agrees to produce documents request by the supboena, with the exception of a statement report of CCA's; a request by the govnerment that it be placed in camera and presented to the Court; Govt presents evidence and calls Bob Masaitis, Chief Deputy US Marshal and Roger Moore, Assistant Warden for |

| | | |
|---|---|---|
| | | CCA; Arguments presented; document was placed in camera and presented to the court; Discussion held regarding Motion for Continuance; Ms. Hunt made inquiry to the dft in regard to the Motion and dft agrees to the Motion and waives his right for a speedy trial on the record (Court Employee) (Entered: 07/24/2000) |
| 07/28/2000 | 104 | MOTION by Keith D Nelson to withdraw attorney Larry Pace (Court Employee) (Entered: 07/31/2000) |
| 07/28/2000 | 105 | MOTION by Keith D Nelson to dismiss count count(s) 2 (Court Employee) (Entered: 07/31/2000) |
| 07/28/2000 | 106 | MOTION by Keith D Nelson to preculde the imposition of the death penalty (Court Employee) Modified on 08/02/2000 (Entered: 07/31/2000) |
| 07/28/2000 | 107 | MOTION by Keith D Nelson for order dismissing Government's Notice of Intent to seek the Death Penalty (Court Employee) (Entered: 07/31/2000) |
| 07/31/2000 | 108 | RESPONSE by plaintiff USA as to defendant Keith D Nelson motion to withdraw attorney Larry Pace [104-1] (Court Employee) (Entered: 08/01/2000) |
| 07/31/2000 | 112 | MOTION by Keith D Nelson to file Ex Parte Motion for additional funds for Thomas Beisecker under seal (Court Employee) (Entered: 08/07/2000) |
| 08/01/2000 | 109 | NOTICE OF FILING of Government's Proposed Jury Questionnaire by plaintiff USA as to defendant Keith D Nelson (Court Employee) (Entered: 08/02/2000) |
| 08/04/2000 | 110 | EX Parte MOTION by Keith D Nelson for Travel Expense Under Seal (Court Employee) (Entered: 08/07/2000) |
| 08/04/2000 | 116 | MOTION by Keith D Nelson for leave to file ex parte motion for paralegal assistance under seal (Court Employee) (Entered: 08/09/2000) |
| 08/05/2000 | 111 | SEALED DOCUMENT ORDER by Magistrate Sarah W. Hays granting motion for Travel Expense is filed under seal [110-1] as to Keith D Nelson (cc:all counsel) (Court Employee) (Entered: 08/07/2000) |
| 08/05/2000 | 113 | SEALED DOCUMENT ORDER by Magistrate Sarah W. Hays granting motion to file Ex Parte Motion for additional funds for Thomas Beisecker under seal [112-1] as to Keith D Nelson (cc:all counsel) (Court Employee) (Entered: 08/07/2000) |
| 08/08/2000 | 114 | MOTION by Keith D Nelson for leave to file ex parte motion for witness expense under seal (Court Employee) (Entered: 08/09/2000) |
| 08/08/2000 | 115 | SEALED DOCUMENT ORDER by Magistrate Sarah W. Hays granting motion for leave to file ex parte motion for witness expense under seal [114-1] as to Keith D Nelson (cc:all counsel) (Court Employee) (Entered: 08/09/2000) |
| 08/08/2000 | 117 | SEALED DOCUMENT ORDER by Magistrate Judge Sarah W. Hays granting motion for leave to file ex parte motion for paralegal assistance under seal [116-1] as to Keith D Nelson (cc:all counsel) (Court Employee) (Entered: 08/09/2000) |
| 08/16/2000 | 118 | TRANSCRIPT of hearing held on 7/20/00 before Magistrate Sarah W. Hays as to defendant Keith D Nelson (Cassaundra Honeycutt) (Entered: 08/17/2000) |
| 08/21/2000 | 119 | ORDER by Judge Fernando J. Gaitan Jr. granting motion to continue trial setting [94-1] jury trial specially set for 4/23/01 , accelerated docket cancelled as to Keith D Nelson (cc:all counsel) (Court Employee) (Entered: 08/22/2000) |
| 08/21/2000 | 121 | MINUTE ENTRY as to defendant Keith D Nelson Magistrate Sarah W. Hays presiding granting motion to withdraw attorney Larry Pace [104-1] attorney Larry C. Pace for D Nelson withdawn from system; Order is forthcoming in-court hearing scheduled for 8/25/00 at 9:00 in re: Subpeona issue |

| | | |
|---|---|---|
| | | with Channel 41; Court will reconvene on 9/18/00 at 1:30 regarding the Change of Venue Motion Court Reporter: JoRita Gicinto (Court Employee) (Entered: 08/22/2000) |
| 08/21/2000 | 122 | EXHIBIT INDEX by defendant Keith D Nelson (Court Employee) (Entered: 08/22/2000) |
| 08/22/2000 | 120 | RESPONSE & SUGGESTION by plaintiff USA in opposition to dft's motion to dismiss count count (s) 2 [105-1] (Georgia Kee) (Entered: 08/22/2000) |
| 08/22/2000 | 123 | SEALED DOCUMENT ORDER by Magistrate Sarah W. Hays as to Keith D Nelson (cc:all counsel) (Court Employee) (Entered: 08/23/2000) |
| 08/22/2000 | 126 | ORDER (Sealed Document) by Magistrate Sarah W. Hays as to Keith D Nelson (cc:all counsel) (Court Employee) (Entered: 08/23/2000) |
| 08/22/2000 | 127 | RESPONSE by plaintiff USA as to defendant Keith D Nelson motion to preclude the imposition of the death penalty [106-1] (Court Employee) (Entered: 08/23/2000) |
| 08/29/2000 | 128 | RESPONSE by plaintiff USA as to defendant Keith D Nelson motion for order dismissing Government's Notice of Intent to seek the Death Penalty [107-1] (Court Employee) Modified on 08/30/2000 (Entered: 08/30/2000) |
| 09/06/2000 | 130 | MOTION/Notice of Discharge of Daniel Franco as Attorney of Record by Keith D Nelson to withdraw attorney (Steve Navarro) (Entered: 09/06/2000) |
| 09/12/2000 | 132 | TRANSCRIPT of hearing held on 8/21/00 before Magistrate Sarah W. Hays as to defendant Keith D Nelson (Cassaundra Honeycutt) (Entered: 09/14/2000) |
| 09/18/2000 | 133 | MINUTE ENTRY as to defendant Keith D Nelson Magistrate Sarah W. Hays presiding in-court hearing 9/21/00 at 1:00 Court Reporter: J. Gicinto (Cassaundra Honeycutt) (Entered: 09/21/2000) |
| 09/18/2000 | 134 | EXHIBIT INDEX by defendant Keith D Nelson (Cassaundra Honeycutt) (Entered: 09/21/2000) |
| 09/18/2000 | 135 | EXHIBIT INDEX by plaintiff USA (Cassaundra Honeycutt) (Entered: 09/21/2000) |
| 09/21/2000 | 136 | MINUTE ENTRY as to defendant Keith D Nelson Magistrate Sarah W. Hays presiding Court Reporter: J. Bowen court to issue a written order (Cassaundra Honeycutt) (Entered: 09/27/2000) |
| 09/21/2000 | 137 | EXHIBIT INDEX OF plaintiff USA (Cassaundra Honeycutt) (Entered: 09/27/2000) |
| 09/21/2000 | 138 | EXHIBIT INDEX OF defendant Keith D Nelson (Cassaundra Honeycutt) (Entered: 09/27/2000) |
| 10/13/2000 | 140 | Supplemental SUGGESTION by defendant Keith D Nelson in support motion to change venue [39-1] (Steve Navarro) (Entered: 10/16/2000) |
| 10/13/2000 | 141 | Supplemental SUGGESTIONS by defendant Keith D Nelson in support motion to suppress dft's statements [40-1] (Steve Navarro) (Entered: 10/16/2000) |
| 10/17/2000 | 142 | REPORT and Recommendation by Magistrate Sarah W. Hays as to defendant Keith D Nelson concerning motion to suppress dft's statements [40-1] (Cassaundra Honeycutt) (Entered: 10/18/2000) |
| 10/20/2000 | 143 | RESPONSE by plaintiff USA as to defendant Keith D Nelson to supplemental suggestions in support of dft's Motion to Change Venue [141-1] (Court Employee) (Entered: 10/20/2000) |
| 10/31/2000 | 144 | OBJECTIONS by defendant Keith D Nelson to Report and Recommendation denying Motion to supress statements[142-1] (Cassaundra Honeycutt) (Entered: 11/01/2000) |
| 11/06/2000 | 145 | RESPONSE by plaintiff USA to dft's objections [144-1] to R&R denying motion to supress statements (Cassaundra Honeycutt) (Entered: 11/07/2000) |
| 11/07/2000 | 146 | MOTION by Keith D Nelson for leave to file ex parte motion for funds to hire an expert under seal (Cassaundra Honeycutt) (Entered: 11/16/2000) |

| | | |
|---|---|---|
| 11/07/2000 | 147 | ORDER by Magistrate Sarah W. Hays granting motion for leave to file ex parte motion for funds to hire an expert under seal [146-1] as to Keith D Nelson (cc:all counsel) (Cassaundra Honeycutt) (Entered: 11/16/2000) |
| 11/14/2000 | 148 | ORDER denying dft's request to withdraw Mr. Shull as cnsl by Magistrate Sarah W. Hays as to Keith D Nelson (cc:all counsel) (Cassaundra Honeycutt) (Entered: 11/16/2000) |
| 11/14/2000 | 149 | MOTION by Keith D Nelson for leave to file ex parte motion under seal (Cassaundra Honeycutt) (Entered: 11/16/2000) |
| 11/14/2000 | 150 | ORDER (filed under seal) by Magistrate Sarah W. Hays granting motion for leave to file ex parte motion under seal [149-1] as to Keith D Nelson (cc:all counsel) (Cassaundra Honeycutt) (Entered: 11/16/2000) |
| 11/14/2000 | 151 | MOTION by Keith D Nelson for leave to file ex parte motion under seal (Cassaundra Honeycutt) (Entered: 11/16/2000) |
| 11/15/2000 | 152 | ORDER (filed under seal) by Magistrate Sarah W. Hays granting motion for leave to file ex parte motion under seal [149-1] as to Keith D Nelson (cc:all counsel) (Cassaundra Honeycutt) (Entered: 11/16/2000) |
| 12/04/2000 | 153 | MOTION by Keith D Nelson for order to file objections under seal (Cassaundra Honeycutt) (Entered: 12/06/2000) |
| 12/06/2000 | 155 | Supplemental SUGGESTION by defendant Keith D Nelson in support motion to change venue [39-1] (Steve Navarro) (Entered: 12/07/2000) |
| 12/11/2000 | 156 | RESPONSE and Suggestions in Opposition by plaintiff USA as to defendant Keith D Nelson objections to the court's proposed jury questionnaire regarding pre-trial publicity (Steve Navarro) (Entered: 12/12/2000) |
| 12/11/2000 | 157 | TRANSCRIPT re jury questionnaire and Nelson's discussion re his attorneys held on 11/28/00 before Judge Fernando J. Gaitan Jr. as to defendant Keith D Nelson (Michelle Kendall) (Entered: 12/12/2000) |
| 12/11/2000 | 158 | TRANSCRIPT of jury questionnaire held on 12/05/00 before Magistrate Sarah W. Hays as to defendant Keith D Nelson (Michelle Kendall) (Entered: 12/13/2000) |
| 12/12/2000 | 159 | ORDER by Judge Fernando J. Gaitan Jr. granting in part and denying in part motion to suppress dft's statements [40-1] as to Keith D Nelson (cc:all counsel) (Cassaundra Honeycutt) (Entered: 12/14/2000) |
| 12/12/2000 | 160 | MOTION by Keith D Nelson for leave to file exparte maotion for funds under seal (Cassaundra Honeycutt) (Entered: 12/14/2000) |
| 12/12/2000 | 161 | ORDER by Judge Fernando J. Gaitan Jr. granting motion for leave to file exparte motion for funds under seal [160-1] (Ex Parte Motion for Funds filed under seal) as to Keith D Nelson (cc:all counsel) (Cassaundra Honeycutt) (Entered: 12/14/2000) |
| 12/12/2000 | 162 | MOTION by Keith D Nelson for leave to file ex parte motion for funds under seal (Cassaundra Honeycutt) (Entered: 12/14/2000) |
| 12/12/2000 | 163 | ORDER by Judge Fernando J. Gaitan Jr. granting motion for leave to file ex parte motion for funds under seal [162-1] (EX parte Motion for Fund filed under seal) as to Keith D Nelson (cc:all counsel) (Cassaundra Honeycutt) (Entered: 12/14/2000) |
| 12/14/2000 | 164 | ORDER by Magistrate Sarah W. Hays denying motion for funds to employ Litigation Consultants, Inc. to conduct a venue study to determine if the extensive pre-trial publicity has jeopardized dft's right to a fair trial before a fair and impartial jury [49-1] as to Keith D Nelson; directing clerk of court shall summon a panel of potential jurors to complete a questionnaire regarding pretrial publicity |

| | | |
|---|---|---|
| | | (cc:all counsel) (Cassaundra Honeycutt) (Entered: 12/15/2000) |
| 01/03/2001 | 165 | ORDER (Sealed document) by Magistrate Sarah W. Hays as to Keith D Nelson (cc:all counsel) (Cassaundra Honeycutt) (Entered: 01/04/2001) |
| 01/04/2001 | 166 | MOTION by Keith D Nelson for leave to file ex parte Motion for Funds under seal (Cassaundra Honeycutt) (Entered: 01/04/2001) |
| 01/04/2001 | 167 | ORDER by Magistrate Sarah W. Hays granting motion for leave to file ex parte Motion for Funds under seal [166-1] as to Keith D Nelson; sealed motion attached to order (cc:all counsel) (Cassaundra Honeycutt) (Entered: 01/04/2001) |
| 01/05/2001 | 168 | 2nd Supplemental Suggestions in Support by defendant Keith D Nelson to motion suggestion [140-1] (Georgia Kee) (Entered: 01/09/2001) |
| 01/05/2001 | 169 | ORDER by Magistrate Sarah W. Hays as to Keith D Nelson (FILED UNDER SEAL) (cc:all counsel) (Michelle Kendall) (Entered: 01/09/2001) |
| 01/05/2001 | 170 | ORDER by Magistrate Sarah W. Hays as to Keith D Nelson (FILED UNDER SEAL) (cc:all counsel) (Michelle Kendall) (Entered: 01/09/2001) |
| 01/11/2001 | 171 | MOTION by Keith D Nelson for leave to file funding motion under seal (Cassaundra Honeycutt) (Entered: 01/17/2001) |
| 01/11/2001 | 173 | MOTION by Keith D Nelson to file funding motion under seal w/ suggestions in support (Susan Larson) (Entered: 01/25/2001) |
| 01/16/2001 | 172 | ORDER by Magistrate Sarah W. Hays granting motion for leave to file funding motion under seal [171-1] as to Keith D Nelson; Motion and Order filed under seal (cc:all counsel) (Cassaundra Honeycutt) (Entered: 01/17/2001) |
| 01/22/2001 | 176 | MOTION by Keith D Nelson for leave to file funding motion under seal (Susan Larson) (Entered: 01/25/2001) |
| 01/24/2001 | 174 | SEALED ORDER by Magistrate Sarah W. Hays granting motion to file funding motion under seal until further order of the court [173-1] as to Keith D Nelson (cc:all counsel) (Susan Larson) (Entered: 01/25/2001) |
| 01/24/2001 | 175 | SEALED ORDER by Magistrate Sarah W. Hays as to Keith D Nelson and shall not be opened except by further order of the court (cc:all counsel) (Susan Larson) (Entered: 01/25/2001) |
| 01/24/2001 | 177 | SEALED ORDER by Magistrate Sarah W. Hays granting motion for leave to file funding motion under seal [176-1] as to Keith D Nelson (cc:all counsel) (Susan Larson) (Entered: 01/25/2001) |
| 01/24/2001 | 178 | SEALED ORDER by Magistrate Sarah W. Hays as to Keith D Nelson and shall not be opened except by further order of the court (cc:all counsel) (Susan Larson) (Entered: 01/25/2001) |
| 01/30/2001 | 179 | MOTION by Keith D Nelson for leave to file Motion under seal (Cassaundra Honeycutt) (Entered: 01/31/2001) |
| 01/31/2001 | 180 | ORDER (with sealed motion attached) by Magistrate Sarah W. Hays granting motion for leave to file Motion under seal [179-1] (cc:all counsel) (Cassaundra Honeycutt) (Entered: 01/31/2001) |
| 02/02/2001 | 181 | Sealed ORDER by Judge Fernando J. Gaitan Jr. as to Keith D Nelson (cc:all counsel) (Cassaundra Honeycutt) (Entered: 02/05/2001) |
| 02/05/2001 | 182 | TRANSCRIPT of Hearing held on 9/18/00 before Judge Sarah W. Hays as to defendant Keith D Nelson (Cassaundra Honeycutt) Modified on 02/05/2001 (Entered: 02/05/2001) |
| 02/05/2001 | 184 | TRANSCRIPT of proceedings, Vol II, held on 9/21/00 before Magistrate Sarah W. Hays as to defendant Keith D Nelson (Cassaundra Honeycutt) (Entered: 02/06/2001) |

| | | |
|---|---|---|
| 02/06/2001 | | Ex Parte MOTION for issuance of Rule 17(c) subpoena to Roger Moore, Custodian of Records Correctional Corporation of America by Keith D Nelson (Cassaundra Honeycutt) Terminated on 11/18/2002 (Diefenbach, Tracy). (Entered: 02/06/2001) |
| 02/06/2001 | 183 | Ex Parte MOTION by Keith D Nelson for order for issuance of Rule 17(c) subpoena to Roger Moore, custodian of Records Correctional Corporation of America (Cassaundra Honeycutt) (Entered: 02/06/2001) |
| 02/06/2001 | 185 | ORDER by Magistrate Sarah W. Hays granting motion for order for issuance of Rule 17(c) subpoena to Roger Moore, custodian of Records Correctional Corporation of America [183-1] as to Keith D Nelson (cc:all counsel) (Cassaundra Honeycutt) (Entered: 02/07/2001) |
| 02/12/2001 | 186 | MINUTE ENTRY as to defendant Keith D Nelson Magistrate Sarah W. Hays presiding re change of venue. Court Reporter: John Bowen (Susan Larson) (Entered: 02/13/2001) |
| 02/12/2001 | 187 | EXHIBIT INDEX by defendant Keith D Nelson (Susan Larson) (Entered: 02/13/2001) |
| 02/12/2001 | 188 | EXHIBIT by plaintiff USA of continuation for hearing on 2/12/01 (Susan Larson) (Entered: 02/13/2001) |
| 02/12/2001 | 189 | SEALED ORDER by Magistrate Sarah W. Hays as to Keith D Nelson (cc:all counsel) (Susan Larson) (Entered: 02/13/2001) |
| 02/13/2001 | 190 | CJA FORM 24 (Authorization Voucher for Transcript Payment) for Keith D Nelson (Cassaundra Honeycutt) (Entered: 02/13/2001) |
| 02/13/2001 | 197 | CJA Form 20 Copy 4 (Appt of Counsel) as to defendant Keith D Nelson appointing Patrick Berrigan (Cassaundra Honeycutt) (Entered: 02/23/2001) |
| 02/16/2001 | 191 | MOTION by Keith D Nelson for order to file motion under seal (Cassaundra Honeycutt) (Entered: 02/20/2001) |
| 02/16/2001 | 192 | ORDER by Judge Fernando J. Gaitan Jr. granting motion for order to file motion under seal [191-1] as to Keith D Nelson (cc:all counsel) (Cassaundra Honeycutt) (Entered: 02/20/2001) |
| 02/16/2001 | 193 | MOTION by Keith D Nelson to continue trial until 11/01 (Cassaundra Honeycutt) (Entered: 02/20/2001) |
| 02/20/2001 | 194 | ORDER granting oral motion by William Shull to withdraw as dft's counsel by Magistrate Sarah W. Hays as to Keith D Nelson appointing Patrick Joseph Berrigan as to Keith D Nelson (cc:all counsel) (Cassaundra Honeycutt) (Entered: 02/22/2001) |
| 02/21/2001 | 195 | Venue Hearing BRIEF - Juror Questionnaries by plaintiff USA (Cassaundra Honeycutt) (Entered: 02/22/2001) |
| 02/22/2001 | 196 | TRANSCRIPT of hearing, Vol III held on 2/12/01 before Magistrate Sarah W. Hays as to defendant Keith D Nelson (Cassaundra Honeycutt) (Entered: 02/23/2001) |
| 02/22/2001 | 198 | SUGGESTION by plaintiff USA in opposition to motion to continue trial until 11/01 [193-1] (Cassaundra Honeycutt) (Entered: 02/23/2001) |
| 02/23/2001 | 199 | MINUTE ENTRY of oral argument on Motion for change of venue as to defendant Keith D Nelson Magistrate Sarah W. Hays presiding; court takes matters under advisement and will be issuing a written order Court Reporter: D. Turner (Cassaundra Honeycutt) (Entered: 02/26/2001) |
| 02/23/2001 | 200 | EXHIBIT INDEX by defendant Keith D Nelson (Cassaundra Honeycutt) (Entered: 02/26/2001) |
| 02/28/2001 | 201 | TRANSCRIPT of proceedings re: change of venue motiona nd request for continuance held on 2/23/01 before Magistrate Sarah W. Hays as to defendant Keith D Nelson (Cassaundra Honeycutt) (Entered: 03/01/2001) |

| | | |
|---|---|---|
| 03/02/2001 | 202 | ORDER by Magistrate Sarah W. Hays granting motion to withdraw attorney Larry Pace [104-1] attorney Daniel L. Franco for Keith D Nelson as to Keith D Nelson (cc:all counsel) (Michelle Kendall) (Entered: 03/05/2001) |
| 03/02/2001 | 203 | ORDER by Magistrate Sarah W. Hays denying motion for order dismissing Government's Notice of Intent to seek the Death Penalty [107-1] as to Keith D Nelson (cc:all counsel) (Michelle Kendall) (Entered: 03/05/2001) |
| 03/05/2001 | 204 | REPORT and Recommendation by Magistrate Sarah W. Hays as to defendant Keith D Nelson (Cassaundra Honeycutt) (Entered: 03/06/2001) |
| 03/07/2001 | 205 | WAIVER of speedy trial rights and consent to continuance by defendant Keith D Nelson (Michelle Kendall) (Entered: 03/08/2001) |
| 03/07/2001 | 206 | WAIVER of Minimum Time to Trial by Keith D Nelson (Cassaundra Honeycutt) (Entered: 03/08/2001) |
| 03/08/2001 | 207 | ORDER by Judge Fernando J. Gaitan Jr. granting motion to continue trial until 11/01 [193-1] jury trial 10/29/01 as to Keith D Nelson (cc:all counsel) (Cassaundra Honeycutt) (Entered: 03/08/2001) |
| 03/09/2001 | 208 | ORDER by Magistrate Sarah W. Hays denying motion to change venue [39-1] as to Keith D Nelson (cc:all counsel) (Cassaundra Honeycutt) (Entered: 03/09/2001) |
| 03/13/2001 | 209 | MOTION by Keith D Nelson for discovery of Rule 404(b) evidence (Cassaundra Honeycutt) (Entered: 03/14/2001) |
| 03/13/2001 | 210 | Sealed Document ORDER by Magistrate Sarah W. Hays as to Keith D Nelson (cc:all counsel) (Cassaundra Honeycutt) (Entered: 03/14/2001) |
| 03/13/2001 | 211 | Sealed ORDER by Magistrate Sarah W. Hays as to Keith D Nelson (cc:all counsel) (Cassaundra Honeycutt) (Entered: 03/15/2001) |
| 03/15/2001 | 212 | RESPONSE by plaintiff USA as to defendant Keith D Nelson motion for discovery of Rule 404(b) evidence [209-1] (Cassaundra Honeycutt) (Entered: 03/16/2001) |
| 03/27/2001 | 213 | CJA FORM 24 (Authorization Voucher for Transcript Payment) for Keith D Nelson of $387.00 to Susan Hunt (Michelle Kendall) (Entered: 03/27/2001) |
| 03/28/2001 | 214 | Appeal from Magistrate's Order by defendant Keith D Nelson concerning [208-1] (Steve Navarro) (Entered: 03/29/2001) |
| 03/28/2001 | 215 | REPORT and Recommendation by Magistrate Sarah W. Hays as to defendant Keith D Nelson denying motion to preculde the imposition of the death penalty [106-1] (Georgia Kee) (Entered: 03/30/2001) |
| 03/28/2001 | 216 | MOTION by Keith D Nelson for order to file funding under seal (Michelle Kendall) (Entered: 04/02/2001) |
| 03/28/2001 | 217 | ORDER by Magistrate Sarah W. Hays granting motion for order to file funding under seal [216-1] as to Keith D Nelson (FILED UNDER SEAL) (cc:all counsel) (Michelle Kendall) (Entered: 04/02/2001) |
| 03/28/2001 | 218 | ORDER by Magistrate Sarah W. Hays as to Keith D Nelson (FILED UNDER SEAL) (cc:all counsel) (Michelle Kendall) (Entered: 04/02/2001) |
| 04/02/2001 | 219 | ORDER by Judge Fernando J. Gaitan Jr. denying motion to dismiss count count(s) 2 [105-1] as to Keith D Nelson (cc:all counsel) (Michelle Kendall) (Entered: 04/03/2001) |
| 04/02/2001 | 220 | ORDER by Magistrate Sarah W. Hays as to Keith D Nelson (cc:all counsel) (Georgia Kee) (Entered: 04/03/2001) |

| | | |
|---|---|---|
| 04/02/2001 | 223 | MOTION by Keith D Nelson for leave to file Motion to Compel under seal (Cassaundra Honeycutt) (Entered: 04/05/2001) |
| 04/02/2001 | 224 | ORDER by Magistrate Sarah W. Hays granting EX PARTE motion for leave to file Motion to Compel under seal [223-1] as to Keith D Nelson (cc:all counsel) (Cassaundra Honeycutt) (Entered: 04/05/2001) |
| 04/03/2001 | 221 | RESPONSE by plaintiff USA as to defendant Keith D Nelson appeal motion Appeal from Magistrate's Order [214-1] (Steve Navarro) (Entered: 04/04/2001) |
| 04/03/2001 | 222 | CERTIFICATE of service by defendant Keith D Nelson of motion to compel (Michelle Kendall) (Entered: 04/05/2001) |
| 04/16/2001 | 225 | RESPONSE to Dft's motion to compel (Cassaundra Honeycutt) (Entered: 04/16/2001) |
| 04/23/2001 | 226 | ORDER by Judge Fernando J. Gaitan Jr. denying motion to preculde the imposition of the death penalty [106-1] as to Keith D Nelson and adopting and incorporating magistrate's findings and conclusions by reference (cc:all counsel) (Cassaundra Honeycutt) (Entered: 04/24/2001) |
| 04/26/2001 | 227 | ORDER filed under SEAL by Magistrate Sarah W. Hays as to Keith D Nelson (cc:all counsel) (Cassaundra Honeycutt) (Entered: 04/27/2001) |
| 04/26/2001 | 228 | MOTION by Keith D Nelson for leave to file funding motion under seal (Cassaundra Honeycutt) (Entered: 04/27/2001) |
| 04/26/2001 | 229 | ORDER filed under SEAL by Magistrate Sarah W. Hays granting motion for leave to file funding motion under seal [228-1] as to Keith D Nelson (cc:all counsel) (Cassaundra Honeycutt) (Entered: 04/27/2001) |
| 05/09/2001 | 230 | RESPONSE by defendant Keith D Nelson to CCA's response [225-1] to dft's motion to competl Roger Moore, Custodian of records correctional corporation of america, to comply with the subpoena (Cassaundra Honeycutt) (Entered: 05/09/2001) |
| 05/10/2001 | 231 | MOTION by USA for discovery of mental health evidence to be offered in the penalty phase , and for for psychiatric examination as to Keith D Nelson (Cassaundra Honeycutt) (Entered: 05/11/2001) |
| 05/23/2001 | 232 | ORDER affirming decision of Magistrate denying dft's motion for change of venue by Judge Fernando J. Gaitan Jr. as to Keith D Nelson (cc:all counsel) (Cassaundra Honeycutt) (Entered: 05/24/2001) |
| 05/24/2001 | 233 | MOTION by Keith D Nelson to extend time to respond to gov't Motion for disovery to Mental Health Evidence (Cassaundra Honeycutt) (Entered: 05/29/2001) |
| 06/08/2001 | 234 | Second MOTION by Keith D Nelson to extend time to respond to govt's motion for discovery of mental health evidence (Cassaundra Honeycutt) (Entered: 06/08/2001) |
| 06/12/2001 | 235 | ORDER by Magistrate Sarah W. Hays granting motion to extend time to respond to govt's motion for discovery of mental health evidence [234-1], finding the motion to extend time to respond to gov't Motion for disovery to Mental Health Evidence [233-1] moot. as to Keith D Nelson (cc:all counsel) (Cassaundra Honeycutt) (Entered: 06/13/2001) |
| 06/14/2001 | 236 | Third MOTION by Keith D Nelson to extend time to respond to gov'ts motion for discovery of mental health evidence (Cassaundra Honeycutt) (Entered: 06/15/2001) |
| 06/22/2001 | 237 | ORDER by Magistrate Sarah W. Hays granting motion to extend time to respond to gov'ts motion for discovery of mental health evidence [236-1] as to Keith D Nelson (cc:all counsel) (Cassaundra Honeycutt) (Entered: 06/25/2001) |
| 06/22/2001 | 238 | RESPONSE by defendant Keith D Nelson as to defendant Keith D Nelson motion for discovery of mental health evidence to be offered in the penalty phase [231-1] (Cassaundra Honeycutt) (Entered: |

| | | |
|---|---|---|
| | | 06/25/2001) |
| 06/28/2001 | 239 | MINUTE ENTRY of hearing re: CCA's Motion to Quash Subpoena as to defendant Keith D Nelson Magistrate Sarah W. Hays presiding Court Reporter: John Bowen (Cassaundra Honeycutt) (Entered: 07/03/2001) |
| 07/10/2001 | 240 | MOTION by Keith D Nelson to extend to file dft's response to Court order for criteria for govt's mental health evaluation of dft, if ordered (Georgia Kee) (Entered: 07/11/2001) |
| 07/18/2001 | 241 | Response and SUGGESTION by plaintiff USA in opposition to dft's response to court order for criteria for gov't menatl health evaluation of dft is ordered (Cassaundra Honeycutt) (Entered: 07/19/2001) |
| 07/25/2001 | 242 | NOTICE OF FILING of Gov't proposed jury questionnaire by plaintiff USA as to defendant Keith D Nelson (Cassaundra Honeycutt) (Entered: 07/26/2001) |
| 08/06/2001 | 243 | NOTICE OF FILING Dft's Proposed Jury Questionnaire by defendant Keith D Nelson (Robin Jones) (Entered: 08/06/2001) |
| 08/07/2001 | 244 | NOTICE OF FILING Government's Amende Proposed Jury Instructions by plaintiff USA as to defendant Keith D Nelson (Robin Jones) (Entered: 08/07/2001) |
| 08/07/2001 | 245 | ORDER by Magistrate Sarah W. Hays granting motion to extend to file dft's response to Court order for criteria for govt's mental health evaluation of dft, if ordered [240-1] as to Keith D Nelson (cc:all counsel) (Robin Jones) (Entered: 08/07/2001) |
| 08/07/2001 | 246 | Defendant's RESPONSE to Court Order for Criteria for Government's Mental Health Evaluation of Defendant, if Ordered, by defendant Keith D Nelson (Robin Jones) (Entered: 08/08/2001) |
| 08/13/2001 | 247 | MOTION by Keith D Nelson for leave to file funding motion under seal (Robin Jones) (Entered: 08/14/2001) |
| 08/13/2001 | 248 | ORDER filed under SEAL by Magistrate Sarah W. Hays granting motion for leave to file funding motion under seal [247-1] as to Keith D Nelson (cc:all counsel) (Robin Jones) (Entered: 08/14/2001) |
| 08/13/2001 | 249 | MOTION by Keith D Nelson for leave to file funding motion under seal (Robin Jones) (Entered: 08/14/2001) |
| 08/13/2001 | 250 | ORDER filed under SEAL by Magistrate Sarah W. Hays granting motion for leave to file funding motion under seal [249-1] as to Keith D Nelson (cc:all counsel) (Robin Jones) (Entered: 08/14/2001) |
| 08/16/2001 | 251 | NOTICE OF FILING Government's Second Amended Proposed Jury Questionnaire by plaintiff USA as to defendant Keith D Nelson (Robin Jones) (Entered: 08/16/2001) |
| 08/16/2001 | 252 | MOTION by Keith D Nelson for immediate disclosure of any and all contact between government agents or prosecutors and potential jailhouse informants incarcerated with defendant (Robin Jones) (Entered: 08/16/2001) |
| 08/17/2001 | 253 | ORDER by Magistrate Sarah W. Hays granting in part / denying in part the motion for discovery of mental health evidence to be offered in the penalty phase [231-1] as set forth in the Order, granting in part / denying in part motion for psychiatric examination [231-2] as set forth in the Order for Keith D Nelson as to Keith D Nelson (cc:all counsel) (Robin Jones) (Entered: 08/17/2001) |
| 08/23/2001 | 254 | MOTION by Keith D Nelson for issuance of subpoena duces tecum (Susan Larson) (Entered: 08/24/2001) |
| 08/27/2001 | 255 | RESPONSE and SUGGESTION by plaintiff USA in opposition to motion for immediate disclosure of any and all contact between government agents or prosecutors and potential jailhouse informants incarcerated with defendant [252-1] (Michelle Kendall) (Entered: 08/28/2001) |
| | | |

| | | |
|---|---|---|
| 08/28/2001 | 256 | MOTION by Keith D Nelson for leave to file motion under seal and suggestions in support (Robin Jones) (Entered: 08/29/2001) |
| 08/28/2001 | 257 | ORDER by Magistrate Sarah W. Hays granting motion for leave to file motion under seal [256-1] as to Keith D Nelson (cc:all counsel) (Robin Jones) (Entered: 08/29/2001) |
| 08/29/2001 | 258 | MOTION by Keith D Nelson to extend time to file appeal of Magistrate's Order regarding government mental evaluation of the accused (Cassaundra Honeycutt) (Entered: 08/29/2001) |
| 08/30/2001 | 260 | ORDER by Magistrate Sarah W. Hays Motions in Limine for Phase 1 should be filed by 10/5/01; Suggestions in opposition to any Phase One motions in limine should be filed by 10/19/01; Motions in Limine for Phase Two should be filed by 10/22/01; Suggestions in opposition to any Phase Two motions in limine should be filed by 11/5/01; Jury trial scheduled for 10/29/01; Jury instructions are due on or before 10/26/01; Challenges for cause based on answers to jury questionnaire are set for 10/9/01 at 9:00 a.m.; Voir dire questions submitted by 10/16/01; Follow-up for particular jurors based upon the questionnaires should be filed by 10/16/01; Gov witness list for Phase 1 & 2 by 9/17/01; Dft witness list for Phase 1 by 9/27/01; Dft expert witness list for Phase 2 by 10/5/01; Dft non-expert lay witness list for Phase 2 by 10/15/01; Expert Witnesses, with the exception of mental health experts, deadline for Gov. 9/17/01, deadline for dft. 10/5/01; Dft shall file any Daubert challenges for information already produced by the Gov by 9/10/01; Gov will have until 10/5/01 to file any Daubert challenges; Daubert challenges to any Phase Two experts shall be filed on or before 10/29/01; Exhibit Index for each party available on or before 10/26/01; Gov exhibit list for Phase 1 & 2 by 10/1/01; Dft exhibit list for Phase 1 & 2 by 10/5/01; Gov should provide the dft with notice of evidence it intends to present under Rule 404(b) of the Federal Rules of Evidence by 9/17/01; as to Keith D Nelson (cc:all counsel) (Robin Jones) (Entered: 08/31/2001) |
| 08/31/2001 | 259 | SUGGESTION by plaintiff USA in opposition to motion to extend time to file appeal of Magistrate's Order regarding government mental evaluation of the accused [258-1] (Robin Jones) (Entered: 08/31/2001) |
| 09/04/2001 | 261 | MOTION by Keith D Nelson for issuance of Rule 17(c) subpoena to Roger Moore, Custodian of Records Correctional Corporation of America (Robin Jones) (Entered: 09/04/2001) |
| 09/04/2001 | 262 | NOTICE OF FILING Notice to Rely on Mental Health Evidence at the Penalty Phase of Trial by defendant Keith D Nelson (Robin Jones) (Entered: 09/05/2001) |
| 09/04/2001 | 263 | ORDER by Magistrate Sarah W. Hays granting motion for issuance of Rule 17(c) subpoena to Roger Moore, Custodian of Records Correctional Corporation of America [261-1] as to Keith D Nelson (cc:all counsel) (Robin Jones) (Entered: 09/05/2001) |
| 09/04/2001 | 273 | MOTION by Keith D Nelson for leave to file for expert services under seal and suggestions in support (Robin Jones) (Entered: 09/18/2001) |
| 09/04/2001 | 313 | MOTION by Keith D Nelson to file for expert services under seal and suggestions in support (Cassaundra Honeycutt) (Entered: 10/12/2001) |
| 09/12/2001 | 264 | OBJECTION to an anonymous jury by defendant Keith D Nelson (Robin Jones) (Entered: 09/13/2001) |
| 09/13/2001 | 265 | MOTION by Keith D Nelson for issuance of Rule 17(c) Subpoena to Roger Moore, Custodian of Records Correctional Corporation of America (Robin Jones) (Entered: 09/13/2001) |
| 09/13/2001 | 266 | MOTION by Keith D Nelson for a sequestered jury (Robin Jones) (Entered: 09/13/2001) |
| 09/13/2001 | 267 | MOTION by USA to strike dft's notice to rely on mental health evidence at the penalty phase of the trial as to Keith D Nelson (Robin Jones) (Entered: 09/13/2001) |
| 09/13/2001 | 268 | ORDER by Magistrate Sarah W. Hays granting motion for issuance of Rule 17(c) Subpoena to Roger Moore, Custodian of Records Correctional Corporation of America [265-1] as to Keith D Nelson (cc:all counsel) Subpoena issued 9/14/01 (Robin Jones) (Entered: 09/14/2001) |

| | | |
|---|---|---|
| 09/13/2001 | 272 | MINUTE ENTRY as to defendant Keith D Nelson Judge Fernando J. Gaitan Jr. presiding Dft advises he does not want to be present and is remanded to the custody of the USM; Voir Dire procedure discussed; Audio tapes exchanged and provied to court; Dft argues motion for extension of time to appeal, Doc #258; USM security concerns discussed; Court Reporter: Donna Turner (Robin Jones) (Entered: 09/18/2001) |
| 09/14/2001 | 269 | MOTION by interested party, Roger Moore, to quash part of subpoena duces tecum served on Assistant Warden Roger Moore, Records Custodian, Corrections Corporation of America, Leavenworth Detention Center as to Keith D Nelson (Robin Jones) (Entered: 09/14/2001) |
| 09/17/2001 | 270 | WITNESS list submitted by plaintiff USA (Robin Jones) (Entered: 09/17/2001) |
| 09/17/2001 | 271 | PROPOSED Voir Dire by plaintiff USA (Robin Jones) (Entered: 09/17/2001) |
| 09/17/2001 | 274 | ORDER by Magistrate Sarah W. Hays granting motion for leave to file for expert services under seal [273-1] as to Keith D Nelson (cc:all counsel) (Robin Jones) (Entered: 09/18/2001) |
| 09/18/2001 | 275 | RESPONSE by plaintiff USA as to defendant Keith D Nelson's objection to an anonymous jury [264-1] (Robin Jones) (Entered: 09/18/2001) |
| 09/18/2001 | 276 | SUGGESTION by plaintiff USA in opposition to motion for a sequestered jury [266-1] (Robin Jones) (Entered: 09/18/2001) |
| 09/19/2001 | 277 | ORDER by Judge Fernando J. Gaitan Jr. granting motion to extend time to file appeal of Magistrate's Order regarding government mental evaluation of the accused [258-1] as to Keith D Nelson; Dft is granted an extension of time to and including 9/21/01 in which to file his appeal of the Magistrate's Order of 8/17/01 (cc:all counsel) (Robin Jones) (Entered: 09/19/2001) |
| 09/19/2001 | 278 | RESPONSE to questions 2,8,9,10,14, 19 and 20 of subpoena duces tecum dated 9/14/01 and issued to Roger Moore, Records custodian by interested party Roger Moore as to defendant Keith D Nelson (Cassaundra Honeycutt) (Entered: 09/19/2001) |
| 09/19/2001 | 279 | MOTION by Keith D Nelson for leave to file Motion under seal (Robin Jones) (Entered: 09/20/2001) |
| 09/19/2001 | 293 | WAIVER of Appearance by defendant Keith D Nelson to attend 9/19/01 hearing (Cassaundra Honeycutt) (Entered: 09/26/2001) |
| 09/20/2001 | 280 | ORDER by Magistrate Sarah W. Hays granting motion for leave to file Motion under seal [279-1] as to Keith D Nelson (cc:all counsel) (Robin Jones) (Entered: 09/20/2001) |
| 09/20/2001 | 281 | NOTICE OF FILING Confidentiality Agreement signed by Mark Miller on behalf of the plaintiff USA (Robin Jones) (Entered: 09/21/2001) |
| 09/20/2001 | 282 | NOTICE OF FILING Receipt for Juror Questionaires signed by Mark Miller on behalf of plaintiff USA (Robin Jones) (Entered: 09/21/2001) |
| 09/20/2001 | 283 | NOTICE OF FILING Confidentiality Agreement signed by Susan Hunt on behalf of defendant Keith D Nelson (Robin Jones) (Entered: 09/21/2001) |
| 09/20/2001 | 284 | NOTICE OF FILING Receipt for Juror Questionnaires signed by Susan Hunt on behalf of defendant Keith D Nelson (Robin Jones) (Entered: 09/21/2001) |
| 09/20/2001 | 285 | MOTION by Keith D Nelson for leave to file motion under seal (Robin Jones) (Entered: 09/21/2001) |
| 09/20/2001 | 286 | ORDER by Magistrate Sarah W. Hays granting motion for leave to file motion under seal [285-1] as to Keith D Nelson (cc:all counsel) (Robin Jones) (Entered: 09/21/2001) |
| 09/21/2001 | 287 | Appeal from Magistrate's Order by defendant Keith D Nelson concerning order granting in part govt's motion for discovery of mental health evidence to be offered in the penalty phase and for a court-ordered mental evaluation of dft [253-1] (Georgia Kee) (Entered: 09/24/2001) |

| | | |
|---|---|---|
| 09/21/2001 | 288 | MOTION by Keith D Nelson for issuance of Rule 17(c) subpoena to Records Officer Donna Winningham, Booneville Correctional Center & suggs in support (Georgia Kee) (Entered: 09/24/2001) |
| 09/21/2001 | 289 | MOTION by Keith D Nelson for issuance of Rule 17(c) subpoena to Jackson County Sheriffs Department & suggs in support (Georgia Kee) (Entered: 09/24/2001) |
| 09/24/2001 | 291 | ORDER by Magistrate Sarah W. Hays granting motion for issuance of Rule 17(c) subpoena to Records Officer Donna Winningham, Booneville Correctional Center [288-1] as to Keith D Nelson; US-285 prepared and send to Marshall's for execution of subpoena (cc:all counsel) (Cassaundra Honeycutt) (Entered: 09/25/2001) |
| 09/24/2001 | 292 | ORDER by Magistrate Sarah W. Hays granting motion for issuance of Rule 17(c) subpoena to Jackson County Sheriffs Department [289-1] as to Keith D Nelson; USM-285 prepared and sent to Marshall's for exceution of subpoena (cc:all counsel) (Cassaundra Honeycutt) (Entered: 09/25/2001) |
| 09/25/2001 | 290 | RETURN OF SERVICE as to interested party Roger Moore, Warden of subpoena (Cassaundra Honeycutt) (Entered: 09/25/2001) |
| 09/25/2001 | 295 | TRANSCRIPT of hearing on Motion to Quash Subpoena held on 9/19/01 before Magistrate Sarah W. Hays as to defendant Keith D Nelson (Cassaundra Honeycutt) (Entered: 09/27/2001) |
| 09/26/2001 | 294 | ORDER by Judge Fernando J. Gaitan Jr. denying motion for a sequestered jury [266-1] and overruling Dft's Nelson's objection to an anonymous jury [264] as to Keith D Nelson (cc:all counsel) (Cassaundra Honeycutt) (Entered: 09/26/2001) |
| 09/26/2001 | 296 | REPLY by defendant Keith D Nelson to suggestions to the gov'ts response to dft's Motion for a sequestered jury (Cassaundra Honeycutt) (Entered: 09/27/2001) |
| 09/26/2001 | 297 | REPLY by defendant Keith D Nelson to suggestions to gov'ts response to deft's objection to an anonymous jury (Cassaundra Honeycutt) (Entered: 09/27/2001) |
| 09/27/2001 | 298 | ORDER filed under seal by Magistrate Sarah W. Hays as to Keith D Nelson granting Ex Parte Under Seal Motion for funds may be filed under seal (cc:all counsel) (Cassaundra Honeycutt) (Entered: 09/28/2001) |
| 09/27/2001 | 299 | WITNESS list submitted by defendant Keith D Nelson (Cassaundra Honeycutt) (Entered: 09/28/2001) |
| 10/01/2001 | 300 | MINUTE ENTRY of teleconference re: Challenge of Jurors as to defendant Keith D Nelson; Magistrate Sarah W. Hays presiding Court Reporter: D. Cavallo (Cassaundra Honeycutt) (Entered: 10/01/2001) |
| 10/01/2001 | 301 | AMENDED WITNESS list submitted by plaintiff USA (Georgia Kee) (Entered: 10/02/2001) |
| 10/01/2001 | 302 | EXHIBIT list by plaintiff USA (Cassaundra Honeycutt) (Entered: 10/03/2001) |
| 10/02/2001 | 303 | ORDER filed under seal by Magistrate Sarah W. Hays as to Keith D Nelson (cc:all counsel) (Cassaundra Honeycutt) (Entered: 10/04/2001) |
| 10/05/2001 | 304 | MINUTE ENTRY regarding telephone conference on jury strikes as to defendant Keith D Nelson Magistrate Sarah W. Hays presiding Court Reporter: D. Cavallo (Cassaundra Honeycutt) (Entered: 10/10/2001) |
| 10/05/2001 | 305 | MOTION by Keith D Nelson in limine to exclude portions of government witnesses testimony (Cassaundra Honeycutt) (Entered: 10/10/2001) |
| 10/05/2001 | 306 | First Phase EXHIBIT list by defendant Keith D Nelson (Cassaundra Honeycutt) (Entered: 10/10/2001) |
| | | |

| | | |
|---|---|---|
| 10/05/2001 | 307 | NOTICE OF FILING - Dft's Disclosure of penalty phase experts by defendant Keith D Nelson as to defendant Keith D Nelson (Cassaundra Honeycutt) (Entered: 10/10/2001) |
| 10/05/2001 | 308 | ORDER by Magistrate Sarah W. Hays pretrial conference 10/18/01 @ 10:00 as to Keith D Nelson (cc:all counsel) (Cassaundra Honeycutt) (Entered: 10/10/2001) |
| 10/09/2001 | 309 | WAIVER of appearance by defendant Keith D Nelson (Cassaundra Honeycutt) (Entered: 10/10/2001) |
| 10/09/2001 | 416 | MINUTE ENTRY of strikes for cause conference as to defendant Keith D Nelson Judge Fernando J. Gaitan Jr. presiding Court Reporter: D. Turner (Cassaundra Honeycutt) (Entered: 11/29/2001) |
| 10/10/2001 | 311 | NOTICE OF FILING of Death penalty questions by defendant Keith D Nelson as to defendant Keith D Nelson (Cassaundra Honeycutt) (Entered: 10/12/2001) |
| 10/10/2001 | 314 | ORDER by Magistrate Sarah W. Hays granting motion to file for expert services under seal and suggestions in support [313-1] as to Keith D Nelson (cc:all counsel) (Cassaundra Honeycutt) (Entered: 10/12/2001) |
| 10/10/2001 | 315 | Amended PROPOSED Voir Dire by plaintiff USA (Melanie Beard) (Entered: 10/15/2001) |
| 10/11/2001 | 310 | PROPOSED Individual Voir Dire by defendant Keith D Nelson (Robin Jones) (Entered: 10/11/2001) |
| 10/11/2001 | 312 | TRANSCRIPT of telephone conference held on 10/1/01 before Magistrate Sarah W. Hays as to defendant Keith D Nelson (Cassaundra Honeycutt) (Entered: 10/12/2001) |
| 10/15/2001 | 317 | Security Instructions by defendant Keith D Nelson (Cassaundra Honeycutt) (Entered: 10/16/2001) |
| 10/15/2001 | 318 | WAIVER of appearance by defendant Keith D Nelson (Cassaundra Honeycutt) (Entered: 10/16/2001) |
| 10/15/2001 | 319 | Suggested REMARKS TO JURRORS BEFORE DEATH PENALTY QUESTIONING as to Keith D Nelson (Cassaundra Honeycutt) (Entered: 10/16/2001) |
| 10/16/2001 | 316 | Government's Response and Suggestions in Opposition to Defendant's Appeal og Magistrate's Order Granting in Part the Government's Motion for Discovery of Mental Health Evidence to be Offered in the Penalty Phase and for a Court Ordered Mental Evaluation of Defendant Keith D. Nelson by plaintiff USA in (Melanie Beard) (Entered: 10/16/2001) |
| 10/18/2001 | 320 | ORDER by Magistrate Sarah W. Hays finding the motion for discovery of Rule 404(b) evidence [209-1] moot. as to Keith D Nelson (cc:all counsel) (Cassaundra Honeycutt) (Entered: 10/18/2001) |
| 10/18/2001 | 321 | Supplement by defendant Keith D Nelson to response regarding dft's mental health evidence (Cassaundra Honeycutt) (Entered: 10/18/2001) |
| 10/18/2001 | 322 | Penalty Phase WITNESS list submitted by defendant Keith D Nelson (Cassaundra Honeycutt) (Entered: 10/18/2001) |
| 10/18/2001 | 323 | MOTION by Keith D Nelson for additional preemptory challenges (Cassaundra Honeycutt) (Entered: 10/18/2001) |
| 10/18/2001 | 324 | Resonse and SUGGESTION by plaintiff USA in opposition to motion in limine to exclude portions of government witnesses testimony [305-1] (Cassaundra Honeycutt) (Entered: 10/19/2001) |
| 10/18/2001 | 333 | MINUTE ENTRY for pretrial conference as to defendant Keith D Nelson Magistrate Sarah W. Hays presiding. Discussions held regarding pretrial motions outstanding, addl juror exemp., ect. Dft asked if he could be excused from the hearing. Court advised dft that attys may need to confer w/him and questioned the dft at great length about his presence in the courtroom before excusing him from the courtroom. Dft also advised court that he would not cooperate w/the pla's expert that was to evaluate him on 10/22/01. Court directed that if dft did not cooperate the mental illness would not be a defense |

| | | |
|---|---|---|
| | | he could present. Court Reporter: Dorothy Cavallo (Michelle Kendall) (Entered: 10/25/2001) |
| 10/19/2001 | 325 | WAIVER of appearance by defendant Keith D Nelson (Cassaundra Honeycutt) (Entered: 10/19/2001) |
| 10/19/2001 | 326 | RESPONSE by plaintiff USA as to defendant Keith D Nelson proposed security instruction [317-1] (Cassaundra Honeycutt) (Entered: 10/19/2001) |
| 10/19/2001 | 327 | ORDER by Magistrate Sarah W. Hays finding the motion in limine to preclude the government from introducing video tapes seized from a 1979 Maroon Chrysler LeBaron Owned by Mike Morse [45-1] moot., finding the motion for immediate disclosure of any and all contact between government agents or prosecutors and potential jailhouse informants incarcerated with defendant [252-1] moot., finding the motion for issuance of subpoena duces tecum [254-1] moot., finding the motion to strike dft's notice to rely on mental health evidence at the penalty phase of the trial [267-1] moot. pretrial conference 10/23/01 @ 1:30 as to Keith D Nelson (cc:all counsel) (Cassaundra Honeycutt) (Entered: 10/22/2001) |
| 10/19/2001 | 328 | RESPONSE and suggestions in opposition by plaintiff USA as to defendant Keith D Nelson death penalty questions [311-1] (Cassaundra Honeycutt) (Entered: 10/22/2001) |
| 10/22/2001 | 329 | REPLY by defendant Keith D Nelson re [328-1] gov't response and suggestions in opposition to dft's death penalty questions (Robin Jones) (Entered: 10/22/2001) |
| 10/22/2001 | 332 | AMENDED Witness list submitted by defendant Keith D Nelson (Susan Larson) (Entered: 10/24/2001) |
| 10/22/2001 | 342 | MOTION by Keith D Nelson for order to file motion under seal (Michelle Kendall) (Entered: 10/29/2001) |
| 10/23/2001 | 330 | MOTION by Keith D Nelson for disclosure of exculpatory evidence (Cassaundra Honeycutt) (Entered: 10/23/2001) |
| 10/23/2001 | 331 | MINUTE ENTRY pretrial conference/hearing as to defendant Keith D Nelson Judge Fernando J. Gaitan Jr. presiding Court Reporter: D. Turner (Cassaundra Honeycutt) (Entered: 10/23/2001) |
| 10/24/2001 | 334 | TRANSCRIPT of hearing on pretrial conference held on 10/18/01 before Magistrate Sarah W. Hays as to defendant Keith D Nelson (Michelle Kendall) (Entered: 10/25/2001) |
| 10/24/2001 | 335 | RESPONSE AND SUGGESTION by plaintiff USA in opposition to motion for additional preemptory challenges [323-1] (Michelle Kendall) (Entered: 10/25/2001) |
| 10/25/2001 | 336 | RESPONSE and suggestions by plaintiff USA as to defendant Keith D Nelson motion for disclosure of exculpatory evidence [330-1] (Susan Larson) (Entered: 10/25/2001) |
| 10/25/2001 | 337 | MINUTE ENTRY:Hearing as to defendant Keith D Nelson Judge Fernando J. Gaitan Jr. presiding; All parties present; Dft's atty explains dft's position re: not being present at pretrial conference; and requets court approval - granted; Court Reporter: Donna Turner (Georgia Kee) (Entered: 10/26/2001) |
| 10/25/2001 | 338 | PLEA Agreement as to Keith D Nelson (Georgia Kee) (Entered: 10/26/2001) |
| 10/25/2001 | 339 | MINUTE ENTRY OF PLEA: Judge Fernando J. Gaitan Jr. presiding Plea of Guilty was entered by Keith D Nelson (1) count(s) 1 Presentence Investigation Ordered; Dft remanded to custody; Court Reporter: Donna Turner (Georgia Kee) (Entered: 10/26/2001) |
| 10/26/2001 | 340 | ORDER by Judge Fernando J. Gaitan Jr. denying dft's motion for additional preemptory challenges [323-1]; affirming the decision of the District Court Magistrate Judge order of 8/17/01 [287-1]; the govt's proposed voir dire questions are hereby approved, and the dft's proposed voir dire questions are hereby denied as to Keith D Nelson (cc:all counsel) (Georgia Kee) (Entered: 10/26/2001) |
| 10/26/2001 | 341 | MOTION by USA for order to Bar Defendant from Presenting Mental Health Evidence as to Keith D |

| | | |
|---|---|---|
| | | Nelson (Melanie Beard) (Entered: 10/26/2001) |
| 10/26/2001 | 343 | ORDER by Magistrate Sarah W. Hays granting the ex parte under seal motion for order to file motion under seal [342-1] as to Keith D (cc:all counsel) (Michelle Kendall) (Entered: 10/29/2001) |
| 10/26/2001 | 344 | AMENDED EXHIBIT list by plaintiff USA (Michelle Kendall) (Entered: 10/29/2001) |
| 10/29/2001 | 345 | MOTION by Keith D Nelson for order to file motion under seal (Michelle Kendall) (Entered: 10/29/2001) |
| 10/29/2001 | 346 | ORDER by Magistrate Sarah W. Hays granting motion for order to file motion under seal [345-1] as to Keith D Nelson (FILED UNDER SEAL) (cc:all counsel) (Michelle Kendall) (Entered: 10/29/2001) |
| 10/29/2001 | 347 | Supplement by defendant Keith D Nelson to motion in limine to exclude portions of government witnesses testimony [305-1] (Michèlle Kendall) (Entered: 10/29/2001) |
| 10/29/2001 | 348 | MOTION by Keith D Nelson for order for change of venue or in the alternative for a sequestered jury (Michelle Kendall) (Entered: 10/29/2001) |
| 10/29/2001 | 351 | MINUTE ENTRY: Conference as to defendant Keith D Nelson Judge Fernando J. Gaitan Jr. presiding; All parties present; Atty conference in chambers; jury selection continued to 11/5/01; Court Reporter: Donna Turner (Georgia Kee) (Entered: 10/31/2001) |
| 10/29/2001 | 352 | MOTION by Keith D Nelson to file motion under seal & suggs in support (Georgia Kee) (Entered: 10/31/2001) |
| 10/30/2001 | 349 | MOTION by Keith D Nelson in limine to preclude the introduction of prejudicial and cumulative crime scene and autopsy photographs of the decedent (Georgia Kee) (Entered: 10/31/2001) |
| 10/30/2001 | 350 | RESPONSE by plaintiff USA as to defendant Keith D Nelson motion for order for change of venue or in the alternative for a sequestered jury [348-1] (Georgia Kee) (Entered: 10/31/2001) |
| 10/30/2001 | 354 | Pretrial MOTION by Keith D Nelson for order to Constitutionalize Trial Objections (Melanie Beard) (Entered: 10/31/2001) |
| 10/30/2001 | 355 | CERTIFICATE/CERTIFICATION of Reporter's Certificate of Deposition in the amount of $27.65; submitted by John Bowen and Associates. (Melanie Beard) (Entered: 10/31/2001) |
| 10/31/2001 | 356 | MOTION by Keith D Nelson to continue (Melanie Beard) (Entered: 10/31/2001) |
| 10/31/2001 | 357 | MOTION by Keith D Nelson to Determine Mental Competency to Proceed to Trial (Melanie Beard) (Entered: 10/31/2001) |
| 10/31/2001 | 364 | MINUTE ENTRY as to defendant Keith D Nelson Judge Fernando J. Gaitan Jr. presiding of 1st day of teleconference. Court Reporter: Donna Turner (Susan Larson) (Entered: 11/05/2001) |
| 10/31/2001 | 365 | ORDER by Judge Fernando J. Gaitan Jr. in-court hearing set for 11/07/01 at 9:30 to determine whether there is sufficient doubt regarding dft's competency. At the conclusion of that hearing, the Court shall determine either (1) that there is sufficient doubt and deny dft's motions, and jury selection shall commence w/o further delay, or (2) that there is reasonable cause to believe the dft is incompetent. If the latter is determined, a psychiatric eval will be ordered and a hearing to determine dft's competency will follow as to Keith D Nelson; jury selection scheduled for 11/05/01 shall be postponed until further order of this Court. (cc:all counsel) (Michelle Kendall) (Entered: 11/06/2001) |
| 11/01/2001 | 359 | SUGGESTION by plaintiff USA in opposition to motion to Determine Mental Competency to Proceed to Trial [357-1] (Michelle Kendall) (Entered: 11/01/2001) |
| 11/01/2001 | 362 | MOTION by Keith D Nelson for order to file medical records under seal (Michelle Kendall) (Entered: 11/05/2001) |

| | | |
|---|---|---|
| 11/02/2001 | 360 | RESPONSE to dft's motion to file medical records under seal by plaintiff USA as to defendant Keith D Nelson (Michelle Kendall) (Entered: 11/02/2001) |
| 11/02/2001 | 361 | SUGGESTION by plaintiff USA in opposition to motion in limine to preclude the introduction of prejudicial and cumulative crime scene and autopsy photographs of the decedent [349-1] (Michelle Kendall) (Entered: 11/02/2001) |
| 11/02/2001 | 363 | ORDER by Judge Fernando J. Gaitan Jr. granting motion for order to file medical records under seal [362-1] as to D Nelson to determine competency to proceed to trial (cc:all counsel) (Michelle Kendall) (Entered: 11/05/2001) |
| 11/06/2001 | 374 | MINUTE ENTRY: Teleconference as to defendant Keith D Nelson Judge Fernando J. Gaitan Jr. presiding; All parties present; Court Reporter: Donna Turner (Georgia Kee) (Entered: 11/14/2001) |
| 11/07/2001 | 375 | MINUTE ENTRY: Hearing as to defendant Keith D Nelson Judge Fernando J. Gaitan Jr. presiding; Parties appear for hearing; Dft's atty presents exhibits tocourt; Govt's atty presents evidence; Court orders dft be examined by psychiatrist today; Assessment to be provided to court & matter taken under advisement; Court Reporter: Donna Turner (Georgia Kee) (Entered: 11/14/2001) |
| 11/07/2001 | 376 | EXHIBIT INDEX of 11/7/01 hearing by defendant Keith D Nelson (Georgia Kee) (Entered: 11/14/2001) |
| 11/07/2001 | 377 | ORDER by Judge Fernando J. Gaitan Jr. that Dr. Logan shall make his findings available to the Court as soon thereafter as possible; This matter is taken under advisement subject to the aforementioned assessment and the Court's consideration of all of the evidence as to Keith D Nelson (cc:all counsel) (Georgia Kee) (Entered: 11/14/2001) |
| 11/08/2001 | 366 | ORDER by Judge Fernando J. Gaitan Jr. denying motion to Determine Mental Competency to Proceed to Trial [357-1], denying motion to continue [356-1] The case shall proceed with the penalty phase of the trial. Jury slection shall comence on 11/13/01 at 8:00 as to Keith D Nelson (cc:all counsel) (Michelle Kendall) (Entered: 11/08/2001) |
| 11/08/2001 | 367 | ORDER by Magistrate Sarah W. Hays finding the motion to quash part of subpoena duces tecum served on Assistant Warden Roger Moore, Records Custodian, Corrections Corporation of America, Leavenworth Detention Center moot., finding the motion to quash [86-1] moot. as to Keith D Nelson (cc:all counsel) (Michelle Kendall) (Entered: 11/09/2001) |
| 11/08/2001 | 368 | SUPPLEMENTAL PROPOSED Voir Dire by plaintiff USA (Michelle Kendall) (Entered: 11/09/2001) |
| 11/08/2001 | 378 | MINUTE ENTRY: Teleconfernce as to defendant Keith D Nelson Judge Fernando J. Gaitan Jr. presiding; Pretrial matters discussed; Court Reporter: Donna Turner (Georgia Kee) (Entered: 11/14/2001) |
| 11/09/2001 | 369 | MOTION by Keith D Nelson to limit the admission of victim impact evidence , and for an evidentiary hearing on the admission of such evidence (Georgia Kee) (Entered: 11/13/2001) |
| 11/09/2001 | 370 | SUGGESTION by plaintiff USA in opposition to motion in limine to preclude the introduction of prejudicial and cumulative crime scene and autopsy photographs of the decedent [349-1] (Georgia Kee) (Entered: 11/13/2001) |
| 11/09/2001 | 371 | NOTICE OF FILING of Trial Memorandum Victim Impact Evidence by plaintiff USA as to defendant Keith D Nelson (Georgia Kee) (Entered: 11/13/2001) |
| 11/09/2001 | 372 | SUGGESTION by plaintiff USA in opposition to motion for order to Constitutionalize Trial Objections [354-1] (Georgia Kee) (Entered: 11/13/2001) |
| 11/09/2001 | 379 | ORDER by Judge Fernando J. Gaitan Jr. denying dft's motion in limine to exclude portions of government witnesses [305-1]; denying dft's motion in limine to preclude the introduction of prejudicial and cumulative crime scene and autopsy photographs of the decedent [349-1] as to Keith |

| | | |
|---|---|---|
| | | D Nelson (cc:all counsel) (Georgia Kee) (Entered: 11/14/2001) |
| 11/09/2001 | 380 | ORDER by Judge Fernando J. Gaitan Jr. sustaining dft's motion for order to Constitutionalize Trial Objections [354-1] as to Keith D Nelson (cc:all counsel) (Georgia Kee) (Entered: 11/14/2001) |
| 11/09/2001 | 385 | RETURN OF SERVICE as to defendant Keith D Nelson of Subpoena addressed to Gene Thompson, served on 11/05/01 in Fort Worth, TX (Michelle Kendall) (Entered: 11/15/2001) |
| 11/13/2001 | 381 | MINUTE ENTRY OF TRIAL as to defendant Keith D Nelson Judge Fernando J. Gaitan Jr. presiding over 1st day of jury trial (jury selection); All parties present; Attorney conference in chambers; Court in recess until 9:00am on 11/14/01; voir dire begins , jury impaneled Court Reporter: Donna Turner (Georgia Kee) (Entered: 11/14/2001) |
| 11/13/2001 | 382 | BRIEF on the jury's discretion to impose the death penalty by defendant Keith D Nelson (Georgia Kee) (Entered: 11/14/2001) |
| 11/14/2001 | 373 | RESPONSE by defendant Keith D Nelson as to plaintiff USA motion for order to Bar Defendant from Presenting Mental Health Evidence [341-1] (Georgia Kee) (Entered: 11/14/2001) |
| 11/14/2001 | 383 | Proposed Jury Instructions by plaintiff USA (Robin Jones) (Entered: 11/14/2001) |
| 11/14/2001 | 384 | NOTICE OF FILING Second Amended Notice of Defendant's Mitigation Witnesses by defendant Keith D Nelson as to defendant Keith D Nelson (Melanie Beard) (Entered: 11/15/2001) |
| 11/14/2001 | 387 | MINUTE ENTRY OF TRIAL as to defendant Keith D Nelson Judge Fernando J. Gaitan Jr. presiding over 2nd day of jury preemptory strikes by counsel. Court Reporter: Donna Turner (Michelle Kendall) (Entered: 11/15/2001) |
| 11/14/2001 | 388 | JURY List for trial of defendant Keith D Nelson (FILED UNDER SEAL) (Michelle Kendall) (Entered: 11/15/2001) |
| 11/15/2001 | 386 | Supplemental SUGGESTION by defendant Keith D Nelson in support motion for order for change of venue or in the alternative for a sequestered jury [348-1] (Georgia Kee) (Entered: 11/15/2001) |
| 11/15/2001 | 389 | ORDER by Judge Fernando J. Gaitan Jr. granting motion to limit the admission of victim impact evidence [369-1] This information shall be provided to the Court on or before 11/16/01 ay 8:30; dft's request for an evidentiary hearing on the admission of this evidence is provisionally denied as to Keith D Nelson (cc:all counsel) (Michelle Kendall) (Entered: 11/15/2001) |
| 11/15/2001 | 390 | MOTION by Keith D Nelson to quash jury panel (Michelle Kendall) (Entered: 11/15/2001) |
| 11/15/2001 | 391 | REPLY by plaintiff USA re [373-1] dft's response to gov's motion to bar dft from presenting mental health evidence (Michelle Kendall) (Entered: 11/16/2001) |
| 11/15/2001 | 392 | RESPONSE by plaintiff USA as to defendant Keith D Nelson supplemental suggsetion in support of dft's motion for change of venue [386-1] (Michelle Kendall) (Entered: 11/16/2001) |
| 11/15/2001 | 393 | ORDER by Judge Fernando J. Gaitan Jr. as to Keith D Nelson regarding victim impact evidence and the restrictions thereto (cc:all counsel) (Michelle Kendall) (Entered: 11/16/2001) |
| 11/15/2001 | 399 | ORDER by Judge Fernando J. Gaitan Jr. denying motion for order for change of venue or in the alternative for a sequestered jury [348-1] as to Keith D Nelson (cc:all counsel) (Michelle Kendall) (Entered: 11/16/2001) |
| 11/16/2001 | 395 | SUGGESTION by plaintiff USA in opposition to motion to quash jury panel [390-1] (Michelle Kendall) (Entered: 11/16/2001) |
| 11/16/2001 | 396 | RESPONSE to Court order regarding dft's mental health evidence by defendant Keith D Nelson (Michelle Kendall) (Entered: 11/16/2001) |
| 11/16/2001 | 397 | OBJECTIONS by defendant Keith D Nelson to [383-1] gov's proposed jury instructions (Michelle |

| | | |
|---|---|---|
| | | Kendall) (Entered: 11/16/2001) |
| 11/16/2001 | 398 | Proposed Penalty Phase Jury Instructions by defendant Keith D Nelson (Michelle Kendall) (Entered: 11/16/2001) |
| 11/16/2001 | | REMARK-Document #394 was misfiled in this case and hence deleted. There is no document #394. (Michelle Kendall) (Entered: 11/16/2001) |
| 11/16/2001 | 400 | ORDER by Magistrate Sarah W. Hays as to Keith D Nelson re: log books produced in camera by CCA Counsel for dft and the gov will be provided copies of the pages marked by defense counsel. The copies have been disclosed for use in the exam and cross-exam of witnesses, if permitted by District Judge and should not be disclosed to anyone not a party or employed by a party w/o permission of the Court (cc:all counsel) (Michelle Kendall) (Entered: 11/19/2001) |
| 11/16/2001 | 401 | MOTION by Keith D Nelson to quash subpoena on grounds of attorney client privilege and suggestions in support (Steve Navarro) (Entered: 11/20/2001) |
| 11/19/2001 | 402 | MINUTE ENTRY OF TRIAL as to defendant Keith D Nelson; Judge Fernando J. Gaitan Jr. presiding over 3rd day of Jury trial Court Reporter: Donna Turner (Robin Jones) (Entered: 11/21/2001) |
| 11/19/2001 | 403 | ORDER by Judge Fernando J. Gaitan Jr. granting in part and denying in part the motion for order to Bar Defendant from Presenting Mental Health Evidence [341-1] as to Keith D Nelson; The dft will be allowed to offer the testimony of Dr. Cunningham, but will not be allowed to present the testimony of Dr. Foster (cc:all counsel) (Robin Jones) (Entered: 11/21/2001) |
| 11/19/2001 | 404 | ORDER by Judge Fernando J. Gaitan Jr. denying motion to quash jury panel [390-1] as to Keith D Nelson (cc:all counsel) (Robin Jones) (Entered: 11/21/2001) |
| 11/19/2001 | 405 | NOTICE OF FILING Notice of Mitigating Circumstances by defendant Keith D Nelson (Robin Jones) (Entered: 11/21/2001) |
| 11/19/2001 | 406 | Third Amended Notice of Defendant's Mitigation Witness list submitted by defendant Keith D Nelson (Robin Jones) (Entered: 11/21/2001) |
| 11/19/2001 | 407 | EXHIBIT list by defendant Keith D Nelson (Robin Jones) (Entered: 11/21/2001) |
| 11/20/2001 | 409 | MINUTE ENTRY OF TRIAL as to defendant Keith D Nelson Judge Fernando J. Gaitan Jr. presiding over 4th day of jury; parties appear ready for trial. Court Reporter: Donna Turner (Michelle Kendall) (Entered: 11/23/2001) |
| 11/21/2001 | 411 | MOTION by USA for order for writ of Habeas corpus ad testificandum and for writ of habeas corpus ad testificandum as to Keith D Nelson (Cassaundra Honeycutt) (Entered: 11/26/2001) |
| 11/21/2001 | 412 | ORDER for writ of habeas corpus ad testificandum by Magistrate John T. Maughmer issued and delivered to U.S. Marshal by Francine Lavenbarg (Cassaundra Honeycutt) (Entered: 11/26/2001) |
| 11/21/2001 | 413 | MINUTE ENTRY OF TRIAL as to defendant Keith D Nelson Judge Fernando J. Gaitan Jr. presiding over 5th day of jury trial Court Reporter: R. Enss (Cassaundra Honeycutt) (Entered: 11/27/2001) |
| 11/23/2001 | 410 | RESPONSE and suggestion in partial opposition by plaintiff USA as to defendant Keith D Nelson notice [405-1] (Cassaundra Honeycutt) (Entered: 11/26/2001) |
| 11/26/2001 | 414 | MINUTE ENTRY OF TRIAL as to defendant Keith D Nelson Judge Fernando J. Gaitan Jr. presiding over 6th day of jury trial Court Reporter: D. Turner (Cassaundra Honeycutt) (Entered: 11/27/2001) |
| 11/27/2001 | 415 | OBJECTIONS to gov't proposed jury instructions by defendant Keith D Nelson (Cassaundra Honeycutt) (Entered: 11/28/2001) |
| 11/27/2001 | 417 | MINUTE ENTRY OF TRIAL as to defendant Keith D Nelson Judge Fernando J. Gaitan Jr. presiding |

| | | |
|---|---|---|
| | | over 7th day of jury trial Court Reporter: D. Turner (Cassaundra Honeycutt) (Entered: 11/29/2001) |
| 11/28/2001 | 418 | MINUTE ENTRY OF TRIAL as to defendant Keith D Nelson Judge Fernando J. Gaitan Jr. presiding over 8th day of jury trial Court Reporter: D. Turner (Cassaundra Honeycutt) (Entered: 11/29/2001) |
| 11/28/2001 | 419 | Jury Instructions by defendant Keith D Nelson and USA (Cassaundra Honeycutt) (Entered: 11/29/2001) |
| 11/28/2001 | 420 | VERDICT of death sentence rendered by jury as to defendant Keith D Nelson. Filed under seal. (Cassaundra Honeycutt) (Entered: 11/29/2001) |
| 11/28/2001 | 421 | EXHIBIT INDEX by plaintiff USA (Cassaundra Honeycutt) (Entered: 11/29/2001) |
| 11/28/2001 | 422 | EXHIBIT INDEX by defendant Keith D Nelson (Cassaundra Honeycutt) (Entered: 11/29/2001) |
| 12/03/2001 | 423 | RETURN OF SERVICE as to defendant Keith D Nelson of Kenneth Morse on 11/27/01. (Cassaundra Honeycutt) (Entered: 12/04/2001) |
| 12/04/2001 | 424 | MOTION by Keith D Nelson to extend time to file his motion for a new sentencing hearing pusuant to Rule 33 of the F.R.C.P. (Robin Jones) (Entered: 12/05/2001) |
| 12/04/2001 | 425 | MOTION by Keith D Nelson for order for issuance of rule 17(C) subpoena to the custodial of records of WDAF Fox 4, KCTV 5 and KMBC Channel 9 for all news broadcasts of the Keith Nelson Trial from October 29 to December 5, 2001. (Cassaundra Honeycutt) (Entered: 12/05/2001) |
| 12/06/2001 | 426 | ORDER by Magistrate Sarah W. Hays granting motion for order for issuance of rule 17(C) subpoena to the custodial of records of WDAF Fox 4, KCTV 5 and KMBC Channel 9 for all news broadcasts of the Keith Nelson Trial from October 29 to December 5, 2001. [425-1] as to Keith D Nelson (cc:all counsel) (Cassaundra Honeycutt) (Entered: 12/06/2001) |
| 12/06/2001 | 427 | ORDER by Judge Fernando J. Gaitan Jr. granting motion to extend time to file his motion for a new sentencing hearing until 12/18/01 [424-1] pretrial motions 12/18/01 as to Keith D Nelson (cc:all counsel) (Cassaundra Honeycutt) (Entered: 12/07/2001) |
| 12/06/2001 | 428 | AMENDED ORDER by Magistrate Sarah W. Hays granting motion for order for issuance of rule 17 (C) subpoena to the custodial of records of WDAF Fox 4, KCTV 5 and KMBC Channel 9 for all news broadcasts of the Keith Nelson Trial from October 29 to December 5, 2001. [425-1] as to Keith D Nelson (cc:all counsel) (Cassaundra Honeycutt) (Entered: 12/07/2001) |
| 12/18/2001 | 429 | MOTION by Keith D Nelson for new trial filed UNDER SEAL pursuant to Order (#430) filed on 12/19/01 (Cassaundra Honeycutt) (Entered: 12/20/2001) |
| 12/19/2001 | 430 | ORDER to seal dft's Motion for New Trial by Judge Fernando J. Gaitan Jr. as to Keith D Nelson (cc:all counsel) (Cassaundra Honeycutt) (Entered: 12/20/2001) |
| 12/20/2001 | 431 | MOTION by USA to extend time to respond to dft's new trial motion as to Keith D Nelson (Cassaundra Honeycutt) (Entered: 12/21/2001) |
| 12/26/2001 | 432 | RESPONSE by defendant Keith D Nelson as to plaintiff USA motion to extend time to respond to dft's new trial motion [431-1] (Cassaundra Honeycutt) (Entered: 12/27/2001) |
| 12/27/2001 | 433 | ORDER by Judge Fernando J. Gaitan Jr. granting motion to extend time to respond to dft's new trial motion [431-1] as to Keith D Nelson; Plaintiff shall file its response to dft's motion for new trial on or before 1/18/02. It is directed by court to be filed under seal (cc:all counsel) (Cassaundra Honeycutt) (Entered: 01/03/2002) |
| 01/18/2002 | 434 | SUGGESTION by plaintiff USA in opposition to motion for new trial filed UNDER SEAL pursuant to Order (#430) filed on 12/19/01 [429-1] (Michelle Kendall) (Entered: 01/22/2002) |
| 02/06/2002 | 435 | MOTION by Keith D Nelson to extend time to file reply to govt's response to dft's motion for new |

| | | |
|---|---|---|
| | | trial (Cassaundra Honeycutt) (Entered: 02/08/2002) |
| 02/11/2002 | 436 | ORDER by Judge Fernando J. Gaitan Jr. granting motion to extend time to file reply to govt's response to dft's motion for new trial [435-1] as to Keith D Nelson until 2/11/02 (cc:all counsel) (Cassaundra Honeycutt) (Entered: 02/11/2002) |
| 02/12/2002 | 437 | MOTION by Keith D Nelson to extend time to file reply to govt's response to dft's Motion for New trial (Cassaundra Honeycutt) (Entered: 02/13/2002) |
| 02/12/2002 | 438 | ORDER by Judge Fernando J. Gaitan Jr. granting motion to extend time to file reply to govt's response to dft's Motion for New trial [437-1] as to Keith D Nelson (cc:all counsel) (Cassaundra Honeycutt) (Entered: 02/13/2002) |
| 02/28/2002 | 439 | NOTICE of hearing by Judge Fernando J. Gaitan Jr. as to defendant Keith D Nelson sentencing hearing set for 03/11/02 at 9:00 (Michelle Kendall) (Entered: 03/01/2002) |
| 02/28/2002 | 440 | ORDER by Judge Fernando J. Gaitan Jr. denying motion for new trial filed UNDER SEAL pursuant to Order (#430) filed 12/19/01 [429-1] as to Keith D Nelson (cc:all counsel) (Michelle Kendall) (Entered: 03/01/2002) |
| 03/11/2002 | 441 | MINUTE ENTRY of sentencing hearing as to defendant Keith D Nelson; See J&C Judge Fernando J. Gaitan Jr. presiding Court Reporter: D. Turner (Cassaundra Honeycutt) (Entered: 03/12/2002) |
| 03/12/2002 | 442 | JUDGMENT and Commitment issued to U.S. Marshal sentencing as to Keith D Nelson Keith D Nelson (1) count(s) 1. Dft plead guilty to count 1 on 10/25/01. Date of Imposition of Judgment on 3/11/02. IMPRISONMENT: Death; CRIMINAL MONETARY PENALTIES: MSA $100 party CJA Clerk, party Valley View Financia, party Roger Moore, party Roger Moore, Warden, party USA, party Keith D Nelson , dismissing counts Keith D Nelson (1) count(s) 2. Count 2 dimsissed on the Motion of the United States , Judge Fernando J. Gaitan Jr. (Cassaundra Honeycutt) (Entered: 03/12/2002) |
| 03/18/2002 | 443 | NOTICE OF APPEAL by defendant Keith D Nelson from Dist. Court decision [442-4] Filed 03/12/02 Entered 03/12/02 Paid $ 0.00 Rct. # IFP (Shannon Brogan) (Entered: 03/22/2002) |
| 03/22/2002 | | Delivered to USCA 2 ctfd cpys of appeal ntc and dkt entries; 2 cpys of and Jgm fld: 3/12/02 and NOA Supplement (cc: attys and Judge) (Shannon Brogan) (Entered: 03/22/2002) |
| 03/26/2002 | 444 | PRESENTENCE Report on Keith D Nelson (original sealed) (Shannon Brogan) (Entered: 03/27/2002) |
| 03/28/2002 | | Notification by Circuit Court of Appellate Docket Number 02-1757 - clerk's record due 04/29/02 (Shannon Brogan) (Entered: 04/29/2002) |
| 04/03/2002 | 445 | JUDGMENT and Commitment returned executed as to defendant Keith D Nelson 3/20/02 to Terre Haute, IN (Cassaundra Honeycutt) (Entered: 04/05/2002) |
| 04/04/2002 | 446 | TRANSCRIPT of Motion for Mental Competency Evaluation held on 11/7/01 before Judge Fernando J. Gaitan Jr. as to defendant Keith D Nelson (Cassaundra Honeycutt) (Entered: 04/08/2002) |
| 04/04/2002 | 447 | TRANSCRIPT of of proceedings in Judge Gaitan's jury room with Dr. William Logan and subsequent ruling held on 11/7/01 before Judge Fernando J. Gaitan Jr. as to defendant Keith D Nelson (Cassaundra Honeycutt) (Entered: 04/08/2002) |
| 04/04/2002 | 448 | TRANSCRIPT of of teleconference held on 11/6/01 before Judge Fernando J. Gaitan Jr. as to defendant Keith D Nelson (Cassaundra Honeycutt) (Entered: 04/08/2002) |
| 04/04/2002 | 449 | TRANSCRIPT of of teleconference re: Motion for Contiuance defense held on 10/31/01 before Judge Fernando J. Gaitan Jr. as to defendant Keith D Nelson (Cassaundra Honeycutt) (Entered: 04/08/2002) |
| 04/04/2002 | 450 | TRANSCRIPT of of proceedings record in Chambers re continuance held on 10/29/01 before Judge |

| | | |
|---|---|---|
| | | Fernando J. Gaitan Jr. as to defendant Keith D Nelson (Cassaundra Honeycutt) (Entered: 04/08/2002) |
| 04/04/2002 | 451 | TRANSCRIPT of change of plea hearing held on 10/25/01 before Judge Fernando J. Gaitan Jr. as to defendant Keith D Nelson (Cassaundra Honeycutt) (Entered: 04/08/2002) |
| 04/04/2002 | 452 | TRANSCRIPT of proceedings pretrial conf held on 10/23/01 before Judge Fernando J. Gaitan Jr. as to defendant Keith D Nelson (Cassaundra Honeycutt) (Entered: 04/08/2002) |
| 04/04/2002 | 453 | TRANSCRIPT of proceedings re:voir dire procedure and security matters held on 9/13/01 before Judge Fernando J. Gaitan Jr. as to defendant Keith D Nelson (Cassaundra Honeycutt) (Entered: 04/08/2002) |
| 04/04/2002 | 454 | TRANSCRIPT of proceedings held on 6/2/00 before Magistrate Sarah W. Hays as to defendant Keith D Nelson (Cassaundra Honeycutt) (Entered: 04/08/2002) |
| 04/05/2002 | 455 | TRANSCRIPT of sentencing hearing held on 3/11/02 before Judge Fernando J. Gaitan Jr. as to defendant Keith D Nelson (Cassaundra Honeycutt) (Entered: 04/08/2002) |
| 04/05/2002 | 456 | TRANSCRIPT of strikes for cause conference held on 10/9/01 before Judge Fernando J. Gaitan Jr. as to defendant Keith D Nelson (Cassaundra Honeycutt) (Entered: 04/08/2002) |
| 04/05/2002 | 457 | TRANSCRIPT of teleconference held on 11/8/01 before Judge Fernando J. Gaitan Jr. as to defendant Keith D Nelson (Cassaundra Honeycutt) (Entered: 04/08/2002) |
| 04/05/2002 | 458 | TRANSCRIPT of teleconference held on 11/15/01 before Judge Fernando J. Gaitan Jr. as to defendant Keith D Nelson (Cassaundra Honeycutt) (Entered: 04/08/2002) |
| 04/19/2002 | 459 | TRANSCRIPT of jury voir dire examination held on 11/13/01 (morning) before Judge Fernando J. Gaitan Jr. as to defendant Keith D Nelson (Cassaundra Honeycutt) (Entered: 04/22/2002) |
| 04/19/2002 | 460 | TRANSCRIPT of jury voir dire examination held on 11/13/01(p.m.), Vol. II before Judge Fernando J. Gaitan Jr. as to defendant Keith D Nelson (Cassaundra Honeycutt) (Entered: 04/22/2002) |
| 04/19/2002 | 461 | TRANSCRIPT of jury trial held on 11/19/01(a.m.), Vol III before Judge Fernando J. Gaitan Jr. as to defendant Keith D Nelson (Cassaundra Honeycutt) (Entered: 04/22/2002) |
| 04/19/2002 | 462 | TRANSCRIPT of jury trial held on 11/19/01(p.m.), Vol IV before Judge Fernando J. Gaitan Jr. as to defendant Keith D Nelson (Cassaundra Honeycutt) (Entered: 04/22/2002) |
| 04/19/2002 | 463 | TRANSCRIPT of jury trial held on 11/20/01(a.m.), Vol. V before Judge Fernando J. Gaitan Jr. as to defendant Keith D Nelson (Cassaundra Honeycutt) (Entered: 04/22/2002) |
| 04/19/2002 | 464 | TRANSCRIPT of jury trial held on 11/20/01(p.m.), Vol VI before Judge Fernando J. Gaitan Jr. as to defendant Keith D Nelson (Cassaundra Honeycutt) (Entered: 04/22/2002) |
| 04/19/2002 | 465 | TRANSCRIPT of jury trial held on 11/26/01(a.m.), Vol VII before Judge Fernando J. Gaitan Jr. as to defendant Keith D Nelson (Cassaundra Honeycutt) (Entered: 04/22/2002) |
| 04/19/2002 | 466 | TRANSCRIPT of jury transcript held on 11/26/01(p.m.), Vol VIII before Judge Fernando J. Gaitan Jr. as to defendant Keith D Nelson (Cassaundra Honeycutt) (Entered: 04/22/2002) |
| 04/19/2002 | 467 | TRANSCRIPT of jury trial held on 11/27/01(a.m.), Vol IX before Judge Fernando J. Gaitan Jr. as to defendant Keith D Nelson (Cassaundra Honeycutt) (Entered: 04/22/2002) |
| 04/19/2002 | 468 | TRANSCRIPT of jury trial held on 11/27/02(p.m.), Vol X before Judge Fernando J. Gaitan Jr. as to defendant Keith D Nelson (Cassaundra Honeycutt) (Entered: 04/22/2002) |
| 04/19/2002 | 469 | TRANSCRIPT of jury trial held on 11/28/01, Vol XI before Judge Fernando J. Gaitan Jr. as to defendant Keith D Nelson (Cassaundra Honeycutt) (Entered: 04/22/2002) |
| 04/29/2002 | | Record on Appeal sent to Circuit Court w/three copies of presentence report (sealed) and 24 volumes |

| | | |
|---|---|---|
| | | transcripts and one set of exhibits (Shannon Brogan) (Entered: 04/29/2002) |
| 05/08/2002 | 470 | ORDER authorizing the unsealing of any and all documents filed in this case so that a copy of said documents can be made and forwarded to the 8th Circuit Court of Appeals by Magistrate Sarah W. Hays as to Keith D Nelson; original documents shall again be placed under seal and retained by the Clerk of the Court. (cc:all counsel) (Cassaundra Honeycutt) (Entered: 05/09/2002) |
| 05/16/2002 | 471 | CERTIFIED copy of order from USCA ORDERED THAT the motion of Patrick J. Berrigan for leave to withdraw is granted. Ms. Jennifer Brewer is appointed as co-counsel in this case. Appellant's request for an extension of time to file his brief is granted in part to July 15, 2002 (Shannon Brogan) (Entered: 05/16/2002) |
| 09/26/2002 | 472 | MOTION by USA for order to unseal, redact and reseak as to Keith D Nelson (Cassaundra Honeycutt) (Entered: 09/26/2002) |
| 10/07/2002 | 473 | ORDER by Judge Fernando J. Gaitan Jr. granting motion for order to unseal, redact and reseak [472-1] as to Keith D Nelson, Roger Moore, Valley View Financia, Roger Moore, Warden, CJA Clerk, USA (cc:all counsel) (Cassaundra Honeycutt) (Entered: 10/08/2002) |
| 01/07/2003 | 474 | ORDER that Clerk of Court is to forward Doc. #388, a sealed document, to Court of Appeals. Doc. #388 remains sealed by this Court for all other intents and purposes and shall not be further released. Signed by Judge Fernando J. Gaitan Jr. on 1/7/03. (Enss, Rhonda) (Entered: 01/07/2003) |
| 01/07/2003 | | Transmitted record on Appeal as to Keith D Nelson to US Court of Appeals re [443] Notice of Appeal - Final Judgment: Sealed document. (Brogan, Shannon) (Entered: 02/06/2003) |
| 12/05/2003 | | RETURNED FROM USCA as to Keith D Nelson [443] Notice of Appeal - Final Judgment : Thirty-five volumes transcripts, 4 boxes plus 1 red expandable, 1 envelope sealed records. (Brogan, Shannon) (Entered: 12/05/2003) |
| 01/13/2004 | 475 | MANDATE of USCA (certified copy) as to Keith D Nelson re [443] Notice of Appeal - Final Judgment: The judgment of the district court in this cause is affirmed. Issued: 01-06-2004. (Attachments: # 1 Opinion)(Brogan, Shannon) (Entered: 01/13/2004) |
| 01/23/2004 | 476 | LETTER from Clerk of Court to Marshal as to Keith D Nelson (Brogan, Shannon) (Entered: 01/23/2004) |
| 11/10/2004 | | ***THIS DOCUMENT HAS BEEN DELETED AND REFILED AS DOCUMENT #1 IN CASE 04-CV-8005-FJG*** MOTION to appoint counsel *to pursue post conviction remedies* by Keith D Nelson. Suggestions in opposition/response due by 11/26/2004 unless otherwise directed by the court (Attachments: # (1) Exhibit A# (2) Exhibit B)(Herndon, Jennifer) Modified on 12/13/2004 (Sullivan, Tanya). (Entered: 11/10/2004) |
| 11/22/2004 | | ***THIS DOCUMENT HAS BEEN DELETED AND REFILED AS DOCUMENT #2 IN CASE 04-CV-8005-FJG*** RESPONSE to motion by USA as to Keith D Nelson re [477] MOTION to appoint counsel *to pursue post conviction remedies* (Jeans, Sheryle) Modified on 12/13/2004 (Sullivan, Tanya). (Entered: 11/22/2004) |
| 12/01/2004 | | ***THIS DOCUMENT HAS BEEN DELETED AND REFILED AS DOCUMENT #3 IN CASE 04-CV-8005-FJG*** REPLY SUGGESTIONS to motion re [477] MOTION to appoint counsel *to pursue post conviction remedies* by Keith Nelson (Hunt, Susan) Modified on 12/2/2004 to correct event title (Jones, Robin). Modified on 12/13/2004 (Sullivan, Tanya). (Entered: 12/01/2004) |

**PACER Service Center**

**Transaction Receipt**

| 11/14/2005 10:54:29 | | | |
|---|---|---|---|
| **PACER Login:** | cj0459 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 4:99-cr-00303-FJG |
| **Billable Pages:** | 24 | **Cost:** | 1.92 |

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 99-00303-01-CR-W-6 |
| Plaintiff, | ) | COUNT ONE: 18 U.S.C. §§ 1201(a), 1201(g), and 3559(d) NMT: Death |
| v. | ) | |
| KEITH DWAYNE NELSON, [DOB: 11/23/74] | ) | COUNT TWO: 18 U.S.C. §§ 2241(c), 2245, and 3359(d) NMT: Death and $250,000 Fine |
| Defendant. | ) | Each Count: Class A Felony<br>Each Count: Supervised Release, NMT: 5 Years<br>Each Count: $100 Mandatory Special Assessment |

FILED OCT 21 1999 P. L. BRUNE, CLK. U.S. DISTRICT COURT WEST DISTRICT OF MISSOURI

# I N D I C T M E N T

THE GRAND JURY CHARGES THAT:

## COUNT ONE

On or about October 12, 1999, in the Western District of Missouri, and elsewhere, KEITH DWAYNE NELSON, the defendant herein, willfully, knowingly, and unlawfully did transport in interstate commerce to Grain Valley in the Western District of Missouri, from Wyandotte County, Kansas, Pamela Butler, victim, a female child of ten years of age, who had theretofore been unlawfully seized, kidnapped, abducted, confined, carried away, and held by the said KEITH DWAYNE NELSON for the purpose of

Document #5

**sexual abuse of the victim and otherwise, the actions of KEITH DWAYNE NELSON resulting in the death of the victim Pamela Butler.**

**All in violation of Title 18, United States Code, Sections 1201(a)(1) and (g), and Section 3559(d).**

**COUNT TWO**

**On or about October 12, 1999, in the Western District of Missouri, and elsewhere, the defendant KEITH DWAYNE NELSON, traveled to Grain Valley in the Western District of Missouri from Wyandotte County, Kansas, with the intent to engage in a sexual act with Pamela Butler, victim, a female child under the age of twelve years, and in the course of committing this offense, the defendant KEITH DWAYNE NELSON engaged in conduct that resulted in the death of the victim Pamela Butler.**

**All in violation of Title 18, United States Code, Sections 2241(c), 2245, and 3559(d).**

**A TRUE BILL.**

**FOREPERSON OF THE GRAND JURY**

**Sheryle L. Jeans #21995**
**Assistant United States Attorney**

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

FILED 25 OCT 2001 P. L. BRUNE, CLK. U.S. DISTRICT COURT WEST DISTRICT OF MISSOURI

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, Plaintiff, | ) | |
| v. | ) | No. 99-00303-01-CR-W-2 |
| KEITH DWAYNE NELSON, Defendant. | ) | |

PLEA AGREEMENT

The parties to this agreement are Keith Dwayne Nelson, defendant by and through counsel, Patrick Berrigan and Susan M. Hunt, and the United States of America, by and through Todd P. Graves, United States Attorney and Mark A. Miller, Sheryle L. Jeans, and Matt J. Whitworth, Assistant United States Attorneys. There are no stipulations, promises or understandings as to the disposition of this case other than those set forth in this agreement.

1. The defendant agrees to plead guilty to Count One of the Indictment, charging a violation of Title 18, United States Code, Section 1201, that is, Murder during a Kidnaping. By entering into this Plea Agreement, the defendant admits that he knowingly committed this offense and is guilty of this offense. Specifically, the defendant admits that on October 12, 1999, he knowingly forcibly seized Pamela Butler, a ten year old girl from near her home in Kansas City, Kansas, and transported her in a

Document #338

white truck to Grain Valley, Missouri, for the purpose of murdering her. He further admits that he took Pamela Butler behind a church in Grain Valley at which time he intentionally killed Pamela Butler by strangling her with electrical wire.

2. Defendant understands that by entering his plea of guilty to the charge of murder during a kidnaping, he will be subjecting himself to a possible death sentence. The defendant understands that his plea of guilty will result in a sentencing trial during which a jury will decide whether he receives a sentence of death or life without parole. The defendant further understands that the jury will be advised that he has admitted to the murder of Pamela Butler.

3. The defendant understands that a jury at sentencing trial will determine his sentence. This jury will determine whether he receives a sentence of death or life in prison without parole. Defendant understands that if the jury is unable to reach a determination, he will be sentenced to a term of life without parole.

4. The defendant understands that the maximum sentence which may be imposed for the charge to which he has agreed to plead guilty subject to the preceding paragraph, is not less than life without parole, not more than death, a $250,000 fine, not more than 5 years of supervised release, and a $100 mandatory special assessment for each count of conviction. The defendant

further understands that the offense to which he will plead guilty is a Class A felony.

5. The defendant understands this Plea Agreement binds only the defendant and the United States Attorney for the Western District of Missouri, and is not binding upon any other federal, state, or local prosecution authority.

6. In return for the defendant's plea of guilty, the United States Attorney for the Western District of Missouri agrees not to file any additional charges against defendant arising out of the present offenses or investigation in the Western District of Missouri. The United States Attorney for the Western District of Missouri further agrees to dismiss the remaining count of the Indictment at the time of sentencing. However, the defendant understands this Plea Agreement does not foreclose any prosecution for an act of murder or attempted murder, an act or attempted act of physical or sexual violence against the person of another, or a conspiracy to commit any such act of violence or any criminal activity of which the United States Attorney for the Western District of Missouri has no knowledge. In the event that the defendant breaches or violates this Plea Agreement or otherwise fails to adhere to its terms, the government[1] shall not be bound by this paragraph and

---

[1] The term government refers exclusively to the United States Attorney for the Western District of Missouri.

may pursue any additional charges arising from the criminal activity under investigation as well as any perjury, false statement, or obstruction of justice charges which may have resulted.

7. The defendant understands that a mandatory special assessment of $100 per count of conviction will be entered against the defendant at the time of sentencing.

8. The defendant agrees to waive his right to collaterally attack, in any manner, his plea of guilty including by way of 28 U.S.C. § 2255 or any similar provision. Defendant agrees he is fully satisfied with representation of his attorneys and is giving up the right to later make a claim of ineffective assistance of counsel as to this guilty plea.

9. The defendant waives any claims under the Hyde Amendment, 18 U.S.C. § 3006A, for attorneys' fees and other litigation expenses arising out of the investigation or prosecution of this matter.

10. The defendant understands that the United States Attorney for the Western District of Missouri reserves the right in this case to:

a. oppose any position advanced by defendant at the sentencing hearing which may be inconsistent with the provisions of this Plea Agreement;

b. comment on the evidence supporting the charge in the Indictment;

c. oppose any arguments and requests for relief the defendant may advance in an appeal from the sentences imposed; and

d. oppose any post-conviction motions for reduction of sentence or other relief.

11. The defendant has read the Plea Agreement, understands it, and by his signature, states that it is true and accurate and not the result of any threats or coercion. Both parties agree that no promises or agreements have been made other than those set forth in the Plea Agreement, nor has the government promised the defendant any additional consideration to induce him to sign this Plea Agreement. The defendant acknowledges that he is entering into this Plea Agreement and is pleading guilty freely and voluntarily. The defendant further acknowledges his understanding of the nature of the offense or offenses to which he is pleading guilty and the elements of the offense or offenses, including the penalties provided by law, and his complete satisfaction with the representation and advice received from his undersigned counsel. Specifically, defendant has discussed the issue of pleading guilty to a capital offense with counsel. The defendant has discussed with counsel that his plea of guilty will result in a sentencing hearing that may result in a sentence of death. The defendant also understands that he has the right to plead not guilty or to persist in that plea if it has already been made, the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine

the witnesses against him, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense. Defendant understands that by pleading guilty, he waives or gives up those rights and there will be no trial with respect to the guilt of the defendant. The defendant further understands that if he pleads guilty, the Court may ask him questions about the offense or offenses to which he pled guilty, and if the defendant answers those questions under oath and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or false statement. The defendant also understands he has pled guilty to a felony offense and, as a

result, may be deprived of certain rights, such as the right to vote, hold public office, serve on a jury, and possess a firearm.

Todd P. Graves
United States Attorney

Dated: 10-25-01 By [signature]
Mark A. Miller
Assistant United States Attorney

Dated: 10-25-01 By [signature]
Sheryle L. Jeans
Assistant United States Attorney

Dated: 10-25-01 By [signature]
Matt J. Whitworth
Assistant United States Attorney

Dated: 10/25/01 [signature]
Patrick Berrigan
Attorney for Defendant Nelson

Dated: 10-25-01 [signature]
Susan M. Hunt
Attorney for Defendant Nelson

Dated: 10/25/01 [signature]
Keith Dwayne Nelson
Defendant

MAM/nlg

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

FILED NOV 28 2001
P. L. BRUNE, CLK.
U.S. DISTRICT COURT
WEST DISTRICT OF MISSOURI

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 99-00303-01-CR-W-2 |
| | ) | |
| Keith D. Nelson, | ) | |
| | ) | |
| Defendant. | ) | |

---

**SPECIAL VERDICT FORM -**
**Jury Finds that a Sentence of Death Shall be Imposed**

---

DOCUMENT ORDERED SEALED. NOT TO BE OPENED UNLESS FURTHER ORDERED BY THE COURT.

Fernando J. Gaitan

BY THE HONORABLE FERNANDO J. GAITAN, JR.
U. S. DISTRICT COURT JUDGE

COPY

Nelson appendix A41

#420

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

FILED NOV 28 2001 P. L. BRUNE, CLK U.S. DISTRICT COURT WEST. DISTRICT OF MISSOURI

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 99-00303-01-CR-W-2 |
| | ) | |
| KEITH DWAYNE NELSON, | ) | |
| | ) | |
| Defendant. | ) | |

## SPECIAL VERDICT FORM

### I. AGE OF DEFENDANT

Instructions: Answer "YES" or "NO." Do you, the jury, unanimously find that the government has established beyond a reasonable doubt that:

The defendant Keith Dwayne Nelson was eighteen years of age or older at the time of the offense.

YES X

NO ____

____________________
Foreperson

Instructions: If you answered "NO" with respect to the determination in this section, then stop your deliberations, cross out Sections II, III, IV, V and VI of this form, and proceed to Section VII. Each juror should then carefully read the statement in Section VII, and sign in the appropriate place if the statement accurately reflects the

COPY

manner in which he or she reached his or her decision. You should then advise the courtroom deputy that you have reached a decision.

If you answered "YES" with respect to the determination in this Section I, proceed to Section II which follows.

## II. REQUISITE MENTAL STATE

Instructions: Answer "YES" or "NO."

1. Do you, the jury, unanimously find that the government has established beyond a reasonable doubt that the defendant intentionally killed Pamela Butler.

YES X

NO ______

______________
Foreperson

Instructions: If you answered "NO" with respect to the determination in this section, then stop your deliberations, cross out Sections III, IV, V and VI of this form, and proceed to Section VII. Each juror should carefully read the statement in Section VII and sign in the appropriate place if the statement accurately reflects the manner in which he or she reached his or her decision. You should then advise the courtroom deputy that you have reached a decision.

If you answered "YES" with respect to the determination in this Section II, proceed to Section III which follows.

## III. STATUTORY AGGRAVATING FACTORS

Instructions: For each of the following, answer "YES" or "NO."

1. Do you, the jury, unanimously find that the government has established beyond a reasonable doubt that the defendant committed the offense during a kidnaping?

YES X______

NO ________

________________
Foreperson

2. Do you, the jury, unanimously find that the government has established beyond a reasonable doubt that the defendant committed the offense after substantial planning and premeditation?

YES X______

NO ________

________________
Foreperson

3. Do you, the jury, unanimously find that the defendant committed the offense in an especially heinous, cruel and depraved manner in that the offense involved torture or serious physical and mental abuse to Pamela Butler?

YES X______

NO ________

________________
Foreperson

4. Do you the jury, unanimously find that the victim Pamela Butler was particularly vulnerable due to her youthful age of 10 years?

YES ___X___

NO _______

Foreperson

Instructions: If you answered "NO" with respect to all of the Statutory Aggravating Factors in this Section III, then stop your deliberations, cross out Sections IV, V and VI of this form, and proceed to Section VII of this form. Each juror should then carefully read the statement in Section VII, and sign in the appropriate place if the statement accurately reflects the manner in which he or she reached his or her decision. You should then advise the courtroom deputy that you have reached a decision.

If you found the requisite age in Section I, the requisite mental state in Section II and answered "Yes" with respect to one or more of the aggravating factors in this Section III, proceed to Section IV which follows.

## IV. NON-STATUTORY AGGRAVATING FACTORS

Instructions: For each of the following, answer "YES" or "NO."

1. Do you, the jury, unanimously find that the government has established beyond a reasonable doubt that the defendant is a future danger in that he would commit criminal acts of violence that would constitute a continuing threat to society?

YES ___X___

NO _______

Foreperson

Nelson appendix
A45

2. Do you the jury, unanimously find that the defendant has a significant criminal history?

YES X

NO ________

________________
Foreperson

Instructions: Regardless of whether you answered "YES" or "NO" with respect to the Non-Statutory Aggravating Factors in this Section IV, proceed to Section V, which follows.

## V. MITIGATING FACTORS

Instructions: For each of the following mitigating factors, indicate, in the space provided, the number of jurors who have found the existence of that mitigating factor to be proven by a preponderance of the evidence.

A finding with respect to a mitigating factor may be made by one or more of the members of the jury, and any member of the jury who finds the existence of a mitigating factor may consider such a factor established in considering whether or not a sentence of death shall be imposed, regardless of the number of other jurors who agree that the factor has been established. Further, any juror may also weigh a mitigating factor found by another juror, even if he or she did not also find that factor to be mitigating. The non-statutory mitigating factors the defendant asserts he has proved by a preponderance of the evidence are:

A. Non-Statutory Mitigating Factors

1. Being subjected to physical and emotional abuse as a small child permanently altered Keith Dwayne Nelson's psyche and personality and detracted from his ability to be a successful and insightful adult.

Number of jurors who so find 1.

2. Many years of gross neglect and a lack of parental supervision contributed greatly to Keith Dwayne Nelson's own sense of self-worthlessness and depression.

Number of jurors who so find ___0___.

3. Despite his own deprived childhood, Keith Dwayne Nelson has shown affection, good judgment and love in caring for the young son of his former girlfriend, Kerri Dillion.

Number of jurors who so find ___0___.

4. Keith Dwayne Nelson has been a devoted and caring son to his mother, Nancy Nelson.

Number of jurors who so find ___0___.

5. Keith Dwayne Nelson has been a loyal and faithful brother to his four siblings.

Number of jurors who so find ___0___.

6. In the past, Keith Dwayne Nelson has been a hardworking and dedicated employee to his boss, and a financially responsible boyfriend to his girlfriend and her son while they all lived together.

Number of jurors who so find ___0___.

7. Keith Dwayne Nelson has admitted his guilt and pleaded guilty to the murder of Pamela Butler without any promise or expectation of leniency.

Number of jurors who so find ___0___.

8. Keith Dwayne Nelson will be of low risk of violent behavior in prison and can live the rest of his life peacefully and productively if allowed to die of old age behind bars.

Number of jurors who so find ___0___.

9. Keith Dwayne Nelson can be a positive influence on the life of his young son, counseling, teaching and caring for the boy as he grows up over the ensuing decades.

Number of jurors who so find 0.

10. If allowed to live, Keith Dwayne Nelson can remember and agonize over the death of Pamela Butler which he caused on October 12, 1999 and in the process of many years of remorse and contrition, he will become a better person than the young man who caused her death.

Number of jurors who so find 0.

The following extra spaces are provided to write in additional mitigating factors, if any, found by any one or more jurors. If none, write "NONE" and line out the extra spaces with a large "X." If more space is needed, write "CONTINUED" and use the reverse side of this page.

__. NONE

Number of jurors who so find __________.

__. __________

Number of jurors who so find __________.

__. __________

Number of jurors who so find __________.

Instructions: Proceed to Sections VI and VII which follow.

## VI. DETERMINATION

Based upon consideration of whether the aggravating factors found to exist sufficiently outweigh any mitigating factor or factors found to exist, or in the absence of any mitigating factors, whether the aggravating factors are themselves sufficient to justify a sentence of death:

A. Death Sentence

We determine, by unanimous vote, that a sentence of death shall be imposed.

YES ✓

NO ______

If you answer "YES," sign your names here, and then proceed to Section VII. If you answer "NO," the foreperson alone should sign, and you should proceed to Section VI(B):

______________ ______________

______________ ______________

______________ ______________

______________ ______________

______________ ______________

______________ FOREPERSON

Date: November 28, 2001



Nelson appendix
A49

B. Sentence of Life in Prison Without Possibility of Release

We determine, by unanimous vote, that a sentence of life imprisonment without possibility of release shall be imposed.

YES ________

NO ________

If you answer "YES," sign your names here, and then proceed to Section VII.

______________ ______________

______________ ______________

______________ ______________

______________ ______________

______________ ______________

______________ ______________
FOREPERSON

Date: November __, 2001

Nelson appendix
A50

## VII. CERTIFICATION

By signing below, each juror certifies that consideration of the race, color, religious beliefs, national origin, or sex of the defendant or the victim was not involved in reaching his or her individual decision, and that the individual juror would have made the same recommendation regarding a sentence for the crime in question regardless of the race, color, religious beliefs, national origin, or sex of the defendant, or the victim.

________________ ________________

________________ ________________

________________ ________________

________________ ________________

________________ ________________

________________ ________________
FOREPERSON

Date: November 28, 2001

**United States of America, Appellee, v. Keith D. Nelson, Appellant.**

**No. 02-1757**

**UNITED STATES COURT OF APPEALS FOR THE EIGHTH CIRCUIT**

***347 F.3d 701; 2003 U.S. App. LEXIS 21360; 62 Fed. R. Evid. Serv. (Callaghan) 1318***

**January 16, 2003, Submitted**
**October 22, 2003, Filed**

**SUBSEQUENT HISTORY:** Rehearing, en banc, denied by *United States v. Nelson, 2003 U.S. App. LEXIS 26278 (8th Cir., Dec. 24, 2003)*
US Supreme Court certiorari denied by *Nelson v. United States, 2004 U.S. LEXIS 7411* (U.S., Nov. 8, 2004)

**PRIOR HISTORY:** [**1] Appeal from the United States District Court for the Western District of Missouri.

**DISPOSITION:** Affirmed.

**LexisNexis(R) Headnotes**

**COUNSEL:** For United States of America, Plaintiff - Appellee: Sheryle L. Jeans, U.S. ATTORNEY'S OFFICE, Kansas City, MO.

For Keith D. Nelson, Defendant - Appellant: Susan M. Hunt, Kansas City, MO. Jennifer Herndon, St. Louis, MO.

Keith D. Nelson, Defendant - Appellant, Pro se, Terre Haute, IN.

**JUDGES:** Before HANSEN, n1 Chief Judge, BRIGHT and SMITH, Circuit Judges. BRIGHT, Circuit Judge, concurring.

n1 The author of the opinion stepped down as Chief Judge of the United States Court of Appeals for the Eighth Circuit at the close of business on March 31, 2003. He has been succeeded by the Honorable James B. Loken.

**OPINIONBY:** HANSEN

**OPINION:** **[*704]** HANSEN, Circuit Judge.

After pleading guilty to the kidnap, rape, and murder of ten-year-old Pamela Butler, Keith Dwayne Nelson was sentenced to death. He raises numerous arguments on appeal, and, for the reasons stated below, we reject them and affirm the judgment of the district court. n2

n2 The Honorable Fernando J. Gaitan, Jr., United States District Judge for the Western District of Missouri.

[**2]

I.

On September 29, 1999, Nelson approached James Robinson in the parking lot of A-1 Staffing, a temporary work service in Kansas City, Kansas, and asked Robinson if he wanted a job hauling cement out of a basement. Robinson responded that he did, and they left the A-1 parking lot in a white Ford F-150 pickup truck that Nelson was driving. Nelson and Robinson had never met before. After arriving at the job site, Nelson told Robinson that he would like to kidnap a woman and take her away from the city to torture, rape, electrocute, kill, and bury her. Nelson also told Robinson that he wanted to do this because he was going back to prison for other charges and that he wanted to go back for something big. Although the statements bothered Robinson, he decided not to contact the police because he thought that Nelson must have been joking.

Just three days later Michanne Mattson was attacked outside of her apartment building. Mattson was driving home from a friend's house in the early morning when she passed a white pickup truck parked alongside the road. After she passed the truck, it followed her for some distance into the parking lot of her apartment complex.

She exited her vehicle [**3] and noticed that a man had exited the white truck. As she approached the door to her apartment building, the same man, whom she later identified as Nelson, confronted her on the sidewalk in a well lit area in front of her building. After a brief exchange, Mattson turned to go into the building, and Nelson rushed up behind her, grabbed her, and placed an eight-inch knife to her throat. He forced a handcuff onto Mattson's left wrist and dragged her through the parking lot toward his vehicle, exclaiming that she [*705] had better shut up and that he was going to kill her. Mattson continued to struggle, eventually escaping Nelson's grasp and calling for help. Nelson ran back to his truck and drove away.

On October 12, 1999, Nelson told an acquaintance that he had spotted a young girl in the Kansas City, Kansas, area that he wanted to kidnap, rape, torture, and kill, and that now was the time to do it. Shortly thereafter, several individuals spotted Nelson in the area of 11th and Scott Streets in a white pickup truck. Contemporaneously, ten-year-old Pamela Butler was rollerblading in the street near her residence in the same area. Nelson parked his vehicle at the side of the street and lay in [**4] wait. As Pamela skated near the slightly ajar door of the truck, Nelson quickly jumped out of the truck, grabbed her around the waist, and threw her into the truck. Pamela's sister, Penny, observed the kidnapping and saw her sister struggling with Nelson in the cab of the truck. Several witnesses also observed the kidnapping, one of whom gave chase in his own vehicle. Although Nelson eluded him, the witness was able to write down the license plate number of the truck-Missouri plate number 177-CE2. Several other eyewitnesses verified the truck license plate number.

Later that evening, the custodian of the Grain Valley Christian Church in Kansas City, Missouri, and his wife saw a suspicious white truck with Missouri license plate number 177-CE2 parked in the church lot. The custodian's wife wrote down the plate number and noticed an afghan in the front seat of the truck. They contacted the police after seeing the kidnapping story on the ten o'clock news and informed them of the location of the truck. When the police arrived at the church, the truck was gone.

The truck was found abandoned the next day in Kansas City, Missouri. A police dog that had been provided with some of Pamela's [**5] clothing was dispatched to Nelson's mother's house and alerted to an afghan found inside the residence. That same day a large manhunt for Nelson commenced. On October 14, a civilian employee of a police department spotted Nelson hiding under a bridge. After he was spotted, Nelson went into the river and attempted to get away. When he made it back to shore, he was surrounded by railroad workers who detained him until the authorities arrived. After the authorities arrived, an onlooker shouted, "where is the little girl?" Nelson turned to an officer and stated, "I know where she's at, but I'm not saying right now." His capture was broadcast live on television. The next day the police found Butler's body in a wooded area behind the Grain Valley Christian Church. That discovery was broadcast on local television, and the United States Attorney held a live press conference from the discovery site. Subsequent investigation revealed that Pamela had been raped and then strangled to death with wire. The DNA in seminal fluid obtained from Pamela's underpants matched Nelson's DNA.

On October 21, 1999, a federal grand jury charged Nelson with (1) the kidnapping and unlawful interstate transportation [**6] of Butler for the purpose of sexual abuse which resulted in the death of the victim in violation of *18 U.S.C. § 1201(a)(1) and (g)* and *18 U.S.C. § 3559(d) (1994)*; and (2) traveling across state lines with the intent to engage in a sex act with a female under the age of twelve which resulted in the death of the victim in violation of *18 U.S.C. § § 2241(c), 2245, and 3559(d)*. Initially, Nelson entered a plea of not guilty. He then filed a motion for change of venue in January 2000. To test the venue, the court administered a thorough questionnaire [*706] to 538 potential jurors to compile data concerning potential juror bias. Because of the thoroughness of the survey and the large sample size, the court needed extra time to compile and consider the data. While the court was analyzing the data, Nelson's trial was continued several times. The court entered an order denying the motion for change of venue on March 9, 2001. At approximately the same time, Nelson's trial was rescheduled to commence on October 29, 2001.

On October 25, 2001, Nelson pleaded guilty to count one of the indictment, and the district court, upon the government's [**7] request and in accord with the plea agreement, dismissed count two of the indictment. Several days later, Nelson attempted suicide by ingesting a large amount of prescription medicine. He was treated at a local hospital, and the case then proceeded to the penalty phase of the trial in November 2001. The jury hearing the penalty phase returned a verdict that death should be imposed.

At sentencing, the district court offered the defendant the opportunity to address the court. Nelson, showing no remorse for what he had done, blistered the district court and the victim's family with a profanity laden tirade.

II.

Nelson contends that the district court conducted a constitutionally deficient voir dire of the sentencing phase jury. Specifically, Nelson contends that he did not have enough time to ask the jurors enough follow-up questions concerning death penalty qualification, pretrial

publicity, Nelson's attempted suicide, and other topics, including whether the jurors had relatives in law enforcement. Generally, "the form and scope of voir dire rests primarily in the discretion of the district court." *United States v. Granados, 117 F.3d 1089, 1092 (8th Cir. 1997)*. We **[**8]** thus review whether the district judge conducted voir dire in a way that protected Nelson's right to a fair and impartial jury only for an abuse of discretion. *Id.* "The district court abuses its discretion when the overall examination of the prospective jurors and the charge to the jury fails to protect [the] defendant from prejudice or fails to allow the defense to intelligently use its peremptory challenges." Id.

The district court summoned a jury pool of over 600 persons. It had the jurors complete a thorough 94-question survey inquiring into the jurors' knowledge and views of this case and their views on the death penalty. After receiving the responses and giving the parties time to process them, the district court held a conference during which the lawyers struck for cause over 200 members of the jury pool. Subsequently, during voir dire, the district court organized the remaining pool members into groups of approximately 50 jurors each. It read them the indictment, asked them if they knew the lawyers, introduced the case, explained death penalty procedure, and asked them if they could follow the procedure. See, e.g., Voir Dire Tr. at 8-22. The district court then **[**9]** divided each group into subpanels of eight or ten jurors. Once in the small groups, the district court conducted more questioning, addressing the crucial issue of whether the jurors would automatically vote for or against the death penalty, and it allowed the lawyers approximately twenty minutes each to ask follow up questions based on all of the responses. See, e.g., Voir Dire Tr. at 22-54. After questioning, the jurors were removed from the room, and the district court ruled on for-cause challenges to certain jurors. The district court repeated this process until it had twelve jurors and two alternates available.

**[*707]** In these circumstances, we cannot say that the district court conducted a constitutionally deficient voir dire and abused its discretion. The district court acted within its discretion in limiting counsel's ability to ask questions during voir dire. See *United States v. Delay, 500 F.2d 1360, 1366 (8th Cir. 1974)* (stating that where court allows counsel to conduct voir dire, it need not allow unlimited examination of an alleged area of prejudice). Where, as here, the jurors have announced their ability to be impartial and apply the law, we have previously **[**10]** concluded that the defendant had no right to make unlimited inquiry into every area of potential prejudice. See *United States v. Lawrence, 952 F.2d 1034, 1037 (8th Cir.)* (concluding that the district court did not abuse its discretion in refusing proposed voir dire questions about the credibility of law enforcement officers as witnesses where the court had already received response from juror that any connection he had to law enforcement would not influence his decision-making process), cert. denied, *503 U.S. 1011, 118 L. Ed. 2d 434, 112 S. Ct. 1777 (1992)*; *United States v. Cassel, 668 F.2d 969, 971 (8th Cir.)* (concluding that district court did not conduct constitutionally deficient voir dire where it refused to inquire whether any of the jurors had relationships to law enforcement officers and whether any juror had been a victim of a crime), cert. denied, *457 U.S. 1132, 73 L. Ed. 2d 1348, 102 S. Ct. 2957 (1982)*.

In addition, although the time for questioning was limited, extensive inquiry was not necessary because the follow-up question period merely supplemented the responses previously given in the exhaustive **[**11]** questionnaire and prior rounds of questioning. See *Granados, 117 F.3d at 1092* (concluding that the district court's initial questioning supplemented by questions proposed by counsel from both sides adequately covered the areas of concern in selecting a fair and impartial jury). Moreover, as a factual matter, the district court allowed defense counsel to substantially exceed the twenty-minute time limitation. With respect to one small group, defense counsel used thirty minutes; with respect to two other small groups, defense counsel did not use up the allotted twenty minutes. Finally, the district court's questions were direct and succinct, giving Nelson's counsel a reasonable opportunity to quickly and easily detect and inquire into potential juror prejudice. See *Ramsey v. Bowersox, 149 F.3d 749, 757 (8th Cir. 1998)* (concluding that trial court did not err in declining to ask veniremen counsel's proposed questions where the district court's questions provided opportunity to detect bias), cert. denied, *525 U.S. 1166, 143 L. Ed. 2d 85, 119 S. Ct. 1083 (1999)*. We conclude that the district court conducted a constitutionally sufficient **[**12]** voir dire.

III.

Nelson argues that the district court erred in denying his motion for change of venue due to unduly prejudicial pretrial publicity. We review the denial of a motion for change of venue for an abuse of discretion. See *United States v. Blom, 242 F.3d 799, 803 (8th Cir.)*, cert. denied, *534 U.S. 880, 151 L. Ed. 2d 128, 122 S. Ct. 184 (2001)*.

When a change of venue is requested due to pretrial publicity, we engage in a two-tiered analysis. First, we must determine whether the pretrial publicity was "so extensive and corrupting" that we must presume "unfairness of constitutional magnitude" existed. *Id.* (quoted sources and internal marks omitted). We note that "the presumption of inherent prejudice is reserved for rare and extreme cases," id., and that a defendant "must satisfy a high threshold of proof in order **[*708]** to prove inherent prejudice," *Pruett v. Norris, 153 F.3d 579, 585 (8th Cir. 1998)*. Second, if we were to determine that the pretrial publicity was not so corrupting

as to warrant a presumption of unfairness, then we must look at the voir dire testimony of those who became trial jurors to determine if they **[**13]** "demonstrated such actual prejudice that it was an abuse of discretion to deny a timely change-of-venue motion." *Blom, 242 F.3d at 803*.

Nelson's kidnapping, rape, and murder of Butler garnered substantial media attention in the Kansas City area. In support of his motion for change of venue, Nelson attached 177 pages of exhibits demonstrating the magnitude of media coverage surrounding this case. See Appellant's App. at 24-200. Included is a report documenting the fact that 1037 television reports between October 12 and November 16, 1999, in the Kansas City area concerned the murder. Nelson also attached the text of all newspaper articles concerning the murder printed during this same time period. Nelson supplemented this motion on two occasions. See id. at 238-303. The supplements provided documentation of ongoing media coverage of the case.

The magistrate judge n3 did not immediately rule on the motion, but instead, as recited above, summoned a 538-person jury pool and had them complete a questionnaire concerning the amount of news concerning this case to which they had been exposed and inquiring about their ability to set aside any impressions that they **[**14]** may have formed. After examining the results from the survey, the magistrate judge denied the motion. She concluded that the results of the questionnaire showed that pretrial publicity in this case did not warrant a presumption of inherent prejudice. She could not make a finding concerning actual prejudice, however, because Nelson's trial had been postponed and the jurors who answered the questionnaire were going to be relieved of duty and a new jury pool summoned prior to the new trial date.

n3 The Honorable Sarah W. Hays, United States Magistrate Judge for the Western District of Missouri.

Nelson appealed the denial of his motion to the district court. In a brief order, the district court affirmed the magistrate's order and denied the motion for change of venue. Subsequently, a jury pool of over 600 potential jurors was summoned for Nelson's scheduled trial. The district court submitted a questionnaire to the potential jurors inquiring into, among other things, the amount of publicity to which they had been **[**15]** exposed, their ability to set aside any impressions that they may have formed, and their views regarding the death penalty. Immediately prior to the scheduled trial date, Nelson pleaded guilty. He then moved for a change of venue with regard to the penalty phase portion of the proceedings. The district court denied the motion after conducting the penalty phase voir dire, noting that during the penalty phase voir dire, each juror stated that he or she could set aside any impression that he or she may have formed prior to trial and could base his or her judgment solely on the evidence presented. See id. at 1159.

Several considerations lead us to conclude that the presumption of unfairness is unwarranted here. First, much of Nelson's argument is more relevant to the guilt phase and less relevant to the penalty phase of the proceedings. For example, Nelson argues that "the FBI basically told the community that Keith Nelson was **[*709]** guilty." (Appellant's Br. at 17.) Citing a report from the Kansas City Star, Nelson argues that "the government told the community that Keith Nelson was guilty of this crime." (Id. at 18.) Later, quoting the testimony of his expert witness, Nelson argues **[**16]** that the news reports around the time of the incident implied that Nelson was guilty. (Id. at 23.) Other examples abound. See id. at 23-24 (summarizing testimony of his communications expert who concluded that statements from authoritative sources gave the strong impression that the government believed Nelson was guilty); id. at 35 (discussing statements from the victim's mother that there was evidence to prove Nelson's guilt); id. at 49 (noting that the extensive media coverage promoted a widespread belief in his guilt). Nelson pleaded guilty, however, and even if there was a widespread belief in his guilt sufficient to cast doubt on whether Nelson could have received a fair guilt phase trial, this does not necessarily mean that the penalty phase proceedings were suspect. Taken to its logical end, Nelson's argument would mean that a guilt phase jury which found a defendant guilty of a capital crime would be disqualified from determining a sentence because all of its members were convinced of the defendant's guilt.

Second, there was a two-year delay between the murder and the trial. The murder occurred on October 12, 1999, but the penalty phase trial did not start **[**17]** until November 2001. Generally, we have concluded that there should be no presumption of inherent unfairness where there has been a substantial delay between the criminal act and the trial. See *United States v. Allee, 299 F.3d 996, 1000 (8th Cir. 2002)* (concluding that one-year time span between the original press accounts of the crime and the trial eliminated the risk of presumed prejudice); *Pruett, 153 F.3d at 586* (stating that 11-month delay between the crime and the trial dissipated the shock and hostility in the community); *Snell v. Lockhart, 14 F.3d 1289, 1294 (8th Cir.)* (noting salutary effect of two-year lag between criminal act and trial), cert. denied, *513 U.S. 960, 130 L. Ed. 2d 334, 115 S. Ct. 419 (1994)*. This conclusion is buttressed by the government's evidence showing that after Nelson's arrest and Butler's funeral, media coverage decreased significantly to the point of

vanishing. See Appellee's App. at 45-103; see also *Swindler v. Lockhart, 885 F.2d 1342, 1348 (8th Cir. 1989)* (concluding that significant fact in finding no inherent prejudice was two-year lag between crime and trial coupled with fact that media attention **[**18]** had significantly decreased), cert. denied, *495 U.S. 911, 109 L. Ed. 2d 301, 110 S. Ct. 1938 (1990)*; *Simmons v. Lockhart, 814 F.2d 504, 510 (8th Cir. 1987)* (concluding that seven- month lag between event and trial "may be long enough to allow the initial heat and hostility to dissipate, particularly when the local press had not kept the story in the forefront of public attention"), cert. denied, *485 U.S. 1015, 99 L. Ed. 2d 717, 108 S. Ct. 1489 (1988)*.

We also find significant the fact that the results from the questionnaire submitted to the first jury pool showed that only 29% of those jurors had formed strong or fixed opinions about the case. (Appellee's App. at 145.) This court has found the presumption of partiality not warranted where questionnaires revealed similar or higher percentages of bias. See *Pruett, 153 F.3d at 586 n.9* (concluding that pretrial publicity was not so pervasive and unrelenting as to constitute prejudice where 29% of jury pool acknowledged that they could not be impartial); *Simmons, 814 F.2d at 510* (concluding that fact that only 25% of jury pool had formed opinion that defendant **[**19]** was guilty belied fact that pretrial publicity had so corrupted local attitudes that **[*710]** defendant could not be fairly tried); *United States v. Faul, 748 F.2d 1204, 1213 (8th Cir. 1984)* (concluding that even where 50% of jury pool indicated partiality, this did not necessarily support conclusion that pretrial publicity rendered the defendant's trial inherently unfair, especially where, as here, the court took extra precautions in preventing partiality such as enlarging the jury pool), cert. denied, *472 U.S. 1027, 87 L. Ed. 2d 632, 105 S. Ct. 3500 (1985)*.

Accordingly, we conclude that the presumption of unfairness does not attach here and that the district court did not abuse its discretion in denying the motion on that ground.

Nelson makes no argument concerning actual unfairness. After careful review of the responses of the penalty phase jurors to the questionnaire and the voir dire transcript, we are of the view that the district court did not abuse its discretion in denying the motion for change of venue on this ground either. Each juror indicated that he or she could act impartially. In addition, the district court took significant precautions to **[**20]** ensure that the penalty phase jury was impartial.

IV.

Nelson argues that the district court unconstitutionally denied his for-cause challenges to jurors 21, 38, 114, and 116. Nelson used peremptory challenges to strike each of these jurors and thereby prevented them from sitting on the penalty phase jury. As such, Nelson's argument has no merit. See *United States v. Martinez-Salazar, 528 U.S. 304, 307, 145 L. Ed. 2d 792, 120 S. Ct. 774 (2000)* (holding that where the district court erroneously fails to remove a juror for cause, "that if the defendant elects to cure such an error by exercising a peremptory challenge, and is subsequently convicted by a jury on which no biased juror sat, he has not been deprived of any rule-based or constitutional right"); *United States v. Paul, 217 F.3d 989, 1004 (8th Cir. 2000)* (concluding under similar facts that the right to exercise peremptory challenges was not impaired and that the *Sixth Amendment* right to fair trial is not violated because the venirepersons did not serve on the petit jury), cert. denied, *534 U.S. 829, 151 L. Ed. 2d 37, 122 S. Ct. 71 (2001)*.

V.

Nelson argues that the district **[**21]** court unconstitutionally denied his for-cause challenge to juror 141 and unconstitutionally granted the government's for-cause challenges to venirepersons 33, 122, and 124. As a general rule, "'a juror may not be challenged for cause based on his views about capital punishment unless those views would prevent or substantially impair the performance of his duties as a juror in accordance with his instructions and his oath.'" *United States v. Ortiz, 315 F.3d 873, 892 (8th Cir. 2002)* (quoting *Adams v. Texas, 448 U.S. 38, 45, 65 L. Ed. 2d 581, 100 S. Ct. 2521 (1980))*, petition for cert. filed (June 10, 2003) (No. 02-11188). "Moreover, bias does not have to be evident from voir dire with unmistakable clarity because many veniremen simply cannot be asked enough questions to reach the point where their bias has been made unmistakably clear." *Id.* (internal quotations and citation omitted). Thus, we must afford substantial deference to the district court and affirm its judgment where the decision is fairly supported by the record. See *Swindler, 885 F.2d at 1345* ("The question whether a venireman is biased has traditionally been determined **[**22]** through voir dire culminating in a finding by the trial judge concerning the venireman's state of mind. . . . Such a finding is based upon determinations of demeanor and credibility that are peculiarly within a trial **[*711]** judge's province. Such determinations [are] entitled to deference. . . . " (quoting *Wainwright v. Witt, 469 U.S. 412, 428-29, 83 L. Ed. 2d 841, 105 S. Ct. 844 (1985)))*. "Because the trial judge is in the best position to analyze the demeanor and credibility of a venireman, we will not reverse a court's ruling absent an abuse of discretion." *Ortiz, 315 F.3d at 888*.

A. Juror 141

Nelson argues that juror 141's responses to the questionnaire and during voir dire show that she could not be impartial and that she should have been removed

for cause. The voir dire transcript shows, however, that juror 141 stated that she could act impartially. See Voir Dire Tr. at 310 (stating that it was a fair statement that she would not impose the death penalty in every case); id. at 310 (stating that she could perform the process of weighing the aggravators and mitigators and base her decision solely on the evidence presented); id. (stating **[**23]** that she had no preconceived notion how the case should turn out); id. at 328 (stating that based on the evidence she could "go either way" and make a fair judgment); id. at 330 (stating that she could put aside anything she had heard or read and make a fair judgment based on the evidence presented). We reiterate that:

> the question whether a jury was actually impartial is plainly one of historical fact: did a juror swear that he could set aside any opinion he might hold and decide the case on the evidence, and should the juror's protestation of impartiality have been believed. Because a determination of this kind is essentially one of credibility, and therefore largely one of demeanor, the trial court's resolution of the question is entitled to special deference and may be overturned only for manifest error.

*Pruett, 153 F.3d at 587* (internal quotations and citations omitted); see also *United States v. Moore, 149 F.3d 773, 780 (8th Cir. 1998)* (concluding that district court's credibility determination concerning juror partiality "cannot be manifest error; indeed it is virtually unassailable on appeal"), cert. denied, *525 U.S. 1030, 142 L. Ed. 2d 475, 119 S. Ct. 570 (1998)* **[**24]** and *525 U.S. 1082, 142 L. Ed. 2d 684, 119 S. Ct. 826 (1999).*

In light of these standards, we cannot conclude that the district court committed reversible error in failing to strike Juror 141. See *Ortiz, 315 F.3d at 895* (holding that district court did not abuse its discretion in failing to strike certain jurors for cause after those jurors initially expressed the opinion that they were in favor of imposing the death penalty in all cases of premeditated murder but who then later stated that they could perform the process of looking at aggravating and mitigating factors and impose a sentence of life imprisonment); *Allee, 299 F.3d at 1001* (concluding that jury was impartial and fair where jurors asserted that they would decide the case only on the evidence presented).

B. Jurors 33, 122, and 124

Nelson argues that the district court erred in granting the government's forcause challenges to venirepersons 33, 122, and 124. The relevant question is whether the district court committed manifest error in determining that these three venirepersons' views concerning the death penalty would have substantially impaired their ability to abide by their oath. After careful review **[**25]** of their questionnaire answers and the voir dire transcript, we conclude that the district court did not commit manifest error.

At a minimum, the record reveals that each of the three venirepersons would **[*712]** have had a great reluctance if not an actual inability to vote in favor of imposing the death penalty. Their strong responses against the death penalty in the jury questionnaires in combination with their equivocal responses given during voir dire provide fair support for the district court's decision. See *Moore, 149 F.3d at 780* (holding that the district court did not err in striking prospective jurors who expressed reservations about imposing the death penalty on the grounds that the record fairly supported the district court's decision and the district court was afforded deference on this issue even where there was other testimony showing that the prospective jurors could follow the law); *Antwine v. Delo, 54 F.3d 1357, 1369 (8th Cir. 1995)* (stating that where prospective juror's position on imposing the death penalty is ambiguous, the court could resolve the ambiguity in the government's favor given the trial court's superior position for assessing **[**26]** the potential juror's demeanor and credibility), cert. denied, *516 U.S. 1067, 133 L. Ed. 2d 701, 116 S. Ct. 754 (1996).*

VI.

Nelson argues that Penalty Phase Instructions Nos. 1 and 22 did not fairly and accurately state the applicable law. Instruction No. 1 stated that:

> if you unanimously find that the aggravating factor or factors which you all found to exist sufficiently outweigh any mitigating factor or factors which any of you found to exist to justify imposition of a sentence of death, or, if, in the absence of a mitigating factor or factors, you find that the aggravating factor or factors alone are sufficient to justify imposition of a sentence of death, the law provides that the defendant shall be sentenced to death.

(Appellee's App. at 265.) Instruction No. 22 stated that:

> if you unanimously conclude that the aggravating factor or factors found to exist sufficiently outweigh any mitigating factor or factors found to exist to justify a sentence of death, or in the absence of any mitigating factors, that the aggravating factor or factors alone are sufficient to justify a sentence of death, you shall record your determination that death is justified in Section VI(a), on **[**27]** Page

8 of the Special Verdict Form.

(Id. at 298.)

Nelson contends that the use of the mandatory-type word "shall" was error and that the district court should have given his proffered instruction which stated only that the jury "may" impose the death penalty. (Appellant's App. at 1164.) Whatever merit Nelson's arguments may have in a vacuum, prior decisions of this court demand that they be rejected. See *Ortiz, 315 F.3d at 900-901* (rejecting the same argument and concluding that use of the word "shall" in an instruction nearly identical to Penalty Phase Instruction No. 1 was a proper statement of the law under the *Federal Death Penalty Act*); *United States v. Allen, 247 F.3d 741, 780-81 (8th Cir. 2001)* (rejecting the same argument and concluding that use of the word "shall" in an instruction nearly identical to Penalty Phase Instruction No. 22 was a proper statement of the law under the FDPA), vacated and remanded on other grounds, *536 U.S. 953, 153 L. Ed. 2d 830, 122 S. Ct. 2653 (2002)*. Accordingly, the district court did not err in giving to the jury Penalty Phase Instructions Nos. 1 and 22.

VII.

Nelson next contends that the district court erred in admitting **[**28]** certain victim impact evidence. Six victim impact **[*713]** witnesses testified at trial: Penny Butler, the victim's sister; Casey Eaton, the victim's sister; Jenna Fries, a neighbor and classmate of the victim; Holly Woods, a neighbor and friend of the victim; Cherri West, the victim's mother; and Terrell Yadrich, the victim's teacher. A fair summation of their collective testimony is that the witnesses provided emotional and, on occasion, tearful testimony about Pamela and the impact of her murder on their lives. See Trial Tr. at 169-203, 531-578. They testified that Pamela was a loving, playful, and energetic girl; that she was a good student; and that she was an ambitious girl with big dreams. During Penny's testimony, two pictures of Penny and Pamela riding their bicycles were admitted into evidence. During Casey's testimony, three letters written by Casey concerning the kidnapping and murder were admitted into evidence. See Appellant's Add. at 7-11. A tearful Casey read the first letter to the jury, but because she was unable to compose herself and continue, the district court had the government read the remaining letters to the jury. Several other letters and photographs were **[**29]** admitted into evidence. Nelson argues that this evidence was highly emotional, cumulative, and unduly prejudicial.

We reject Nelson's argument. "It is clear from both the FDPA and Supreme Court precedent that the government is allowed to present and a jury is allowed to consider victim impact evidence in reaching its sentencing decision in a capital case." *Allen, 247 F.3d at 778*; see *18 U.S.C. § 3593(a) and (c) (2000)* (stating that the government may present any evidence relevant to any aggravating factor listed in the notice of intent to seek the death penalty which "may include factors concerning the effect of the offense on the victim and the victim's family, and may include oral testimony, a victim impact statement that identifies the victim of the offense and the extent and scope of the injury and loss suffered by the victim and the victim's family"); *Payne v. Tenn., 501 U.S. 808, 827, 115 L. Ed. 2d 720, 111 S. Ct. 2597 (1991)* (holding that the *Eighth Amendment* does not erect a per se bar to the admission of victim impact evidence). The defendant's due process rights can be infringed, however, where the victim impact **[**30]** evidence introduced is "so unduly prejudicial that it renders the trial fundamentally unfair." *Payne, 501 U.S. at 825*.

Quantitatively, the victim impact evidence introduced in this case is not significantly more than what we concluded was permissible in Allen. In this case, six victim impact witnesses testified, and their testimony comprised approximately 101 of the more than 1100 pages of trial transcript. Cf. *Allen, 247 F.3d at 779* (concluding that no undue prejudice existed where eleven witnesses, including the victim's mother, sister, brother, three coworkers, former spouse, three sons, and widow testified and that testimony comprised 88 pages of transcript). In addition, the potential for undue prejudice was mitigated here because Nelson presented substantial evidence on his own behalf, including the testimony of Mark Cunningham, a psychologist; Nancy Nelson, his mother; Kenneth and Steven Nelson, his brothers; Mary Smith, his aunt; Georganna Romero, his aunt; Ellen Crutsinger, a former teacher; Homer Dear, his former principal; Irene Wood, an acquaintance; Melvin Lister, a correctional officer; David Cunningham, his former employer; Rhonda **[**31]** and Jennifer Monroe, his former babysitter and her daughter, respectively; Gene Thompson, his former landlord; and Michael Griffith, his former neighbor. See *Paul, 217 F.3d at 1002* (noting that fact that defendant's mother presented mitigating evidence supported finding that admission of victim **[*714]** impact evidence was not constitutional error).

Qualitatively, the nature and scope of the victim impact evidence in this case is not meaningfully different than that allowed in Payne and decisions of this court. See *Payne, 501 U.S. at 814-15* (quoting testimony of grandmother stating that her grandson, the victim's son, "cries for his mom . . . and . . . sister"); *Simmons v. Bowersox, 235 F.3d 1124, 1134 n.4 (8th Cir.)* (summarizing testimony of victim impact witnesses including the victim's spouse and daughter who testified as to what the victim might have experienced during her last remaining minutes before the murder and the victim's sister who read a prayer during her testimony), cert. denied, *534 U.S. 924, 151 L. Ed. 2d 206, 122 S. Ct. 280 (2001)*. The testimony at issue here falls within the same

broad categories of testimony approved in the above cited [**32] cases: victim character evidence, emotional impact of loss, and religious references. In the circumstances of this case, we cannot say that the quantity or quality of victim impact evidence rendered Nelson's penalty phase trial fundamentally unfair.

VIII.

For the reasons stated above, we affirm the judgment of the district court.

**CONCURBY:** BRIGHT

**CONCUR:** BRIGHT, Circuit Judge.

I concur in the result.

**U.S. District Court**
**Western District of Missouri (Kansas City)**
**CIVIL DOCKET FOR CASE #: 4:04-cv-08005-FJG**

Nelson v. USA
Assigned to: District Judge Fernando J. Gaitan, Jr
Cause: 28:2255 Motion to Vacate / Correct Illegal Sentenc

Date Filed: 11/10/2004
Jury Demand: None
Nature of Suit: 535 Death Penalty - Habeas Corpus
Jurisdiction: Federal Question

**Movant**

**Keith D Nelson**

represented by **David A. Ruhnke**
Ruhnke & Barrett
47 Park Street
Montclair, NJ 07042
(973) 744-1000
Fax: (973) 746-1490
Email: davidruhnke@ruhnkeandbarrett.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gary E. Brotherton**
Legal Writes, LLC
1390 Boone Industrial Drive
Suite 120
Columbia, MO 65202
(573) 875-1571
Fax: (573) 875-1572
Email: gebrotherton@legalwritesllc.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jennifer Herndon**
Brewer Law Office
33 Flower Valley, #188
St. Louis, Mo 63033
(314)831-5531
Fax: (314)831-5645
Email: jenifer@ix.netcom.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Susan Hunt**
819 Walnut
Suite 109
Kansas City, MO 64106
816-221-4588
Fax: 816-221-2551
Email: shunt5733@aol.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Respondent**

**United States of America**

represented by **Sheryle L Jeans**
United States Attorney's Office
400 E 9th St

Kansas City, MO 64106
816-426-4218
Fax: 816-426-3126
Email: sheryle.jeans@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 11/10/2004 | 1 | MOTION to appoint counsel pursue post conviction remedies filed byJennifer Herndon on behalf of Keith D Nelson Suggestions in opposition/response due by 11/29/2004 unless otherwise directed by the court (Attachments: # 1 Exhibit A# 2 Exhibit B)(Sullivan, Tanya) (Entered: 12/13/2004) |
| 11/22/2004 | 2 | RESPONSE to motion re 1 MOTION to appoint counsel filed by Sheryle L Jeans on behalf of Respondent United States of America. Reply suggestions due by 12/7/2004 unless otherwise directed by the court (Related document(s)1) (Sullivan, Tanya) (Entered: 12/13/2004) |
| 12/01/2004 | 3 | REPLY SUGGESTIONS to motion re 1 MOTION to appoint counsel filed by Susan Hunt on behalf of Movant Keith D Nelson. (Related document(s)1) (Sullivan, Tanya) (Entered: 12/13/2004) |
| 12/14/2004 | 4 | ORDER granting 1 motion to appoint counsel. Appointed David A Ruhnke for Keith D Nelson and Gary E. Brotherton for Keith D Nelson. Signed by Judge Fernando J. Gaitan Jr. on December 14, 2004. (Jones, Robin) (Entered: 12/14/2004) |
| 12/20/2004 | 5 | MOTION for attorney fees filed byGary E. Brotherton on behalf of Keith D Nelson Suggestions in opposition/response due by 1/4/2005 unless otherwise directed by the court (Brotherton, Gary) (Entered: 12/20/2004) |
| 01/31/2005 | 6 | ORDER granting 5 petitioner's motion regarding billing procedures, setting of an hourly rate of compensation, and to permit interim billing for appointed counsel. (Enss, Rhonda) (Entered: 01/31/2005) |
| 03/06/2005 | 8 | MOTION for attorney fees *to increase hourly compensation* filed byDavid A. Ruhnke on behalf of Keith D Nelson Suggestions in opposition/response due by 3/21/2005 unless otherwise directed by the court (Ruhnke, David) Modified on 3/16/2005 to reflect motion granted per #10(Enss, Rhonda). (Entered: 03/06/2005) |
| 06/23/2005 | 14 | NOTICE (SEALED) by Keith D Nelson *of motion to permit counsel access to sealed documents of record* (Ruhnke, David) (Entered: 06/23/2005) |
| 08/26/2005 | 17 | ORDER re [14] filed by Keith D Nelson - movant's sealed ex parte motion to allow post-conviction counsel access to sealed documents is granted as to those documents filed by defendant and his counsel only. Movant is directed to seek leave of Court to access sealed documents filed by the government or sealed Court orders addressing sealed government filings. Movant may fax the Court and counsel for government his request for access to specific documents. (Enss, Rhonda) (Entered: 08/26/2005) |
| 08/30/2005 | 19 | Amended ORDER re #17 - movant's sealed ex parte motion to allow post-conviction counsel access to sealed documents (#14) is granted as to those documents in Case No. 99-00303-CR filed by defendant and his counsel only. Movant is directed to seek leave of Court to accses sealed documents filed by government or sealed court orders addressing sealed government filings in Case No. 99-00303-CR. (Enss, Rhonda) (Entered: 08/30/2005) |
| 09/15/2005 | 21 | NOTICE (SEALED) by Keith D Nelson *Motion to Photocopy Sealed and Ex Parte Motions filed by the Defense and the Corresponding Orders in United States v Keith Nelson* (Brotherton, Gary) (Entered: 09/15/2005) |
| 11/06/2005 | 25 | MOTION to set aside judgment *pursuant to 28 USC sec. 2255* filed byDavid A. Ruhnke on behalf of |

| | | |
|---|---|---|
| | | Keith D Nelson Suggestions in opposition/response due by 11/21/2005 unless otherwise directed by the court (Ruhnke, David) (Entered: 11/06/2005) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 11/14/2005 10:53:05 | | | |
| **PACER Login:** | cj0459 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 4:04-cv-08005-FJG |
| **Billable Pages:** | 2 | **Cost:** | 0.16 |

Nelson appendix
A62

C:\Case Files\Nelson\Motion to vacate sentence 11-06-2005.wpd

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| KEITH D. NELSON, | : | |
| Movant, | : | |
| vs. | : | 4:04-cv-8005(JFG) |
| UNITED STATES OF AMERICA, | : | |
| Respondent. | : | |

MOTION, BROUGHT PURSUANT TO 28 U.S.C. § 2255,
TO VACATE THE CONVICTION AND SENTENCE IMPOSED[1]

COMES NOW Keith D. Nelson ("Movant"), by his undersigned counsel, and moves this Court, pursuant to 28 U.S.C. § 2255, to vacate, set aside, and/or correct his conviction and sentence of death since each was imposed in violation of the United States Constitution or the laws of the United States. Movant seeks a hearing on all disputed issues of fact. Movant reserves the right to amend this petition in accordance with law. Movant is presently confined in the United States Penitentiary, Terre Haute, Indiana. In support of this motion, Movant states the following:

1. The judgment of conviction and sentence which are the subjects of this challenge were entered in the United States District Court for the Western District of Missouri, located in Kansas City, Missouri. The case was docketed as *United States v. Keith D. Nelson*, 4:99-cr-00303-FJG-ALL.

[1]This motion substantially follows the format of the standard form appended to the Rules Governing Section 2255 Proceedings for the United States District Courts. *See* Rule 2(c). The standard form admonishes that a 2255 motion should be limited to a statement of the "specific facts which support [a] claim" and that a 2255 motion should "not argue or cite law."

2. On October 25, 2001, Movant entered a plea of guilty to count one of the indictment. On November 28, 2001, the jury empaneled for the purposes of assessing penalty recommended imposition of a sentence of death. Judgment was imposed in accordance with the jury's verdict on March 12, 2002, and Movant was sentenced to death together with a monetary penalty of $100. At the time of sentencing, count two of the indictment was dismissed on motion of the Government.

3. As noted in ¶ 2 above, Movant was sentenced to death.

4. Count one of the indictment charged Movant with kidnapping resulting in death, in violation of 18 U.S.C. § 1201; count two of the indictment charged Movant with aggravated sexual abuse, in violation of 18 U.S.C. § 2241.

5. Movant entered a guilty plea to count one.

6. Movant went to trial before a jury on the issue of penalty.

7. Movant did not testify at his trial or at any hearings.

8. Movant appealed his conviction and sentence to the United States Court of Appeals for the Eighth Circuit.

9. Movant's direct appeal was docketed in the Eighth Circuit as No. 02-1757. On October 22, 2003, Movant's conviction and sentence were affirmed. *United States v. Nelson*, 347 F.3d 701 (8th Cir. 2003.) Movant raised the following issues on direct appeal:[2] (1) the district court conducted an inadequate *voir dire* of the jury; (2) Movant's motion for a change of venue was erroneously denied; (3) the district court erroneously denied defense challenges for-cause as to five prospective jurors and erroneously granted prosecution for-cause challenges as to three jurors; (4) certain aspects of the penalty-phase jury instructions did not

---

[2]The briefing filed on Movant's behalf in the Eighth Circuit speaks for itself and the following summary is not intended to substitute for the specific contents of those briefs.

fairly and accurately state the applicable law; and (5), certain of the victim-impact evidence should not have been admitted. On November 8, 2004, the Supreme Court of the United States denied *certiorari* review under Docket No. 03-10620. *Nelson v. United States*, 125 S.Ct. 486 (2004).

10. Movant has filed no other post-judgment motions, petitions, or applications concerning this sentence and judgment of conviction.

11. Movant presents the following grounds for relief and reiterates his demand for an evidentiary hearing on all factual issues:

A. Ground one: Movant was denied the effective assistance of trial counsel, a right guaranteed by the Sixth Amendment to the United States Constitution and the laws of the United States, because in each and every instance cited below, the performance of Movant's defense counsel, individually and/or cumulatatively, fell below an objective standard of reasonableness under prevailing professional norms, and there is a reasonable probability that, but for counsels' unprofessional errors, the result of the proceeding would have been different in that at least one juror would have struck a different balance. In support of this ground, Movant states as follows:

(1) Movant's case was characterized by numerous changes of counsel. There were times when Movant had no counsel who met the qualifications required by 18 U.S.C. § 3005 as being "learned in the law applicable to capital cases . . . ." The following summarizes the history of Movant's representation by counsel in the district court:

- Immediately following Movant's arrest on October 17, 1999, he was represented by a "volunteer" retained attorney, Daniel L. Franco, who has since been disbarred. Thereafter, the Court appointed the Federal Public Defender (effective October 21, 1999), Susan Hunt, Esquire (effective November 2, 1999), and William E. Shull, Esquire (effective November 2, 1999)..

- Larry C. Pace, Esquire, of the Federal Public Defender, remained in the case for approximately 10 months. On July 28, 2000, Movant filed a motion to withdraw Mr. Pace as Movant's counsel. The motion was granted on August 21, 2000, although the actual order was apparently not entered on the docket until March 2, 2001.

- On September 6, 2000, Movant filed a notice with the Court that Mr. Franco had been discharged as Movant's counsel. An order withdrawing Mr. Franco was entered on the docket on March 2, 2001.

- With regard to Mr. Shull, an order was docketed on November 14, 2000 denying Movant's request to withdraw Mr. Shull as counsel. (There does not appear to be a docket entry for the motion itself.) Thereafter, on February 20, 2001, an order was docketed granting Mr. Shull's oral motion to withdraw as Movant's counsel.

- On the same date as Mr. Shull's withdrawal, February 20, 2001, Patrick Berrigan, Esquire was appointed as counsel to Movant

- For the purposes of this motion, Movant's trial-level attorneys will be referred to simply as "defense counsel."

(2) Defense counsel failed to conduct an adequate mitigation investigation, an investigation that should have, but did not, consist of efforts to discover all reasonably available mitigating evidence and to rebut any aggravating evidence to be introduced by the Government. A properly-conducted mitigation investigation would have yielded significant evidence in mitigation.

(3) In the Spring of 2001, a mitigation investigator appointed by the Court to assist defense counsel in preparation of the case advised defense counsel that the mitigation investigation was incomplete and that there was substantial investigation that remained to be completed. Despite this warning, defense counsel did not take the steps required to

complete the mitigation investigation. By the Fall of 2001, with the trial date imminent, defense counsel were aware that an adequate mitigation investigation had not been conducted, that the investigation was incomplete, and that a substantial amount of additional time was required in order to complete an adequate investigation. Despite this knowledge, and despite a specific request from Movant that his counsel seek to adjourn the trial because counsel were not ready to proceed, no such motion was made.

(4) Despite the availability of court-authorized funding, defense counsel failed to conduct an adequate investigation of Movant's mental health, including a failure to conduct a neuropsychological examination and/or to have Movant examined by a qualified clinical psychologist or psychiatrist. A properly-conducted mental-health investigation would have yielded significant clinical findings of mental illness. A properly-conducted neuropsychological examination would have revealed that Movant shows indications of frontal lobe disturbance/dysfunction, which is a circumstance that affects Movant's everyday thinking and reasoning capacities, and that testing Movant would have shown that his brain does not conform with what is seen in individuals with normal functioning brains, and that his overall testing performance was consistent with and indicative of brain dysfunction.

(5) The failure of defense counsel to conduct a timely and adequate mental-health investigation lead counsel to instruct Movant that he should decline to submit to mental-health testing by Government experts,

advice that was followed by Movant, resulting in a court order barring Movant from presenting any mitigating evidence relating to his mental health.

(6) Defense counsel failed to elicit a complete and accurate family story from Nancy Nelson, Movant's mother, because she was uncomfortable talking about her childhood and the manner in which Movant and his brothers were raised. Counsel knew that Dr. Mark Cunningham would later describe a family history of abuse as a risk factor affecting subsequent generations. Nevertheless, counsel "agreed" not to ask Nancy Nelson uncomfortable questions, the answers to which would have provided the foundation for the presence of significant risk factors in Movant's childhood.

(7) Defense counsel failed to file appropriate pre-trial motions challenging the capital aspects of Movant's case.

(8) Defense counsel failed to conduct an adequate *voir dire* of prospective jurors on, among other issues, the prospective jurors' views regarding capital punishment and the exposure of potential jurors to publicity regarding Movant's then recent suicide attempt.

(9) Defense counsel told the jury in opening statements that Movant was born a month premature, suffered from low birth-weight and respiratory distress, but that "he recovered just fine." Counsel's assertion was based on an inadequate investigation of Movant's life history, including consultation with appropriate experts and utilization of hospital records in possession of the defense. When Dr. Mark Cunningham testified

that these were risk factors, the jury understood them not to be present in Movant since he had "recovered just fine."

(10) Defense counsel failed to call William R. Criss, Shift Supervisor for Corrections Corporation of America, to testify. Counsel knew that Criss could have testified that, as early as January 20, 2000, Movant wanted to take responsibility for his actions in this case. After talking to his girlfriend, Movant became emotional and stated he wanted to "do something right for the first time in [his] life." Such testimony would have refuted the Government's view that Movant was emotional with his girlfriend only because he was sorry he had gotten caught.

(11) Defense counsel asked Kenneth Nelson about his intelligence but failed to make an offer of proof after the District Court told him the Court had heard enough and to move on. The omitted evidence was critical to showing that Kenneth Nelson had a protective factor that Movant simply did not have – *i.e.*,a native intelligence which opened doors for Kenneth.

(12) Defense counsel failed to object when the District Court admitted testimony about a knife taken from Movant's kitchen. This testimony had no tendency to prove or disprove any fact in issue; rather, the testimony simply diverted the jurors' attention away from the issue at hand – should Movant live or die.

(13) Defense counsel failed to object when the District Court allowed testimony that Paul Wilt had won an award from the Kansas City, Kansas Police Department, "as a testament to [his] quick thinking or

quick action in this case." This evidence had no tendency to prove or disprove any fact in issue; rather, it served only to divert the jurors' attention away from the issues surrounding the only question the jurors had to answer – to wit: should Movant live or die?

(14) Defense counsel failed to elicit from Dr. Thomas Young, Medical Examiner, that his initial findings indicated: (1) that it would be "difficult" to determine whether the victim's hymenal tear was the result of a fresh injury; and (2) that, without positive results from the rape kit, "no determination of sexual assault can be conclusively made." This evidence would have explained refuted or undercut the Government's theory that Movant sexually assaulted the victim at the time of the murder.

(15) Defense counsel failed to make appropriate objections at trial, including, but not limited to, the following:

(a) Once the jury was sworn, defense counsel failed to object to the case proceeding as a capital case since the requisite elements of capital murder were not contained in the indictment.

(b) Defense counsel failed to object to comments in the Government's opening that the Government sought the death penalty in Movant's case "without reservation" or "without hesitation" implying that the Government had undertaken a comparison of Movant's case with other potentially capital cases and that Movant's case was, in the opinion of the Government prosecutors, worse than those other case and, therefore, more deserving of a sentence of death.

(c) Defense counsel failed to object to comments in the Government's opening that Movant would present "a continuing threat to society," implying erroneously that Movant might some day be released from confinement.

(d) Defense counsel agreed pretrial not to object to certain prefatory hearsay statements about which Agent Cullen Scott would

testify. This agreement resulted in the Government presenting hearsay testimony at will, using Agent Scott as something of a narrator for its case from beginning to end. Such hearsay was not admissible under any exception to the rule and its use deprived Movant of his Sixth Amendment right to confront his accusers.

(e) Defense counsel failed to object to numerous inflammatory and improper comments in the Government's initial and rebuttal summations, and failed to request a mistrial or a new trial based on blatantly improper comments, including, but not limited to, the following:

<u>The initial summation</u>:

- Argument that the jury should vote for death because, "If this crime doesn't call for the death penalty, what crime does?"
- Argument that the jury should vote for death because, "We need to protect our children. We need to send a message to guys like the defendant . . . ."
- Argument that the death penalty should be imposed because, "The community cries out for justice."
- Argument that legally appropriate and relevant mitigating evidence was "all this excuse testimony" and a "guilt trip."
- Argument that the jury should impose a death penalty because the Government recommended it "without reservation."

<u>Rebuttal summation</u>:

- Argument that the case was about the "slaughter" of "our children."
- Argument that denigrated legally appropriate and relevant mitigating evidence as "an excuse," "the blame game," "the abuse excuse," and an effort by defense counsel to claim the crime was "somebody else's fault."
- Argument that the mitigating evidence was not worthy of jury consideration since it didn't "explain why" the crime occurred.

- Argument that described Movant as "a rotten human being."

- Argument that personally denigrated defense counsels' efforts to persuade the jury of mitigating evidence as "a smoke screen" and an attempt to "divert [the jury] from what this case is really about, the slaughter of an innocent."

- Argument that personally denigrated defense counsels' efforts to persuade the jury of mitigating evidence as masking counsels' true motive, *i.e.*, "What they want you to do is have him escape justice."

- Argument that equated mercy with weakness.

- Argument that described Movant as "evil at his core."

- Argument that invited jurors to rely on the prosecution's experience by telling the jury that, "There is no clearer call for the death penalty than there is in this case," and, later, "If not him, who? If not now, when? If killing and raping a kid isn't enough, then we don't need a death penalty. We don't need a death penalty."

- Argument that suggested that the jury should impose a sentence of death since the jury "represent[ed] the people of the United States in this case . . . ."

- Argument that instructed the jurors to close their eyes and re-live the horrors of the victim's last hours, calling upon the jury to "Think about . . . what that little girl was thinking," and to imagine,"What was she thinking?," and to, "Imagine what she experienced in that last part of her life," and to "Close your eyes, and . . . envision [the abduction and murder]."

- Argument that a verdict of death was the only just verdict and that the jury was "the dispensers of justice," and that the victim's mother "Waits for you to give her some justice. And justice in this case can only be had by imposing a sentence of death," essentially suggesting to the jury, *inter alia* that a sentence of death should be imposed because that's what the victim's survivors wished.

- Argument that, "[T]he death penalty was enacted for crimes like this."

(16) Defense counsel failed to call a highly-qualified forensic pathologist, Thomas L. Bennett, M.D., who was present in the courthouse and prepared to testify that the physical findings at autopsy did not support a conclusion that the victim had been sexually penetrated. Dr. Bennett was prepared to testify that the opening in the hymen's mid-part discovered at autopsy is a normal condition for young girls and "any statements offering that there are injuries [to the vaginal vault] are directly in conflict with the forensic evidence." The emotional centerpiece of the Government's case for death was the alleged rape of the victim, and Dr. Bennett could have and would have refuted that evidence. Without Dr. Bennett's testimony, the Government was able to argue in closing, with no evidence presented to the contrary, that the hymen was unnaturally torn, as a result of the victim's sexual assault by Movant, while drawing the jury's attention to the graphic and disturbing post-mortem photographs, and pointing, "right there and right there."

(17) Defense counsel failed to object when the Government asked Penny Butler, the victim's sister, if she was scared as she testified. The child's fear had no tendency to prove or disprove any fact in issue; rather, it served only to inflame the passions and prejudices of the jury by implying that Movant had scared Penny twice – once during the kidnapping and once during the trial.

(18) Defense counsel advised and convinced Movant to plead guilty to count one of the indictment in exchange for the Government dismissing count

two of the indictment and letting the defense argue that Movant had accepted responsibility for his actions, a contention that was unanimously rejected by the jury To reach this agreement, Movant was required to waive any post-conviction challenge as to the guilty plea. This is an unenforceable condition and trial counsel were placed in a conflicted position when they advised Movant to accept the conditions of the offer while ostensibly avoiding post-conviction review of the reasonableness of that advice as it pertained to Movant's decision to enter a guilty plea.

(19) Defense counsel failed to argue in Movant's motion for a new trial that the District Court had been in error in refusing to let the defense ask a witness, Fred Lawrence, whether the Bureau of Prisons was equipped to handle the security of Movant. To bolster its theory that Movant was a future danger to society, the Government had elicited from Lawrence that Movant posed a security risk, and the defense should have been permitted to explain, deny, refute, or lessen the impact of that testimony.

(20) Defense counsel failed to argue in Movant's motion for a new trial that the District Court had erred in refusing to let the defense ask Roger Moore, Jr., why two inmates would have claimed that he had called Movant a "sissy" or a "punk." This evidence was not being offered to prove the truth of Moore's statement, but rather to show that he made them. The evidence was necessary to put the altercation with Moore into context by showing that Moore had been goading and taunting

Movant.

(21) Defense counsel failed to argue in Movant's motion for new trial that the District Court abused its discretion in letting the Government present evidence through a witness, Bruce Roberts, that an inmate had told Roberts that Movant had threatened to harm the inmate's five-year old daughter. This alleged statement of Movant was never disclosed to the defense. Further, this was precisely the class of evidence that the District Court precluded Movant from presenting through Roger Moore, Jr.

(22) There are additional instances of prejudicial ineffective assistance of defense counsel which individually, and cumulatively in combination with other instances of ineffective assistance, denied Movant the Sixth Amendment's guarantee of the effective assistance of counsel.

B. Ground two: Movant was denied the effective assistance of appellate counsel, a right guaranteed by the Fifth and Sixth Amendments to the United States Constitution and the laws of the United States. In each instance cited below, among others, the performance of Movant's appellate counsel fell below an objective standard of reasonableness under prevailing professional norms, and there is a reasonable probability that, but for counsels' unprofessional errors, individually and/or cumulatively, the result of the appellate proceeding would have been different. In support of this ground, Movant states as follows:

(1) At the time Movant's brief was prepared and filed by appellate counsel, neither of his appellate counsel had conducted an adequate review of the record or the applicable law in order to determine which issues should be presented on Movant's behalf. Despite this lack of

preparedness, appellate counsel knowingly filed an inadequate brief instead of seeking additional time from the Court of Appeals in which to prepare an adequate brief on Appellant's behalf.

(2) Appellate counsel failed to brief and argue the following issues, which individually or in combination, undercut confidence in the reliability of the outcome:

(a) Appellate counsel failed to argue on appeal that the indictment was inadequate as not alleging the requisite elements of capital murder, including Movant's age, his state-of-mind at the time of the offense, and the existence of aggravating factors.

(b) Appellate counsel failed to argue on appeal that the District Court abused its discretion in admitting numerous disturbing, gruesome, and inflammatory photographs. While such photographs may have had some tendency to prove issues of fact relevant to a guilt-phase trial, this was simply a penalty phase case where the defense did not contest the manner or nature of death.

(c) Appellate counsel failed to argue on appeal numerous instances of improper closing argument by the Government, including, but not limited to, the following:

The initial summation:

- Argument that the jury should vote for death because, "If this crime doesn't call for the death penalty, what crime does?"

- Argument that the jury should vote for death because, "We need to protect our children. We need to send a message to guys like the defendant . . . ."

- Argument that the death penalty should be imposed because, "The community cries out for justice."

- Argument that legally appropriate and relevant mitigating evidence was "all this excuse testimony" and a "guilt trip."

- Argument that the jury's verdict was simply a recommendation and, "You're not killing anybody . . . ."

This improper argument diminished the jurors' sense of responsibility and the Government's final notation that "If you recommend the death penalty it will happen" did not purge the taint of the improper argument. There was a contemporaneous objection below and a mistrial motion premised on this remark.

- Argument that the jury should impose a death penalty because the Government recommended it "without reservation."

Rebuttal summation:

- Argument that the case was about the "slaughter" of "our children."
- Argument that denigrated legally appropriate and relevant mitigating evidence as "an excuse," "the blame game," "the abuse excuse," and an attempt to claim the crime was "somebody else's fault."
- Argument that the mitigating evidence was not worthy of jury consideration since it didn't "explain why" the crime occurred.
- Argument that described Movant as "a rotten human being."
- Argument that personally denigrated defense counsels' efforts to persuade the jury of mitigating evidence as "a smoke screen" and an attempt to "divert [the jury] from what this case is really about, the slaughter of an innocent."
- Argument that personally denigrated defense counsels' efforts to persuade the jury of mitigating evidence as masking counsels' true motive, *i.e.*, "What they want you to do is have him escape justice."
- Argument that equated mercy with weakness.
- Argument that described Movant as "evil at his core."
- Argument that invited jurors to rely on the prosecution's experience by telling the jury that, "There is no clearer call for the death penalty than there is in this case," and, later, "If not him, who? If not now, when? If killing and

raping a kid isn't enough, then we don't need a death penalty. We don't need a death penalty."

- Argument that suggested that the jury should impose a sentence of death since the jury "represented] the people of the United States in this case . . . .."

- Argument that instructed the jurors to close their eyes and re-live the horrors of the victim's last hours, calling upon the jury to "Think about . . . what that little girl was thinking," and to imagine,"What was she thinking?," and to "Imagine what she experienced in that last part of her life," and to "close your eyes, and . . . envision [the abduction and murder]."

- Argument that instructed the jury that a verdict of death was the only just verdict and that the jury was "the dispensers of justice" and that the victim's mother "waits for you to give her some justice. And justice in this case can only be had by imposing a sentence of death," essentially suggesting to the jury, *inter alia* that a sentence of death should be imposed because that's what the victim's survivors wished.

- Argument that, "[T]he death penalty was enacted for crimes like this."

(d) Appellate counsel failed to argue on appeal that the District Court abused its discretion in overruling defense counsel's objections that Agent Scott's hearsay testimony was merely cumulative to the anticipated testimonies of Penny Butler, Casey Butler, Paul Wilt, David Cunningham, Steven Underwood, Patti Griffith, Robert Howell and Lauri Torrez, and that the testimony violated the Confrontation Clause of the Sixth Amendment.

(e) Appellate counsel failed to argue on appeal that the District Court abused its discretion in not declaring a mistrial during Dr. Mark Cunningham's testimony when the Government alleged that mitigation didn't really matter in the context of the murder of a ten year old girl.

(f) Appellate counsel failed to argue on appeal that the District Court erred in finding that Officer Keith did not interrogate Movant when he looked Movant "dead in the eye," when a bystander asked, "What about the girl?" This "look" was designed to elicit an incriminating response; indeed, Officer Keith agreed that he hoped to get an answer from Movant.

(g) Appellate counsel failed to argue on appeal that the District Court erred in letting the Government ask Penny Butler if she was scared as she testified. Penny's fear had no tendency to prove or disprove any fact in issue; rather, it served only to inflame the passions and prejudices of the jury by implying that Movant had scared Penny twice – once during the kidnapping and once during the trial.

(h) Appellate counsel failed to argue on appeal that the District Court abused its discretion and erred in refusing to let the defense ask Fred Lawrence whether the Bureau of Prisons was equipped to handle the security of Movant. To bolster its theory that Movant was a future danger to society, the Government elicited from Lawrence that Movant poses a security risk, and the defense should have been allowed to explain, deny or refute that testimony.

(i) Appellate counsel failed to argue on appeal that the District Court abused its discretion and erred in refusing to let the defense ask Roger Moore, Jr., why two inmates would have claimed that he had called Movant a "sissy" or a "punk." This evidence was not being offered to prove the truth of Moore's statement, but rather to show that he made them. Such evidence was necessary to put the altercation with Moore into context by showing that Moore had been goading Movant.

(j) Appellate counsel failed to argue on appeal that the District Court abused its discretion and erred in letting the Government present evidence through Bruce Roberts that an inmate had told him that Movant had threatened to harm the inmate's five year old daughter. This alleged statement of Movant was never disclosed to the defense. Further, this was precisely the class of evidence that the District Court precluded Movant from presenting through Roger Moore, Jr.

(k) Appellate counsel failed to argue on appeal that the District Court abused its discretion and erred in admitting testimony about an unrelated knife taken from Movant's kitchen. This testimony had no tendency to prove or disprove any fact in issue; rather, it simply diverted the jurors' attention away from the issue at hand – should Movant live or die.

(l) Appellate counsel failed to argue on appeal that the District Court abused its discretion and erred when it admitted testimony that Paul Wilt had won an award from the Kansas City, Kansas Police Department, "as a testament to [his] quick thinking or quick action in this case." This evidence had no tendency to prove or disprove any fact in issue; rather, it served only to

divert the jurors' attention away from the issues surrounding the only question the jurors had to answer – to wit: should Movant live or die.

(m) Appellate counsel failed to argue on appeal other meritorious issues that individually, or cumulatively, denied Movant the effective assistance of appellate counsel.

WHEREFORE, Movant seeks from this Court: (1) an order pursuant to 28 U.S.C. § 2255 requiring the Government to answer this petition; (2) an order setting a status conference at which time a briefing, discovery and hearing schedule can be established; and (3), an order vacating the present judgment since it was imposed in violation of the United States Constitution and the laws of the United States.

Respectfully submitted,

/s/ Gary E. Brotherton
1390 Boone Industrial Drive, Suite 120
Columbia, MO 65202-3381
(573)875-1571
(573)875-1572 (fax)
gebrotherton@legalwritesllc.com
Co-counsel to Movant, Keith Nelson

/s/ David A. Ruhnke
Ruhnke & Barrett
47 Park Street
Montclair, New Jersey 07042
(973)744-1000
(973)746-1490
davidruhnke@ruhnkeandbarrett.com
Co-counsel to Movant, Keith Nelson

Dated: Columbia, Missouri
Montclair, New Jersey
November 6, 2005

## VERIFICATION

Movant, Keith D. Nelson, states, pursuant to penalties of perjury, 28 U.S.C. § 1746, that the foregoing is true and correct.

/s/ Keith D. Nelson
KEITH D. NELSON

## CERTIFICATE OF SERVICE

Although service of a motion brought pursuant to 28 U.S.C. § 2255 is not required until the Court has made a preliminary ruling that the files and records of the case do not conclusively bar relief, Movant's counsel, in anticipation of such a ruling, has served this motion on today's date upon the United States by filing via ECF.

/s/ David A. Ruhnke
DAVID A. RUHNKE

Dated: Columbia, Missouri
Montclair, New Jersey
November 6, 2005