FILED NOV 19 2001 P. L. BRUNE CLK U.S. DISTRICT COURT WEST DISTRICT OF MISSOURI

# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

UNITED STATES OF AMERICA, )
Plaintiff, )
vs. ) Case No. 99-00303-01-CR-W-2
KEITH DWAYNE NELSON, )
Defendant. )

## ORDER

Currently pending before the Court is Defendant's Motion to Bar Defendant from Presenting Mental Health Evidence (Doc. # 341).

**I. Background**

On May 10, 2001 the Government moved for discovery of mental health evidence that the defendant intended to offer in the penalty phase and also for a court ordered mental evaluation of the defendant. The defendant objected to the scope of the information sought and also asserted that the Court should not compel the defendant to submit to a mental health examination by government experts. Alternatively, the defendant argued that if the Court compels the defendant to undergo a government examination, it should impose significant safeguards to protect his Fifth Amendment and Sixth Amendment rights.

On August 17, 2001, Magistrate Hays entered an Order which granted in part the Government's Motion and imposed safeguards to preserve the defendant's Constitutional rights. Specifically the Order put the following procedures into effect:

1) Defendant was to specify no later than September 5, 2001, whether he intended to introduce mental health evidence at any stage of the trial. If the defendant

Exhibit C

ORIGINAL Document #403 DOCUMENT # 403

intended to introduce mental health evidence at the penalty phase, he was to file such notice with the Court and provide notice to the Government. Notice was to include the name and professional qualifications of any mental health professional who may be testifying or whose examination may be referred to in testimony and a brief description of the professional's diagnostic conclusions.

2) Examination: If defendant Nelson indicated that he wished to introduce mental health testimony at the penalty phase, he was to be examined by a psychiatrist or other mental health professional selected by the Government.

3) Filing of results with the Court: Results of any Court-ordered examination as well as the results of any examination initiated by defendant were to be filed under seal with the Court prior to commencement of trial.

4) Release of results: The results of any Court-ordered examination of defendant Nelson were to be released to the Government at the Court's discretion and only in the event that the jury reached a verdict of guilty and only after defendant confirmed his intent to offer mental health or mental condition evidence in mitigation. The Court appointed mental health professional conducting the examination for the Government was not to discuss the results of the examination with anyone unless and until the results of the examination were released to counsel for the Government and counsel for defendant following the guilt phase.

5) Limitations on the use of mental health examination results: No evidence obtained as a result of the examinations was to be introduced or used by the Government until the defendant opened the door to such use and the Court made a determination as to the admissibility of such evidence.

6) Consequences of Non-Compliance: Failure of the defendant to provide notice or to participate in a Court-ordered examination or to confirm his first notice shall result

in forfeiture of the right to present mental health testimony at trial.

On September 4, 2001, defendant filed his Notice of Intent to Rely on Mental Health Evidence at the Penalty Phase of Trial. Defendant indicated that he intended to rely on the testimony of Dr. Dan Foster, Ph.D. Defendant also attached a copy of Dr. Foster's qualifications. As of the date of that filing, defendant indicated that Dr. Foster had not completed his evaluation of the defendant and no information as to his diagnostic conclusions was currently available.

On September 21, 2001, defendant filed an appeal of Magistrate Hays' Order. On October 15, 2001, a government expert attempted to examine and conduct psychological testing of the defendant. However, the defendant refused to participate in such examination. On October 18, 2001, a hearing was held before Magistrate Hays. In response to questioning from the Court, the defendant indicated that he would refuse to participate in a mental examination by a government expert.

In an Order dated October 26, 2001, the Court affirmed Judge Hay's August 17, 2001 Order, noting that the Eighth Circuit had recently stated in United States v. Allen, 247 F.3d 741 (8th Cir. 2001), "[t]here is no doubt that a district court has the authority to order a defendant who states that he will use evidence from his own psychiatric examination in the penalty phase of a trial to undergo a psychiatric examination by a government-selected psychiatrist before the start of the penalty phase." Id. at 773, citing, United States v. Webster, 162 F.3d 308, 338-40 (5th Cir. 1998), cert. denied, 528 U.S. 829 (1999). "The government must be able to put on a fair rebuttal to a defendant's mitigation evidence during sentencing." Allen, 247 F.3d at 773.

The Government then subsequently filed on October 26, 2001, a motion to bar defendant from presenting any mental health testimony. Defendant filed a response on November 14, 2001 and the Government filed reply suggestions on November 15,

2001. In an Order dated November 15, 2001, the Court asked defendant to submit in camera, an outline of specifically what mental health testimony he intended to present in mitigation, and to outline which witnesses would be testifying regarding this issue and whether the testimony of these witnesses would be based on a personal examination they conducted of the defendant or whether their testimony would be based on other matters, such as a review of the defendant's medical records.

In materials submitted to the Court, defendant indicates that he intends to offer the testimony of two psychologists: Dr. Mark Cunningham and Dr. Daniel Foster. These witness would testify in basically three areas: 1) Testimony of Dr. Cunningham related to the defendant's future dangerousness; 2) Testimony of Dr. Cunningham related to risk factors and developmental obstacles which the defendant has exhibited and faced in childhood and adolescence. Defendant's counsel states that this testimony of Dr. Cunningham, although psychological testimony, is not based on interviews with the defendant and will not attempt to explore Dr. Cunningham's opinions regarding the defendant's mental health, his psychological profile, any mental health diagnoses or any other psychological testimony pertaining specifically to the defendant. 3) Testimony of Dr. Foster. Defendant's counsel states that Dr. Foster is the forensic psychologist hired by the defense to evaluate the defendant's mental health. Dr. Foster has met with the defendant for approximately nine hours and has also reviewed written materials. Defendant's counsel indicates that he was unable to speak with Dr. Foster, but counsel states he is not at all sure that Dr. Foster could base his mental health testimony regarding the defendant's pervasive developmental disorder on the memorandums and information provided by counsel alone.

As the Court noted in Allen, 247 F.3d at 773, "[t]he government must be able to put on a fair rebuttal to a defendant's mitigation evidence during sentencing." The

Court finds after reviewing the information submitted by defendant, that it would be unfair to allow the testimony of Dr. Foster, as it appears that his testimony would be based at least in part on extensive interviews conducted with the defendant. As the defendant refused to submit to a psychological examination by a government psychiatrist, the Government would be not be able to fairly rebut this testimony.

The remaining two categories of evidence: 1) future dangerousness and 2) psychological testimony relating to risk factors and developmental obstacles, will be allowed as it does not appear that they are based on any interviews with or psychological tests of the defendant. Thus, the Government is not put at any unfair advantage as the information is equally available to both sides and the Government will have a fair opportunity to rebut this testimony.

Therefore, for the reasons stated above, the Government's Motion to Bar Defendant from Presenting Mental Health Evidence (Doc. # 341) is hereby **GRANTED IN PART AND DENIED IN PART**. The Defendant will be allowed to offer the testimony of Dr. Cunningham, but will not be allowed to present the testimony of Dr. Foster.

Date: NOV 19 2001
Kansas City, Missouri

Fernando J. Gaitan Jr.
United States District Judge