# *Death Row Sentences*

| *Defendant Name* | *D Ct Docket #* | | *Race* |
|---|---|---|---|
| Johnson, Corey | E.D. VA CR No. 3-92-CR-68 | Death row | B |

three of four young black inner-city gang members in Richmond, Virginia, who were sentenced to death in 1993, for their roles in eleven crack-related murders. The trial of a fourth defendant, Vernon Thomas, was severed. After the completion of all legal appeals, a May 2006 execution date was stayed pending the outcome in the United States Supreme Court of the Hill v. Crosby lethal injection litigation.

| | | | |
|---|---|---|---|
| McCullah, John Javilo | E.D. OK CR No. 1:92-032-S | Death sentence vac. - authorization withdrawn | W |

two white and one Hispanic defendants were tried jointly in connection with the drug- related intrastate kidnap/murder of a Muskogee, Oklahoma auto dealership employee. The two capitally-charged "managers" of the drug enterprise, co-defendants Hutching and Molina, received life sentences from the jury, while the third defendant, McCullah (who, unlike the bosses, had been present at the killing) was sentenced to death in 1993. United States v. McCullah, 76 F.3d 1087 (10th Cir. 1996) ordered a new penalty hearing due to introduction of an involuntary statement and double counting of aggravating circumstances. Rehearing en banc was denied by a 6 to 6 vote, 87 F.3d 1136 (6/26/96), and the government declined to seek review in the Supreme Court. The government finally withdrew its request for the death penalty while McCullah's resentencing was pending. The victim was white.

| | | | |
|---|---|---|---|
| Chandler, David Ronald | N.D. AL CR No. 90-CR-H-266-E | Clemency | W |

a white Alabama marijuana grower was sentenced to death for the murder for hire of a subordinate in his drug ring. The triggerman in the killing was granted immunity in exchange for his testimony, later recanted, that Chandler offered him $500 for the murder. Insisting on his innocence, Chandler refused a pretrial plea offer of life imprisonment. Chandler's convictions and death sentence were affirmed by a panel of the Eleventh Circuit in mid-1993. 996 F.2d 1073 (11th Cir. 1993), cert. denied, 114 S.Ct. 2724 (1994). He filed a motion to vacate his convictions under 28 U.S.C. § 2255, and an execution date originally set for March 31, 1995, was stayed by the District Court. After several evidentiary hearings, 950 F.Supp. 1545 (N.D.AL1996), the District Court denied relief. 957 F.Supp. 1505 (N.D. AL 1997). A panel reversed, 193 F.3d 1297 (11th Cir. 1999) but the en banc court decided that Chandler received effective assistance of counsel in a 6-5 vote. 218 F.3d 1305. On January 20, 2001, President Clinton granted clemency.

| | | | |
|---|---|---|---|
| Roane, James | E.D. VA CR No. 3-92-CR-68 | Death row | B |

three of four young black inner-city gang members in Richmond, Virginia, who were sentenced to death in 1993, for their roles in eleven crack-related murders. The trial of a fourth defendant, Vernon Thomas, was severed. After the completion of all legal appeals, a May 2006 execution date was stayed pending the outcome in the United States Supreme Court of the Hill v. Crosby lethal injection litigation.

| | | | |
|---|---|---|---|
| Tipton, Richard | E.D. VA CR No. 3-92-CR- 68 | Death row | B |

three of four young black inner-city gang members in Richmond, Virginia, who were sentenced to death in 1993, for their roles in eleven crack-related murders. The trial of a fourth defendant, Vernon Thomas, was severed. After the completion of all legal appeals, a May 2006 execution date was stayed pending the outcome in the United States Supreme Court of the Hill v. Crosby lethal injection litigation.

| | | | |
|---|---|---|---|
| Hammer, David Paul | M.D. PA CR No. 4-96-CR-239 | Death row | W |

a strangulation murder of a federal prison inmate by his cellmate. The defendant and the victim are white. Mr. Hammer was serving a 1200+ year Oklahoma state sentence at the time of the homicide, but had been incarcerated in the federal penitentiary at Allenwood, Pennsylvania. Mr. Hammer abandoned his direct appeal. 226 F.3d 229 (3d Cir. 2000). An execution date was set for November 15, 2000, but was vacated when Mr. Hammer decided and was allowed to file a post-conviction action. Penalty phase relief was granted in December 2005. The government is appealing.

| ***Defendant Name*** | ***D Ct Docket #*** | | ***Race*** |
|---|---|---|---|
| Garza, Juan Raul | S.D. TX CR No. 93-009 | Executed | H |

an Hispanic marijuana distributor was sentenced to death by a jury in 1993 in Brownsville, Texas, in connection with the murders of three other drug traffickers in the Brownsville area, two Hispanic and one Anglo. Garza ordered two murders and killed a third person himself. The government introduced 5 unadjudicated murders in aggravation, 4 were in Mexico. All but one victim were males. Murder for hire is alleged as an aggravating circumstance. Attorney General Barr authorized the prosecution to seek the death penalty in December, 1992. Mr. Garza's death sentence was affirmed. United States v. Flores, 63 F.3d 1342 (5th Cir. 1995), and a petition for writ of certiorari was denied by the Supreme Court in 1996. Habeas relief was denied in 1998-1999. Garza's first two execution dates in 2000 were postponed by President Clinton pending a Department of Justice study of racial and geographic disparities in the federal death penalty, the second time on December 7, 2000 for 6 months, until June 2001. He was executed on June 19, 2001.

| | | | |
|---|---|---|---|
| Chanthadara, Bountaem | D. KS CR No. 94-10129-01 | Death sentence vac. - authorization withdrawn | A |

a "Hobbs Act" case, in which five defendants of Asian descent (Laotian and Vietnamese) were charged with the armed-robbery of a Chinese restaurant and killing co-proprietor Barbara Sun, in Wichita, Kansas in 1994. Federal jurisdiction was based on the Hobbs Act, 18 U.S.C. § 1951, prohibiting obstruction of inter-state commerce. The Attorney General's approval of this capital prosecution for Chanthadara and Phouc Nguyen was announced in 1995. It marked the first time that the Hobbs Act was used to federalize as a capital case a prosecution for murder committed during a commercial robbery. Chanthadara beat and shot the victim in an attempt to get her to open a safe the female proprietor could not. Nguyen was present. Chanthadara's jury recommended the death penalty in 1996. After a separate trial, Phouc Nguyen's jury sentenced him to life imprisonment. The Eighth Circuit reversed Chanthadara's death sentence on November 1, 2000. 230 F.3d 1237. He was sentenced to life in prison in 2002.

| | | | |
|---|---|---|---|
| Davis, Len | E.D. LA CR No. 94-381 | Death row | B |

an African- American New Orleans police officer, Len Davis, who was being investigated (and tape recorded) in a drug conspiracy case. Davis ordered the murder of a 32 year old mother of three, Kim Groves, who witnessed his beating of a witness in an unrelated incident. Groves had filed a brutality complaint against Davis. Paul Hardy, 27, carried out the killing. Murder for hire is alleged as an aggravating circumstance. Davis, then Hardy, were sentenced to death by a jury in 1996, which heard sequential penalty phase presentations. Davis did not attend his. The Fifth Circuit reversed one of the convictions and ordered a new sentencing trial on the remaining convictions in 1999. 185 F.3d 407. On remand the District Court dismissed the Notice of Intent to Seek the Death Penalty based on Ring v. Arizona. This ruling was reversed by the Fifth Circuit. 380 F. 3rd 821. Davis was convicted and resentenced to death in 2005.

| | | | |
|---|---|---|---|
| Hall, Orlando C. | N.D. TX CR No. 4:94-CR-121-Y | Death row | B |

the first approval of a death penalty prosecution under the 1994 Federal Death Penalty Act. Hall, and his co-defendant, Webster, both African-American, were charged in Fort Worth, Texas, with the abduction, sexual assault and beating murder of a 16-year-old black female whose older brother had allegedly stolen marijuana. In 1995, Hall was sentenced to death after the jury heard testimony from co-defendants who pled guilty and testified in return for leniency. Expert testimony suggested the victim was still alive when buried. After a separate trial, Bruce Webster was sentenced to death by a jury in 1996. A post-conviction petition has been denied. An appeal is pending.

| | | | |
|---|---|---|---|
| Hardy, Paul | E.D. LA CR No. 94-381 | Awaiting resentencing or retrial | B |

an African- American New Orleans police officer, Len Davis, who was being investigated (and tape recorded) in a drug conspiracy case. Davis ordered the murder of a 32 year old mother of three, Kim Groves, who witnessed his beating of a witness in an unrelated incident. Groves had filed a brutality complaint against Davis. Paul Hardy, 27, carried out the killing. Murder for hire is alleged as an aggravating circumstance. Davis, then Hardy, were sentenced to death by a jury IN 1996, which heard sequential penalty phase presentations. Davis did not attend his. The Fifth Circuit reversed one of the convictions and ordered a new sentencing trial on the remaining convictions in 1999. 185 F.3d 407. On remand, the District Court dismissed the Notice of Intent to Seek the Death Penalty based on Ring v. Arizona. This ruling was reversed by the Fifth Circuit.

| *Defendant Name* | *D Ct Docket #* | | *Race* |
|---|---|---|---|
| Webster, Bruce | N.D. TX CR No. 4:94-CR-121 | Death row | B |

the first approval of a death penalty prosecution under the 1994 Federal Death Penalty Act. Hall, and his co-defendant, Webster, both African-American, were charged in Fort Worth, Texas, with the abduction, sexual assault and beating murder of a 16-year-old black female whose older brother had allegedly stolen marijuana. In 1995, Hall was sentenced to death after the jury heard testimony from co-defendants who pled guilty and testified in return for leniency. Expert testimony suggested the victim was still alive when buried. After a separate trial, Bruce Webster was sentenced to death by a jury in 1996. A post-conviction petition has been denied, and, the denial affirmed on appeal. Certiorari is pending.

| | | | |
|---|---|---|---|
| Battle, Anthony | N.D. GA CR No. 1:95 CR 528 | Death row | B |

law enforcement officer victim - a black prisoner with a history of psychiatric problems who was sentenced to death for the hammer-murder of an African-American guard in the Atlanta federal penitentiary. Mr. Battle was serving a life sentence for the murder of his wife when the killing occurred. In 1997 a federal jury rejected Mr. Battle's insanity defense and returned a death sentence after three hours' deliberation. Appeal to the United States Court of Appeals for the Eleventh Circuit was rejected in 1999. 173 F.3d 1433. A petition for writ of certiorari was denied. 529 U.S. 1022. A post-conviction petition pursuant to 28 U.S.C. § 2255 was denied on April 30, 2003. 264 F. Supp. 2d 1088. An appeal is pending.

| | | | |
|---|---|---|---|
| Jones, Louis | N.D. TX CR No. 6-95-CR-0015-C | Executed | B |

a 46 year old African-American -- a retired 22-year decorated Persian Gulf veteran--was convicted of the cross-racial abduction murder of a young white female soldier. The victim's family traveled to Washington to seek DOJ approval of the death request. The trial occurred in Lubbock on change of venue, after thousands of San Angelo residents signed petitions calling for the death penalty. The defendant was sentenced to death in 1995, the Fifth Circuit affirmed in 1998, but the United States Supreme Court granted review to consider issues relating to the jury's sentencing instructions in this first case conducted under the 1994 Federal Death Penalty Act. The Supreme Court affirmed the Fifth Circuit's decision in 1999. 119 S.Ct. 2090. A post-conviction action has been filed and denied, as was a successor petition raising a Ring issue. President Bush denied clemency the same evening as announcing the second Gulf War. Jones was executed the next morning, March 18, 2003.

| | | | |
|---|---|---|---|
| McVeigh, Timothy James | D. CO CR No. 96-CR-68-M | Executed | W |

the 1995 Oklahoma City bombing in which 160 lost their lives, including 19 children. The President and Attorney General immediately announced that the death penalty would be sought, even before any suspects were identified. A Denver jury convicted McVeigh and voted to sentence him to death in 1997. Appeal to the United States Court of Appeals for the Tenth Circuit was quickly denied in 1998, 153 F.3d 1166, as was a post-conviction petition. 118 F.Supp.2d 1137 (D. CO 2000). Thereafter, Mr. McVeigh decided to abandon further appeal. His execution was scheduled for May 16, 2001, was delayed by the Attorney General upon the discovery of over 6,000 pages of FBI reports not disclosed to the defense. He was executed on June 11, 2001.

| | | | |
|---|---|---|---|
| Johnson, Darryl Alamont | N.D. IL CR No. 96 CR 379 | Death row | B |

involves multiple killings and a "Gangster Disciple" drug conspiracy/racketeering/multiple murder case. Two homicides were charged, one of a government confidential informant. Co-defendant Quan Ray committed two murders on orders of Mr. Johnson. Four additional homicides were alleged in aggravation. Murder for hire is alleged as an aggravating circumstance. Ray was sentenced to life in prison at a separate trial. Johnson's jury recommended a sentence of death in 1997. An appeal to the Seventh Circuit was rejected in 2000. 223 F.3d 665. Certiorari was denied on October 1, 2001. 534 U.S. 829. Post-conviction relief was denied on March 12, 2003, 2003 WL 1193257, but the district court granted a motion to alter and amend to address the issue of mental retardation.

| | | | |
|---|---|---|---|
| Paul, Jeffrey Williams | W.D. AR CR No. 6:96CR60022 | Death row | W |

Paul is one of two white teenagers charged with the robbery-murder of an elderly white National Parks employee in Hot Springs National Park (USPS), federal land within the city of Hot Springs, Arkansas. A Hot Springs federal jury unanimously imposed a life sentence on co-defendant Trinity Ingle on June 6, 1997. Paul's separate trial began on June 17, 1997, and ended with a death sentence on June 25, 1997. All involved are white. A post-conviction petition was denied without an evidentiary hearing, but the Eighth Circuit has granted funds for a mental health evaluation and Paul's attorneys in June 2006 requested a remand for consideration of new evidence.

| *Defendant Name* | *D Ct Docket #* | | *Race* |
|---|---|---|---|
| Allen, Billie Jerome | E.D. MO CR No. 4:97 CR 0141 ERW (TCM) | Death row | B |

two black defendants charged with the fatal shooting of a white bank guard during a robbery. Attorney General Reno authorized the government to seek the death penalty on August 1, 1997. After separate trials, death sentences were returned on March 10, 1998 for Allen and April 3, 1998 for Holder. Appeals were rejected by the Eighth Circuit. 247 F.3d 741 (2001). The Supreme Court remanded in light of Ring v. Arizona, 536 U.S. 953. An en banc Eighth Circuit reversed the three-judge panel's grant of penalty phase relief. Certiorari is pending.

| | | | |
|---|---|---|---|
| Barnette, Aquila Marcivicci | W.D. NC CR No. 3:97CR23-P | Death row | B |

multiple murder including a domestic killing. Barnette confessed to murdering a motorist during a Charlotte, North Carolina carjacking. He drove the victim's car to Roanoke, Virginia, where he killed his former girlfriend. Barnette has a long history of domestic abuse of the second victim. The defendant and the female victim are black; the carjacking victim was white. A Charlotte, North Carolina jury imposed the death penalty in 1998. Two years later the appeals court ordered a new sentencing trial. 211 F.3d 803 (4th Cir. 2000). Barnette was again sentenced to death in 2002. The United States Supreme Court, in October 2005, remanded the case to the Fourth Circuit for consideration of a Batson claim.

| | | | |
|---|---|---|---|
| Holder, Norris G. | E.D. MO CR No. 4:97 CR 0141 ERW (TCM) | Death row | B |

two black defendants charged with the fatal shooting of a white bank guard during a robbery. Attorney General Reno authorized the government to seek the death penalty on August 1, 1997. After separate trials, death sentences were returned on March 10, 1998 for Allen and April 3, 1998 for Holder. A 2255 motion for post-conviction relief is pending, but has been stayed pending the outcome of co-defendant Billie Allen's cert petition.

| | | | |
|---|---|---|---|
| Gabrion, Marvin | W.D. MI CR No. 1:99-CR-76 | Death row | W |

the disappearance of an alleged rape victim before Gabrion's trial, as well as the multiple disappearance of her 3 year old child and three men. The bound victim was found in a lake, part of federal land, the Manistee National Forest (USFS). Attorney General Ashcroft required a capital prosecution in this 18 U.S.C. §1111 case. All involved are white. The Sixth Circuit Court of Appeals has remanded the case for the presentation of additional evidence on the issue of subject matter jurisdiction.

| | | | |
|---|---|---|---|
| Lee, Daniel Louis | E.D. AR CR No. LR-CR-97-243 | Death row | W |

involves multiple killings - a RICO prosecution of an organization supposedly intent upon starting a revolution. The capital crime was the murder of a family of three (an Arkansas gun dealer, his wife and their 8 year old child) in the Fall of 1996. The defendants may have believed the gun dealer was an ATF informant. The victims were killed by duct-taping plastic bags over their heads, handcuffing the three and throwing them in a river. The defendants and the victims are white. Co-defendant Chevie Kehoe was charged in two additional murders as well. The defendants were also charged with bombing the Spokane, WA city hall. Kehoe, older, whom some considered more culpable, was first sentenced to life by the jury at a 1999 separate penalty hearing. At that point the United States Attorney attempted to withdraw the request for the death penalty. The Attorney General was unavailable, so the Deputy Attorney General declined the request. Lee was then sentenced to death. The next year the District Court ordered a new sentencing hearing for Lee. 89 F.Supp.2d 1017 (E.D. AR). That decision was reversed by the Eighth Circuit. 274 F.3d 485 (2001), which later affirmed the convictions and death sentences. A 28 U.S.C. 2255 motion was filed in June 2006.

| | | | |
|---|---|---|---|
| Stitt, Richard | E.D. VA CR No. 2:98CR47 | Death row | B |

involves multiple killings - three homicides and other attempted homicides committed by co-defendants on Stitt's urging. Authorization to seek the death penalty was only granted by the Attorney General for Stitt. Four co-defendants did not face the death penalty. One of the shooters plead guilty to a life sentence. Stitt received a sentence of death in 1998 after a joint trial with three of the non-capital codefendants. He has a lenghty record of assaultive conduct. An appeal was rejected by the Fourth Circuit. 250 F.3d 878 (5/25/01). Penalty phase relief was granted on a claim of ineffective assistance of counsel. The Fourth Circuit affirmed the grant of relief in March 2006.

| *Defendant Name* | *D Ct Docket #* | | *Race* |
|---|---|---|---|
| Ortiz, Arboleda | W.D. MO CR No. 98- 00311-01/05-CR-W-2 | Death row | B |

four foreign national Columbians charged in a drug related murder. The "kingpin", Hinestroza, was never arrested and may have fled to Columbia. Hinestroza and his gang sold cocaine in the Kansas City area. The victim and his nephew (who sold cocaine for the gang) stole $240,000 from them. The defendants tied up, interrogated, duck taped and shot both victims. The nephew lived, escaped and identified the defendants. Sinisterra shot and killed one victim. Ortiz or Tello shot the surviving victim. Sinisterra and Ortiz were sentenced to death. The jury deadlocked on punishment for Tello, and he was sentenced to life in prison. A 2255 motion for post-conviction relief is pending, including a claim that Ortiz has an IQ of 54.

| | | | |
|---|---|---|---|
| Sinisterra, German | W.D. MO CR No. 98- 00311-01/05-CR-W-2 | Death row | B |

four foreign national Columbians charged in a drug related murder. The "kingpin", Hinestroza, was never arrested and may have fled to Columbia. Hinestroza and his gang sold cocaine in the Kansas City area. The victim and his nephew (who sold cocaine for the gang) stole $240,000 from them. The defendants tied up, interrogated, duck taped and shot both victims. The nephew lived, escaped and identified the defendants. Sinisterra shot and killed one victim. Ortiz or Tello shot the surviving victim. Sinisterra and Ortiz were sentenced to death. The jury deadlocked on punishment for Tello, and he was sentenced to life in prison. A 2255 motion for post-conviction relief is pending.

| | | | |
|---|---|---|---|
| Higgs, Dustin | D. MD CR No. PJM-98- 0502 | Death row | B |

involves multiple (two) killings - the January 1996 triple intrastate kidnapping/murder of three black females from D.C. Patuxent Wildlife Research Center (USFW), federal property. Haynes, 20, confessed that he fired the shots. He said Higgs, 26, gave him the gun and told him to do it after an argument with the women. The defendants are African-American and were involved in another shooting six weeks before. Haynes' jury deadlocked and he was sentenced to life in prison. Higgs was sentenced to death by an all male jury at a separate, subsequent trial. The government suggested a wintess killing motive at this trial and alleged Higgs plotter to kill a government witness and/or his family. He was already serving a 17 year sentence on a drug conviction. All involved are African-American. A 2255 motion for post-conviction relief is pending.

| | | | |
|---|---|---|---|
| Vialva, Christopher Andre | W.D. TX CR No. W99CR070 | Death row | B |

Vialva, 19, Bernard, 18, and two juveniles, all with alleged gang affiliations. These African-Americans were convicted of a 1999 § IIII carjacking/double homicide and robbery of a young white "church" couple. The bodies of the victims were found in the trunk of their car just inside the Fort Hood boundary, with gunshot wounds to the face and head. The vehicle had been set on fire. Authorities believe Vialva shot the victims. A 2255 motion for post-conviction relief is pending.

| | | | |
|---|---|---|---|
| Bernard, Brandon | W.D. TX CR No. W99CR070 | Death row | B |

Vialva, 19, Bernard, 18, and two juveniles, all with alleged gang affiliations. These African-Americans were convicted of a 1999 § 1111 carjacking/double homicide and robbery of a young white "church" couple. The bodies of the victims were found in the trunk of their car just inside the Fort Hood boundary, with gunshot wounds to the face and head. The vehicle had been set on fire. Authorities believe Vialva shot the victims. The Attorney General required a capital prosecution for Bernard. A 2255 motion for post-conviction relief is pending.

| | | | |
|---|---|---|---|
| Nelson, Keith D. | W.D. MO CR No. 99-CR-303-1 | Death row | W |

the interstate1999 kidnapping and murder of a ten year old girl, in violation of 18 U.S.C. §1201. Both the defendant and the victim are white. A 2255 motion for post-conviction relief is pending.

| | | | |
|---|---|---|---|
| Johnson, Angela | N.D. IA CR No. 00 CR 3034 MWB | Death row | W |

five murders in 1993 of a potential witness, his girlfriend (both meth dealers) and two daughters, in a drug conspiracy case. The fifth victim is Angela Johnson's former boyfriend, another dealer turned informant, who disappeared in November of 1993. Johnson attempted suicide in jail after she was tricked by a jailhouse informant into revealing the location of the bodies. A-G-A rejected Honken's attempt to enter a plea to a life sentence. Attorney General Gonzales rejected Johnson's attempt to enter a plea to a life sentence. Attorney General Gonzales rejected a plea offer. All involved are white.

| *Defendant Name* | *D Ct Docket #* | | *Race* |
|---|---|---|---|
| Honken, Dustin | N.D. IA CR No. 00 CR 3034 MWB | Death row | W |

five murders in 1993 of a potential witness, his girlfriend and two daughters, in a drug conspiracy case. The fifth victim is Angela Johnson's former boyfriend, who disappeared in November of 1993. Johnson attempted suicide in jail after she was tricked by a jailhouse informant into revealing the location of the bodies. Attorney General Gonzales rejected Johnson's attempt to enter a plea to a life sentence. All involved are white.

| | | | |
|---|---|---|---|
| Jackson, Richard | W.D. NC CR No. 00-CR-74-ALL | Death row | W |

a capital defendant in state court who pled guilty to second degree murder, intrastate kidnaping and rape of a 22 year old woman jogging Holloween morning in the Pisgah National Forest (USFS). Jackson received a 25 - 31 years sentence in state court. He was charged in federal court in another Petite Policy case after the North Carolina Supreme Court reversed his original death sentence and conviction, and suppressed his confession on Edwards grounds. Jackson was 31 years old. The victim was tied with duct tape to a tree on federal land in the Bent Creek Recreation Area in the Pisgah National Forest off Blue Ridge Parkway, on federal land, raped and shot one time. All involved are white. A 2255 motion for post-conviction relief is pending.

| | | | |
|---|---|---|---|
| Fell, Donald | D. VT 00-M-66-ALL | Death row | W |

multiple (three) murders, a carjacking and an interstate kidnapping. The defendants were high on crack when an argument erupted with Fell's mother and a male friend. The male friend's throat was slashed by Fell and Fell's mother stabbed to death by Lee, the co-defendant. The two then carjacked a middle-aged woman at a supermarket. Crossing into New York, they told her to get out and she attempted to run into the woods. They followed her and allegedly killed her by kicking her. The defendants both made incriminating statements. They were arrested three days later in Arkansas. All involved are Caucasian. Lee committed suicide in 2001 by hanging himself in jail. Authorities said it was an accident. Attorney General Ashcroft rejected a plea agreement stipulating life in prison, and required a capital prosecution. The Attorney General also rejected a bench trial. The court declared the FDPA unconstitutional. 217 F.Supp.2d 469 (2002). This ruling was reversed by the Second Circuit.

| | | | |
|---|---|---|---|
| Robinson, Julias Omar | N.D. TX CR No. 00-CR-260-ALL | Death row | B |

a Fort Worth drug trafficking prosecution of the leaders of an Arlington-based drug ring responsible for multiple (three) murders. The first killing involved a 1998 shooting of an African-American, mistaken for the intended victim, in a car traveling on Cential Expressway. A second 1999 killing was of an Hispanic person, mistaken for the intended victim, his brother, who allegedly sold a fake kilo of cocaine to Robinson. Britt was the triggerman in the third 1999 killing of another drug dealer, a Mexican national, who had stolen 20 kilos from a Laredo drug kingpin. Robinson was following in another car. Britt and Robinson, African-American, both allegedly fired weapons in the first and second incidents. The Court set, then extended, a deadline for the approval of a capital prosecution. Attorney General Ashcroft rejected a plea agreement involving a life sentence. Co-defendant Britt was sentenced to life in prison at a separate trial. A 2255 motion for post-conviction relief is pending.

| | | | |
|---|---|---|---|
| Agofsky, Shannon Wayne | E.D. TX CR No. 1:03-CR 173 | Death row | W |

Agofsky, along with his brother, was serving a life sentence for the 1992 abduction and murder of a president of a bank. Agofsky took him to the bank and forced him to open the vault and then killed him. Agofsky has now been convicted of beating, kicking and stomping to death a fellow inmate at a federal prison in Beaumont, Texas. The victim was serving a term for arson and firearms. The government alleged this was a premeditated prison "gang" hit. All involved are white. This was the fourth murder at Beaumont FCI since March of 1997.

| | | | |
|---|---|---|---|
| Sampson, Gary | D. MA CR No. 01-CR-10384-ALL | Death row | W |

Sampson plead guilty to two separate car-jacking murders in Massachusetts that took place three days apart in the summer of 2001. The victims were a 69-year old grandfather and a 19-year old college student. Sampson confessed to those crimes as well as to a strangulation murder in New Hampshire that he committed three days after the second carjacking murder, and to a subsequent unsuccessful attempted carjacking in Vermont. The crimes all occurred within an 8-day period. He confessed, as well, to having committed a series of 5 bank robberies in North Carolina prior to coming to New England. The day before he committed the first murder, Sampson had called the FBI in Boston in an effort to surrender on the bank robberies. The FBI accidentally or deliberately disconnected the call or chose not to follow up. The case is on direct appeal in the First Circuit.

| *Defendant Name* | *D Ct Docket #* | | *Race* |
|---|---|---|---|
| Purkey, Wesley Ira | W.D. MO CR No. 01-CR-308-ALL | Death row | W |

the 1998 interstate kidnapping (from Missouri to Kansas), rape and murder of a 17 year old high school girl, whose body was then dismembered and burned. Purkey is serving a prison sentence for another killing. Previously, Purkey was paroled after 17 years for shooting a man. Both victim and defendant are white.

| | | | |
|---|---|---|---|
| Fields, Sherman Lamont | W.D. TX CR No. 01-CR-164-ALL | Death row | B |

a jail escape and a domestic murder. The 2001 domestic killing/gun murder in Waco of a former girlfreind and mother of three young children, by a twice convicted felon who escaped from jail. Initially, the jury was deadlocked on punishment. Fields was a federal prisoner who bribed a jail guard to leave a door unlocked. He was sentenced to 12 years on the gun charge. All involved are black. Fields represented himself during the guilt phase.

| | | | |
|---|---|---|---|
| Mitchell, Lezmond | D. AZ CR No. 01-CR-1062-ALL | Death row | NA |

murder on Navajo tribal land. All involved are Native American. The defendant and a juvenile got a ride from a woman and her 9 year old granddaughter, killed both and stole the car supposedly for use in an armed robbery. Each victim was stabbed at a separate location. In an attempt to hide the victim's identity, the hands and heads of the victims were removed. Attorney General Ashcroft required a capital prosecution against Mitchell under a carjacking theory -- although the Navajo tribe has not "opted in" to the federal death penalty.

| | | | |
|---|---|---|---|
| Mikos, Ronald | N.D. IL CR No. 02-CR 137 | Death row | W |

involves the § 1512 murder on January 27, 2002,of a government witness to prevent her testimony before the grand jury. Mikos, a podiatrist, and another are accused in many counts of defrauding Medicare, HCFA and HHS. When the victim was served with a federal grand jury subpoena for her testimony regarding treatment/non-treatment by Mikos, he allegedly tried to persuade the victim to lie to the grand jury either by claiming lack of memory or stating that the surgery had been performed. When she refused he allegedly shot her. All involved are white.

| | | | |
|---|---|---|---|
| Fulks, Chadrick | D. SC No. 02-M-992-ALL | Death row | W |

carjacking and interstate kidnapping from a WalMart parking lot of a woman whose body was never recovered. A video camera captured part of the abduction. Witnesses saw her with the defendants later that day in North Carolina. The defendants had escaped 10 days earlier from a Kentucky jail. Basham was arrested three days later after allegedly trying to hijack a car at an Ashland, Kentucky mall. He has been charged with attempted murder and robbery. Fulks was arrested six days later, in Goshen, Indiana. The defendants are also accused of kidnapping a Kentucky man and leaving him tied to a tree in Evansville, Indiana. Basham has told the FBI that he and Fulks abducted another victim, a 19-year-old West Virginia college student, three days before the South Carolina abduction. Her car was found burned in West Virginia. A separate federal capital indictment was filed in that state and both defendants pled guilty and were sentenced to life in prison . All involved are white.

| | | | |
|---|---|---|---|
| Basham, Branden | D. SC No. 02-CR-992-ALL | Death row | W |

carjacking and interstate kidnapping from a WalMart parking lot of a woman whose body was never recovered. A video camera captured part of the abduction. Witnesses saw her with the defendants later that day in North Carolina. The defendants had escaped 10 days earlier from a Kentucky jail. Basham was arrested three days later after allegedly trying to hijack a car at an Ashland, Kentucky mall. He has been charged with attempted murder and robbery. Fulks was arrested six days later, in Goshen, Indiana. The defendants are also accused of kidnapping a Kentucky man and leaving him tied to a tree in Evansville, Indiana. Basham has told the FBI that he and Fulks abducted another victim, a 19-year-old West Virginia college student, three days before the South Carolina abduction. Her car was found burned in West Virginia. A separate federal capital indictment was filed in that state and both defendants pled guilty and were sentenced to life in prison . All involved are white.

| | | | |
|---|---|---|---|
| LeCroy, William Emmett | N.D. GA CR No. 02-CR-38-ALL | Death row | W |

a carjacking murder. The victim, a nurse practitioner, came home, was surprised inside her home, bound, raped, stabbed to death in her bedroom. LeCroy took car keys from her purse and then stole her Frod Explorer. He was arrested two days later in Minnesota trying to enter Canada with the victim's SUV. All involved are white.


Case 4:04-cv-08005-FJG Document 52-1 Filed 08/21/06 Page 7 of 9

| *Defendant Name* | *D Ct Docket #* | | *Race* |
|---|---|---|---|
| Corley, Odell | N.D. IN CR No. 02-CR-116-ALL | Death row | B |

a bank robbery and multiple gun murders. Five people, three African-American males, one African-American female and one white woman (the pregnant girlfriend of Johnson), robbed a bank and shot to death a white female teller, while wounding another white male teller who died ten weeks after the shooting. A white male security guard was also wounded, leaving him a paraplegic. Corley, who has taken the name Nasih Khalil Ra'id, was the ring leader who burst into the bank shooting. Johnson was also a gunman. McGregor was a driver. Gay and Ramsey were some distance away. The robbery was videotaped although the gunman was in disguise. Corley's palm print was found inside the bank. Corley committed a prior murder in 1998.

| | | | |
|---|---|---|---|
| Barrett, Kenneth Eugene | E.D. OK CR No. 04-100-M-S | Death row | W |

law enforcement officer victim - another petite policy case. Barrett lived in a rural area in a small, home-built cabin without electricity and running water. A "no-knock" warrant was issued based on allegations that he was a drug manufacturer/dealer, a gun owner and had previously made statements about killing law enforcement officers. During a late night raid, Barrett's son was allegedly assaulted by officers. Barrett grabbed a gun and started shooting at a Ford Bronco approaching the cabin. The police shot back and Barrett was wounded. A state law enforcement officer was killed. There are numerous drug-related charges in the complaint. Barrett was tried twice in state court - the first resulting in a hung jury and the second resulting in manslaughter and assault with intent to kill convictions. All involved are white.

| | | | |
|---|---|---|---|
| Bolden, Robert, Sr. | E.D. MO CR No. 4:02-CR 0557 CEF (AGF) | Death row | B |

a 2002 bank robbery murder. 18 U.S.C. §§924(c), 1111 and 2113. The victim was a white security guard, the son of a police officer, who encountered three robbers in the parking lot of the Bank of America. The defendants are African-American. Only Bolden faced the death penalty.

| | | | |
|---|---|---|---|
| Brown, Meier Jason | S.D. GA CR No. 02-M-53-ALL | Death row | B |

the stabbing murder of a United States Postal Service employee during a robbery at a United States Post Office. Brown confessed and blood was found on his jacket and bike. The victim is white and the defendant is black. She was stabbed 10 times. There was a conditional plea agreement specifying a life sentence. Attorney General Ashcroft rejected a plea agreement and required a capital trial.

| | | | |
|---|---|---|---|
| Bourgeois, Alfred | S.D. TX CR No. 02-216-ALL | Death row | B |

domestic killing on federal land - a two year old child who died from "shaken baby syndrome". The baby was found unresponsive beside her father's tractor-trailer. Bourgeois and his wife told authorities the toddler had fallen out of the cab while they were making a delivery at Naval Air Station Corpus Christi. The toddler had seven major hemorrhages - two behind her right ear, two above her right eye and three in the back of her skull. The pathologist who examined the toddler's body called it "one of the worst cases of child abuse she'd ever seen." Bourgeois's wife and his 7-year-old daughter alleged Bourgeois had abused the toddler before. "(Bourgeois) hit her as hard as he would hit another man," the wife told the FBI, according to an affidavit. All involved are African-American.

| | | | |
|---|---|---|---|
| Fields, Edward | E.D. OK CR No. 6:03-CR-00073 | Death Row | W |

a robbery and multiple gun murder of a married couple on federal land in the Winding Stair Campgrounds in the Quachita National Forest (USFS). All involved are white. Fields has no prior crimunal record, a good military record and a history of mental illness. Fields had been living in the forest. The district court set a deadline for a decision by the Attorney General on the death penalty. The murders occurred around July 10, 2004. Fields, a former prison guard, went on a shopping spree with the victim's credit cards. He confessed expressing remorse. Fields pled guilty and was sentenced to death by jury.

| | | | |
|---|---|---|---|
| Lighty, Kenneth Jamal | D. MD CR No. 8:03-CR-00457-PJM-ALL | Death row | B |

three defendants, and possibly another, kidnapped the teenage victim in D.C., transported him to Maryland, where he was shot to death. The victim was the son of a Washington police officer. Lighty is charged as the shooter, and the other two with assisting him. All involved are African-American. Wilson was convicted of conspiracy to kidnap but acquitted of kidnapping and weapons charges.

| *Defendant Name* | *D Ct Docket #* | | *Race* |
|---|---|---|---|
| Lawrence, Daryl | S.D. OH CR No. 2:05-CR-00011-GLF-1 | Death row | B |

a January 2004 cross-racial gun murder of a law enforcement officer during a bank robbery. Lawrence committed other bank robberies in August and September of 2004. The Columbus, Ohio police officer and bank security guard victim is white and the defendant is black.