IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| KEITH D. NELSON, | : | |
| Movant, | : | |
| vs. | : | 4:04-CV-8005(FJG) |
| UNITED STATES OF AMERICA, | : | |
| Respondent. | : | |

MOVANT'S AFFIDAVIT IN SUPPORT OF HIS
MOTION TO DISQUALIFY AND RECUSE JUDGE GAITAN

COMES NOW Keith D. Nelson, movant, being a credible person of lawful age, upon his oath, under penalties of perjury pursuant to 28 U.S.C. § 1746, declares as follows:

1. My name is Keith Dwayne Nelson. This declaration is submitted pursuant to the requirements of 28 U.S.C. § 144 and 28 U.S.C. § 455.
2. I was born November 23, 1974. I am 31 years old.
3. I currently reside at the United States Penitentiary in Terre Haute, Indiana, having been found guilty of capital murder and sentenced to death.
4. On October 25, 2001, I pleaded guilty to one count of kidnapping resulting in death.
5. On November 28, 2001, the jury empaneled for the purposes of assessing my punishment recommended I be sentenced to death.
6. On March 12, 2002, the Honorable Fernando Gaitan imposed judgment in accordance with the jury's verdict.
7. On October 22, 2003, the Eighth Circuit affirmed my sentence of death.

8. On November 8, 2004, the United States Supreme Court denied my petition for a writ of certiorari.

9. On November 6, 2005, through my attorneys – David A. Ruhnke and Gary E. Brotherton – I filed my motion to vacate, set aside or correct pursuant to 28 U.S.C. section 2255.

10. During the fall of 2005, my post-conviction counsels sought additional funding for expert and investigative assistance:

    a. on October 30, 2005, funding of additional hours for the services of mitigation specialist Jill Miller, MSSW;

    b. on November 23, 2005, funding for the services of a clinical forensic psychologist; and

    c. on December 5, 2005, funding for an attorney to evaluate trial counsels' representation and potentially to testify as an expert in the trial and preparation of capital cases.

11. On February 28, 2006, Judge Gaitan issued an order denying all three funding requests.

12. In his February 28, 2006, order, Judge Gaitan revealed that, without hearing any evidence or argument, he had pre-determined the merits of my post-conviction motion so far as it challenges the level of assistance I received from my trial counsels – Pat Berrigan and Susan Hunt.

13. Judge Gaitan explained his reasons for denying the funding requests as follows:

> The above-referenced motions [for investigative and expert assistance] have been denied because the Court does not agree with the assertions therein. Appellate counsel, with the benefit of hindsight, is attempting

to vilify trial counsel's judgment on trial strategy. In reality, trial counsel's conduct and strategy far exceed those standards of *Strickland v. Washington,* 466 U.S. 669 (1984). Further, the resources requested by counsel in these motions are not likely to lead to a different result. Mr. Nelson received a fair trial. Appellate counsel is reminded that excessive expenditures of judicial resources have their limits.

14. It is apparent from this order that Judge Gaitan has predetermined that I will lose my bid to vacate, set aside or correct my sentence and judgment.

15. It is apparent from this order that Judge Gaitan has an unyielding favoritism toward my trial attorneys (and correspondingly to the United States) and against my post-conviction attorneys.

16. It is apparent that I cannot present any amount of evidence that will persuade Judge Gaitan that my trial attorneys did not provide me representation in accord with *Strickland v. Washington.*

8-18-06
Date

Keith Nelson 8-18-06

Keith D. Nelson, #07440031
USP - Terre Haute
P.O. Box 33
Terre Haute, IN 47808