IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| KEITH D. NELSON, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | Case No. 04-8005-CV-W-FJG-P |
| v. | ) | Crim. No. 99-00303-01-CR-W-FJG |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

GOVERNMENT'S MOTION TO CLARIFY THE
COURT'S ORDER OF JULY 10, 2006 - DOCUMENT NO. 50

Comes now the United States of America, by and through Bradley J. Schlozman, United States Attorney, and Matt J. Whitworth, First Assistant United States Attorney, and files the following Motion to Clarify the Court's Order of July 10, 2006 - Document No. 50. In support, counsel for the United States states as follows:

1. On November 6, 2005, movant filed a motion pursuant to 28 U.S.C. § 2255 to set aside his judgment of conviction and sentence of death. Among the grounds alleged in the motion were that counsel in the criminal case failed to provide constitutionally effective representation. The United States filed its suggestions in opposition taking the position that trial counsel were constitutionally effective in their representation of Nelson.

2. On June 2, 2006, Nelson's present counsel filed a motion seeking an order to unseal certain *ex parte* motions for expert, investigative and other assistance filed in connection with the criminal case. (See Exhibit 1.) The motions were previously available to Nelson's counsel, but not to the United States. Additionally, in order to show the efforts made by counsel in the § 2255 proceeding to establish the prejudice prong of *Strickland v. Washington*, present counsel

also sought an order unsealing certain applications, and the Court's ruling on those applications, regarding the funding of expert, investigative and other assistance in the § 2255 proceeding.

3. In Nelson's motion filed on June 2, 2006, present counsel explicitly waived any work-product claim regarding the applications made during the criminal case and the post-conviction § 2255 proceeding (see Exhibit 1, ¶ 2).

4. In Nelson's motion, present counsel listed a significant number of sealed documents. The United States seeks access to the previously sealed documents in order to effectively respond to Nelson's claims of ineffective assistance.

5. Nelson has placed trial counsel's penalty phase preparation and investigation at issue in his § 2255 filing, and the reasonableness of that investigation cannot be measured without reference to what funding was requested and when and how that funding was utilized.

6. On July 10, 2006, this Court entered an order, Document No. 50 (see Exhibit 2), which stated in pertinent part as follows:

> Movant's motion to unseal certain *ex parte* motions filed by the defense and the corresponding orders entered in both *United States v Nelson and Nelson v. United States* (Doc. #47), is granted. The Court orders the numbered documents referenced in movant's motion (Doc. #47) unsealed.

7. Subsequently, present counsel filed a motion to disqualify this Court. In his motion, Nelson contended that this Court's order of February 28, 2006, denying his request for funding of expert and investigative assistance constitutes a basis for the Court's disqualification and recusal.

8. In an effort to fully respond to the allegations of Nelson, counsel for the United States attempted to obtain access to the previously sealed documents described in Nelson's motion to unseal filed on June 2, 2006. Counsel for the United States was unable to access the documents

utilizing the Court's electronic case filing (ECF) system. On page 3 of its response to Nelson's motion to disqualify this Court, the government noted in footnote 1 that it had not received copies of the motions and further noted that it was unable to access the motions on the district court's ECF system, in spite of the fact that this Court had unsealed the motions in its order of July 10, 2006.

9. It is clear that Nelson's counsel no longer have any objection to the government having access to the previously sealed motions. In support, in addition to the language in Nelson's motion to unseal certain *ex parte* motions filed by the defense and the corresponding orders entered in both *United States v. Nelson* and *Nelson v. United States,* in ¶ 2 present counsel explicitly waived any work-product claim regarding the applications made during the criminal case and the post-conviction § 2255 proceeding.

10. As further evidence of the fact that present counsel no longer have any objection to the government having access to these documents, counsel for the United States received an e-mail from Gary E. Brotherton, present counsel for Nelson, on Thursday, September 28, 2006. (See Exhibit 3.) In his e-mail Mr. Brotherton provided a copy of the Court's order of July 10, 2006 and clearly indicated that government counsel should have access to the previously sealed documents described in Nelson's motion to unseal certain *ex parte* motions, Document No. 47.

11. On Friday, October 6, 2006, counsel for the United States received a message from Rhonda Enss, Courtroom Deputy, indicating the Court's desire for the government to file a motion to clarify the Court's order of July 10, 2006, Document No. 50.

Wherefore, the United States respectfully requests that the Court enter an order directing the Clerk's Office to unseal the documents referenced in Nelson's motion to Unseal Certain *Ex*

*Parte* Motions Filed by the Defense and the Corresponding Orders Entered in Both *United States v. Nelson* and *Nelson v. United States*, Document No. 47, and be further directed to provide copies of those motions to counsel for the United States in order that government counsel may fully understand the claims made by Nelson regarding the effectiveness of the representation of his trial counsel.

Respectfully submitted,

Bradley J. Schlozman
United States Attorney

By */s/ Matt J. Whitworth*

Matt J. Whitworth #33322
First Assistant United States Attorney

Charles Evans Whittaker Courthouse
400 East 9th Street, 5th Floor
Kansas City, Missouri 64106
Telephone: (816) 426-3122

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was delivered on October 10, 2006, to the CM-ECF system of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record.

*/s/ Matt J. Whitworth*
Matt J. Whitworth
First Assistant United States Attorney