C:\Case Files\Nelson\Motions\Motion to unseal ex parte filings 06-02-2006.wpd

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| KEITH D. NELSON, | ) | |
| Movant, | ) | |
| | ) | |
| vs. | ) | 4:04-cv-8005(FJG) |
| | ) | Crim. No. 99-0303-01CR-W-FJG |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

Motion to Unseal Certain *Ex Parte* Motions filed by the Defense and the Corresponding Orders Entered in both *United States v. Nelson* and *Nelson v. United States*

COMES NOW Keith D. Nelson, by his attorneys David A. Ruhnke and Gary E. Brotherton, for an order unsealing certain *ex parte* motions filed by the defense, together with the corresponding sealed orders, in *United States v. Nelson,* No. 4:99-cr-00303-FJG ("the criminal case") and in this case ("the 2255 case"). The grounds for this motion are set forth in the following numbered paragraphs:

1. On November 6, 2005, Movant filed a motion pursuant to 28 U.S.C. § 2255 to set aside his judgment of conviction and sentence of death. Among the grounds alleged in the motion are that counsel in the criminal case failed to provide effective representation. The United States, in answering the motion, has taken the position that counsel were effective in representing Movant. Movant's present counsel now seek an order to unseal

certain *ex parte* motions for expert, investigative and other assistance filed in connection with the criminal case. These have previously been made available to Movant's counsel, but not to the United States. Additionally, in order to show the efforts made by counsel in the 2255 proceeding to establish the prejudice prong of *Strickland v. Washington*, counsel also seek an order unsealing certain applications, and the Court's rulings on those applications, regarding the funding of expert, investigative and other assistance in the 2255 proceeding.

2. Counsel explicitly waive any work-product claim regarding the applications made during the criminal case and the post-conviction 2255 proceeding.

3. Undersigned counsel cannot fully litigate trial counsel's ineffectiveness without referencing the following sealed motions and orders in the underlying criminal case:

a. Document 68 (mitigation specialist);
b. Document 70 (Order);
c. Document 85 (travel money);
d. Document 90 (interim payment);
e. Document 111 (travel money);
f. Document 117 (paralegal assistance);
g. Document 123 (funding for psychological exam);
h. Document 125 (funding for psychological exam);
   Document 139 (Order)
i. Document 126 (Order);
j. Document 131 (funding for DNA testing);
   Document 170 (Order);
k. Document 139 (funding for psychologist);
l. Document 147 (funding for crime scene investigator);
   Document 169 (Order)
m. Document 150 (funding for paralegal);
   Document 165 (Order);
n. Document 152 (travel money);
o. Document 161 (funding for mitigation investigator);
p. Document 163 (funding for psychologist);
   Document 175 (Order);
q. Document 165 (funding for paralegal);
r. Document 167 (funding for neuropsychiatrist);

s. Document 170 (travel money);
t. Document 174 (funding for investigator);
u. Document 177 (funding for venue analysis);
v. Document 180 (funding for pathologist);
   Document 210 (Order);
w. Document 192 (travel money);
x. Document 217 (travel money);
   Document 218 (Order);
y. Document 229 (travel money);
   Document 227 (Order);
z. Document 248 (travel money);
aa. Document 250 (travel money);
bb. Document 257 (travel money);
cc. Document 274 (funding for psychologist);
dd. Document 280 (travel money);
ee. Document 298 (travel money);
ff. Document 303 (travel money);
gg. Document 314 (funding for psychologist); and
hh. Document 353 (travel money).

4. It is also necessary for present counsel to unseal certain of their motions for the funding of expert and investigative assistance in the 2255 case and the corresponding orders:

a. Document 15 – Motion filed 7/10/2005 funding for neuropsychologist and mitigation specialist;
b. Document 20 – Order entered 8/30/2005
c. Document 24 – Motion filed 10/30/2005 for additional funding for mitigation specialist;
d. Document 29 – Motion filed 11/23/2005 for funding clinical psychologist; and
e. Document 31 – Motion filed 12/5/2205 for funding legal expert.
f. Order entered 2/28/2006.

5. The above-described motions, and corresponding orders, were sealed at the request of the defense in order to put indigent defendants in the same position as defendants who are able to hire private counsel – *i.e.*, since private counsel's investigation and strategy would not be known by the government, neither should appointed counsel's investigation and strategy. In the present posture of the case – especially in light of the allegations of

ineffective representation – the case is in a different posture and the need for sealing the motions and order is no longer present.

6. Trial counsel's penalty-phase preparation and investigation is directly at issue in this 2255 action, and the reasonableness of that investigation cannot be measured without reference to what funding was requested and when and how that funding was utilized. Also at issue is whether, assuming ineffective representation, the prejudice prong of *Strickland* has been established. This requires an examination of efforts made by 2255 counsel to hire appropriate experts to establish prejudice.

WHEREFORE, Movant seeks an order from this Court unsealing certain *ex parte* motions filed by the defense and the corresponding sealed orders entered by the Court in both the criminal case and the 2255 case, and for such other relief as this Court deems just and proper.

Respectfully submitted,

/s/ David A. Ruhnke
Ruhnke & Barrett
47 Park Street
Montclair, New Jersey 07042
(973)744-1000
(973)746-1490
davidruhnke@ruhnkeandbarrett.com
Co-counsel to Movant, Keith Nelson

/s/ Gary E. Brotherton
2101 Chapel Plaza Court, Ste. 13
Columbia, MO 65203
(573)875-1571
(573)875-1572 (fax)
gebrotherton@legalwritesllc.com
Co-counsel to Movant, Keith Nelson

CERTIFICATE OF SERVICE

This will certify that, on today's date, this motion was served upon the United States by filing via ECF.

/s/ David A. Ruhnke
DAVID A. RUHNKE

Dated: Columbia, Missouri
Montclair, New Jersey
June 2, 2006