IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| KEITH D. NELSON, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | Case No. 04-8005-CV-W-FJG-P |
| v. | ) | Crim. No. 99-00303-01-CR-W-FJG |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**GOVERNMENT'S RESPONSE TO NELSON'S**
**<u>MOTION FOR RELIEF PURSUANT TO FED. R. CIV. P. 59</u>**

Comes now the United States of America, by and through Bradley J. Schlozman, United States Attorney, and Matt J. Whitworth, First Assistant United States Attorney, and files the following response to movant Nelson's motion for relief filed pursuant to Fed. R. Civ. P. 59. The United States respectfully requests the Court to enter an order denying Nelson's motion for relief.

## Background

### A. Procedural History

On October 12, 1999, 10-year-old Pamela Butler was kidnapped by Nelson. Two days later, a complaint was filed charging Nelson with kidnapping. On October 15, 1999, Pamela Butler's dead body was recovered from the woods near a church in Grain Valley, Missouri.

One week later, a federal grand jury in the Western District of Missouri returned a two-count indictment charging Nelson with kidnapping resulting in death, in violation of 18 U.S.C. § 1201, and transportation of a minor for sexual relations resulting in death, in violation of 18 U.S.C. § 2241. The United States subsequently filed a "Notice of Intent to Seek the Death Penalty."

On October 25, 2001, over two years after the crime, Nelson entered a guilty plea to the charge of kidnapping resulting in death.

On November 13, 2001, a jury was selected to hear the penalty proceedings of the case, which began on November 19. On November 28, the jury returned a verdict of death against Nelson for the kidnapping and subsequent murder of Pamela Butler.

Judgment was imposed by this Court in accordance with the jury's verdict on March 12, 2002, and Nelson was sentenced to death.

Nelson appealed his conviction and sentence to the United States Court of Appeals for the Eighth Circuit in Case No. 02-1757. On October 22, 2003, Nelson's conviction and sentence were affirmed in *United States v. Nelson*, 347 F.3d 701 (8th Cir. 2003). Nelson raised the following issues on direct appeal:

> 1. Whether Nelson received a fair trial by an impartial jury when the district court properly denied Nelson's (1) motion for change of venue; (2) motion for sequestered jury; and (3) motion for additional peremptory strikes;
>
> 2. Whether the district court conducted a constitutionally effective voir dire that reasonably assured Nelson's right to a fair and impartial jury;
>
> 3. Whether the district court properly denied Nelson's challenges for cause and properly granted the government's challenges for cause;
>
> 4. Whether the district court properly instructed the jury on the correct legal standards that it was to use in deliberating on a just verdict; and
>
> 5. Whether the district court properly admitted victim impact evidence.

On November 8, 2004, the Supreme Court of the United States denied Nelson's request for a writ of certiorari review in Case No. 03-10620. *See Nelson v. United States*, 543 U.S. 978 (2004).

On November 10, 2004, Nelson filed a motion seeking the appointment of counsel to represent him in connection with a post-conviction challenge to his conviction and sentence. On December 14, 2004, Nelson's present counsel, Gary E. Brotherton of Columbia, Missouri, and David A. Ruhnke of Montclair, New Jersey, were appointed by the Court. On November 6, 2005, Nelson filed a motion pursuant to 28 U.S.C. § 2255 to set aside his conviction and sentence of death.

On February 24, 2006, the United States filed its suggestions in opposition to Nelson's motion filed pursuant to § 2255 to set aside his conviction and sentence of death. Nelson filed a response to the government's suggestions in opposition on August 21, 2006. On that same date, August 21, 2006, Nelson filed a motion to disqualify this Court from further participation in the case. The United States filed its response to Nelson's motion to disqualify on September 18, 2006. Nelson then filed a reply to the government's suggestions in opposition on October 24, 2006.

On November 21, 2006, this Court entered an order denying both Nelson's disqualification motion and his motion to set aside the judgment. Nelson now seeks a new trial pursuant to Fed. R. Civ. P. 59.

**B. <u>Argument</u>**

On pp. 5-7 of Nelson's pending motion filed pursuant to Fed. R. Civ. P. 59, Nelson describes in detail the additional evidence he would have presented at a hearing if this Court had granted his request for an evidentiary hearing. All of the proffered testimony set forth by Nelson in his motion relates to additional evidence Nelson's present counsel contend could have been presented at trial and additional arguments which could have been made on appeal. The

proffered evidence focuses primarily on additional mitigation and mental health evidence which could have been presented by Nelson during the penalty phase. Additionally, present counsel spend a great deal of time second-guessing and criticizing trial and appellate counsel's performance. The appropriate question which must be asked, and upon which this Court has already correctly reached a conclusion, is whether Nelson received constitutionally effective representation at trial and on appeal. A review of the substantial evidence presented by Nelson's trial counsel and the issues raised by Nelson's appellate counsel clearly support this Court's order of November 21, 2006 denying Nelson's petition filed pursuant to 28 U.S.C. § 2255.

In the response to Nelson's motion filed pursuant to 28 U.S.C. § 2255, government counsel set forth in detail on pp. 13-19 the extensive mitigation evidence presented at trial. Nelson was represented at trial by Patrick Berrigan and Susan Hunt, two highly experienced litigators who specialize in the field of criminal defense and capital litigation. It is unnecessary to repeat the extensive evidence presented in mitigation at trial again in this response. It is apparent this Court carefully reviewed the mitigation evidence presented, observed the proceedings during trial, and correctly determined that an evidentiary hearing was unnecessary to reach a conclusion as to whether Nelson received constitutionally effective representation at trial.

Likewise, Nelson contends in his motion that his appellate counsel were ineffective by failing to raise a variety of issues on appeal. Again, Nelson was represented by experienced criminal defense counsel on appeal, that is, Susan Hunt and Jennifer Herndon. This Court's previous determination that Nelson received constitutionally effective representation on appeal was also correct.

When this Court entered its order denying Nelson's motion filed pursuant to 28 U.S.C. § 2255 it noted:

> The reasons movant alleges are not meritorious and not supported by the record. The claims of ineffective assistance of trial and appellate counsel fall within the broad perimeters of trial strategy. *Lockhart v. Fretwell*, 506 U.S. 364 (1993).

Again, this Court's determination was correct and should not be revisited. Nelson's present counsel also continue to persist in their claims that Nelson's trial counsel should have presented mental health evidence. However, Nelson's decision not to make himself available for examination by the government's mental health experts precluded the use of his own mental health experts pursuant to Fed. R. Crim. P. 12.2(d)(1)(B) and (2). As this Court noted in its order of November 21, 2006:

> That was a decision movant made with knowledge of the consequences. The record is clear on that point and set forth in this Court's order (Doc. #403), filed November 19, 2001. While the government has requested that movant's trial and appellate counsel submit affidavits or to a hearing to further explain their reasons for this strategy, this Court finds no further record is necessary.

Trial counsel and Nelson made a strategic decision not to present a mental health defense because they did not want Nelson to be subjected to interviews by the government's mental health experts. Indeed, this Court entered a five page order on November 19, 2001, describing in detail why it was granting the government's motion to bar the defendant from presenting mental health evidence. The final decision not to present mental health mitigation evidence was Nelson's decision, not the choice of his trial counsel. A lawyer can give advice to a client, but the ultimate decision on how to proceed is the client's. Here, the record is clear that it was Nelson who insisted that he did not want to pursue a mental health defense. In addition, contrary to Nelson's present assertion, trial counsel did consult mental health experts and Nelson met

with Dr. Foster, a mental health expert, prior to trial. Further, at a pretrial conference on October 18, 2001, the issue of Nelson's refusal to submit to an examination by the government's mental health experts was discussed in detail. Based upon a review of the transcript, it is abundantly clear that Nelson understood the consequences of his refusal to submit to an examination by the government's mental health expert. The government previously set forth in its suggestions in opposition to Nelson's motion filed pursuant to 28 U.S.C. § 2255, those portions of the transcript which make it obvious that Nelson knowingly waived his right to present mental health evidence. (*See* government's response at pp. 24-29.) In addition, at Nelson's guilty plea to the charge of kidnapping resulting in death on October 25, 2001, a record was made of Nelson's mental health. Again, the record is clear that Nelson did not believe he was suffering from any type of mental disease or defect. (*See* government's response at pp. 31-33.) Consequently, this Court correctly ruled in its order of November 21, 2006, that additional evidence was unnecessary on the issue concerning Nelson's decision not to present mental health evidence during his sentencing hearing.

Nelson also has attached the affidavit of Dr. Natalie Novick-Brown, Ph.D., to his motion filed pursuant to Rule 59. In her affidavit, Dr. Novick-Brown offers her opinion that Nelson suffers from fetal alcohol syndrome. However, one glaring problem with Dr. Novick-Brown's opinion is that Nancy Nelson, mother of Keith Nelson, denies the use of alcohol or drugs during her pregnancy with Keith Nelson. Consequently, the opinion of Dr. Novick-Brown is highly suspect and speculative under the circumstances. Further, the proffered evidence from Dr. Novick-Brown would have added nothing to the extensive mitigation evidence which was actually presented by Nelson's trial counsel.

## C. Legal Authority

Title 28, United States Code, Section 2255 provides for an evidentiary hearing under the following circumstances:

> Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the Court shall cause notice thereof to be served upon the United States Attorney, grant a prompt hearing thereon, determine the issues and make findings and facts and conclusions of law with respect thereto.

Here, the Court in its order of November 21, 2006, determined that no further record was necessary. The Court further determined that the issues presented by Nelson were resolvable by the record and that Nelson had received a fair trial. The Court noted in its order as follows:

> Movant received a fair trial. He had the benefit of trial and appellate counsel, skilled in representing persons charged with capital offenses. I know of no trial which is error free however, there were no errors in movant's trial requiring a reversal or resentence.

*See* p. 2 of Court's order of November 21, 2006.

A district court's decision to deny an evidentiary hearing on a motion to vacate, set aside, or correct a sentence is reviewed for abuse of discretion. A motion to vacate, set aside, or correct a sentence can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief; or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact. *United States v. Regenos*, 405 F.3d 691, 692-94 (8th Cir. 2005). *See also Kingsberry v. United States*, 202 F.3d 1030, 1032 (8th Cir. 2000). The Court of Appeals reviews *de novo* the denial of a motion to vacate, set aside, or correct sentence without an evidentiary hearing, and will affirm only if the motion, files, and record conclusively show movant is not entitled to relief. *Latorre v. United States*, 193 F.3d 1035, 1038 (8th Cir. 1999). Under the

*Strickland* test for ineffective assistance of counsel, a defendant must make a two-prong showing and the Court need not address both components if the defendant makes an insufficient showing on one of the prongs: (1) a defendant must show that counsel's representation fell below an objective standard of reasonableness; and (2) a defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Engelen v. United States*, 68 F.3d 238, 241 (8th Cir. 1995).

Here, this Court has correctly determined that Nelson has not conclusively demonstrated that he is entitled to relief. It is also clear that trial and appellate counsel's representation never fell below an objective standard of reasonableness. Indeed, the Court noted in its order of November 21, 2006, that Nelson's allegations were not meritorious and were not supported by the record. The Court further noted that Nelson's claims of ineffective assistance of trial and appellate counsel fell within the broad perimeters of trial strategy. In particular, the Court specifically noted that Nelson had received a fair trial and that he had the benefit of trial and appellate counsel's skill in representing persons charged with capital offenses. This Court has not abused its discretion and its determination that an evidentiary hearing is unnecessary is a

sound decision. Consequently, the United States respectfully requests that this Court enter an order denying defendant's motion for relief filed pursuant to Fed. R. Civ. P. 59.

Respectfully submitted,

Bradley J. Schlozman
United States Attorney

By *(/s/ Matt J. Whitworth)*

Matt J. Whitworth #33322
First Assistant United States Attorney

Charles Evans Whittaker Courthouse
400 East 9th Street, 5th Floor
Kansas City, Missouri 64106
Telephone: (816) 426-3122

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was delivered on January 3, 2007 to the CM-ECF system of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record.

*/s/ Matt J. Whitworth*
Matt J. Whitworth
First Assistant United States Attorney