# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

KEITH D. NELSON,           )
    Petitioner,            )
                           )
vs.                        )          4:04-CV-8005-FJG
                           )
UNITED STATES OF AMERICA,  )
    Respondent.            )

## ORDER

Currently pending before the Court is petitioner's Motion for Relief Pursuant to Fed.R.Civ.P. 59 (Doc. # 63).

### I. BACKGROUND

On November 21, 2006, the Court denied petitioner's Motion to disqualify and recuse and petitioner's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. Petitioner has now filed a Motion pursuant to Fed.R.Civ.P. 59 requesting that the Court vacate the judgment and take testimony regarding the allegations presented in the petition. Petitioner states that had the Court conducted an evidentiary hearing, he would have called the following witnesses to testify: 1) Patrick Berrigan, trial counsel; 2) Susan Hunt, trial and appellate counsel; 3) Jennifer Herndon, appellate counsel; 4) Daniel Foster, psychologist who evaluated petitioner before the trial; 5) Tena Francis, mitigation specialist; 6) Deborah Haddid, investigator who worked for Ms. Francis; 7) Jill Miller, mitigation investigator and 8) Michael Gelbort, neuropsychologist who examined petitioner in 2005. Petitioner states that many of the claims presented in his § 2255 motion focused on matters which his counsel failed to

pursue and thus this Court can assign no tactical judgment to those decisions without hearing from counsel.  Additionally, petitioner states that no mental health evidence was presented at his trial and this was the result of failings by his counsel.  Petitioner states that this was an area that he and his counsel were prepared to develop at the evidentiary hearing.  Petitioner states that "[i]t is the heart of this application that Petitioner's trial counsel could not have made a reasonable tactical judgment not to offer the results of a neuropsychological evaluation, or other mental-health evaluations, without having conducted such evaluations in a timely fashion or, indeed, at all.  Similarly, in the absence of a complete mitigation investigation, Movants' trial counsel could not have made reasonable tactical judgments about the scope and nature of the case in mitigation that would be presented."  (Motion for Relief, pp. 14-15).

      The Government states in response that petitioner received constitutionally effective representation at his trial and on appeal.  The Government notes that extensive mitigation evidence was presented and that petitioner was represented by two very experienced trial attorneys who specialized in the field of capital litigation and criminal defense work.  The Government also notes that petitioner was well represented by experienced counsel during his appeal as well.   With regard to the issue of mental health, the Government notes that trial counsel and petitioner made a strategic decision not to present a mental health defense because they did not want petitioner to be subjected to the government's mental health experts.  The Government also notes that trial counsel did consult with mental health experts and petitioner met with Dr. Foster, a mental health expert, prior to the beginning of trial.  A record of petitioner's mental health was also made during petitioner's guilty plea on October 25, 2001.

## II. STANDARD

A motion to alter or amend judgment pursuant to Fed.R.Civ.P. 59(e) serves the limited purpose of correcting manifest errors of law or fact or presenting newly discovered evidence. . . . It is not appropriate to use a Rule 59(e) motion to repeat arguments or to raise new arguments that could have been made before judgment. . . . District courts have broad discretion when deciding whether or not to grant a motion to amend judgment.

In re General Motors Corp. Anti-Lock Brake Products Liability Litigation, 174 F.R.D. 444, 446 (E.D.Mo. 1997), aff'd sub nom. Briehl v. General Motors Corp., 172 F.3d 623 (8th Cir. 1999)(citations and internal quotations omitted). See also, Peters v. General Service Bureau, Inc., 277 F.3d 1051,1057 (8th Cir. 2002)("Arguments and evidence which could have been presented earlier in the proceedings cannot be presented in a Rule 59(e) motion.").

28 U.S.C. § 2255 states in part:

> Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

"A § 2255 motion can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." Baranski v. U.S., No. 4:05CV657 CAS, 2006 WL 472451, *3 (E.D.Mo. Feb. 27, 2006)(internal citations and quotations omitted).

## III. DISCUSSION

3

The Court does not believe that there were any errors or law or fact which require that the judgment entered on November 21, 2006 be altered or amended. The Court reviewed the extensive briefing provided by the parties on the § 2255 motion and additionally had the benefit of viewing the trial proceedings firsthand. As was noted in the Order, petitioner's claims of ineffective assistance of trial and appellate counsel fall within the broad parameters of trial strategy. To prevail on a claim of ineffective assistance of counsel, a movant must show that the attorney's performance fell below an objective standard of reasonableness and that the performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). The Court is to adopt an extremely deferential approach in evaluating counsel's performance. 466 U.S. at 689, 104 S.Ct. at 2065-66. There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Id. Additionally, to establish prejudice, the movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." 466 U.S. at 694, 104 S.Ct. at 2068.

This is not a case where petitioner's trial counsel failed to develop any mitigation evidence or call any mitigation witnesses. The Government in its Suggestions in Opposition to petitioner's § 2255 motion, outlined the extensive mitigation evidence that was presented during the trial. (Doc. # 39, pp. 13-19). Petitioner's counsel called petitioner's mother, Nancy Nelson, Mary Smith, Nelson's aunt, Georganna Romero, another aunt, Irene Wood, a family friend, Melvin Lister, a prison guard, Lt. Bruce Roberts, a prison guard, Kenneth Nelson, Keith Nelson's brother, David Cunningham, Nelson's former employer, Steve Nelson, another brother of Keith Nelson, Gene

4

Thompson, a former landlord for the Nelson family, Rhonda Monroe, a former babysitter, Jennifer Monroe, daughter of Rhonda Monroe who babysat the Nelson boys, Ellen Crutsinger, former teacher, Michael Griffith, former neighbor and Homer Dear, former school principal. In addition to these witnesses, petitioner's counsel called Mark Cunningham who testified about the effect of childhood abuse and neglect on Nelson's character and development.

Petitioner argues that additional mitigation evidence could have been developed and that mental health testing and evaluations should have been conducted and presented to the jury. However, as the Court noted previously, petitioner decided that he did not want to make himself available for examination by the government's mental health experts. Thus, this precluded the use of petitioner's mental health experts. With regard to the mitigation evidence, there were undoubtably more witnesses that could have been located and called to testify. In hindsight it is easy to second guess and argue that more should have been done, more witnesses called, more evidence presented. However, the reality is that there is a limit on both time and money, even in capital proceedings. The Court finds that petitioner's counsels' conduct did not fall below an objective standard of reasonableness. He was represented by two very experienced counsel who had specific experience in capital cases. Therefore, the Court does not find that petitioner has met the requirements of Strickland. Thus, because the Court finds that the records and file conclusively show that petitioner is entitled to no relief, the Court found that no hearing was necessary on petitioner's motion. The Court finds that petitioner has presented no reason in his Rule 59 motion to alter that conclusion.

### IV. CONCLUSION

Accordingly, for the reasons stated above, the Court hereby **DENIES** petitioner's

Motion for Relief Pursuant to Fed.R.Civ.P. 59 (Doc. # 63).


Date: 4/13/07
Kansas City, Missouri

**S/ FERNANDO J. GAITAN, JR.**
Fernando J. Gaitan, Jr.
Chief United States District Judge