IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| KEITH D. NELSON, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | Case No. 04-8005-CV-W-FJG-P |
| v. | ) | Crim. No. 99-00303-01-CR-W-FJG |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**GOVERNMENT'S OPPOSITION TO NELSON'S MOTION**
**FOR ISSUANCE OF A CERTIFICATE OF APPEALABILITY**

Comes now the United States of America, by and through John F. Wood, United States Attorney, and Matt J. Whitworth, First Assistant United States Attorney, and respectfully requests the Court to enter an Order denying Nelson's Motion for Issuance of a Certificate of Appealability of this Court's denial of his motion filed pursuant to Title 28, United States Code, Section 2255. In support, counsel for the United States states as follows:

## A. REQUIREMENT FOR A CERTIFICATE OF APPEALABILITY

To obtain a Certificate of Appealability (COA) under Section 2253(c), the defendant must make "a substantial showing of the denial of a constitutional right" on each issue he seeks to appeal. The reference to a "constitutional" right in Section 2253(c)(2) restricts appellate review to constitutional claims, rather than claims based on another source of federal law, such as a statute, rule, or sentencing guideline. *See United States v. Cepero*, 224 F.3d 256, 262-67 (3rd Cir. 2000) (en banc).

The Supreme Court held in *Slack v. McDaniel* that when a district court rejects a prisoner's constitutional claim on the merits, the prisoner is entitled to a COA if he shows that "reasonable jurists would find the district court's assessment of the constitutional claim

debatable or wrong." 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003). In *Miller-El*, the court clarified the showing required to obtain a COA, explaining that a court of appeals considering whether to grant a COA should "limit its examination to a threshold inquiry into the underlying merit of [the prisoners] claims," and should grant a COA if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims or . . . jurists of reason could conclude the issues presented are adequate to deserve encouragement to proceed further." 537 U.S. at 327. The court emphasized that to demonstrate that a claim is "debatable," the prisoner is not required to show that "some jurists would grant the petition"; rather, "a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that [the prisoner] will not prevail." 527 U.S. at 338.

## B. NELSON RECEIVED CONSTITUTIONALLY EFFECTIVE REPRESENTATION AT TRIAL AND ON APPEAL

Here, Nelson received constitutionally effective representation both at his trial and on appeal. Defense counsel presented extensive mitigation evidence at trial and Nelson was also represented by two very experienced trial attorneys who specialized in the field of capital litigation and criminal defense. In addition, Nelson was well represented by experienced counsel on appeal. Trial counsel for Nelson made a strategic decision not to present a mental health defense because they did not want petitioner to be subjected to interviews by the government's mental health experts. In addition, trial counsel did consult with mental health experts and, in fact, Nelson met with Dr. Foster, a mental health expert, prior to the beginning of his trial. A thorough record of Nelson's mental health was made during his guilty plea on October 25, 2001.

This Court, which heard the jury trial and is thoroughly familiar with the record, did not believe there were any errors of law or fact requiring that the judgment entered on November 21, 2006 should be altered or amended. The Court reviewed extensive briefing provided by the parties on the Section 2255 motion and additionally had the benefit of viewing the trial proceedings firsthand.[1] The Court determined that Nelson's claims of ineffective assistance of trial and appellate counsel fell within the broad parameters of trial strategy. In order to prevail on a claim of ineffective assistance of counsel, Nelson must show that the attorney's performance fell below an objective standard of reasonableness and that the performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The Court is required to adopt an extremely deferential approach in evaluating counsel's performance. 466 U.S. at 689. There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.* Additionally, to establish prejudice, Nelson must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." 466 U.S. at 694.

This is not a case where petitioner's trial counsel failed to develop any mitigation evidence or call any mitigation witnesses. In the government's suggestions in opposition to

---

[1] Nelson was not given a hearing on his 2255 motion. A district court's decision to deny an evidentiary hearing on a motion to vacate, set aside, or correct a sentence is reviewed for abuse of discretion. A motion to vacate, set aside, or correct a sentence can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle petitioner to relief; or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact. *United States v. Regenos*, 405 F.3d 691, 692-94 (8th Cir. 2005). *See also Kingsberry v. United States*, 202 F.3d 1030, 1032 (8th Cir. 2000).

Nelson's 2255 motion, it outlined the extensive mitigation evidence that was presented during the trial. (Doc. 39, pp. 13-19.)

Nelson continues to argue that additional mitigation evidence could have been developed and that mental health testing and evaluation should have been conducted and presented to the jury. However, Nelson decided that he did not want to make himself available for examination by the government's mental health experts. Consequently, he was precluded by statute from using his own mental health experts. Nelson has listed a large number of additional witnesses that could have been called to testify. It is easy to second-guess and argue that more should have been done, more witnesses should have been called, and more evidence should have been presented. However, it is not credible to suggest that Nelson's trial and appellate counsel's performance fell below an objective standard of reasonableness. Jurists of reason could not reasonably disagree with this Court's resolution of Nelson's constitutional claims. In addition, jurists could not conclude that the issues presented should proceed further.

This Court correctly determined that Nelson had not conclusively demonstrated that he is entitled to relief. It is also clear that trial and appellate counsel's representation never fell below an objective standard of reasonableness. Indeed, the Court noted in its order of November 21, 2006, that Nelson's allegations were not meritorious and were not supported by the record. This Court has not abused its discretion and its determination that an evidentiary hearing was unnecessary was a sound decision. Nelson simply has not met his burden of demonstrating that any of his constitutional rights were denied. Indeed, he has made no showing whatsoever that any of his constitutional rights were denied. No reasonable jurist could disagree.

## CONCLUSION

Consequently, the United States respectfully requests that this Court to enter an Order denying Nelson's Motion for Issuance of a Certificate of Appealability.

Respectfully submitted,

John F. Wood
United States Attorney

By */s/ Matt J. Whitworth*

Matt J. Whitworth #33322
First Assistant United States Attorney

Charles Evans Whittaker Courthouse
400 East 9th Street, 5th Floor
Kansas City, Missouri 64106
Telephone: (816) 426-3122

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was delivered on June 25, 2007 to the CM-ECF system of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record.

*/s/ Matt J. Whitworth*
Matt J. Whitworth
First Assistant United States Attorney