IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| KEITH D. NELSON, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | Case No. 04-8005-CV-W-FJG-P |
| v. | ) | Crim. No. 99-00303-01-CR-W-FJG |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

MOTION OF THE UNITED STATES FOR AN ORDER REQUIRING TRIAL AND APPELLATE COUNSEL, PAT BERRIGAN AND SUSAN HUNT, TO PREPARE AFFIDAVITS IN RESPONSE TO NELSON'S ALLEGATIONS OF INEFFECTIVE ASSISTANCE OF COUNSEL FILED PURSUANT TO TITLE 28, UNITED STATES CODE, SECTION 2255

The United States of America by Beth Phillips, United States Attorney, and Jeffrey Valenti and David Ketchmark, Assistant United States Attorneys, respectfully request the Court to enter an order requiring trial and appellate counsel for Movant Keith D. Nelson to individually prepare an affidavit in response to Nelson's allegations of ineffective assistance of counsel.

In support, counsel for the United States states as follows:

1. On November 6, 2005, Movant Keith D. Nelson, by and through counsel, filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to Title 28, United States Code, Section 2255. The motion was 19 pages long and raised a multitude of issues including multiple allegations of constitutionally ineffective assistance of counsel during pretrial preparation, during the jury trial, and on appeal. In his motion, Nelson was

highly critical of trial and appellate counsel, claiming that their representation was constitutionally inadequate.

2. On February 24, 2006, counsel for the United States filed its response to Nelson's Motion to Vacate, Set Aside, or Correct Sentence. During the preparation of said response, the United States sought affidavits from trial and appellate counsel, Patrick Berrigan and Susan Hunt, which each politely declined to provide.

3. On November 21, 2006, this Court issued an opinion denying the movant's claims in their entirety. Additionally, a certificate of appealability was denied.

4. After taking an appeal of that decision, on October 27, 2008, a panel of the Eighth Circuit Court of Appeals, issued an opinion granting a certificate of appealability on six of the allegations of error raised by movant.

5. A hearing is currently scheduled for Monday, June 14, 2010 before this honorable court on the following six allegations of ineffective assistance of counsel:

a. Failure of trial counsel to conduct adequate mitigation investigation including failure to move for a continuance to complete the mitigation investigation;

b. Failure of trial counsel to conduct adequate investigation of defendant's mental health;

c. Trial counsel's advice or instruction to the defendant to decline to submit to a mental health examination by a government examiner;

d. Failure of trial counsel to make objections to the allegedly inflammatory and improper comments in the Government's closing argument and rebuttal argument;

e. Failure of appellate counsel to conduct adequate review of the trial record and the law; and

f. Failure of appellate counsel to raise on appeal the Government's allegedly improper comments in closing arguments.

6. In order to adequately respond to the remaining allegations made by Nelson, as well as to assist in preparing for the scheduled hearing next summer, the government needs an affidavit from Patrick Berrigan and Susan Hunt. The United States believes that many of the allegations are, in all likelihood, the result of strategical decisions by counsel for which there are entirely reasonable explanations.

7. The government has requested both Mr. Berrigan and Ms. Hunt to prepare an affidavit addressing the ineffective assistance of counsel issues; however, each has declined to do so, indicating a belief that providing such a response would violate attorney-client privilege. A copy of their letters is attached as Exhibit A and Exhibit B. On January 5, 2009, current counsel for the United States re-contacted counselors Berrigan and Hunt by phone to confirm their earlier position and similarly was told that each counsel believed providing such a response would violate attorney-client privilege.

8. Counsel for the United States does not believe that providing a responsive affidavit to claims alleging ineffective assistance of counsel would consititute a violation of the Missouri Supreme Court Rules of Professional Conduct. In the *habeas* context, courts have implied a waiver of the attorney-client privilege when the petitioner "injects into [the] litigation an issue that requires testimony from its attorneys or testimony

concerning the reasonableness of its attorneys' conduct." *Johnson v. Alabama,* 256 F.3d 1156, 1178 (11th Cir. 2001). This implied waiver has typically been the result of a petitioner's assertion of his own counsel's ineffectiveness. *See id.* "By alleging that his attorneys provided ineffective assistance of counsel in their choice of a defense strategy, [the petitioner] put at issue and thereby waived any privilege that might apply to the contents of his conversations with those attorneys to the extent those conversations bore on his attorneys strategic choices." *See also, Bittaker v. Woodford*, 331 F.3d 715 (9th Cir. 2003), *Tasby v. United States,* 504 F.2d 332, 336 (8th Cir. 1974)(when a client calls into public question the competence of his attorney, the privilege is waived). Implied waivers are consistently construed narrowly. *In re. Lott*, 424 F.3d 446 (6th Cir. 2005). Courts "must impose a waiver no broader than needed to insure the fairness of the proceedings before it." *Bittaker*, 331 F.3d at 720 (*habeas* proceeding). "A broad waiver rule would no doubt inhibit the kind of frank attorney-client communications and vigorous investigation of all possible defenses that the attorney-client and work product privileges are designed to promote." *Id.* at 722. *See, in re. Lott, supra*.

9. The United States seeks a narrow waiver of the attorney-client privilege which would permit counsel to respond to the specific allegations of ineffective assistance by Nelson described above and further described in Nelson's motion and suggestions.

Based on the above reasons, the government respectfully requests this Court to order trial and appellate counsel to file a responsive affidavit to the specific allegations of ineffective assistance of counsel raised in Nelson's motion.

Respectfully submitted,

BETH PHILLIPS
United States Attorney

By */s/Jeffrey Valenti*

JEFFREY VALENTI
Assistant United States Attorney

Charles Evans Whittaker Courthouse
400 East Ninth Street, Room 5510
Kansas City, Missouri 64106
Telephone: (816) 426-3122

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was delivered on January 13, 2010, to the CM-ECF system of the United States District Court for the Western District of Missouri and the undersigned hereby certifies that a copy of the foregoing was mailed to:

Patrick Berrigan
Watson & Dameron, LLP
2500 Holmes
Kansas City, MO 64108

Susan Hunt
819 Walnut, Suite 308
Kansas City, MO 64106

*/s/Jeffrey Valenti*
JEFFREY VALENTI
Assistant United States Attorney

JV/blw