**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **KEITH D. NELSON,** | ) | |
| | ) | |
| **Movant,** | ) | |
| **v.** | ) | **Case No.: 4:04-CV-8005-FJG** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**ATTORNEY BERRIGAN'S RESPONSE TO GOVERNMENT'S MOTION TO COMPEL AFFIDAVITS FROM TRIAL COUNSEL (DOC. 118)**

The government has moved the Court for its order compelling movant's trial counsel to file affidavits in response to movant's 28 U.S.C. §2255 motion after trial counsel has repeatedly refused to do so based on attorney-client privilege. Now the government claims it needs the affidavits "to assist in preparing for the scheduled hearing next summer." (Doc. 118, par. 6).

Just a week ago the honorable Charles Shaw, district judge in the Eastern District of Missouri, faced a similar request from the government, although in that instance the government had not yet filed its response to petitioner's §2255 motion and claimed it needed the affidavit of trial counsel to prepare its answer, s*ee* Redd v. U.S., No. 4:08-CV1459 CAS W.L. (E.D. Mo. 1-20-2010), a much stronger position than the government has here. The government filed its Answer to Mr. Nelson's §2255 motion *almost four (4) years ago*[1], obviously without the necessity of affidavits from movant's trial counsel.

Judge Shaw denied the government's motion noting, "discovery and expansion of the record in a §2255 matter are governed by Rules 6 and 7 of the Rules Governing Section 2255 Proceedings for the United States District Courts." Id. Furthermore, the Court found no

[1] The docket sheet indicates the government's suggestions in opposition to Mr. Nelson's §2255 motion were filed on 2-24-06.

authority under the circumstances therein for a non-party to be compelled to file such an affidavit, particularly where the affidavit would not be in lieu of an evidentiary hearing. Id. A similar ruling in virtually identical circumstances can be found in Fisher v. U.S., No. 4:09-CV-1763 CAS (E.D. Mo., 12-9-09).

An evidentiary hearing is scheduled on Mr. Nelson's §2255 motion for June 14, 2020. The government is not entitled to a pre-hearing deposition of former trial counsel, be that orally, in writing or by affidavit. Counsel respectfully urges the government's motion for trial attorney affidavits be summarily denied.

Respectfully Submitted,

*/s/Patrick J. Berrigan*

Patrick J. Berrigan, Bar #34321
Watson & Dameron, LLP
2500 Holmes Street
Kansas City, Missouri 64108
(816) 474-3350
(816) 221-1636 (FAX)

**CERTIFICATE OF SERVICE**

I hereby certify that on this 27th day of January 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to all parties associated with this case. In addition, a copy was also sent by U.S. Mail, postage prepaid, to Ms. Susan M. Hunt, Attorney at Law, 819 Walnut, Suite 308, Kansas City, Missouri 64106

*/s/Patrick J. Berrigan*
Attorney for Defendant