IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| KEITH D. NELSON, | : | |
| Movant, | : | |
| vs. | : | 4:04-CV-8005(FJG)<br>99-cr-00303-W (FJG) |
| UNITED STATES OF AMERICA, | : | |
| Respondent. | : | |

MEMORANDUM OPPOSING GOVERNMENT'S MOTION TO REQUIRE
TRIAL AND APPELLATE COUNSEL TO SUBMIT AFFIDAVITS

COMES NOW Keith D. Nelson, by his attorneys David A. Ruhnke and Gary E. Brotherton, and files this memorandum opposing the government's motion to require Movant's former trial and appellate counsel to prepare and file affidavits on issues remanded by the Eighth Circuit for an evidentiary hearing. The grounds for Movant's opposition, supported by relevant legal authority, are set forth herein. Movant notes that Patrick Berrigan, Esquire, one of Movant's trial attorneys, has submitted his own independent opposition to the motion. (*See*, Docket Entry 122, filed January 27, 2010.) Movant joins that argument.

**A. Background and introduction**[1]

On November 6, 2005, Movant filed a motion pursuant to 28 U.S.C. § 2255 to set aside his judgment of conviction and sentence of death. Among the grounds alleged in the motion were that his trial and appellate counsel failed to provide the constitutionally-required level of effective representation. The United States, in answering the motion, took the position that trial and appellate counsel were effective in representing Movant. The issue was thus joined, and Movant requested a hearing regarding the facts and circumstances of trial and appellate counsels' representation.

On November 21, 2006, without taking any testimony or additional evidence, this Court filed a two-page order denying the motion brought pursuant to § 2255 to set aside the judgment. The Court adopted by reference the arguments of the government except to the extent that the government had conceded the need for an evidentiary hearing.

On December 5, 2006, Movant, acting pursuant to F.R.CIV.P. 59, sought a new trial and any such other relief as permitted by the Rule. The government answered the motion on January 3, 2007 and Movant replied on March 22, 2007. On April 13, 2007, this Court denied the motion. On September 4, 2007, this Court determined that no Certificate of Appealability ("COA") would be issued as to any of the matters presented in the litigation.

Thereafter, Movant moved before the United States Court of Appeals for the issuance of a COA. On October 27, 2008, the Eighth Circuit issued an unpublished six-page opinion (Attachment A to this memorandum) granting a COA and remanding several specific claims

[1] Only information relevant to the current motion will be set forth.

to this Court for an evidentiary hearing. (Attachment A at p. 3.)

**B. For the reasons which follow, the Government's proposal that trial and appellate counsel submit affidavits would be a poor substitute for the evidentiary hearing directed by the Eighth Circuit.**

The Eighth Circuit has resolved the issue which the Government now brings before this Court. Indeed, the Government's moving papers, while noting that the Circuit issued a COA, do not mention the fact that the hearing scheduled to begin in this case on June 14, 2010 was specifically ordered by the Court of Appeals and is not now an open issue to be revisited.[2] In passing on Movant's application for a COA, the Circuit could not have spoken any more plainly:

> We have carefully reviewed the pending motion and the district court's orders. We are satisfied that an evidentiary hearing should have been held on some of Appellant's claims of ineffectiveness of counsel. Our cases teach that issues regarding the ineffectiveness of counsel often require a hearing to consider evidence not disclosed on the face of the trial record.

(Attachment A at p. 2.)

It is settled law that a movant is entitled to an evidentiary hearing on a 2255 motion unless the motion, files and records of the case *conclusively* show that the movant is not entitled to relief. Section 2255 states, in pertinent part:

> Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the

---

[2] In its initial pleadings in this litigation, the Government had asked this Court for the same relief it now seeks, *i.e.*, the taking of affidavits. This Court denied that request by declining to take any additional evidence in any form. The issue was never presented by the government to he Eighth Circuit. In fact, the Government never replied to the motion in the Eighth Circuit at all.

> court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

28 U.S.C. § 2255 at ¶ 2. The Rules Governing Section 2255 Proceedings indicate that this language is intended to incorporate the standards governing evidentiary hearings in habeas corpus cases that was articulated by the United States Supreme Court in *Townsend v. Sain*, 372 U.S. 293, 312 (1963). *See* Advisory Committee Notes to Rule 8, Rules Governing Section 2255 Proceedings (incorporating Advisory Committee Notes to Rule 8, Rules Governing Section 2254 Cases).[3] There, the Supreme Court articulated the appropriate standard for determining when an evidentiary hearing was mandatory as follows: "Where the facts are in dispute, the federal court in habeas corpus *must* hold an evidentiary hearing if the habeas applicant did not receive a full and fair evidentiary hearing in a state court, either at the time of the trial or in a collateral proceeding." 372 U.S. at 312 (emphasis added).[4]

---

[3]The Advisory Committee Notes to Rule 8 of the Rules Governing Section 2255 Proceedings state: "The standards for § 2255 hearings are essentially the same as for evidentiary hearings under a habeas petition, except that the previous federal fact-finding proceeding is in issue [in determining whether a hearing is necessary] rather than the state's."

[4] As the *Townsend* court further explained, the litigant must also demonstrate that the facts alleged, if true, would entitle the litigant to relief. 372 U.S. at 312. The *Townsend* court further identified six circumstances under which a federal court must grant an evidentiary hearing:

> If (1) the merits of the factual dispute were not resolved in the state hearing; (2) the state factual determination is not fairly supported by the record as a whole; (3) the fact-finding procedure employed by the state court was not adequate to afford a full and fair hearing; (4) there is a substantial allegation

In 2255 cases, of course, there is no prior habeas proceeding in which an evidentiary hearing could have been conducted on the movant's claims. Thus, the 2255 proceeding is the only vehicle through which a factual record may be made. An evidentiary hearing is warranted when (1) there are disputed issues of fact that cannot be conclusively resolved on the basis of the extant record alone, and (2) those facts, if true, would entitle the movant to relief.

The United States Supreme Court addressed the question of evidentiary hearings in the context of a 2255 motion specifically in *Machibroda v. United States*, 368 U.S. 487 (1962).[5] In that case, the Court remanded for an evidentiary hearing to determine whether

---

> of newly discovered evidence; (5) the material facts were not adequately developed at the state-court hearing; or (6) for any reason it appears that the state trier of fact did not afford the habeas applicant a full and fair fact hearing.

372 U.S. at 313.

[5] It should be noted that *Machibroda* is cited in Rule 5 of the Rules Governing Section 2255 Proceedings, which concerns the government's answer and the movant's traverse. As the Advisory Committee Notes state:

> Numerous cases have held that the government's answer and affidavits are not conclusive against the movant, and if they raise disputed issues of fact a hearing must be held. *Machibroda v. United States*, 368 U.S. 487, 494, 495 (1962); *United States v. Salerno*, 290 F.2d 105, 106 (2d Cir.1961); *Romero v. United States*, 327 F.2d 711, 712 (5th Cir.1964); *Scott v. United States*, 349 F.2d 641, 642, 643 (6th Cir.1965); *Schiebelhut v. United States*, 357 F.2d 743, 745 (6th Cir.1966); and *Del Piano v. United States*, 362 F.2d 931, 932, 933 (3d Cir.1966).

Advisory Committee Notes to Rule 5, Rules Governing Section 2255 Cases.

the movant's plea was involuntary because it was allegedly induced by promises made by the prosecuting attorney as to the length of the sentences that would be imposed. The movant submitted an affidavit claiming that on three separate occasions the A.U.S.A. had promised him that if he pleaded guilty he would receive a sentence of not more than twenty years; that the A.U.S.A. cautioned him not to tell his defense lawyer about the offer, and that if he didn't obey, the A.U.S.A. would raise two other previously uncharged robberies; and that the movant had sent letters to both the A.U.S.A. and the sentencing court regarding the misrepresentations of the A.U.S.A., to which the movant had received no reply.

The A.U.S.A. filed an affidavit in response denying any promises or coercion with respect to the movant's plea, but admitting to speaking with the movant in the county jail the day before the co-defendant's trial, and telling the movant that this was his last opportunity to tell the truth, and that the sentencing court might well take into consideration the movant's refusal to talk. The district judge decided, without a hearing, that the movant's allegations were false, observing that the court had received no letters from the movant mentioning any alleged agreement with the A.U.S.A. and that the movant had not complained in a timely manner when no request was forthcoming by the A.U.S.A. for a reduction of sentence.

The Supreme Court held that the district court should have conducted a hearing, stating:

> This was not a case where the issues raised by the motion were conclusively determined either by the motion itself or by the "files and records" in the trial court. The factual allegations contained in the Appellant's motion and affidavit, and put in issue by the affidavit filed with the Government's response,

> related primarily to purported occurrences outside the courtroom and upon which the record could, therefore, cast no real light. Nor were the circumstances alleged of a kind that the District Judge could completely resolve by drawing upon his own personal knowledge or recollection.

368 U.S. at 494-495. The Court rejected the government's argument that a hearing in the case would be futile because of the apparent lack of any other witnesses to the alleged occurrences, other than the movant himself and the A.U.S.A.:

> The petitioner's motion and affidavit contain charges which are detailed and specific. It is not unreasonable to suppose that many of the material allegations can either be corroborated or disproved by the visitors' records of the county jail where the petitioner was confined, the mail records of the penitentiary to which he was sent, and other such sources. Not by the pleadings and the affidavits, but by the whole of the testimony, must it be determined whether the petitioner has carried his burden of proof and shown his right to a discharge. The Government's contention that his allegations are improbable and unbelievable cannot serve to deny him an opportunity to support them by evidence. On this record it is his right to be heard.

368 U.S. at 495 (citation and quotation marks omitted).

The Court in *Machibroda* held further that the specific and detailed factual assertions by the movant in that case, "while improbable, cannot at this juncture be said to incredible. If the allegations are true, the [movant] is clearly entitled to relief. Accordingly, we think the function of [§ 2255] can be served in this case only by affording the hearing which its provisions require." 368 U.S. at 496.

As is detailed in the discussion below, the Eighth Circuit has also held consistently that a district court abuses its discretion in declining to hold an evidentiary hearing where the

movant alleges specific facts pertinent to the claims that were not conclusively refuted by the extant record. Cases in which the Court has affirmed the denial of a hearing have in common the fact that the § 2255 motion either raised purely legal questions based on the existing record, or failed to allege specific facts which demonstrated that there were contested issues which could not be conclusively resolved based on the existing record.[6]

In *United States v. Unger*, 665 F.2d 251 (8th Cir. 1981), the movant alleged that her attorney had induced her to enter a guilty plea to kidnapping charges with the promise of probation if she would do so. She also alleged that her trial counsel told her that if she went to trial, she would probably receive the death penalty. The district court denied the motion without an evidentiary hearing. The Court remanded for further fact-finding proceedings because the movant's allegations "were neither conclusory nor wholly incredible in the face of the record." 665 F.2d at 254 (citation and internal quotation marks omitted). Citing *Machibroda*, 368 U.S. at 494-495, the Court stated:

> The Supreme Court has stated that an evidentiary hearing should be held where, as here, "[t]he factual allegations contained in the petitioner's motion and affidavit ... relat[e] primarily to purported occurrences outside the courtroom and upon which the record could, therefore, cast no real light" and where "the circumstances alleged [are not] of a kind that the District Judge could completely resolve by drawing upon his own personal knowledge or recollection."

665 F.2d at 254. Citing § 2255, the Court further noted that because the motion, files and

---

[6]In his 2255 pleadings, Movant has been quite specific about his allegations and equally specific about the witnesses he intended to call and the overall content of their testimony.

records of the case did not conclusively show that the movant was *not* entitled to relief, the movant was entitled to an opportunity to substantiate her claim at an evidentiary hearing. *Id.*

More recently, in *Watson v. United States*, 493 F.3d 960 (8th Cir. 2007), the movant alleged that trial counsel was ineffective for failing to file a notice of appeal following movant's guilty pleas to one count of conspiracy to distribute cocaine. The district court denied the motion without a hearing, and determined that the movant "had not offered sufficient evidence that he had asked his attorneys to appeal." It characterized his allegation that he made such a request as a "bare assertion" insufficient to entitle him to relief or to a further inquiry. 493 F.3d at 962. The Court reversed and remanded for a hearing as to whether the movant had requested an appeal. Even where the only evidence in the record was a "bare assertion" by the movant, who was litigating the 2255 motion *pro se*, the Court held that because there was no evidence to the contrary in the record, an evidentiary hearing was warranted:

> Where petitioner's allegations, if true, amount to ineffective assistance of counsel, a hearing must be held unless the record affirmatively refutes the factual assertions upon which the claim is based. There is no evidence in the record to contradict [the movant's] assertion that he requested an appeal. Although the district court was not required to credit [the movant's] assertion, it was required to hold a hearing before making factual determinations about [the movant's] credibility.

493 F.3d at 964. Numerous other cases in the Eighth Circuit – some which were cited in the decision in this case – stand for the same proposition.

As a rationale for seeking affidavits, the Government states that it "believes" that

many of the claims presented in the 2255 motion "are, in all likelihood, the result of strategical decisions by counsel for which there are entirely reasonable explanations." (U.S. motion at p. 3.) The Government advances no factual support for this surmise. Movant's counsel note that they have made detailed proffers of the expected testimony in prior pleadings and stand by those proffers. Moreover, affidavits would be a very poor substitute for the hearing which the Eighth Circuit has directed this Court to conduct.

The ultimate issue in this case is whether Movant should be put to death. The Eighth Circuit has ruled clearly that a hearing must be conducted on the several specific claims listed at page 3 of its opinion. The record in this case should be made via the comprehensive examination – direct and cross – of the relevant witnesses. The motion should be denied.

WHEREFORE, Movant seeks an order denying the government's motion.

Respectfully submitted,

/s/ David A. Ruhnke
Ruhnke & Barrett
47 Park Street
Montclair, New Jersey 07042
(973)744-1000
(973)746-1490
davidruhnke@ruhnkeandbarrett.com

/s/ Gary E. Brotherton
Legal Writes, LLC
601 W. Nifong Blvd.
Building 1, Suite C
Columbia, MO 65202-3381
(573)875-1571
(573)875-1572 (fax)
gebrotherton@legalwritesllc.com
Co-counsel to Movant, Keith Nelson

Filed via ECF: Kansas City, Missouri
February 1, 2010

CERTIFICATE OF SERVICE

This will certify that, on today's date, this motion was served upon the United States by filing via ECF.

/s/ David A. Ruhnke
DAVID A. RUHNKE

Dated: February 1, 2010