IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| KEITH D. NELSON, | : | |
| Movant, | : | |
| vs. | : | 4:04-CV-8005 (FJG)<br>99-cr-00303-W (FJG) |
| UNITED STATES OF AMERICA, | : | |
| Respondent. | : | |

MOTION OPPOSING, AND/OR TO ESTABLISH CONDITIONS OF,
GOVERNMENT MENTAL-HEALTH EVALUATION

COMES NOW Keith D. Nelson, by his attorneys, David A. Ruhnke and Gary E. Brotherton, and pursuant to F.R.CRIM.P. 12.2, moves for an order establishing the conditions of any mental-health evaluation to be conducted by government experts. In support of the motion, Movant will rely upon the following incorporated memorandum of law.

## ARGUMENT

IF THIS COURT ORDERS MR. NELSON ("MOVANT") TO SUBMIT TO A MENTAL-HEALTH EVALUATION BY GOVERNMENT EXPERTS, IT SHOULD DO SO ONLY UNDER THE FOLLOWING PROPOSED TERMS AND CONDITIONS.

Movant has placed the government on notice, formally via the filing of a notice pursuant to F.R.CRIM.P. 12.2, and informally via e-mail exchanges and telephone conversations, that Movant intends to offer, at the hearing ordered in this matter by the Eighth Circuit, expert evidence bearing on mental disease or defect, or any other mental condition relevant to punishment. Movant has provided the government with the preliminary report of Xavier Amador, Ph.D. as it bears on these issues.

Rule 12.2 provides that where a notice of an insanity defense is provided, a court must order a defendant to be examined. Where, as here, notice is provided solely on the issue of punishment, an examination by government experts is not mandatory, but "the court may, upon the government's motion, order the defendant to be examined under procedures ordered by the court." F.R.CRIM.P.12.2(c)(1)(B) (emphasis added).[1] To date, the government has made no motion that Movant be examined so, to that extent, this motion is somewhat

[1] Under Rule 12 of the Rules Governing Section 2255 Procedures for the United States District Courts ("2255 Rules"), the Federal Rules of Criminal Procedure are made applicable to § 2255 proceedings "because of the nature of a § 2255 motion as a continuing part of the criminal proceeding." *See* 1976 Advisory Committee Note to Rule 12, 2255 Rules. *See also* Rule 6(a), 2255 Rules (authorizing parties to conduct discovery pursuant to the Federal Rules of Criminal Procedure).

anticipatory. However, it seems likely that such a motion will be forthcoming soon and the government has informally advised Movant's counsel that it intends to seek an evaluation of Movant by its own experts. Movant requests that this court exercise its discretion and not permit a government examination.

Assuming this court orders an examination to go forward, Movant proposes the following terms and conditions:

1. The sessions with government experts will not be video- or audio-recorded;

2. Any notes taken by the government's experts will be preserved for later production to Movant's counsel;

3. No statements made by Movant in the course of any examination ordered by the court, no testimony by the expert based on such statements, and no other fruits of the statement may be admitted into evidence against the defendant in any criminal proceeding, except on an issue regarding mental condition on which Movant has given notice pursuant to the requirements of F.R.CRIM.P. 12.2, with the understanding that if Movant elects to proceed with such evidence from his expert at the hearings to be conducted pursuant to 28 U.S.C. § 2255, the testimony is admissible only at that proceeding and for no other purposes, including later utilization of any fruits of that testimony;

4. A representative of the defense will be permitted to observe or otherwise monitor (but not record) the government experts' evaluations as required by *Estelle v. Smith*, 451 U.S. 454 (1981);

5. Psychological testing will be limited to testing performed by the defense experts;

6. If the government's experts wish to administer psychological testing not performed by the defense experts, Movant's counsel shall be afforded reasonable notice (at least 10 days) of such intention and may seek an order from this court barring the particular test or instrument sought to be utilized by the government's experts.

This case was originally tried in the fall of 2001. At that time, courts were engaged in an *ad hoc* approach to how mental-health evidence relevant solely to punishment would be handled. *See, e.g. United States v. Sampson*, 335 F.Supp.2d 166, 241-248 (D. Mass. 2004); *United States v. Johnson*, 362 F.Supp.2d 1043, 1074-1092 (N.D. Iowa 2005); *United States v. Johnson*, 383 F.Supp.2d 1145 (N.D. Iowa 2005). Effective December 1, 2002, however, Rule 12.2 was amended to deal with those issues. While some modifications of procedures is necessary because this case is now in a § 2255 proceeding, the essential protections afforded by Rule 12.2 should remain in place.

### A. The government is not entitled to audio- and/or video-record its evaluation of Movant.

The government has informally informed the undersigned that its mental health experts may seek to audio- and/or video-record its evaluation of Movant. However, there is no authority, either by rule, statute or caselaw, which *entitles* the government to audio- and/or video-record its evaluation of Movant. *See, e.g., United States v. Minerd*, 197 F. Supp. 2d 272, 276 (W.D. Pa. 2002) (prohibiting government from audio- or video-taping its examination of the defendant absent express written consent of defense counsel). To the extent that other courts have permitted such recording of the government's evaluation, it has only been at the request of the *defendant*, in order to protect the *defendant's* interests, and with the consent of the defense. *See*, *e.g.*, *Johnson*, 362 F. Supp. 2d at 1088-1089 & n. 13 (authorizing audio-taping of government's interview of client and same-day disclosure to defense counsel in order to protect defendant's Fifth Amendment rights, and noting that

defense consented to the audiotaping procedure); *Sampson*, 335 F. Supp. 2d at 246-247 (authorizing tape-recording of government's interview of client and same-day disclosure to defense counsel in order to protect defendant's Fifth and Sixth Amendment rights, and noting that defense consented to the recording procedure). While individual defendants may, on occasion, request such procedures, believing that it is in their interest to preserve what was said, Movant is in exactly the opposite position. He affirmatively opposes any taping or recording of his evaluation.

Ordinarily such evaluations in criminal cases – by either the defense or government experts – are not taped or recorded, so plainly, the taping of mental health evaluations is not the norm. Moreover, the government cannot demonstrate any harm that would result from conducting a typical evaluation with Movant – that is, an evaluation in which Movant is not taped or recorded. Conversely, the issue of audio- and/or video-recording is of particular importance to Movant. The evaluations will necessarily require inquiry into very difficult and personal matters, and the addition of audio- and/or video-recording of the evaluation would be unnecessarily intrusive. *Cf. Johnson*, 362 F. Supp. 2d at 1089 n. 13 (deferring to defense counsel's request to audio-record rather than video-record government's evaluation because video-recording would be more "intrusive"). The use of such recording devices does not measurably serve the purpose of the evaluation itself, but merely increases the risk that Movant will feel self-conscious and inhibited about disclosing sensitive and potentially embarrassing information about himself and his background. Indeed, Movant believes that

he will be much more forthcoming, and far less inhibited in his interactions with the government's experts, if he is not concerned that he is being filmed and taped. Thus, this objection is more specific to Movant than it is in any generic sense to any proposal that the experts be permitted to tape him.[2]

**B. Any psychological or psychiatric testing by the government should be limited to the scope of the defense evaluation.**

As all parties are aware, the purpose of the evidentiary hearing is, in part, to permit Movant the opportunity to present evidence in support of his claims that trial counsel were ineffective in failing to conduct an adequate investigation of Movant's mental health, and in advising or instructing Movant to decline to submit to a mental health examination by a government examiner. *See Nelson v. United States*, 297 Fed. Appx. 563, 565 (8th Cir. 2008) (remanding for evidentiary hearing). In order to prevail on an ineffective assistance claim, Movant must establish *Strickland* prejudice – that is, that there exists a reasonable probability that but for counsel's deficient performance, the outcome of the penalty phase proceedings

---

[2] The record should be clear that if ordered to do so by this Court, Movant will submit to a government examination. Movant's counsel is concerned that if the court orders that the sessions be recorded, which is not the norm, Movant will cooperate to the extent possible in the evaluation but may be so inhibited as to render the results of the examination problematical. Movant's counsel do not want to see a situation develop where the government insists on an uncommon feature of mental-health examinations (no matter the general practice of the government's experts) that is later translated into an argument that Movant has failed to comply with a court order to submit to evaluation. Indeed, given that there is no purpose in taping or recording the evaluation from a psychological or psychiatric standpoint, there is no justifiable reason why such an unnecessarily intrusive procedure should be adopted since the government can adequately preserve its interests in rebutting any defense mental health evidence without the use of a recording device.

would have been different. As the United States Supreme Court has repeatedly recognized, such prejudice cannot be established in a vacuum. Rather, the habeas court must compare the penalty phase evidence presented at trial with the evidence developed as part of the habeas investigation. That is, *Strickland* prejudice is assessed by comparing the mitigation case that trial counsel actually presented with the mitigation case that trial counsel *could have* presented, based on the evidence presented by habeas counsel at the post-conviction hearing. *See, e.g., Rompilla v. Beard*, 545 U.S. 374, 391-93 (2000) (comparing the evidence that was presented at the original sentencing hearing with the mitigation evidence and testimony presented at a post-conviction hearing to conclude that the undiscovered mitigation evidence "might well have influenced the jury's appraisal of [the defendant's] culpability" and led to a different sentencing decision); *Wiggins v. Smith*, 539 U.S. 510, 535-38 (2003) (comparing the evidence adduced at trial with the evidence presented at the habeas proceeding regarding the petitioner's "excruciating life history" in finding that trial counsel's failure to investigate and present such evidence resulted in *Strickland* prejudice); *Williams v. Taylor*, 529 U.S. 362, 397-98 (2000) (*Strickland* prejudice determination must take into account mitigation evidence adduced in post-conviction proceedings).

In the context of Movant's mental health claims, a *Strickland* prejudice analysis will require this Court to hear the mitigating mental health evidence that could have been presented at Movant's penalty phase proceeding. As is clear from the procedures that were operative at the time of Movant's trial, any evidence that the government could have

introduced at the original penalty phase proceeding relevant to mental health would have been limited to proper *rebuttal* testimony, under a procedure analogous to F.R.CRIM. P. 12.2. *See, e.g., United States v. Vest*, 905 F. Supp. 651 (W. D. Mo. 1995); *United States v. Haworth*, 942 F. Supp. 1406 (D. N.M. 1996); *United States v. Beckford*, 962 F. Supp. 748 (E.D. Va. 1997); *United States v. Edelin*, 134 F. Supp. 2d 45 (D. D.C. 2001); *United States v. Minerd*, 197 F. Supp. 2d 272 (W.D. Pa. 2002). In other words, the government's rebuttal presentation would have been limited based on the scope of the mental health mitigating evidence introduced by the defense in its case-in-chief. For this very reason, the government's examination of Movant, if permitted, should be similarly limited based on the scope of the defense evaluation; any inquiries that go beyond the scope of the defense evaluation would not constitute proper rebuttal evidence, and therefore would not have been admitted at the penalty phase proceedings. As such, that evidence would be irrelevant to the *Strickland* prejudice inquiry, and therefore not germane to the § 2255 evidentiary hearing.

In light of this fact, if the government's experts wish to administer psychological and/or psychiatric testing not performed by the defense experts, it is respectfully submitted that Movant's counsel must be afforded reasonable notice (at least 10 days) of such intention, as well as the opportunity to seek an order from this Court barring the particular test or instrument sought to be utilized by the government's experts. Movant should not be required to submit to testing that is not relevant to claims that he is raising or that otherwise go beyond the scope of what would constitute proper areas of rebuttal by the government. *See United*

*States v. Johnson*, 383 F. Supp. 2d 1145, 1164-1165 (N.D. Iowa 2005) (prohibiting government's experts from inquiring into offense-specific details during mental health examination because defense experts did not so inquire, nor was the defense relying on any offense-specific mitigation, so "neither 'need' nor 'fairness' requires such inquiries"). Such a procedure would ensure that the pre-hearing examinations are appropriately focused on the scope of the § 2255 claims to be addressed at the evidentiary hearing, and would therefore aid in conserving judicial resources and ensure that the evidentiary hearing itself is conducted in an orderly and efficient manner.

**C. A protective order should be entered appropriately limiting the use and introduction of any statement made by Movant in the course of any court-ordered examination by the government.**

As the Supreme Court has long recognized, a court-ordered mental health examination of a defendant necessarily implicates Fifth and Sixth Amendment concerns. *See, e.g., Estelle v. Smith*, 451 U.S. 454 (1981); *Powell v. Texas*, 492 U.S. 680 (1989); *Buchanan v. Kentucky*, 483 U.S. 402 (1987)). These cases articulated the legal principle that although a defendant may waive his or her Fifth Amendment rights by initiating a defense that relies on the defendant's mental condition, that waiver is not limitless; it only allows the prosecution to use the government mental health interview to provide rebuttal on the question at issue in the psychiatric defense at the instant judicial proceeding. *See Buchanan v. Kentucky*, 483 U.S. at 424 (no constitutional violation where state introduced psychiatric evidence for a "limited rebuttal purpose"); *Powell v. Texas*, 492 U.S. at 685 & n.3.

Under ordinary circumstances, neither the government nor any of its agents (mental health experts) would be permitted to question Movant and compel him to respond to any questions that potentially implicate his constitutional rights. For this reason, any compelled examination for purposes of the instant proceeding must be conducted in a manner that adequately safeguards Movant's Fifth and Sixth Amendment concerns. It is therefore respectfully submitted that no statements made by Movant in the course of any examination ordered by the court, no testimony by the expert based on such statements, and no other fruits of the statement may be admitted into evidence against the defendant in any criminal proceeding, except on an issue regarding mental condition on which Movant has given notice pursuant to the requirements of F.R.CRIM.P. 12.2, with the understanding that if Movant elects to proceed with such evidence from his expert at the hearings to be conducted pursuant to 28 U.S.C. § 2255, the testimony is admissible only at that proceeding and for no other purposes, including later utilization of any fruits of that testimony. *See* Fed. R. Crim. Pro. 12.2(c)(4).

## Conclusion

For the reasons expressed above, Movant respectfully requests that, in the event that Movant is ordered to submit to a government mental health examination, the relief and procedures requested should be granted. To the extent that the government objects to any of the relief requested, Movant requests a hearing to resolve any such disputes about the procedures to be used for such a court-ordered examination prior to any such examination

taking place.

Respectfully submitted,
Co-counsel to Movant

/s/ David A. Ruhnke
Ruhnke & Barrett
47 Park Street
Montclair, New Jersey 07042
(973)744-1000
(973)746-1490
davidruhnke@ruhnkeandbarrett.com

/s/ Gary E. Brotherton
Legal Writes, LLC
601 W. Nifong Blvd.
Building 1, Suite C
Columbia, MO 65202-3381
(573)875-1571
(573)875-1572 (fax)
gebrotherton@legalwrites.com

Filed via ECF: Kansas City, Missouri
April 9, 2010

## CERTIFICATE OF SERVICE

This will certify that, on today's date, this notice was served upon the United States by filing via ECF.

/s/ David A. Ruhnke
DAVID A. RUHNKE

Dated: April 9, 2010