applicable to such evaluations.

**Standard 7-3.6. Procedures for conducting mental evaluations**

(a) Duty of attorney to explain nature of evaluation to evaluator. Whoever initiates the evaluation should inform the mental health or mental retardation professional conducting the evaluation and ensure that the professional understands:

(i) the specific legal and factual matters relevant to the evaluation;

(ii) the rules governing disclosure of statements or information obtained during the evaluation and governing disclosure of opinions based on such statements or information; and,

(iii) the applicable evidentiary privileges.

(b) Duties of defense attorney and evaluator to explain nature of evaluation to defendant. In any evaluation, whether initiated by the court, prosecution, or defense, the defendant's attorney and the mental health or mental retardation professional conducting the evaluation have independent obligations to explain to defendant and to ensure that defendant understands to the extent possible:

(i) the purpose and nature of the evaluation;

(ii) the potential uses of any disclosures made during the evaluation;

(iii) the conditions under which the prosecutor will have access to information obtained and reports prepared; and,

(iv) the consequences of defendant's refusal to cooperate in the evaluation as provided for in standard 7-3.4(c) and 7-4.6(b).

(c) Presence of attorney during evaluation.

(i) When the scope of the evaluation is limited to defendant's present mental competency, the defense attorney is entitled to be present at the evaluation but may actively participate only if requested to do so by the evaluator.

(ii) When the scope of the evaluation is not limited to defendant's present mental competency, the defense attorney may be present at the evaluation only with the evaluator's prior approval, and if present may actively participate only if requested to do so by the evaluator.

(iii) The prosecutor may not be present at any mental evaluation of defendant.

(d) Recording the evaluation. All court-ordered evaluations of defendant initiated by the prosecution should be recorded on audiotape or, if possible, on videotape, and a copy of the recording should be provided promptly to the defense attorney. The defense may use the recording for any evidentiary purpose permitted by the jurisdiction. If the defense intends to use the recording at trial, it should notify the court. Upon receiving notice, the court should promptly provide to the prosecution a copy of the recording. Upon defense motion, the court may enter a protective order redacting portions of the recording before it is forwarded to the prosecution.

(e) Joint evaluation. Joint evaluations should be encouraged. They should be permitted when agreed upon by the prosecutor and defense attorney. A joint evaluation involves either a simultaneous evaluation by two or more mental health or mental retardation professionals or a single evaluation by a mental health or mental retardation professional agreed on by both parties.

**Standard 7-3.7. Preparation and contents of written reports of mental evaluations**

(a) Requirement of written report. Promptly upon concluding the evaluation, the mental health or mental retardation professional should prepare a complete, written report. However, at the specific request of the defense attorney, a professional who conducted an evaluation initiated by the defense attorney may make only an oral report.

(b) Contents of written report.

(i) The written evaluation report should ordinarily:

(A) identify the specific matters referred for evaluation;

(B) describe the procedures, tests, and techniques used by the evaluator;

(C) state the evaluator's clinical findings and opinions on each matter referred for evaluation and indicate specifically those questions, if any, that could not be answered;

(D) identify the sources of information and present the factual basis for the evaluator's clinical findings and opinions; and,

(E) present the reasoning by which the evaluator utilized the information to reach the clinical findings and opinions. The evaluator should