UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

Case No.: 2:04 CV 00772 DAK

JESSE C. TRENTADUE,

Plaintiff,

vs.

FEDERAL BUREAU OF INVESTIGATION,
FEDERAL BUREAU OF INVESTIGATION'S OKLAHOMA CITY FIELD OFFICE,

Defendants.

---

**DECLARATION OF THOMAS B. SMITH**

---

1. I, Thomas B. Smith, hereby declare as follows, I am currently employed by the Federal Bureau of Prisons (hereafter "BOP" or "Bureau"), and assigned to the Federal Correctional Complex, Terre Haute, Indiana (hereafter "FCC Terre Haute"). I began employment with the BOP in September 25, 1988, and have been assigned to FCC Terre Haute since November 27, 2005. My position is that of Chief Correctional Supervisor. As Chief Correctional Supervisor, part of my responsibilities include the overall supervision of the custodial staff assigned to the complex and I am also in charge of the overall security of the institution.

2. The Federal Correctional Complex consists of a minimum security Federal Prison Camp, a medium security Federal Correctional Institution, and the United States Penitentiary



EXHIBIT 1 To Reply Brief

High Security.

3. My nineteen years experience with the Bureau were in positions of increasing responsibility in Correctional Services (Security), beginning as an entry level correctional officer and advancing to my current position. I have worked at facilities of all security levels.

4. As a Complex Captain, I am the resident expert on all custodial and security questions arising at the complex and have full and final technical responsibility when problems occur during the course of any given shift. I provide leadership and direction to the three Correctional Services Departments in institutional security. I plan, develop, and administer the regulations which ensure strict security in the operation of the correctional facilities at the complex. In my capacity as Complex Captain, I have access to Bureau policies and files.

5. Inmate David Paul Hammer Register Number 24507-077, is presently confined at the USP in the Special Confinement Unit. I am familiar with inmate Hammer, his background, his conditions of confinement, and his security and custody classification.

6. I am also familiar with an Order issued by the United States District Court, District of Utah in this case which permits Jesse Trentadue to take and videotape the deposition of inmate David Paul Hammer. It is my understanding that the Order, in effect, permits Mr. Trentadue to bring video recording equipment onto the complex and into the USP, Special Confinement Unit to videotape the deposition of inmate Hammer.

7. The USP, Special Confinement Unit ("SCU") is a high security, facility housing maximum custody sentenced inmates in single occupancy cells. Maximum custody is the highest custody level that can be assigned to an inmate. The SCU is the only facility of its type in the Bureau, although there are many other United State Penitentiaries. It is designed to house

inmates who have been convicted and sentenced to death and require an uncommon level of security due to their serious records of institutional misconduct, involvement in violent or escape-related behavior, or due to the nature of their offense. Inmates are designated to the SCU after they have been sentenced to death. The unique security and control procedures implemented to control these inmates are designed to enhance the safety of staff, inmates, visitors, and the public.

8. We are very concerned about the danger to the public that an SCU inmate's presence in the community presents. The danger to the public increases exponentially the longer an SCU inmate remains in the community. Inmates housed at the SCU have nothing to lose by attempting to escape, taking hostages, and harming people in the community. Because of these concerns, the SCU utilizes video conferencing for various inmate matters, including inmate court proceedings (civil and criminal) and other inmate legal matters.

9. Video conferencing is different than video recording. Video conferencing uses a set of interactive telecommunication technologies which allow two or more locations to interact via two-way video and audio transmissions simultaneously. A video recording uses a recording device which captures video and records it for playback at another time.

10. The SCU frequently utilizes video conferencing for inmate legal matters.

11. The courts and attorneys coordinate the use of video conferencing through the SCU Unit Team staff.

12. It is my determination, based on sound correctional judgment, that allowing video recording equipment onto the complex and into the SCU to videotape the deposition of inmate Hammer threatens and is detrimental to the order and security of the SCU and may violate the privacy of individuals. The possibility exists that the person bringing the equipment onto the

complex and into the SCU would photograph the following:

a. Paths of entry onto the complex;
b. Paths to and from each institution at the complex;
c. Perimeter security for each institution at the complex (e.g., number of observation towers, distance between the observation towers, height of the observation towers, number of walls, height of the walls, number of fences, height of the fences, and concentration of razor wire between the fences);
d. Location of the SCU on the complex;
e. Paths of entry into the SCU;
f. Number and types of grills inside the SCU;
g. Locking mechanisms utilized on the grills;
h. Types of security devices utilized inside and outside of the SCU;
I. Keys on the belts of staff;
j. Location of equipment storage areas;
k. Location of offices;
l. Staff; and
m. Inmates.

The photographing of these and other areas would allow an individual to create a basic blueprint of the complex and institution to develop a plan to assault and/or escape from the SCU.

13. The use of video conferencing to conduct a deposition removes the opportunity for someone to photograph areas and items that would threaten the security and orderly running of the complex and an institution. The Bureau can control what is seen and not seen of the institution and complex during the video conference.

Pursuant to the provisions of 28 U.S.C. 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of information, knowledge, and belief.

Executed on this 30th day of January 2008, at Terre Haute, Indiana..

Thomas B. Smith, Chief Correctional Supervisor