IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| KEITH D. NELSON, | : | |
| Movant, | : | |
| vs. | : | 4:04-CV-8005 (FJG)<br>99-cr-00303-W (FJG) |
| UNITED STATES OF AMERICA, | : | |
| Respondent. | : | |

SUPPLEMENT TO MOVANT'S SUGGESTIONS IN OPPOSITION TO GOVERNMENT'S MOTION TO ESTABLISH PROCEDURES BY WHICH A MENTAL HEALTH EXAMINATION OF MOVANT WILL BE CONDUCTED

COMES NOW Keith D. Nelson ("Movant" or "Mr. Nelson"), by his attorneys, David A. Ruhnke and Gary E. Brotherton, and files the following supplement[1] to his suggestions in opposition to the Government's motion to establish procedures by which a mental heath examination Court's attention to the American Psychological Associations "Statement on Third-Party Observers in Psychological Testing and Assessment: A Framework for Decision Making." ("APA Statement;" Attachment A.)

One of the conditions proposed by the Government in this case is that the mental-health evaluation of Movant be video-recorded. The APA Statement addresses this issue,

[1] Movant's initial opposition was filed electronically on May 7, 2010. Shortly thereafter, Movant's counsel became aware of the Attachment to this opposition. Because the ECF system of this district was down for maintenance over the weekend, this (May 10) is the first opportunity Movant has had to supplement his earlier submission.

and other third-party observations, and sounds the following caution:

> Research in social psychology demonstrates that individuals' behavior frequently changes in the presence of a third party (e.g., Chekroun & Brauer, 2002). Therefore there is substantial reason to suspect that the inclusion of a third party in an assessment may influence the examinee's behavior.

(Attachment A2; emphasis added.) The APA includes video and audio-taping (at least to the extent that the examinee is aware of it) as a species of third-party observation, and notes further:

> Because some examinees may be less likely to share personal information if they believe others are observing or could observe their actual statements or behavior (e.g. Sattler, 1998), the validity of nonstandardized or non-test assessment procedures, such as interviews or observations, may also be affected by the perceived or actual presence of a third party. For example, one study suggests that interviews conducted in the presence of a third party may elicit qualitatively or quantitatively different (though not necessarily invalid) responses in the absence of a third party (Podmore, Chaney, & Golder, 1975).
>
> Psychologists may also want to consider carefully the issues involved in recording evaluations for observing third parties not present during the testing. Examinees who are aware that their assessment is bing recorded, either in audio or in combined audio and video, may also alter their assessment behavior. (Constinantou, Ashendoref & McCaffrey, 2005.)

(Attachment A2.) The APA Statement also cautions that introducing third-party observation may call into question the results of standardized testing: "Because psychological assessment procedures and tests typically are not standardized using scores obtained in the presence of third party observers, observation or surveillance may violate the conditions of standardization." (*Id.*)

In this case, Movant's counsel have previously alerted the Government to the issue

that Movant himself is particularly wary of any evaluation that involves recording in any form and has already voiced his fear that he may find himself reluctant to participate in an evaluation if it is recorded. Thus, any evaluation of Movant himself is particularly likely to call into question the validity of the examination, over and above the overall dangers identified in the APA Statement.

CONCLUSION

For the reasons expressed above, and in his earlier submissions, Mr. Nelson respectfully requests that, in the event that Mr. Nelson is ordered to submit to a government mental health examination, the relief and procedures requested above, and in Movant's motion filed on April 9, 2010, should be granted, and that the government's objections to those requests should be denied. Additionally, as it is evident that there exists a dispute between the parties as to the procedures to be utilized in the event of a government mental health examination, Mr. Nelson respectfully requests a hearing to resolve the procedures that will be employed before any court-ordered examination takes place.

Respectfully submitted
Co-counsel to Movant


/s/ David A. Ruhnke
Ruhnke & Barrett
47 Park Street
Montclair, New Jersey 07042
(973)744-1000
(973)746-1490 (fax)
davidruhnke@ruhnkeandbarrett.com

/s/ Gary E. Brotherton
Legal Writes, LLC
601 W. Nifong Blvd.
Building 1, Suite C
Columbia, MO 65202-3381
(573)875-1571
(573)875-1572 (fax)
gebrotherton@legalwrites.com


Filed via ECF: Kansas City, MO
May10, 2010

CERTIFICATE OF SERVICE

This will certify that, on May 10, 2010, this reply was served upon the United States by filing via ECF.

/s/ David A. Ruhnke
DAVID A. RUHNKE

Dated: May 10, 2010