# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| KEITH D. NELSON, )<br>    Petitioner, )<br>)<br>vs. )    4:04-CV-8005-FJG<br>)<br>UNITED STATES OF AMERICA, )<br>    Respondent. ) | |

## ORDER

Currently pending before the Court is the Government's Motion for Order Requiring Trial and Appellate Counsel to Prepare Affidavits In Response to Nelson's Allegations of Ineffective Assistance of Counsel (Doc. # 118); Nelson's Motion in Limine Opposing United States Examination of Nelson or Alternatively to Establish Conditions of That Examination (Doc. # 134); Motion for Hearing Regarding Nelson's Application To Waive His Presence At 28 U.S.C. § 2255 Hearing (Doc. # 135); Government's Motion for Order to Conduct a Mental Heath Examination of Movant (Doc. # 137) and the Government's Motion for Order to Establish Procedures by Which a Mental Health Examination of Nelson Will Be Conducted (Doc. # 138).

**A. Government's Motion for An Order Requiring Trial and Appellate Counsel to Prepare Affidavits in Response to Nelson's Allegations of Ineffective Assistance of Counsel**

The Government states that in preparation for the upcoming hearing on Nelson's 28 U.S.C. § 2255 motion, Pat Berrigan and Susan Hunt, were both asked to prepare affidavits addressing the ineffective assistance of counsel issues raised by Nelson in his § 2255 motion. However, each have declined to do so indicating their belief that to do so would violate the attorney-client privilege. The Government argues that in the habeas

context courts have implied a waiver of the attorney-client privilege when the petitioner injects into the litigation an issue that requires testimony from his attorneys or testimony concerning their conduct.

In response, Nelson states only that the Affidavits should not be used as a substitute for live testimony at the evidentiary hearing. Attorney Berrigan also filed a response to the Motion and cited to two decisions from the Eastern District of Missouri: Redd v. United States, No. 4:08-CV1459, 2010 WL 319477 (E.D.Mo. Jan. 20, 2010) and Fischer v. United States, NO. 4:09-CV-1763 CAS, 2009 WL 4730638 (E.D.Mo. Dec. 9, 2009). However, in both of those cases, the Government requested affidavits at the very beginning of the case, before the Government had even filed its Answer. In those cases, the Court denied the motion because the Government had not cited any authority for the proposition that a non-party to the action can or should be compelled to provide a pre-answer affidavit. However, in both cases, Judge Shaw noted, "movant has waived his attorney-client privilege by raising allegations of ineffective assistance of counsel in his § 2255 motion." Id. at *1.

Similarly, in Tasby v. United States, 504 F.2d 332, 336 (8th Cir. 1974), cert. denied, 419 U.S. 1125, 95 S.Ct. 811, 42 L.Ed.2d 826 (1975), the Court stated:

> It has long been the law that a client may waive protection of the [attorney-client] privilege, either expressly or impliedly. . . . One of the circumstances which may support a conclusion of a waiver is an attack by the client upon his attorney's conduct which calls into question the substance of their communications. A client has a privilege to keep his conversations with his attorney confidential, but that privilege is waived when a client attacks his attorney's competence in giving legal advice, puts in issue that advice and ascribes a course of action to his attorney that raises the specter of ineffectiveness or incompetence. . . . Surely, a client is not free to make various allegations of misconduct and incompetence while the attorney's lips are sealed by invocation of the attorney-client privilege. Such an incongruous result would be inconsistent with the object and purpose of the attorney-client privilege and a patent perversion of the rule.

See also Stobaugh v. U.S., No. 06-3317-CV-S-RED, 2007 WL 628420, *1, n.1 (W.D.Mo. Feb. 27, 2007)("Stobaugh waived the attorney-client privilege when he claimed that his attorney's advice constituted ineffective assistance of counsel."). See also Purkey v. U.S., No. 06-8001-CV-W-FJG, 2009 WL 3160774 ,*2-3 (W.D.Mo. Sept. 29, 2009).

This Court finds that petitioner has waived the attorney-client privilege as to his ineffective assistance of counsel claims and directs Mr. Berrigan and Ms. Hunt to prepare affidavits in response to petitioner's allegations. In granting this Motion, the Court does not intend to limit in any way the Government's ability to call Mr. Berrigan or Ms. Hunt to testify during the upcoming evidentiary hearing. Accordingly, the Court hereby **GRANTS** the Motion for An Order Requiring Trial and Appellate Counsel to Prepare Affidavits in Response to Nelson's Allegations of Ineffective Assistance of Counsel (Doc. # 118). Mr. Berrigan and Ms. Hunt shall prepare affidavits and provide them to counsel on or before **July 18, 2010**.

**B. Nelson's Presence at the Hearing**

Nelson's counsel state that they have had two lengthy visits with Nelson and have discussed with him whether he wishes to be present at the upcoming evidentiary hearing. Nelson has informed his counsel that although he had been informed of his right to be present, he does not wish to attend. Counsel state that there is nothing in the Rules governing 2255 proceedings which mandates Nelson's presence. Additionally, the Government has indicated that it has no opposition to Nelson being absent from the proceedings. Therefore, the Court hereby **GRANTS** the Motion to Waive Movant's Presence At the 28 U.S.C. § 2255 Hearing (Doc. # 135) and directs counsel for Nelson to obtain from him a written wavier of his right to be present at the upcoming Evidentiary

Hearing and to file such waiver with the Court within five (5) days of the date of hearing.

**C.    Government's Motion for Order to Conduct Mental Health Examination and Nelson's Motion to Establish Conditions of Government Mental-Health Evaluation.**

On March 31, 2010, Nelson's counsel provided the government with the preliminary report of Xavier Amador, Ph.D.  On April 7, 2010, Nelson's counsel filed a Notice of Intent to Offer Evidence of Mental Disease or Defect Bearing on the Issue of Punishment.  Fed.R.Civ.P. 12.2(c)(1)(B) states in part:

> . . . If the defendant provides notice under Rule 12.2(b) the court may, upon the government's motion, order the defendant to be examined under procedures ordered by the court.

The Government therefore requests that the Court order a mental health evaluation given the importance of this case and the fact that defendant will be having his mental health expert testify.  The parties however disagree regarding the conditions under which the examination should take place and what procedures should be utilized.  Nelson filed a Motion to Establish the Conditions of the Examination (Doc. # 134) and the Government filed its own separate Motion to Establish Procedures by Which a Mental Health Examination Will Be Conducted (Doc. # 138). "Rule 12.2 gives the Court broad discretion to outline the conditions under which the evaluation is to be conducted." U.S. v. Fell, 372 F.Supp.2d 753, 761 (D.Vermont 2005).  After reviewing the parties' briefs on this issue, the Court hereby establishes the following conditions for the mental health examination of Keith Nelson.

**1. Examination by More Than One Mental Health Professional**

The Government in its Motion proposes that Dr. Park Dietz (psychiatrist) and Dr. Dan Martell (psychologist) conduct a joint, two or three day examination of Nelson at F.C.C. Terre Haute.  Nelson's counsel opposes having Nelson examined by more than

one mental health professional and argues that there is no need for him to be examined by both a psychiatrist and a psychologist. The ABA standard cited by the Government does not support the examination by multiple mental health professionals for one side. Accordingly, Nelson may be examined by either Dr. Dietz or Dr. Martell. The Court in Fell noted, "[a]s a general matter, the government should be able to select its own expert free from what could be unreasonable second-guessing by the defense or the Court." Id. 372 F.Supp.2d at 761. The Government shall give Nelson's counsel five (5) days advance notice of which expert they have selected to conduct the examination. The Government also agrees that the expert's notes will be retained for production at a later date to counsel.

**2. Recording of the Examination/Presence of Counsel**

The Government proposes that the examination be both audio and video recorded. In support of this, the Government again cites to the ABA Criminal Justice Mental Health Standards. This standard states that all court ordered evaluations initiated by the Government shall be recorded on audiotape or videotape and a copy provided to the defense attorney. Nelson's counsel opposes this condition and states that this standard was enacted to protect the rights of the defendant and does not confer a right on the prosecution to record the examination. The Court agrees and finds that since the purpose of the recording is to protect the defendant, if Nelson's counsel does not wish the examination to be recorded, the Government has no right to insist on this condition. Accordingly, the examination by the Government's mental health professional shall not be either audio or videotaped.

Nelson's counsel has requested that a representative of the defense be allowed to observe or otherwise monitor (but not record) the government's evaluation. The

Government agrees that defense counsel should be allowed to monitor the examination, but should not be allowed in the room while the examination is taking place. The Government suggests instead that a live audio or video feed can be set up to allow counsel to monitor the examination and also to allow counsel at appropriate times to consult with Nelson. The Court agrees that Nelson's counsel should be allowed to monitor the examination remotely and will leave the details of how the monitoring will take place to the correctional staff at F.C.C. Terre Haute and counsel to arrange.

### 3. Selection and Advance Notice of Tests to Be Administered

The Government proposes that its experts should be allowed to select which tests they will administer to Nelson and argues that they should not be limited to those tests administered by Xavier Amador, Nelson's expert witness. The Government also states that attorneys should not micro-manage expert witnesses and the experts are in a better position to judge which tests would be most beneficial. Nelson's counsel specifically requests that the Government experts not be allowed to administer the PCL-R test to Nelson as this test has been shown to be unreliable.

The Court finds that the concerns of both parties can be accommodated by advance disclosure and discussion of which tests will be performed. Therefore, the Government's mental health expert witness shall provide Nelson's counsel a list of which tests he would like to perform, five days in advance of when the tests will be administered. If Nelson's counsel object to any of the tests, the parties must first attempt to resolve the objection themselves. If no agreement can be reached, Nelson shall file his objection with the Court before the end of three business days after receiving notice of the tests from the Government. The Court will then make a prompt determination whether the test(s) will be allowed to be administered to Nelson.

### 4. Limitations on the Use of Information Obtained During the Examination

Nelson's counsel requests that the Court ensure that the limitations contained in Fed.R.CrimP. 12.2(c)(4), are enforced. This rule states in part:

> No statement made by a defendant in the course of any examination conducted under this rule (whether conducted with or without the defendant's consent), no testimony by the expert based on the statement, and no other fruits of the statement may be admitted into evidence against the defendant in any criminal proceeding except on an issue regarding mental condition on which the defendant:
> . . .
> (B) has introduced expert evidence in a capital sentencing proceeding requiring notice under Rule 12.2(b)(2).

The Government states that it objects to the extent that they are barred from using any statements Nelson makes for any other purpose. They argue that if Nelson prevails on his motion for post-conviction relief and is granted a new guilt phase or penalty phase hearing, the government should not be barred from using admissions made by Nelson during the 2255 hearing. The Government recognizes that this objection is: "forward-looking and may never come to pass, but a limitation as broadly worded as espoused by the movant could potentially bar a future prosecution unnecessarily." (Government's Motion to Establish Procedures, p. 7).

The Court finds it unnecessary to make a provisional ruling when the Government has not even conducted their examination and there are no specific statements which have even been identified. However, the Court finds that the Rule is quite specific as to the purposes for which a statement can be used.

### C. Trial Briefs

The Court would request that each side prepare a short trial brief outlining the issues which will be presented in the 2255 hearing five (5) days before the Hearing.

### D. Hearing Date

The hearing previously scheduled for June 14, 2010 is hereby rescheduled to **September 14, 2010** at **8:30 a.m.**

## CONCLUSION

Accordingly, the Government's Motion for Order Requiring Trial and Appellate Counsel to Prepare Affidavits In Response to Nelson's Allegations of Ineffective Assistance of Counsel is hereby **GRANTED** (Doc. # 118); and

Nelson's Motion in Limine Opposing United States Examination of Nelson or Alternatively to Establish Conditions of That Examination is hereby **GRANTED IN PART** and **DENIED IN PART** (Doc. # 134); and

Nelson's Motion for A Hearing Regarding Nelson's Application To Waive His Presence At 28 U.S.C. § 2255 Hearing is **GRANTED** (Doc. # 135); and

Government's Motion for Order to Conduct a Mental Heath Examination of Movant and to Establish Procedures by Which a Mental Health Examination of Nelson Will Be Conducted is hereby **GRANTED IN PART** and **DENIED IN PART** (Docs. # 137,138).

Date:  05/18/10  
Kansas City, Missouri

**S/ FERNANDO J. GAITAN, JR.**  
Fernando J. Gaitan, Jr.  
Chief United States District Judge