# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| KEITH D. NELSON, | ) | |
| Petitioner, | ) ) ) | |
| vs. | ) ) | 4:04-CV-8005-FJG |
| UNITED STATES OF AMERICA, | ) ) ) | |
| Respondent. | ) | |

## **ORDER**

Currently pending before the Court is Nelson's Motion for Reconsideration of this Court's Order Requiring Trial Counsel to Prepare Affidavits in Response to Movant's Allegations of Ineffective Assistance of Counsel (Doc. # 150).

On May 18, 2010, this Court granted the Government's Motion for An Order Requiring Trial and Appellate Counsel to Prepare Affidavits in Response to Nelson's Allegations of Ineffective Assistance of Counsel. (Doc. # 146). Before Nelson's former counsel had an opportunity to comply with the Order, Nelson's current counsel filed the instant motion requesting reconsideration. Nelson's current counsel advance three arguments in support of their Motion for Reconsideration: 1) Caselaw does not compel prior counsel to provide pre-hearing affidavits; 2) The Court's Order is overbroad and risks the disclosure of privileged information beyond the scope of the waiver and 3) The Government's request is an improper attempt to circumvent the rules of discovery. The Court will address each of these arguments in turn.

### I. Caselaw Regarding Waiver of Attorney-Client Privilege

In <u>United States v. Pinson</u>, 584 F.3d 972 (10th Cir. 2009), <u>cert. denied</u>, 130 S.Ct. 1548, 176 L.Ed.2d 139 (2010), the Court stated:

> When a habeas petitioner claims that he received ineffective assistance of counsel, he puts communications between himself and his attorney directly in issue, and thus by implication waives the attorney-client privilege with respect to those communications. The Supreme Court's pathmarking ineffective-assistance case, <u>Strickland v. Washington</u>, itself hinted at this requirement. 466 U.S. 668, 691, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)("[I]nquiry into counsel's conversations with the defendant may be critical to a proper assessment of counsel's . . . litigation decisions."). Many of our sister circuits have recognized this rule.

<u>Id</u>. at *977-978 (citing cases from various Circuits recognizing this principal). The Court concluded, "Given the ample, *unanimous* federal authority on point, we hold that when a habeas petitioner claims ineffective assistance of counsel, he impliedly waives attorney-client privilege with respect to communications with his attorney necessary to prove or disprove his claim." <u>Id</u>. (emphasis added). This is the rule within the Eighth Circuit as well. See <u>Tasby v. United States</u>, 504 F.2d 332, 336 (8th Cir. 1974), <u>cert. denied</u>, 419 U.S. 1125, 95 S.Ct. 811, 42 L.Ed.2d 826 (1975).

Nelson's current counsel argue that there is not a single case in which a court has stated that the appropriate course of action was to compel prior counsel to provide affidavits. This is incorrect. Several courts have ordered attorneys to provide affidavits or to otherwise cooperate and provide information related to their prior representation. In <u>Pinson</u>, the district court ordered the attorney "to provide an affidavit addressing the issues raised in defendants [sic] § 2255 Motion." <u>Id</u>. at 979. The Tenth Circuit in reviewing the district court's actions, found "the potential scope and lack of specificity in the district court's order in this case a bit troubling." The Tenth Circuit found that the Order should have been more specific as to what information the attorney was to

disclose. However, the Court concluded that there had been no abuse of discretion in ordering the attorney to provide the affidavit. Similarly, in Hayes v. United States, No. 4:09CV531CDP, 2009 WL 2071244 (E.D.Mo. July 13, 2009), the Court stated:

> Hayes' former counsel must be allowed to provide information to government counsel in order for the government to respond to the allegations of the § 2255 motion. I will therefore order that the attorney-client privilege between Hays and her former counsel Caterina M. DiTraglia is waived as to all matters related to the allegations of the motion filed by Hays under 28 U.S.C. § 2255, and attorney DiTraglia *is authorized and ordered* to provide the requested information to the Assistant United States Attorney in the case.

Id. at *1(emphasis added). Similarly, in Clock v. United States, No. 09-CV-379-JD, 2010 WL 890445 (D.N.H. Mar. 8, 2010), plaintiff signed an explicit waiver of her attorney-client privilege. The Court directed plaintiff's former attorney to file an affidavit responding to the allegations in the § 2255 petition, including the attached statement of facts. The Court directed the attorney to limit the affidavit to "those issues raised in Clock's petition, as discussed above, so as to ensure that communications still privileged following Clock's explicit waiver will not be disclosed." Id. at *2. See also United States v. Lossia, No. 04-80422, 2008 WL 192274, *2 (E.D.Mich. Jan. 23, 2008)(Government was allowed to interview petitioner's former counsel in order to litigate habeas claims); Dible v. United States, Nos. C09-4065-LRR, CR08-4060-LRR, 2010 WL 2652202, *2 (N.D.Iowa June 28, 2010)("[C]ounsel whose representation is challenged is directed to cooperate with the government and to provide information, documents and/or an affidavit, if necessary, that is responsive to any ineffective assistance of counsel claim asserted by the movant."). Therefore, the Court finds that there is ample authority supporting this Court's decision directing Pat Berrigan and Susan Hunt to provide pre-hearing affidavits to the Government.

## II. Overbreadth

Nelson's current counsel also argue that the Order directing Mr. Berrigan and Ms. Hunt to provide affidavits is overly broad and risks disclosure of privileged information. After reviewing the caselaw, the Court agrees that the previous order could have been more narrowly tailored in directing what claims Mr. Berrigan and Ms. Hunt should address. Therefore, Mr. Berrigan and Ms. Hunt should prepare affidavits addressing the following claims which the Eighth Circuit Court of Appeals has remanded to us:

1. The scope of the mitigation investigation which was conducted, including whether counsel ever contemplated requesting a continuance to complete the mitigation investigation.

2. Nelson's mental health status and counsel's investigation of the same.

3. Whether counsel advised or instructed Nelson to refuse to submit to a mental health examination by the government's expert.

4. Discussion or strategy involved in failing to object to allegedly inflammatory and improper comments in the Government's closing argument and rebuttal.

5. Review of the trial record and the law on appeal.

6. Discussion or strategy involved in failing to raise on appeal the Government's allegedly improper comments in closing arguments.

Mr. Berrigan and Ms. Hunt shall provide affidavits addressing these issues on or before **September 13, 2010**. In order to address Nelson's counsel's concerns that the former attorneys may inadvertently disclose privileged information which falls outside of the waiver, the Court will allow Nelson's counsel an opportunity to review the affidavits before they are disclosed to the Government. Accordingly, the affidavits shall be provided to the Court and to Nelson's current counsel first. Nelson's current counsel shall have until **September 17, 2010** in order to make objections to the affidavits. The Court will rule on any objections and the affidavits will thereafter be provided to counsel

for the Government.

### III. Circumvention of Discovery Rules

Nelson's current counsel argue that the Government's motion for an Order compelling prior counsel to provide affidavits is in actuality a request for discovery and such requests are governed by Rules 6 and 7 of the Rules Governing Section 2255 Proceedings for the United States District Courts.  Nelson's counsel again argue that there is no legal authority for the proposition that a non-party to an action can or should be compelled to provide an affidavit and that the government will suffer no harm from having to wait until the hearing to inquire into prior counsel's communications and legal impressions.   The Court disagrees.  As the Court in Lossia, 2008 WL 192274, *1, stated, "[t]he attorney-client privilege cannot be used as a sword and a shield at the same time." On the one hand, Nelson is questioning the actions and/or inactions of his counsel, yet on the other hand, he wants to prevent the Government from having access to information which is necessary for the Government to defend against these claims.  Not allowing the Government access to this information until the day of the evidentiary hearing would severely limit their ability to question Mr. Berrigan and Ms. Hunt.

This case has a long and protracted history spanning several years.  Nelson initially pled guilty to the kidnapping and murder of a ten year-old girl on October 25, 2001.  The penalty phase of this case began on November 19, 2001 and ended on November 28, 2001, when the jury returned a verdict of death against Keith Nelson. Nelson appealed his conviction and sentence and the Eighth Circuit affirmed the sentence in 2003.  The Supreme Court denied Nelson's request for a writ of certiorari in 2004 and Nelson filed his 28 U.S.C. § 2255 petition in 2005.  This Court denied Nelson's § 2255 petition on November 21, 2006. Nelson appealed that decision and in 2008, the

Eighth Circuit remanded the case to this Court with directions for the Court to address six of the ineffective assistance of counsel claims raised by Nelson in his initial § 2255 petition. To force the government to defend against these claims without having any advance knowledge of what Mr. Berrigan or Ms. Hunt will testify about would be manifestly unjust considering the substantial number of years that have elapsed since the initial penalty phase and the appeal. The Court believes that all parties would benefit if Mr. Berrigan and Ms. Hunt have an opportunity to reflect on their testimony and submit affidavits in advance of the hearing. Both sides will then have an opportunity to question them during the evidentiary hearing.

Accordingly, for the reasons stated above, the Court hereby **GRANTS** in **PART** Nelson's Motion for Reconsideration of This Court's Order Requiring Trial Counsel to Prepare Affidavits in Response to Movant's Allegations of Ineffective Assistance of Counsel (Doc. # 150). Mr. Berrigan and Ms. Hunt shall provide affidavits to the Court and to Nelson's current counsel on or before **September 13, 2010.** Nelson's current counsel shall have until **September 17, 2010** in which to make objections to the affidavits. After the Court rules on the objections, the affidavits shall be provided to counsel for the Government.

Date: 08/24/10  **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri  Fernando J. Gaitan, Jr.
Chief United States District Judge