IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| KEITH D. NELSON, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | Case No. 04-8005-CV-W-FJG |
| v. | ) | Crim. No. 99-00303-01-CR-W-FJG |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**GOVERNMENT'S RESPONSE TO MOVANT'S REQUEST TO RESTRICT MENTAL HEALTH EXPERT FROM USING MMPI-II AND PAI DURING EXAMINATION OF MOVANT (Doc. 167)**

Comes now the United States of America, by Beth Phillips, United States Attorney, and Jeffrey Valenti and David Ketchmark, Assistant United States Attorneys, all for the Western District of Missouri, and moves this court for an Order allowing Dr. Daniel Martell to be able to administer both the Minnesota Multiphasic Personality Inventory-II ("MMPI-II") and the Personality Assessment Inventory ("PAI") during the examination which is set to occur on September 9th and 10th at FCI - Terre Haute, should he deem it necessary and proper. These two tests are relevant and appropriate to confirm or rebut the expert mental health testimony that has been disclosed by Movant to the government, wherein Movant is claiming that he suffers from the following DSM-IV-TR disorders: Cognitive Disorder Not Otherwise Specified (294.9), Post Traumatic Stress Disorder (PTSD; 309.81), and Psychotic Disorder Not otherwise Specified (298.9).

## I. **Background**

On April 7, 2010, counsel for movant, in support of movant's motion for post-conviction relief, filed a Notice of Intent to Offer Evidence of Mental Disease or Defect Bearing on the Issue of Punishment. (Doc. 133)

On April 9, 2010, counsel for movant, filed a Motion Opposing, and/or to Establish Conditions of, Government Mental-Health Evaluation, requesting among other things that the Court restrict the psychological tests that any government expert administer to those tests which were performed by the defense expert. (Doc. 134)

On April 20, 2010, the government responded with its own suggestion on how the mental health examination should proceed (Doc. 138). With respect to which tests should be allowed to be administered, the government proposed the following:

> 6) Mental health testing and instruments selected would be chosen by the individual expert witness. Consideration to the tests and instruments selected by defense experts will be given, but cannot be controlling. Repetitive use of the same instrument can cause issues due to the "practice effect" and the government witnesses need the flexibility to exercise the professional judgment for which they have been hired. It is not practical, nor would a reliable result obtain from either government counsel, post-conviction counsel, or this court to try and micro-manage the testing and evaluation of a subject in the area of mental health, where testing decisions do not follow a script, but instead are the product of professional judgment and clinical presentation of the tested subject. Moreover, the government experts need to administer tests that assess the reliability and validity of other test data collected and be able to make independent determinations of whether either malingering or coaching has taken place.

(Doc. 138, p. 5-6)

On May 18, 2010, this Honorable Court issued an order indicating that the Government shall disclose which test its expert intends to administer, and if Nelson's counsel objects, the parties should try to resolve the issue. In the event that parties cannot reach an

agreement regarding a particular test, Nelson's counsel shall file its objections and the Court will make a prompt determination whether the test(s) will be allowed to be administered to Nelson. (Doc. 146)

Counsel for both parties made arrangements to have Dr. Dan Martell examine movant at FCI - Terre Haute, with defense counsel present at the facility, on September 9th and 10th, 2010.

On September 3, 2010, counsel for the government provided movant's counsel a list of the tests that Dr. Martell intends to administer, including the MMPI-II and PAI.

On September 5, 2010, counsel for movant contacted government counsel via e-mail and indicated that they objected to Dr. Martell administering both the MMPI-II and PAI.

On September 7, 2010, government counsel consulted with Dr. Martell and provided movant's counsel his rationale for why the MMPI-II and PAI tests are both relevant and important as part of the mental health evaluation.

On September 8, 2010, Nelson's counsel filed its objection to the administration of the two tests: the Minnesota Multiphasic Personality Inventory - II ("MMPI-II") and the Personality Assessment Inventory ("PAI"). (Doc. 167).

## II. Argument

Dr. Dan Martell feels strongly about the need to be able to administer both the MMPI-II and the PAI. When told of the movant's objection, Dr. Martell indicated that two-thirds of the mental defense claims asserted by movant allege that, within a reasonable degree of psychological certainty, movant suffers from both PTSD and a psychotic disorder, with symptoms of these disorders being present now, at time of the homicide, and during his trial.

(letters of Xavier Amador, Ph.D. dated 7/12/2010 and 03/30/2010). Furthermore Dr. Martell indicated that psycho-diagnostic testing is a highly validated method for objectively evaluating these concerns and is consistent with the standard of care in the field of clinical psychology. Additionally, according to Dr. Martell, both the MMPI-II and the PAI have been admitted in court thousands of times and are *Daubert*-worthy by any standard. Furthermore, contrary to Movant's assertion, the fact that Dr. Martell is proposing to use the "Detailed Assessment of Posttraumatic Stress" ("DAPS") and the "Dissociative Experiences Scale" ("DES") does not mean that the MMPI-II and PAI are not needed. Dr. Martell explained that neither the DAPS or DES is a test of psychotic symptoms and neither is a test that he would rely upon in isolation. Dr. Martell also indicated that the "Structured Neuropsychological Interview" is not a "test", but rather is a clinical process for assessing mental state.

Dr. Martell's goal is to do the best job he can of making an objective assessment of the movant's mental health in a comprehensive manner that is consistent with the standard of care in his profession. To exclude his ability to administer the MMPI-II and PAI would prohibit his ability to do just that.

This is precisely the reason why lawyers need not micro-manage expert witnesses, but instead should look to see if professional norms are followed. In this case, experts such as Dr. Martell are in a far better position than anyone else to determine which tests should be administered in such an examination.

The fact that none of the defense experts choose to administer the MMPI-II and/or the PAI should not restrict Dr. Martell's ability to perform those tests. Movant's notice filed

under Fed. R. Crim. Proc. 12.2 indicating that "at the hearing to be conducted in this matter, expert evidence will be offered related to a mental disease or defect, or any other mental condition, bearing on the issue of punishment." (Doc. 133) In support of its position, movant provided the government with copies of expert reports, including the letters from Dr. Amador indicating that it is his opinion, "within a reasonable degree of psychological certainty, that Mr. Nelson has the following DSM-IV-TR (American Psychiatric association 2000) disorders: Cognitive Disorder Not Otherwise Specified (294.9), Post Traumatic Stress Disorder (PTSD; 309.81) and Psychotic Disorder Not otherwise Specified (298.9)."

In their objection to the test, Movant's counsel repeatedly makes reference to the MMPI-II and PAI as being personality tests and that their expert did not administer any personality tests. This argument misses the point. As set forth above, Dr. Martell has indicated his desire to administer these two tests because they are highly relevant and validated methods for objectively evaluating the mental health concerns raised by movant's counsel. That is the relevant analysis and what should dictate whether or not these tests can be utilized.

Allowing Dr. Martell to administer the MMPI-II and PAI would not violate movant's Fifth Amendment Right against compelled self-incrimination. If the defendant elects to present evidence pursuant to Fed. R. Crim. Proc 12.2 regarding his mental condition, he has to agree to submit to an examination when ordered by the Court, otherwise the Court may elect to exclude such evidence. (Fed. R. Crim. Proc. 12.2(d)(1)(B)). The Government is not asking the Court to exceed the scope of the defense examination. This fact is not somehow

changed or modified based upon the fact that the government's expert may decide to administer different tests than those selected by the defense expert.

## IV. Conclusion

The United States respectfully requests that the Court allow Dr. Martell to administer both the MMPI-II and the PAI should he deem it necessary during his mental evaluation of the movant.[1]

Respectfully submitted,

BETH PHILLIPS
United States Attorney

By *s/ David Ketchmark*

DAVID KETCHMARK
First Assistant United States Attorney

JEFFREY VALENTI
Assistant United States Attorney

Charles Evans Whittaker Courthouse
400 East Ninth Street, Suite 5510
Kansas City, Missouri 64106
Telephone: (816) 426-3122

*Attorneys for Respondent*

---

[1]If the Court believes that testimony from Dr. Martell is necessary as to why the MMPI-II and PAI are relevant and necessary, or if the Court wants a more detailed response to any of movant's points, the Government would respectfully request that the Court enter an order allowing Dr. Martell to conduct these two tests while everyone is assembled at FCI - Terre Haute over the next two days, and then have a hearing at a later date to determine whether or not any conclusions from those two tests can be presented as part of the rebuttal testimony that is anticipated at the evidentiary hearing. This is true despite the concerns expressed in footnote 4 of movant's objection. This matter is set before the Court for an evidentiary hearing. Should the Court allow the complained of tests to be administered and then later determine they should not be considered (regardless of the reason), there should be no doubt that this Court would not entertain the results of those tests in its analysis of these issues.

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing was served this 9th day of September 2010 by electronic notice or by U.S. Mail, postage prepaid, to:

David A. Ruhnke
Ruhnke & Barrett
47 Park Street
Montclair, NJ 07042

Gary E. Brotherton
Legal Writes, LLC
1390 Boone Industrial Drive, Suite 120
Columbia, MO 65202-3381

Paula Harms
Federal Public Defender
Capital Habeas Unit
850 W. Adams Suite 201
Phoenix, AZ 85007

*s/ David Ketchmark*

David Ketchmark
Assistant United States Attorney