# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| KEITH D. NELSON,<br>Petitioner, | ) | |
| vs. | ) | 4:04-CV-8005-FJG |
| UNITED STATES OF AMERICA,<br>Respondent. | ) | |

## ORDER

Currently pending before the Court is Petitioner's Motion Objecting to Personality Testing by Government's Mental Health Expert (Doc. # 167).

On April 7, 2010, Nelson's counsel provided notice to the Government, pursuant to Fed.R.Crim.P. 12.2 that they would be offering expert evidence relating to a mental disease or defect, or any other mental condition, bearing on the issue of punishment. One of the defense experts, Dr. Michael Gelbort administered several tests to Mr. Nelson to assess his cognitive functioning, intelligence, academic achievement, learning and memory, lateral brain dominance and sensory perception. On September 3, 2010, the Government provided notice of which tests its expert witness, Dr. Martell, intended to administer. Nelson's counsel has objected to two of the tests which the Government proposes to administer: The Minnesota Multiphasic Personality Inventory - II ("MMPI-II") and the Personality Assessment Inventory ("PAI"). Nelson's counsel objects to these tests because they are personality tests and because Dr. Gelbort did not conduct any personality testing, these tests go beyond the scope of proper rebuttal under Rule 12.2.

The Government argues that these tests are necessary and do not exceed the scope of proper rebuttal. The Government's expert witness, Dr. Martell states that two-

thirds of the mental defense claims asserted by movant allege that he suffers from both Post-Traumatic Stress Disorder ("PTSD") and a psychotic disorder. It is the opinion of Dr. Martell that psycho-diagnostic testing is a validated method for evaluating these disorders and is consistent with the standard of care in the field of clinical psychology. The Government suggests that if more information is needed, the Court allow Dr. Martell to conduct the tests on September 9 -10, 2010, while everyone is assembled at Terre Haute and then a hearing can be held at a later time to determine if the tests should be allowed as part of the Government's rebuttal testimony. Nelson's counsel strongly object to allowing Dr. Martell to administer the tests and deferring a ruling on their admissibility. Nelson's counsel argue that allowing the testing would be unduly burdensome, because the administration of these two tests will take an additional four hours to complete in addition to the other nineteen tests that Dr. Martell is going to administer. Nelson's counsel also argues that this might potentially raise Sixth Amendment issues, because in order to advise his client with respect to the testing, he must know what tests will be administered and to what ends the tests will be used.

The Court believes that allowing the administration of the MMPI-II and the PAI tests while everyone is present at Terre Haute is the best and most efficient course. A hearing will then be held at a later point to determine if Dr. Martell will be allowed to testify regarding the results of these tests. If the administration of these two tests will take an unduly long period of time during the two days allotted, then it might be necessary to schedule an additional day to conduct the tests or extend the testing time during the day. Additionally, the Court does not find counsel's Sixth Amendment concerns valid, because it is clear which tests will be administered and to what end they will be utilized. Therefore, the Court hereby **DENIES** Movant's Motion Objecting to

Personality Testing By Government's Mental Health Expert (Doc. # 167).

Date: 09/09/10
Kansas City, Missouri

**S/ FERNANDO J. GAITAN, JR.**
Fernando J. Gaitan, Jr.
Chief United States District Judge