IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| KEITH D. NELSON, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | Case No. 04-8005-CV-W-FJG |
| v. | ) | Crim. No. 99-00303-01-CR-W-FJG |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**GOVERNMENT'S MOTION FOR LEAVE OF THE COURT TO CONDUCT DISCOVERY, PURSUANT TO RULE 6**

Comes now the United States of America, by Beth Phillips, United States Attorney, and Jeffrey Valenti and David Ketchmark, Assistant United States Attorneys, all for the Western District of Missouri, and moves this court for an Order allowing the Government to conduct discovery in this Section 2255 Proceeding pursuant to Rule 6, Rules following 28 U.S.C. § 2255.

## I. Background

On November 6, 2005, Movant Keith D. Nelson, by and through counsel, filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to Title 28, United States Code, Section 2255.

On February 24, 2006, counsel for the United States filed its response to Nelson's Motion to Vacate, Set Aside, or Correct Sentence.

On November 21, 2006, this Court issued an opinion denying the movant's claims in their entirety. Additionally, a certificate of appealability was denied.

After taking an appeal of that decision, on October 27, 2008, a panel of the Eighth Circuit Court of Appeals issued an opinion granting a certificate of appealability on six of the allegations of error raised by movant. A hearing, though not currently scheduled, is likely in the first part of 2011, before this honorable Court on the following six allegations of ineffective assistance of counsel:

a. Failure of trial counsel to conduct adequate mitigation investigation including failure to move for a continuance to complete the mitigation investigation;

b. Failure of trial counsel to conduct adequate investigation of defendant's mental health;

c. Trial counsel's advice or instruction to the defendant to decline to submit to a mental health examination by a government examiner;

d. Failure of trial counsel to make objections to the allegedly inflammatory and improper comments in the Government's closing argument and rebuttal argument;

e. Failure of appellate counsel to conduct adequate review of the trial record and the law; and

f. Failure of appellate counsel to raise on appeal the Government's allegedly improper comments in closing arguments.

On March 31, 2010, counsel for movant provided government counsel with the preliminary report of Xavier Amador, Ph.D.

On April 7, 2010, counsel for movant, in support of movant's motion for post-conviction relief, filed a Notice of Intent to Offer Evidence of Mental Disease or Defect Bearing on the Issue of Punishment.

Pursuant to a motion by the government, this court Ordered former defense counsel to prepare affidavits in regards to the six issues that will be subject of the 2255 hearing. Later Order of the Court narrowed the scope of the information that was required in the affidavits, each of which were received in a timely manner.

On September 9-10, 2010, government expert witness, Daniel Martell, Ph.D, conducted a mental health evaluation of movant. This response follows.

## II. Summary of the Government Position

In this case, a 2255 hearing is forthcoming on six issues regarding the effectiveness of former counsel in their representation of movant in this capital case. Much of the documentation and notes of investigation that establish the scope of their representation is found within the defense file currently in possession of post-conviction counsel. Since most of the information the government is currently able to obtain in its preparation for the hearing in this matter is anecdotal in nature, it is proper to allow the government to inspect the defense file as it pertains to the six issues now ripe for hearing. This court has discretion to order this limited inspection and should exercise its discretion to ensure a fair and informed 2255 hearing.

## III. Argument

"A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law." Rule 6, Rules following 28 U.S.C. § 2255. The underlying case that gives rise to the upcoming hearing on post-conviction relief

resulted in a sentence of death for movant. Given the importance of this case, the nature of the notice provided by movant, and the interest of the court in reaching a fair and just result, it is the Government's belief that the court should exercise its discretion and issue an Order authorizing discovery in this Section 2255 Proceeding.

It is well settled that when a defendant moves to vacate his conviction charging ineffective assistance of counsel, he waives the attorney-client privilege. *Tasby v. United States*, 504 F.2d 332, 336 (8th Cir. 1974). Courts have made it clear that waiver occurs whenever the client has put privileged matters in issue when claiming err by former counsel. *See e.g., Byers v. Burleson*, 100 F.R.D. 436, 440 (D.D.C. 1983) (privilege waived because information was necessary to resolve issue plaintiff raised); *Laughner v. United States*, 373 F.2d 326, 327 (5th Cir. 1967) (defendant cannot preclude government's inquiry into the one area of evidence likely to contradict his claims in support of motion for new trial).

By attacking the representation of former counsel in this Section 2255 Proceeding, the defendant has assailed former counsel's competence and, in so doing, has waived the attorney-client privilege. Accordingly, the government must defend former counsel and properly respond to the allegations. Since the allegations are now the subject of a Section 2255 Hearing, the government should be allowed to review any material in the defendant's case file related to six specific allegations or err.

This Court earlier ordered two of defendant's former counsel to produce written affidavits regarding information they possessed that related to the defendant's

allegations of err. Logically, then, the Court has already recognized that the attorney-client privilege has been waived on those very issues. The affidavits alone, however, are insufficient to properly prepare this case for hearing. Indeed, while interviewing some of movant's former counsel, the government has learned about the significant amount of mitigation work done on movant's behalf. Unfortunately, most of the provided information was in bits and pieces and was supplied in anecdotal form as the documentary support for their investigation was contained within the case file that is currently in post-conviction counsel's possession. The government believes that it should be allowed to inspect the defense file in this case to determine what documentary support still exists to demonstrate the scope of mitigation work conducted by former counsel. The government recognizes that the privilege waiver in this case is a limited one and only applies to information, materials, or documentation that relate to the six issues currently before the court. Therefore, the government requests access to the totality of the defense file that deals with the previously listed six topics and to no further information. Post-conviction counsel can prepare the file for appropriate inspection, or it can be provided *in camera*, with the result being that the government get access to the responsive portion of the file and nothing more.

In *United States v. Wright*, 2008 WL 4276206 (D.Del.), a district court ordered former defense counsel in a 2255 proceeding to provide both written affidavits in response to allegations of ineffective assistance of counsel, as well as documentation relevant to the claims raised. The government is asking for nothing more in this case.

Some of movant's former counsel have been helpful, but they do not have the documentation needed to properly rebut the defendant's allegations of ineffectiveness. Other former counsel have been less helpful, or, in some circumstances, have attempted to use the 2255 proceeding as a platform from which to preach against imposition of the death penalty. In either case, in order for the government to properly prepare for the Section 2255 Hearing in this case, it is entitled to review the defense file as it relates to the six issues at bar.

*Wright* has occasionally been distinguished with claims that the information sought, is not needed to respond to an allegation of ineffectiveness when no hearing has been found necessary. In this case, however, the government has already responded to the allegations. Instead, it is attempting to rebut those same allegations in an environment where a hearing has been Ordered by the Court of Appeals. Consequently, *Wright* is a fair exercise of discretion that this court should employ to see that a just result is reached in this case.

## III. Conclusion

The United States respectfully requests that the Court issue an order authorizing the government to engage in discovery by reviewing the defense file on the six issues currently before the court.

Respectfully submitted,

BETH PHILLIPS
United States Attorney

By ***/s/Jeffrey Valenti***

JEFFREY VALENTI
Assistant United States Attorney

DAVID KETCHMARK
First Assistant United States Attorney

Charles Evans Whittaker Courthouse
400 East Ninth Street, Suite 5510
Kansas City, Missouri 64106
Telephone: (816) 426-3122

*Attorneys for Respondent*

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing was served this 10th day of January 2011, by electronic notice or by U.S. Mail, postage prepaid, to:

David A. Ruhnke
Ruhnke & Barrett
47 Park Street
Montclair, NJ 07042

Gary E. Brotherton
Legal Writes, LLC
1390 Boone Industrial Drive, Suite 120
Columbia, MO 65202-3381

***/s/Jeffrey Valenti***
Jeffrey Valenti
Assistant United States Attorney