IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| KEITH D. NELSON, | : | |
| Movant, | : | |
| vs. | : | 4:04-CV-8005 (FJG) |
| UNITED STATES OF AMERICA, | : | |
| Respondent. | : | |

MOVANT'S REPLY TO GOVERNMENT'S MOTION FOR LEAVE OF THE COURT
TO CONDUCT DISCOVERY, PURSUANT TO RULE 6
&
MOTION TO FILE SAID REPLY OUT OF TIME

COMES NOW Keith D. Nelson, by his attorneys, Gary E. Brotherton, Paula Harms, and David A. Ruhnke, and responds to the government's motion for leave of the Court to conduct discovery pursuant to Rule 6 of the Rules Governing Section 2255 Proceedings for the United States District Courts, and requests this Court to permit such reply to be filed out of time.

REQUEST TO FILE THIS REPLY OUT OF TIME

On January 10, 2011, the government moved this Court for leave to conduct discovery. Movant's reply to said motion was due on January 27, 2011. During a conference call on January 24, 2011, Counsel Brotherton agreed to make the final edits on Movant's reply and to ensure it was filed on January 27, 2011. On January 25, 2011, Counsel Brotherton had to schedule an unexpected but critical visit with a state inmate for January 27, 2011. With that emergency, Counsel Brotherton inadvertently neglected to file Movant's reply. Counsel Brotherton is wholly responsible for this oversight. Movant should not be penalized for Counsel's shortcoming. Counsel Brotherton is submitting Movant's reply along with this request to file it out of time at approximately 4:45 a.m. on Friday, January 28, 2011, before

leaving to visit clients on Missouri's death row. Being a few hours late will not prejudice the government in any way; indeed, as set out below, the government has no objection to the proposed timetable set out in this motion. Therefore, Movant, through Counsel Brotherton, requests leave of this Court to file his reply out of time.

REPLY TO THE GOVERNMENT'S DISCOVERY REQUEST

The government requests that it "be allowed to inspect the defense file in this case to determine what documentary support still exists to demonstrate the scope of mitigation work conducted by former counsel." Gov't Mot. at 5. In support of its motion, the government "recognizes that the privilege in this case is a limited one and only applies to information, materials, or documentation that relate to the six issues currently before the court," id., and seeks to inspect only the portion of former counsel's file "that deals with the previously listed six topics and to no further information." Id.[1] The government further proposes that undersigned counsel prepare the file for appropriate inspection so that the government may "get access to the responsive portion of the file and nothing more." Id.

---

[1] Those six issues regarding ineffective assistance of counsel are as follows:

a. Failure of trial counsel to conduct adequate mitigation investigation including failure to move for a continuance to complete the mitigation investigation;
b. Failure of trial counsel to conduct adequate investigation of defendant's mental health;
c. Trial counsel's advice or instruction to the defendant to decline to submit to a mental health examination by a government examiner;
d. Failure of trial counsel to make objections to the allegedly inflammatory and improper comments in the Government's closing argument and rebuttal argument;
e. Failure of appellate counsel to conduct adequate review of the trial record and the law; and
f. Failure of appellate counsel to raise on appeal the Government's allegedly improper comments in closing arguments.

The undersigned have no objection to the government's proposal, provided the undersigned are permitted a reasonable amount of time from the date of any Order on this motion to prepare the file for inspection by the government. The defense file in this case consists of twenty-eight (28) banker's boxes, which are currently in the possession of Attorney Harms at the Federal Defender Office in Phoenix, Arizona. Given the voluminous nature of the file, the undersigned estimate that they can prepare it for inspection consistent with the government's limited discovery request and make it available to the government 30 days from the date of any Order on this motion.[2] The undersigned have conferred with counsel from the government and are authorized to represent that the government does not object to undersigned counsel making the file available for inspection 30 days from the date of any Order on this motion.

The undersigned would also like to take this opportunity to address a separate, but related, matter referenced in the government's discovery request. Throughout its motion, the government treats Mr. Nelson's § 2255 Motion as if it were a civil suit against former counsel and characterizes its own role as defending former counsel in this suit. See Gov't Motion at 4 ("By attacking the representation of former counsel in this Section 2255 Proceeding, the defendant has assailed former counsel's competence and, in so doing, has was waived the attorney-client privilege. Accordingly, the government must defend former counsel and properly respond to the allegations."); id. at 6 ("Some of movant's former counsel have been helpful, but

[2] As the government acknowledges, Mr. Nelson has not waived the attorney-client privilege in its entirety. For this reason, the file must be appropriately prepared for inspection so as not to accidentally waive the privilege as to other matters through inadvertent disclosure of information or materials contained in the file which are not relevant to the six discrete claims of ineffective assistance of counsel at issue in this case. *See In re Ford Motor Co.*, 110 F.3d 954, 963 (3d Cir. 1997) ("once putatively protected material is disclosed, the very right sought to be protected has been destroyed") (internal quotation marks and citation omitted).

they do not have the documentation needed to properly rebut the defendant's allegations of ineffectiveness.")

Mr. Nelson's § 2255 action is plainly not a civil suit against former counsel, but rather an action against the United States for violating his constitutional rights, including his Sixth Amendment right to effective assistance of counsel. Indeed, as the Standing Committee on Ethics and Professional Responsibility of the American Bar Association has noted:

> *When a former client calls the lawyer's representation into question by making an ineffective assistance of counsel claim*, the first two clauses of Rule 1.6(b) (5) do not apply. The lawyer may not respond in order "to establish a claim or defense on behalf of the lawyer in a controversy between the lawyer and the client," because *the legal controversy is not between the client and the lawyer. Nor is disclosure justified "to establish a defense to a criminal charge or civil claim against the lawyer based upon conduct in which the client was involved," because the defendant's motion or habeas corpus petition is not a criminal charge or civil claim against which the lawyer must defend.*

ABA Formal Opinion 10-456 ("Disclosure of Information to Prosecutor When Lawyer's Former Client Brings Ineffective Assistance of Counsel Claim") at 3-4 (footnote omitted) (emphasis added) (attached as Exhibit 1).[3]

Mr. Nelson's § 2255 motion is not a civil claim against former counsel. Accordingly, it is not the role of former counsel to "rebut" allegations of ineffectiveness, or of the government to

---

[3] The quoted passage refers to Rule 1.6(b)(5) of the ABA Model Rules of Professional Conduct, which provides in pertinent part that "[a] lawyer may reveal information relating to the representation of a client to the extent the lawyer reasonably believes necessary … to establish a claim or defense on behalf of the lawyer in a controversy between the lawyer and the client, to establish a defense to a criminal charge or civil claim against the lawyer based upon conduct in which the client was involved, or to respond to allegations in any proceeding concerning the lawyer's representation of the client."

"defend" former counsel.[4] Rather, former counsel have an ongoing duty of loyalty and confidentiality to Mr. Nelson, including that of maintaining the attorney-client privilege. See ABA Formal Opinion 10-456 at 1-2; ABA Guidelines for the Appointment and Performance of Defense Counsel in Death Penalty Cases (2003), Guidelines 10.13, 11.3.5 & 11.3.6. The undersigned therefore strongly object to the government's characterization of these proceedings as an adversarial contest, pitting Mr. Nelson against his former counsel. Framing the § 2255 action as such unnecessarily encourages former counsel to act as an aggrieved party in the case and attack their former client. Former counsel must be mindful not to allow potential feelings of wanting to "defend their reputation" undermine their professional and ethical obligations to their former client in any conversations they have with the government:

> A lawyer may be concerned that . . . a finding [of ineffective assistance of counsel] may impair the lawyer's reputation or have other adverse, collateral consequences for the lawyer. *This concern can almost always be addressed by disclosing relevant client information in a setting subject to judicial supervision. ... If the lawyer's evidence is required, the lawyer can provide evidence fully, subject to judicial determinations of relevance and privilege that provide a check on the lawyer disclosing more than is necessary to resolve the defendant's claim. In the generation since Strickland, the normal practice has been that trial lawyers do not disclose client confidences to the prosecution outside of court-supervised proceedings. There is no published evidence establishing that court resolutions have been prejudiced when the prosecution has not received counsel's information outside the proceeding. Thus, it will be extremely difficult for defense counsel to conclude that there is a reasonable need in self-defense to disclose client confidences to the prosecutor outside any court-supervised setting.*

ABA Formal Opinion 10-456 at 5 (emphasis added).

[4] Indeed, the undersigned are particularly concerned with the government's characterization of former counsel as being "helpful" to the government in its preparation for the evidentiary hearing. Gov't Mot. at 6. It is not the place of former counsel to "help" the government litigate against Mr. Nelson, but simply to provide truthful testimony at the hearing if called as a witness.

## CONCLUSION

For the foregoing reasons, Mr. Nelson has no objection to the government's proposed discovery request, provided the undersigned are provided thirty days from the date of any Order on this motion to properly prepare the file for inspection by the government.

Respectfully submitted,

***/s/ Gary E. Brotherton***
Gary E. Brotherton
Legal Writes, LLC
Stonebridge Office Park
601 W. Nifong Blvd.
Building 1, Suite C
Columbia, Missouri 65203
(573)875-1571 Phone
(573)875-1572 Fax
gebrotherton@legalwritesllc.com

***/s/ David A. Ruhnke***
David A. Ruhnke
Ruhnke & Barrett
47 Park Street
Montclair, New Jersey 07042
(973)744-1000 Phone
(973)746-1490 Fax
dr@ruhnkeandbarrett.com

***/s/ Paula K. Harms***
Paula K. Harms
Office of the Federal Public Defender
Capital Habeas Unit
850 W. Adams Street, Suite 201
Phoenix, AZ 85007
(602) 382-2756
paula_harms@fd.org

CERTIFICATE OF SERVICE

This will certify that, on today's date, Movant's counsel served this reply upon the United States by filing the document via ECF.

/s/ Gary E. Brotherton

Dated: Columbia, Missouri
Montclair, New Jersey
Phoenix, Arizona
January 28, 2010