IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| KEITH D. NELSON, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | Case No. 04-8005-CV-W-FJG |
| v. | ) | Crim. No. 99-00303-01-CR-W-FJG |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**GOVERNMENT'S MOTION FOR LEAVE OF THE COURT**
**TO TAKE DEPOSITIONS, PURSUANT TO RULE 6**

Comes now the United States of America, by David Ketchmark, Acting United States Attorney, and Jeffrey Valenti, Assistant United States Attorney, both for the Western District of Missouri, and moves this court for an Order allowing the Government to take depositions in this Section 2255 Proceeding pursuant to Rule 6, 28 foll. § 2255.

## I. Background

On November 6, 2005, Movant Keith D. Nelson, by and through counsel, filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to Title 28, United States Code, Section 2255.

On February 24, 2006, counsel for the United States filed its response to Nelson's Motion to Vacate, Set Aside, or Correct Sentence.

On November 21, 2006, this Court issued an opinion denying the movant's claims in their entirety. Additionally, a certificate of appealability was denied.

After taking an appeal of that decision, on October 27, 2008, a panel of the Eighth Circuit Court of Appeals issued an opinion granting a certificate of appealability on six of the allegations of error raised by movant. A hearing is scheduled to commence on Tuesday, June 5, 2012, before this honorable Court on the following six allegations of ineffective assistance of counsel:

a. Failure of trial counsel to conduct adequate mitigation investigation including failure to move for a continuance to complete the mitigation investigation;

b. Failure of trial counsel to conduct adequate investigation of defendant's mental health;

c. Trial counsel's advice or instruction to the defendant to decline to submit to a mental health examination by a government examiner;

d. Failure of trial counsel to make objections to the allegedly inflammatory and improper comments in the Government's closing argument and rebuttal argument;

e. Failure of appellate counsel to conduct adequate review of the trial record and the law; and

f. Failure of appellate counsel to raise on appeal the Government's allegedly improper comments in closing arguments.

On March 31, 2010, counsel for movant provided government counsel with the preliminary report of Xavier Amador, Ph.D.

On April 7, 2010, counsel for movant, in support of movant's motion for post-conviction relief, filed a Notice of Intent to Offer Evidence of Mental Disease or Defect Bearing on the Issue of Punishment.

Pursuant to a motion by the government, this court Ordered former defense counsel to prepare affidavits in regards to the six issues that will be subject of the 2255 hearing. Later Order of the Court narrowed the scope of the information that was required in the affidavits, each of which were received in a timely manner.

On September 9-10, 2010, government expert witness, Daniel Martell, Ph.D, conducted a mental health evaluation of movant. This response follows.

Pursuant to a motion by the government, this court Ordered discovery to occur in this matter. Shortly thereafter, on May 3-4, 2011, post-conviction counsel made the attorney case-file available in Phoenix, Arizona.

## II. Summary of the Government Position

A 2255 hearing is scheduled to commence on Tuesday, June 5, 2012, and will focus on six issues regarding the effectiveness of former counsel in their representation of movant in this capital case. After having reviewed the case file and in comparing the information contained therein with the affidavits provided by former defense counsel, there are many gaps in information available to government counsel. To clear up those gaps and to make the hearing on June 5, 2012, a fair and informed proceeding, the interests of justice will be served by allowing the government to take the depositions of former defense counsel Pat Berrigan, Susan Hunt, and Jennifer Herndon. This court has discretion to order the requested depositions and should exercise its discretion to ensure a fair and informed 2255 hearing.

## III. Argument

"A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law." *See* Rule 6, Rules Governing Section 2255. The underlying case that gives rise to the upcoming hearing on post-conviction relief resulted in a sentence of death for movant. Previously, the court exercised its discretion and Ordered that discovery should commence in this matter. Given the importance of this case, the nature of the notice provided by movant, and the interest of the court in reaching a fair and just result, it is the Government's belief that the court should further exercise its discretion and issue an Order authorizing the taking of three depositions in preparation for this Section 2255 Proceeding.

This request is clearly within the inherent power of the Court and is even contemplated by Rule 6. (*see* section (c) setting forth the authority of the Court to require the Government to pay expenses associated with Government requested depositions). Rule 6 of the Rules Governing Section 2255 Proceedings does not define "good cause", "however one court has stated that a respondent is 'entitled to discover any information tending to undermine' the allegations of a §2255 movant or § 2254 petitioner." *Allen v. United States*, 2011 WL 4729819 (ED.Mo. 2011).

In *Allen*, the government sought and was granted authority under Rule 6 to conduct twelve depositions in a § 2255 habeas case where the defendant, who was also sentenced to death, alleged that his trial counsel was defective in the investigation and

presentation of mitigation evidence during the penalty phase of his trial. In reaching the conclusion that the Government satisfied the "good cause" standard and was thereby authorized to depose trial counsel, the Court concluded that in the context of a penalty phase of a criminal case, trial counsel has an "obligation to conduct a thorough investigation of the defendant's background" and one of the movant's allegations was that his trial counsel was deficient in this obligation. *Id.* at *3. Furthermore, the Court reasoned that the actions that trial counsel "did and did not take in investigating and presenting mitigation evidence" were "among the most relevant facts" for the § 2255 proceeding. *Id.*

The rationale utilized by the district court in *Allen* is equally applicable in this matter. Several of the issues to be addressed during the upcoming evidentiary hearing relate to allegations that trial counsel failed to conduct an adequate mitigation investigation. This Court earlier ordered two of defendant's former counsel to produce written affidavits regarding information they possessed that related to the defendant's allegations of err. The affidavits alone, however, are insufficient to properly prepare this case for hearing. Indeed, a review of the file maintained by former counsel was necessary and ordered by this Court. Those affidavits and that review, while incredibly informative, are simply not enough to ensure a meaningful hearing on June 5, 2012. Instead, the government believes that it should be allowed to conduct depositions of former counsel so that the information provided in the affidavits can be connected to the information gleaned from the file. If the government is not allowed to piece this

information together in advance of the currently scheduled hearing, that hearing will necessarily be longer than needed and will be filled with blind, directionless questioning.

It is well settled that when a defendant moves to vacate his conviction charging ineffective assistance of counsel, he waives the attorney-client privilege. *Tasby v. United States*, 504 F.2d 332, 336 (8th Cir. 1974). Courts have made it clear that waiver occurs whenever the client has put privileged matters in issue when claiming err by former counsel. *See e.g., Byers v. Burleson*, 100 F.R.D. 436, 440 (D.D.C. 1983) (privilege waived because information was necessary to resolve issue plaintiff raised); *Laughner v. United States*, 373 F.2d 326, 327 (5th Cir. 1967) (defendant cannot preclude government's inquiry into the one area of evidence likely to contradict his claims in support of motion for new trial).

By attacking the representation of former counsel in this Section 2255 Proceeding, the defendant has assailed former counsel's competence and, in so doing, has waived the attorney-client privilege. Accordingly, the government must respond to the allegations and do so in an environment where the information necessary to do so is in the hands and minds of counsel that were formerly adversarial. Since the allegations are now the subject of a Section 2255 Hearing, the government should be allowed to explore the nature of former counsel's representation in the form of detailed questioning, while making reference to the documents and Orders that are part of this case's history and file.

## III. Conclusion

The United States respectfully requests that the Court issue an order authorizing the government to engage in discovery by conducting depositions of Pat Berrigan, Susan Hunt, and Jennifer Herndon as regards their former representation of the movant on the six issues currently before the court.

Respectfully submitted,

DAVID KETCHMARK
Acting United States Attorney

By ***/s/Jeffrey Valenti***

JEFFREY VALENTI
Assistant United States Attorney

Charles Evans Whittaker Courthouse
400 East Ninth Street, Suite 5510
Kansas City, Missouri 64106
Telephone: (816) 426-3122

*Attorneys for Respondent*

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing was served this 17th day of April 2012, by electronic notice or by U.S. Mail, postage prepaid, to:

David A. Ruhnke
Ruhnke & Barrett
47 Park Street
Montclair, NJ 07042

Gary E. Brotherton
Legal Writes, LLC
601 W. Nifong Blvd.
Building 1, Suite C
Columbia, MO 65202-3381

Paula Harms
Assistant Federal Public Defender
850 W. Adams, Ste. 201
Phoenix, AZ 85007

***/s/Jeffrey Valenti***
Jeffrey Valenti
Assistant United States Attorney