IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| **KEITH D. NELSON,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **4:04-CV-8005-FJG** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**ATTORNEY BERRIGAN'S RESPONSE IN OPPOSITION TO "GOVERNMENT'S MOTION FOR LEAVE OF THE COURT TO TAKE DEPOSITIONS, PURSUANT TO RULE 6" (Doc. 196), AND INCORPORATED SUGGESTIONS**

COMES NOW petitioner's former trial counsel, Patrick J. Berrigan, Assistant Public Defender, and opposes the government's effort to subject him to deposition inquiry for the following reasons:

1. The government already has a sworn affidavit from this attorney responding to all six (6) of Mr. Nelson's habeas claims, this affidavit being ordered by the Court (Doc. 161) after vigorous opposition from attorney Berrigan (Doc. 122) and petitioner (Doc. 150). The Court, while noting a relative paucity of precedent for compelling such discovery, believed "that all parties would benefit if Mr. Berrigan and Ms. Hunt have an opportunity to reflect on their testimony and submit affidavits in advance of the hearing." (Order of 8-24-10, Doc. 161, at 6). Neither petitioner nor counsel Berrigan sought a certificate of appealability from that Order.

2. One year after requesting trial counsel's sworn affidavits, the government moved to conduct additional discovery pursuant to Rule 6, F.R.C.P., specifically asking "to inspect the defense file in this case to determine what documentary support still exists to demonstrate the scope of mitigation work conducted by former counsel." (Doc. 181, at 5). Petitioner did not

object to this request, and the Court sustained the government's motion. (Doc. 183, Order of 2-7-11).

3. Now another year has gone by and the government has suddenly decided that "those [attorney] affidavits and that [defense file] review, **while incredibly informative**, are not sufficient." (Govt.'s Motion for Leave to Take Depositions, Doc. 196, at 5). The government complains not that the affidavits were evasive or incomplete, or that the defense file was purged or otherwise inadequate, but that "there are many gaps in information available to government counsel." *Id.*, at 3.

4. When Mr. Nelson was on trial for his life he had no ability to depose the government witnesses who would be called to help secure his execution. There are always "gaps" in the information available to criminal defense attorneys. Few states allow depositions in criminal cases, including death penalty cases. What system of justice denies capital defendants the ability to question the witnesses against them under oath before trial yet permits the government such examinations in its effort to keep them on death row? On the basis of fundamental fairness alone the government's motion should be denied.

5. Rule 26.2 F.R.Cr.P. compels production of "witness statements" to opposing counsel only after the witness has testified (at trial or a hearing) on direct examination. The rule applies equally to both the prosecution and defense, and specifically applies to evidentiary hearings conducted pursuant to 28 U.S.C. § 2255. *See* Rule 26.2(g)(5). The government's effort to depose former trial counsel *before* the habeas hearing improperly seeks to circumvent Rule 26.2, and should be denied.

6. The government's failure to establish the necessity of these depositions in light of already having counsel's affidavits and access to the entire defense file belie any claim of "good

cause," a requirement for authorizing depositions under Rule 6 of the Rules of Governing Proceedings Under 28 U.S.C. § 2255. The only case cited by the government in support of its fairly novel request, *Allen v. United States*, 2011 WL 4729819 (E.D. Mo. 2011), specifically relied on the government's showing of good cause therein to support the court's discovery order.

7. Here the government has failed to allege any specific "gap" or factual discrepancies that would support a claim of good cause for burdensome depositions. Instead, the prosecutors "seek merely to cast a line in the hopes of hooking additional evidence which might support [their] claims." *Clark v. Johnson*, 202 F.3d 760, 767 (5th Cir. 2000). As Judge DeMoss found in *Clark*, *supra*, "[t]he discovery provisions of Rule 6 [of the Rules Governing § 2255 Cases] do not contemplate the type of fishing trip on which [the government] seeks to embark." *Id.*, *see also Perillo v. Johnson*, 79 F.3d 441, 444 (5th Cir. 1996); *Ward v. Whitley*, 21 F.3d 1355, 1367 (5th Cir. 1994). "The 'good cause' standard set forth in Rule 6 restrains a party litigant from unbridled entitlement to discovery." *Lott v. Bradshaw*, No. 1:04-CV-822, 2005 WL 3741492 at *2 (N.D. Ohio 2005). Indeed, '"At the very least, it is clear that there was no intention to extend to habeas corpus, as a matter of right, the broad discovery [afforded in] ordinary civil litigation.'" *Id*. (quoting *Harris v. Nelson*, 394 U.S. 286, 295(1969)). Because the government fails to establish "good cause" for these depositions, its motion should be denied.

WHEREFORE, for the above and foregoing reasons, counsel Berrigan objects to the "Government's Motion for Leave of the Court to Take Depositions, Pursuant to Rule 6" (Doc. 196) and urges the Court to deny same. In the alternative, counsel Berrigan respectfully requests oral argument on the government's motion.

Finally, if the Court orders these depositions despite the unassailable deficiencies in the government's request, then the following conditions are requested pursuant to Rules 26(c) and 30(d)(1), F.R.C.P.:

(1) The government questioning of former counsel be limited to 1.5 hours each;

(2) The government identify at least ten (10) days before the depositions what specific areas of counsel's performance will be inquired of during the deposition; and

(3) The government will bear all expenses associated with the depositions, including compensation of deposed counsel at current CJA rates for capital counsel for both attending and preparing for the depositions.

Respectfully submitted,

*/s/ Patrick J. Berrigan*

Patrick J. Berrigan, Mo. Bar # 34321
Assistant Public Defender
Missouri State Public Defender System
Capital Litigation Division, Western District
920 Main Street, Suite 500
Kansas City, Missouri 64106
(816) 889-7699
(816) 2088 (FAX)
patrick.berrigan@mspd.mo.gov

**CERTIFICATE OF SERIVCE**

I hereby certify that on this 1st day of May, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification for such filing to all attorneys associated with this case. In addition, a copy was also sent by U.S. Mail, postage prepaid to Ms. Susan M. Hunt, Attorney at Law, 819 Walnut, Suite 308, Kansas City, Missouri 64106.

*/s/ Patrick J. Berrigan*
PATRICK J. BERRIGAN