IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| KEITH D. NELSON, | : | |
| Movant, | : | |
| vs. | : | 4:04-CV-8005 (FJG) |
| UNITED STATES OF AMERICA, | : | |
| Respondent. | : | |

MOVANT'S REPLY TO GOVERNMENT'S MOTIONS FOR LEAVE OF THE COURT TO TAKE DEPOSITIONS, PURSUANT TO RULE 6

COMES NOW Keith D. Nelson, by his attorneys, Gary E. Brotherton, Paula Harms, and David A. Ruhnke, and responds to the government's motions for leave of the Court to conduct discovery pursuant to Rule 6 of the Rules Governing Section 2255 Proceedings for the United States District Courts. Specifically, the government requests that it be permitted to take the depositions of former trial counsel Patrick Berrigan, Susan Hunt, and Jennifer Herndon (ECF Doc. No. 196), and former trial mitigation investigators Tena Francis and Lisa Murphy (ECF Doc. No. 197). In support of its request, however, the government fails to make the particularized showing necessary to satisfy the "good cause" standard under Rule 6. Rather, the government puts forward vague assertions that the requested depositions will produce needed, but unspecified, facts. In neither of its motions does the government explain what information it seeks, what facts it hopes to establish at a deposition, the matters on which it seeks to question

the deponents, or how any such facts are material to essential elements of the claims on which discovery is being sought.

Moreover, the government's requests are unnecessary. The government has already received extensive discovery in this case, including compelled affidavits from former counsel that are responsive to the ineffective assistance claims that will be the subject of an evidentiary hearing in this case, as well as unfettered access to former counsel's files, including counsels' notes and billing records. To the extent that the government has additional questions for these witnesses, an evidentiary hearing has already been scheduled, and the government can examine those witnesses at that time. The government's motions do not identify any information that it hopes to "discover" in the depositions that it could not just as easily elicit at the hearing. The requested depositions would be unnecessary and duplicative, and the government will suffer no prejudice by posing its questions at the hearing.

Finally, the government's requested depositions would be burdensome and expensive. Several of the proposed deponents reside outside the Western District of Missouri. Additionally, two of the undersigned counsel for Mr. Nelson reside outside the State of Missouri.[1] Thus, in addition to being unnecessary, the associated costs of

[1] Mr. Ruhnke resides in New Jersey. Ms. Harms resides in Arizona. Mr. Brotherton resides in Columbia, Missouri, a considerable distance from Kansas City. With regard to the proposed deponents, Ms. Herndon resides in the St. Louis area, also a considerable distance from Kansas City, Ms. Frances resides in Nevada and Ms. Murphy resides in Texas. The only two proposed deponents who are local are Mr. Berrigan and Ms. Hunt, both of whom have provided detailed affidavits regarding the issues relevant to this matter.

conducting five depositions under these circumstances would be burdensome and quite costly.

## I. Background

On October 27, 2008, the United States Court of Appeals for the Eighth Circuit ordered that this Court conduct an evidentiary hearing on each of the following claims raised in Mr. Nelson's § 2255 motion:

(1) Trial counsel's failure to conduct adequate mitigation investigation including failure to move for a continuance to complete one;

(2) Trial counsel's failure to conduct adequate investigation of defendant's mental health;

(3) Trial counsel's advising or instructing defendant to decline to submit to a mental health examination by a government examiner;

(4) Trial counsel's failure to make objections to allegedly inflammatory and improper comments in the Government's closing argument and rebuttal;

(5) Appellate counsel's failure to conduct adequate review of the trial record and the law; and

(6) Appellate counsel's failure to raise on appeal the Government's allegedly improper comments in closing arguments.

*See Nelson v. United States*, 297 Fed. Appx. 563 (8th Cir. 2008) (*per curiam*). As the Eighth Circuit noted, "[o]ur examination of the claims asserted in this case convinces us that a fair and just determination of some of them *required* an evidentiary hearing to be held." *Id*. at 565 (emphasis added).

Pursuant to a motion by the government, and over Mr. Nelson's objection, this Court previously ordered Mr. Nelson's former trial counsel – Patrick Berrigan and Susan

Hunt[2] – to provide discovery to the government in the form of responsive affidavits to the six claims of ineffective assistance of counsel that will be the subject of the evidentiary hearing in this case. (ECF Doc. No. 146). The government did not seek an affidavit from Ms. Herndon. This Court later modified that order, pursuant to a reconsideration motion filed by Mr. Nelson, to clarify that the scope of any implied waiver of attorney-client privilege in this matter was to be narrowly tailored to conform to the six identified claims of ineffective assistance of counsel. (ECF Doc. No. 161). Former counsel prepared those affidavits, and they were timely provided to the government in September of 2010.

On January 10, 2011, the government sought additional discovery in the form of access to former counsel's files. (ECF Doc. No. 181). With the understanding that the government's inspection of the files would be limited to only those portions relevant to the six claims at issue at the evidentiary hearing, Mr. Nelson did not object to the government's request. (ECF Doc. No. 182). On February 7, 2011, this Court granted the government's discovery request. (ECF Doc. No. 183). On May 3-4, 2011, the government inspected those files and were provided with numerous documents in both hard copy and on CDs.

## II. The government has failed to establish the requisite "good cause" to justify the taking of depositions.

Rule 6 of the *Rules Governing Section 2255 Proceedings for the United States District Courts* ("§2255 Rules") provides, in relevant part:

---

[2] Ms. Hunt also served as co-counsel on Mr. Nelson's initial appeal to the Eighth Circuit.

> (a) Leave of Court Required. A judge may, <u>for good cause</u>, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with practices and principles of law. . . .
>
> (b) Requesting Discovery. A party requesting discovery must provide reasons for the request.

(Emphasis added.) "The 'good cause' standard set forth in Rule 6 restrains a party litigant from unbridled entitlement to discovery." *Lott v. Bradshaw*, No. 1:04-CV-822, 2005 WL 3741492 at *2 (N.D. Ohio 2005). Indeed, "'[a]t the very least, it is clear that there was no intention to extend to habeas corpus, as a matter of right, the broad discovery [afforded in] ordinary civil litigation.'" *Id*. (quoting *Harris v. Nelson*, 394 U.S. 286, 295 (1969)).

As explained below, the government has failed to meet the requisite "good cause" standard, and is instead seeking precisely the type of broad discovery that is prohibited under Rule 6. Accordingly, the government's requests for depositions should be denied.

**A. The "good cause" standard requires a particularized showing of what the moving party expects to find from the requested discovery, or how the discovery would assist the party with respect to an essential element of the claims being litigated.**

Unlike the usual civil litigant, parties litigating a § 2255 motion are not entitled to discovery as a matter of course. Rather, discovery in § 2255 proceedings requires leave of the court, and is controlled by Rule 6 of the Rules Governing Section 2255 Proceedings. Rule 6(a) allows a section 2255 litigant to use, in the court's discretion and "for good cause," the discovery procedures available under the Federal Rules of Criminal Procedure and the Federal Rules of Civil Procedure. *See* Rule 6(a), Rules Governing Section 2255

Proceedings. The government is subject to the same "good cause" standard articulated in Rule 6(a) as is the movant in any request for discovery. *See* id. (requiring leave of court before a "party" may conduct discovery).

Although Rule 6 does not itself define the meaning of "good cause," the Supreme Court explained the standard in *Bracy v. Gramley*, 520 U.S. 899 (1997). There, the Court held that "good cause" for discovery under Rule 6(a) is defined as: "'where *specific allegations* before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief.'" 520 U.S. at 908-909 (quoting *Harris v. Nelson*, 394 U.S. 286, 300, (1969)) (emphasis added).[3]

In determining whether a litigant is entitled to discovery to develop facts related to a particular claim, the Supreme Court has instructed that a district court "must first identify the 'essential elements' of that claim." *Bracy*, 520 U.S. at 904 (citing *United States v. Armstrong*, 517 U.S. 456 (1996)). That is, the litigant must specifically explain how the requested discovery items are material to an essential element of the legal claims on which discovery is sought. The burden of demonstrating the materiality of the

---

[3] Although *Bracy* involved discovery in habeas corpus proceedings pursuant to Rule 6 of the Rules Governing Section 2254 Cases, its discussion of the "good cause" standard is fully applicable to Rule 6 of the Rules Governing Section 2255 Proceedings. *See United States v. Roane*, 378 F.3d 382, 402-403 (4th Cir. 2004) (applying *Bracy* to a section 2255 motion).

information requested is on the moving party. *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001) (citing *Murphy v. Johnson*, 205 F. 3rd 809, 813-15 (5th Cir. 2000).[4]

Generalized statements about the possible existence of discovery material are insufficient to constitute "good cause." *See Harris v. Johnson*, 81 F.3d 535, 540 (5th Cir. 1996) ("conclusory allegations will not suffice to mandate . . . discovery"); *Green v. Artuz*, 990 F. Supp. 267, 271 (E.D.N.Y. 1998). Rather, the party requesting discovery must make a particularized showing of what it expects to find from the discovery, or how the discovery would assist it. *See Harris*, 81 F.3d at 540. Indeed, Rule 6(b) explicitly requires that a party requesting discovery "provide reasons for the request." Rule 6(b), Rules Governing Section 2255 Proceedings. Moreover, as numerous courts have noted, Rule 6 "does not . . . authorize fishing expeditions." *Harris*, 81 F.3d at 540; *Calderon v.*

---

[4] The government cites *Allen v. United States*, No. 4:07CV00027 ERW, 2011 U.S. Dist. LEXIS 116023 at *5 (E.D. Mo. 10/7/11) for the proposition that the government is entitled "to discover any information tending to undermine the allegations of a §2255 movant or § 2254 petitioner." In the section of *Allen* that the government quotes, however, the Judge Webber was merely citing to a line in a Northern District of Ohio opinion; as is made clear in the very next paragraph of his own opinion, Judge Webber did not adopt the position of the Northern District Ohio, but rather embraced the Supreme Court's approach outlined in *Bracy*:

> To determine whether the United States has shown good cause for the requested depositions, the Court first must identify the "essential elements" of Allen's claim. See *Bracy*, 520 U.S. 899, 904, 117 S. Ct. 1793, 138 L. Ed. 2d 97 (1997) (to determine whether a § 2254 petitioner was entitled to discovery under Rule 6 for his claim of judicial bias, the Court first had to determine the "essential elements" of that claim) (quotation omitted).

*Allen* at *5. Clearly, the *Bracy* framework is the proper one for resolving whether the government has met its burden to establish "good cause" for its request for depositions.

*United States Dist. Court for the Northern Dist. of Cal. (Nicolaus)*, 98 F.3d 1102, 1106 (9th Cir. 1996); *Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970); *Williams v. Bagley*, 380 F.3d 932, 974 (6th Cir. 2004); *Rector v. Johnson*, 120 F.3d 551, 562 (5th Cir. 1997).

**B. The government's deposition requests are vague, overbroad and conclusory and, therefore, fail to satisfy the "good cause" standard.**

The government has failed to make the particularized showing required of it under Rule 6 to warrant the taking of depositions. It has neither indicated the specific matters on which it seeks to question the proposed deponents, nor has it made any attempt to provide reasons for the requested depositions that are related to the essential elements of the claims being litigated in this § 2255 proceeding. Rather, the government merely makes vague, overbroad and conclusory assertions regarding its need for depositions. As such, the government's request for depositions is insufficiently specific and is in the nature of a fishing expedition.

For example, with respect to its request to depose Patrick Berrigan, Susan Hunt and Jennifer Herndon, the government asserts that despite the fact that it has obtained affidavits from Mr. Berrigan and Ms. Hunt that are responsive to each of the six allegations of ineffective assistance of counsel at issue in the upcoming evidentiary hearing in this case, and despite the fact that the government has been given additional discovery in the form of access to former counsel's files, there are "many gaps in information available to government counsel." (ECF Doc. No. 196 at 3) The government, however, does not explain what these unspecified "gaps in information" are; nor does it

articulate what facts it hopes to establish through the requested depositions; and it never explains how these facts, if established, would relate to any of the essential elements of the relevant ineffective assistance of counsel claims (and/or its defenses thereto). Indeed, there is literally no fact-specific explanation offered by the government to establish "good cause" for its requests for depositions, nor any fact-specific explanation of the materiality of the information it seeks.[5]

The government's failure to make the requisite particularized showing is all the more glaring when reviewing its request for depositions of Tena Francis and Lisa Murphy. The government literally just "cut and pasted" the same language it used in its motion requesting depositions of former trial counsel. See ECF Doc. No. 197 at 3 (stating that there are "many gaps in information available to government counsel"). Once again, the government does not explain what these unspecified "gaps in information" are; it does not articulate what facts it hopes to establish through the requested depositions of Ms. Francis or Ms. Murphy; and it never explains how these facts, if established, would relate to any of the essential elements of ineffective assistance of counsel claims (and/or its defenses thereto). The motion appears to be nothing more than a boiler-plate request

[5] Similarly, the government asserts that it needs to conduct depositions "so that the information provided in the affidavits can be connected to the information gleaned in the file," (ECF Doc. No. 196 at 5), yet it never explains the nature of the unspecified information from the affidavits and trial file that it seeks to connect, nor how – if at all -- these pieces of information are material to any essential elements of the § 2255 claims being litigated, nor even what facts it would hope to establish at a deposition that might "connect" these unspecified pieces of information. These issues are obviously the point of holding a hearing at which these issues may be explored.

for a deposition without any of the requisite supporting facts needed to establish "good cause" under Rule 6.

The government is merely asserting that depositions are needed without making the particularized showing necessary to allow this Court to properly adjudicate whether the government has established "good cause" for its request. That particularized showing is not optional; under analogous circumstances, where a party makes vague assertions without the requisite supporting facts, courts routinely deny Rule 6 requests for depositions. *See*, *e.g.*, *Jernigan v. Ryan*, No. CV 08-838-PHX-MHM (LOA), 2009 U.S. Dist. LEXIS 110550, *37 (D. Ariz. 11/25/09) (denying request for depositions under Rule 6 because habeas litigant "fails to explain what facts he hopes to develop with these depositions, and how they are related to his claims"); *Pecci v. Warden BCCF*, No. 08-cv-01235-ZLW-KMT, 2009 U.S. Dist. LEXIS 28734, *3 (D. Colo. 3/9/09) ("Here, Petitioner has made overly broad and conclusory statements regarding his need for depositions. Therefore, it is impossible for the court to determine whether the discovery should be allowed."). *Cf. Gonzalez v. Bennett*, No. 00 Civ. 8401 (VM), 2001 U.S. Dist. LEXIS 19798, *4 (S.D. N.Y. 11/30/01) ("Generalized statements about the possible existence of discovery material are insufficient to constitute 'good cause.' Likewise, a court has discretion to deny a motion for discovery where the petitioner provided no specific evidence that the requested material would support his habeas corpus petition."); *Green v. Artuz*, 990 F. Supp. 267, 271 (S.D.N.Y. 1998) (a petitioner must produce specific evidence that supports his claim that the requested material exists. … Here

petitioner has failed to produce specific evidence that the requested material will show misconduct by counsel (and others) and thus has not shown good cause for this discovery.") (internal citations omitted); *Charles v. Artuz*, 21 F. Supp. 2d 168, 169 (E.D.N.Y. 1998) (rejecting discovery motion where petitioner's "stated purpose is merely to determine whether the requested items contain any grounds that might support his petition, and not because the documents actually advance his claims of error").

The government is not entitled to depose witnesses simply because it seeks to fill in unspecified "gaps" in its knowledge of the case. Discovery in habeas proceedings is only available for "good cause," and the government here has not even attempted to make the kind of fact-specific, particularized showing necessary to satisfy that standard. After reading the government's requests, the undersigned simply cannot glean: a) the alleged gaps in information which the government desires to "clear up" (ECF Doc. No.196 at 3); b) what facts it hopes to establish at a deposition, or the matters on which it seeks to question the deponents; or c) how any such facts are material to essential elements of the claims on which discovery is being sought. The government's deposition requests are too vague, overbroad and conclusory to satisfy the "good cause" standard, and it should not be permitted to engage in a fishing expedition in search of unspecified information whose materiality is unknown and unestablished. Accordingly, the government's motions for depositions should be denied.

## III. The government's request for depositions is unnecessary in light of the extensive discovery it has already obtained, as well as its ability to examine the witnesses at an already-ordered evidentiary hearing.

The government has enjoyed rather extensive discovery in this case. First, over Mr. Nelson's objections, the government obtained a court order requiring former trial counsel to submit responsive affidavits to the six claims of ineffective assistance of counsel presently at issue. (ECF Doc. Nos. 146 & 161). Neither at the time that those affidavits were provided to the government in September of 2010, nor at any time since then, has the government ever complained that Mr. Berrigan's or Ms. Hunt's affidavits were non-responsive or otherwise not in compliance with this Court's order. Similarly, on February 7, 2011, this Court granted the government's request for access to former counsel's files. (ECF Doc. No. 183). On May 3-4, 2011, the government inspected those files, and neither at that time, nor at any time since, has the government complained that its access to those files was restricted or insufficient, or that the files did not contain information relevant to the six claims of ineffective assistance of counsel presently at issue. In other words, the government has had unfettered access to compelled statements from counsel, as well as former counsel's contemporaneous files, on the relevant issues to be litigated at the upcoming evidentiary hearing.

The government now seeks a third bite at the apple in order to obtain unspecified information which it claims can only be had through the direct questioning of former counsel and other witnesses. The government, however, will have precisely that opportunity at the already-ordered evidentiary hearing on Mr. Nelson's § 2255 motion.

Indeed, that is the very purpose of the hearing – to develop facts and take evidence from witnesses. The government has made no argument explaining why it needs both a deposition and a hearing to cross-examine each witness, especially when the two main witnesses – Mr. Berrigan and Ms. Hunt -- have already prepared affidavits setting forth their expected testimony. The government's motions do not identify any information that it hopes to "discover" in the depositions that it could not just as easily elicit at the hearing. The requested depositions would be unnecessary and duplicative, and the government will suffer no prejudice by posing its questions at the hearing.

The government's claim -- that absent depositions, the evidentiary hearing will devolve into "blind, directionless questioning" (ECF Doc. No. 196 at 6) -- is simply not credible. Given the government's extensive access to discovery thus far in the form of former counsel's compelled affidavits, as well as former counsel's files, the government will hardly be flying blind or directionless at the hearing. Moreover, counsel for the government are experienced litigators who have certainly questioned numerous witnesses over the course of their careers without previously having deposed those same witnesses. Thus, the specter of counsel wasting the Court's time while stumbling through examinations absent a precise roadmap of what the witnesses' every answer to every question might be seems highly unlikely.[6]

[6] Indeed, as this Court is aware, depositions are permitted in federal *criminal* cases only to preserve testimony. See Fed. R. Crim. P. 15(a); had Mr. Nelson been calling defense witnesses in a trial context, the government would have had to cross-examine them without the benefit of depositions.

Indeed, it appears that what the government really wants is simply to learn in advance of the hearing what the witnesses' likely responses will be to all of its questions before it ever poses those questions at a hearing. That, however, is not a legitimate ground for ordering depositions in a habeas proceeding. As one district court has explained, discovery in habeas proceedings is far less expansive than the type of free-ranging pre-trial search for information in civil cases to which the government mistakenly believes it is entitled:

> [D]iscoverable information in habeas proceedings requires a closer nexus of proof to presented claims than is required in regular civil actions. … Because of the nature of habeas corpus, the expansive construction of relevance in civil cases, to embrace all information "reasonably calculated to lead to the discovery of admissible evidence" specified in Federal rule of Civil Procedure 26(b)(1), is not appropriate. Habeas corpus is not a proceeding to *learn* facts. *See e.g., Harris*, 394 U.S. at 297 (broad-ranging preliminary inquiry is neither necessary nor appropriate in the context of a habeas proceeding); *Rich v. Calderon*, 187 F.3d 1064, 1067 (9th Cir. 1999) (habeas corpus "was never meant to be a fishing expedition for habeas petitioners to 'explore their case in search of its existence'").

*Holt v. Wong*, No. CV F-97-6210-AWI, 2006 U.S. Dist. LEXIS 48584 at *3-4 (E.D. Cal. 7/10/06) (emphasis in original). The government already has ample information from which to prepare for an evidentiary hearing; its desire to simply "learn facts" in order to have a tactical advantage at the hearing is not an appropriate or sanctioned basis for discovery in habeas proceedings.

While any attorney would clearly prefer to have as much information as possible before litigating a matter in court, it is the Federal Rules, not an attorney's own subjective feeling of preparedness, that govern discovery and the disclosure of such information. As

noted above, the government has failed to satisfy the relevant legal standard necessary to obtain depositions under Rule 6. The fact that the government subjectively believes that it cannot "properly prepare this case for a hearing" (ECF. Doc. No. 196 at 5) absent depositions is not a legally recognized basis under Rule 6 for ordering depositions. The only relevant consideration under the Federal Rules and applicable case law is whether the government has made the requisite particularized showing to establish "good cause." The government has failed to make the type of fact-specific showing required by law to warrant further discovery. Having failed to make that showing, the government cannot now rely on an unrecognized "preparedness" exception to get around the clear requirements of Rule 6.

**III. The government's requests for depositions are burdensome.**

As stated early (see footnote 1), of the proposed deponents, only Mr. Berrigan and Ms. Hunt reside in or near the Western District of Missouri. MS. Herndon resides in the St. Louis area and Ms. Francis and Ms. Murphy reside out of state. Two of Mr. Nelson's present counsel reside out of state, Mr. Ruhnke in New Jersey and Ms. Harms in Arizona. Mr. Brotherton resides in Columbia, Missouri, a considerable distance from Kansas City. The costs associated with travel and other logistics in conducting five depositions would be quite significant.[7]

[7] The government may point out that Mr. Brotherton resides in Missouri. However, it is not for the government to decide that Mr. Brotherton should litigate all or any of the five depositions, particularly where the undersigned counsel have already divided up witnesses and tasks as part of the litigation in this case. Just as the undersigned have no

In the event that depositions are ordered, the undersigned will move, pursuant to Rule 6(c) of the §2255 Rules, that the Court "require the government to pay the travel expenses, subsistence expenses, and fees of [Mr. Nelson's] attorney to attend the deposition.", in Mr. Ruhnke and Mr. Brotherton's case, CJA fees for five depositions would be quite significant.

## IV. The government misconstrues the scope of any implied waiver of the attorney-client privilege.

Near the conclusion of its motion, the government states: "By attacking the representation of former counsel in this Section 2255 Proceeding, the defendant has assailed former counsel's competence and, in so doing, has waived the attorney client privilege." (ECF Doc. No. 6 196 at 6). The issue of the scope any implied waiver of the attorney-client privilege has already been litigated and ruled upon by this Court. Indeed, as this Court stated in a previous order, the waiver of the attorney-client privilege in this case must be "narrowly tailored" to conform to the six claims of ineffective assistance of counsel which the Eighth Circuit remanded to this Court for an evidentiary hearing; otherwise, there was a risk that "the former attorneys may inadvertently disclose privileged information which falls outside of the waiver. (ECF Doc. No. 161 at 4). This Court's ruling regarding the narrow scope of any implied waiver of the attorney-client privilege is "law of the case." Accordingly, the government should not be allowed to re-

---

say in how the U.S Attorney's Office staffs and divides labor in its cases, neither should the government be allowed to decide how Mr. Nelson's counsel choose to divide up witnesses and prepare for the evidentiary hearing.

litigate the issue, or otherwise assert that there has been a blanket waiver of the attorney-client privilege in this case.

## CONCLUSION

For the foregoing reasons, Mr. Nelson objects to the government's requests for depositions of Patrick Berrigan, Susan Hunt, Jennifer Herndon, Tena Francis, and Lisa Murphy, and respectfully requests that the government's motions be denied.

Respectfully submitted,

*/s/ Gary E. Brotherton*
Gary E. Brotherton
Legal Writes, LLC
Stonebridge Office Park
601 W. Nifong Blvd.
Building 1, Suite C
Columbia, Missouri 65203
(573)875-1571 Phone
gebrotherton@legalwritesllc.com

*/s/ David A. Ruhnke*
David A. Ruhnke
Ruhnke & Barrett
47 Park Street
Montclair, New Jersey 07042
(973)744-1000 Phone
dr@ruhnkeandbarrett.com

*/s/ Paula K. Harms*
Paula K. Harms
Office of the Federal Public Defender
Capital Habeas Unit
850 W. Adams Street, Suite 201
Phoenix, AZ 85007
(602) 382-2756
paula_harms@fd.org

Filed via ECF: Kansas City, Missouri
May 4, 2012

## CERTIFICATE OF SERVICE

This will certify that, on today's date, this motion was served upon the United States by filing via ECF.

/s/ David A. Ruhnke
DAVID A. RUHNKE

Dated: May 4, 2012