**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | | |
|---|---|---|
| KEITH D. NELSON, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 04-8005-CV-W-FJG |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

Currently pending before the Court is Government's Motion for Leave of Court to Take Depositions, Pursuant to Rule 6 (Docs. # 196, 197).

### I. BACKGROUND

The Government seeks to take the depositions of former defense counsel Pat Berrigan, Susan Hunt and Jennifer Herndon. The Government also seeks to depose Tena Francis and Lisa Murphy, who were both extensively involved in assisting in the mitigation phase of the case.

The Government argues that discovery is appropriate under Rule 6 of the Rules Governing § 2255 Proceedings because (1) the affidavits and review of files are not sufficient to properly prepare the case for a fair and informed hearing; (2) the importance of the case, the nature of the notice provided by movant, and the interest of the court in reaching a fair and just result weigh in favor of allowing discovery; and (3) the defendant has waived attorney-client privilege

In response, Keith D. Nelson, Petitioner, and Patrick J. Berrigan, Petitioner's

former trial counsel, argue that under Rule 6 discovery is not appropriate in this case because: (1) the government has not met Rule 6's good cause standard; (2) the request is unnecessary and (3) the requests for depositions are burdensome. We will address each of these arguments in turn.

## II. STANDARD

Rule 6(a) of the Rules Governing § 2255 Proceedings reads in relevant part:

> A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law.

In Allen v. U.S., No.4:07CV00027ERW, 2011 WL 4729819 (E.D.Mo., Oct.7, 2011), the Court stated:

> [U]nder Rule 6(a), either party to a § 2255 motion may conduct discovery upon a showing of "good cause." See also Bracy v. Gramley, 520 U.S. 899, 904 (1997)("A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course.").The Rules do not define "good cause," and the term does not appear to have been defined by case law. However, one court has stated that a respondent is "entitled to discover any information tending to undermine" the allegations of a § 2255 movant or § 2254 petitioner. Lott v. Bradshaw, No. 1:04-cv-822, 2005 WL 3741492 at *6 (N.D.Ohio Mar. 29, 2005). In addition, a court has discretion to determine whether to allow discovery, and what forms of discovery to allow. See Section 2255 R.6 advisory committee notes; R.Governing Section 2254 Cases R.6 advisory committee notes.

Id. at *2. In Allen, the Court stated that "[t]o determine whether the United States has shown good cause for the requested depositions, the Court first must identify the "essential elements" of [petitioner's] claim." Id. As in Allen, Nelson is also alleging that his counsel was ineffective[1]. The essential elements of a claims of ineffective assistance

[1] Specifically, Nelson is alleging that (1) trial counsel failed to conduct an adequate mitigation investigation including failure to move for a continuance to complete one; (2)

of counsel are that the counsel's performance was deficient and that the deficient performance prejudiced the defendant. Strickland v. Washington, 466 U.S. 668 (1984).

## III. DISCUSSION

The Government requests permission to depose former defense counsel Pat Berrigan, Susan Hunt, and Jennifer Herndon. Additionally, the Government wishes to depose Tena Francis and Lisa Murphy, who both worked for Capital Punishment Investigation and Educational Services and were extensively involved in the mitigation investigation. The Government argues that the depositions are necessary because the previously provided affidavits of Susan Hunt and Pat Berrigan are insufficient to properly prepare for the hearing. The Government requests depositions of Nelson's former counsel so that the information provided in the affidavits can be "connected to the information gleaned from the file." (Government's Suggestions in Support, p. 5). In Allen, the Court stated, "[t]he actions that Richard Sindel and John Simon did and did not take in investigating and presenting mitigation evidence are among the most relevant facts of the instant proceeding." Id. at *3. Likewise, the Court also found that the depositions of a paralegal and a mitigation expert were necessary as these individuals had been "tasked by Allen's counsel with mitigation investigation and

---

trial counsel failed to conduct adequate investigation of defendant's mental health; (3) trial counsel advised or instructed defendant to decline to submit to a mental health examination by a government examiner; (4) trial counsel failed to make objections to allegedly inflammatory and improper comments in the government's closing argument and rebuttal; (5) appellate counsel failed to conduct adequate review of the trial record and the law; and (6) appellate counsel failed to raise on appeal the Government's allegedly improper comments in closing arguments.

preparation duties, and thus became intimately involved with the conduct that Allen challenges here." Id. at *4.

Habeas counsel argue that the deposition requests should be denied because they are vague, overbroad and unduly burdensome. Additionally, Pat Berrigan, objects to the Motion for Discovery, arguing that the Government has failed to allege any specific gap or discrepancy which would support a claim of good cause for the depositions. Berrigan asserts that if the Court grants the motion for discovery, that the following conditions should be imposed: 1) Limit the questioning to 1.5 hours each, 2) identify at least ten days before the depositions what specific areas of counsel's performance will be inquired of and 3) direct that the government bear all expenses associated with the depositions.

In Lott v. Bradshaw, 2005 WL 3741492, *6, the Court stated that the Government is "entitled to discover any information tending to undermine [petitioner's claim]." In the instant case, the Court finds that the United States has satisfied the good cause standard because it has shown that the depositions are material to refuting Nelson's claims that his trial counsel was ineffective. The Court has reviewed the affidavits provided by Mr. Berrigan and Ms. Hunt. The affidavit provided by Mr. Berrigan is very general and lacking in detail. The affidavit of Ms. Hunt, while more detailed, does leave a number of questions unanswered. The opportunity to depose counsel and others who were involved in preparing the mitigation case would allow the Government an opportunity to further examine those areas which were outlined in the affidavits. It would also allow the Government an opportunity to question Ms. Francis and Ms. Murphy in advance of the hearing as to their involvement and responsibilities in

preparing the mitigation case. With the limited amount of time the parties will have during the evidentiary hearing, the Court finds that allowing the depositions of these individuals will assist counsel in narrowing and focusing their areas of inquiry, so that their testimony can be presented more succinctly during the evidentiary hearing. With regard to the objection that the depositions would be burdensome or costly, the Court finds that this argument can be cured by directing that the Government bear all reasonable expenses associated with the taking of the depositions. The areas of inquiry should focus on the six issues which the Eighth Circuit directed this Court to hold an evidentiary hearing on. The depositions shall last no longer than five hours total, for each witness.

## III. CONCLUSION

Accordingly, for good cause shown, the Court hereby **GRANTS** the Government's Motion for Leave of the Court to Take Depositions Pursuant to Rule 6 (Doc. Nos. 196, 197).

Date: July 25, 2012
Kansas City, Missouri

**S/ FERNANDO J. GAITAN, JR.**
Fernando J. Gaitan, Jr.
Chief United States District Judge