IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| KEITH D. NELSON, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | Case No. 04-08005-CV-W-FJG |
| v. | ) | Crim. No. 99-00303-01-CR-W-FJG |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO**
**ATTORNEY BERRIGAN'S MOTION TO FILE NOTICE OF APPEAL**

Comes now the United States of America, by David Ketchmark, Acting United States Attorney, and Jeffrey Valenti, Assistant United States Attorney, both for the Western District of Missouri, and moves this court for an Order denying Attorney Berrigan's Motion to Permit the Filing of a Notice of Appeal.

## I. Background

On November 6, 2005, Movant Keith D. Nelson, by and through counsel, filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to Title 28, United States Code, Section 2255.

On February 24, 2006, counsel for the United States filed its response to Nelson's Motion to Vacate, Set Aside, or Correct Sentence.

On November 21, 2006, this Court issued an opinion denying the movant's claims in their entirety. Additionally, a certificate of appealability was denied.

After taking an appeal of that decision, on October 27, 2008, a panel of the Eighth Circuit Court of Appeals issued an opinion granting a certificate of appealability on six of the allegations of error raised by movant. A hearing is currently scheduled for July 8, 2013, before this honorable Court on the following six allegations of ineffective assistance of counsel:

a. Failure of trial counsel to conduct adequate mitigation investigation including failure to move for a continuance to complete the mitigation investigation;

b. Failure of trial counsel to conduct adequate investigation of defendant's mental health;

c. Trial counsel's advice or instruction to the defendant to decline to submit to a mental health examination by a government examiner;

d. Failure of trial counsel to make objections to the allegedly inflammatory and improper comments in the Government's closing argument and rebuttal argument;

e. Failure of appellate counsel to conduct adequate review of the trial record and the law; and

f. Failure of appellate counsel to raise on appeal the Government's allegedly improper comments in closing arguments.

On March 31, 2010, counsel for movant provided government counsel with the preliminary report of Xavier Amador, Ph.D.

On April 7, 2010, counsel for movant, in support of movant's motion for post-conviction relief, filed a Notice of Intent to Offer Evidence of Mental Disease or Defect Bearing on the Issue of Punishment.

Pursuant to a motion by the government, this court Ordered former defense counsel to prepare affidavits in regards to the six issues that will be subject of the 2255 hearing. Later Order of the Court narrowed the scope of the information that was required in the affidavits, each of which were received in a timely manner.

On September 9-10, 2010, government expert witness, Daniel Martell, Ph.D, conducted a mental health evaluation of movant.

Pursuant to a motion by the government, this court Ordered discovery to occur in this matter. Shortly thereafter, on May 3-4, 2011, post-conviction counsel made the attorney case-file available in Phoenix, Arizona. On July 25, 2012, this Court ordered that the government would be allowed, despite objection, to conduct the deposition of former defense counsel Pat Berrigan, Susan Hunt, and Jennifer Herndon. Additionally, the government was given authority to depose Tena Francis and Lisa Murphy, individuals who were extensively involved in assisting in the mitigation phase of this case.

By Order of the Court issued on August 1, 2012, subsequently amended on August 10, 2012, the parties were Ordered to file tentative Witness and Exhibit Lists by October 15, 2012. Furthermore, the parties were directed to have a deposition schedule in place and to inform the Court of any additional issues that could possibly affect the Hearing currently scheduled for July 8, 2013. Finally, a status conference is scheduled in this matter on November 1, 2012.

On August 9, 2012, former defense counsel, Patrick J. Berrigan filed a Motion for Waiver of Filing Fee and for Order Granting Permission to File Notice of Appeal.

This response follows.

## II. <u>Summary of the Government Position</u>

Mr. Berrigan is no longer a party-opponent in this matter and does not have standing to file an appeal of this Court's Order that he submit to being deposed. Instead, he is a witness to important facts and circumstances that give rise to the underlying controversy before the Court. At best, Mr. Berrigan's motion should be considered a motion to quash a subpoena for deposition, but this motion is not yet ripe and would, nonetheless, be singularly

unsuccessful. Finally, while citing no authority, it appears that Berrigan is asking this Court for authority to conduct an immediate appeal (under the collateral order doctrine) of an Order that is not a final judgment. Such requests, even when dealing with disclosure orders adverse to the attorney-client relationship, are disfavored.

## III. Argument

"A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law." Rule 6, Rules following 28 U.S.C. § 2255. The underlying case that gives rise to the upcoming hearing on post-conviction relief resulted in a sentence of death for movant. Recognizing the significance of the sentence imposed in this case, the Court has ordered discovery in this matter, including granting the government the authority to conduct depositions of relevant witnesses.

One of those witnesses, former counsel Patrick J. Berrigan, has asked this Court for authority to immediately appeal that Order,[1] despite the fact the ruling in question is not a final judgment in the matter. Moreover, Berrigan urges this Court to ignore its previous reliance on the plain text of Rule 6 and the cited, relevant Circuit authority. Berrigan ignores the fact that the Rule alone is sufficient to justify the granting of depositions in this case. The existence of a case within the Circuit authorizing the taking of depositions highlights the absurdity of his position. If this Rule, or this ruling, need to be scrutinized by appellate eyes, the time for such an appeal will be after a ruling in this case has become

[1]The Court is further asked to engage in the fiction that Berrigan, a respected trial attorney, cannot afford to pay the filing fees on an appeal. Berrigan candidly acknowledges that he is not indigent, but explains that he cannot lightly part with the approximately $455 needed to secure an appeal. It should be pointed out that it would be difficult to find any party conducting an appeal that would enjoy paying such a fee, but the fee is nonetheless a systemic requirement and should only be waived for the truly indigent.

final. In short, Berrigan's request is not yet ripe, nor does he cite any authority for the proposition that he be granted an immediate appeal under the collateral order doctrine.

Courts of Appeal, "have jurisdiction of appeals from all final decisions of the district courts...." 28 U.S.C. § 1291. A "final decisio[n] is typically one by which a district court disassociates itself from a case." *Swint v. Chambers County Comm'n,* 514 U.S. 35, 42 (1995). The Supreme Court has interpreted this to encompass not only judgments that "terminate an action," but also a "small class" of collateral to the merits rulings that have not terminated the litigation, but are too important to be denied immediate review and are therefore appropriately deemed "final." *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 546 (1949). Finally, the justification for immediate appeal must be sufficiently strong to overcome the benefits of deferring appeal until litigation concludes. *Mohawh Industries, Inc., v. Carpenter,* 130 S. Ct. 599 (2009).

Berrigan's attempted appeal is simply not the type of ruling that is appropriately deemed "final" and therefore not subject to an immediate appeal under *Cohen's* collateral order doctrine. Notably, the order that Berrigan complains of is a pretrial discovery order. The Supreme Court has consistently denied review of these types of orders because they necessarily involve criminal discovery which is a discretionary matter for the trial court. *Allen v. United States,* WL 5553635 (E.D.Mo.) Well within that discretion is the authority to order discovery in a 2255 proceeding, including the power to order depositions.[2] Along this line, there is no merit to the argument that the proposed

[2]Berrigan asserts that, at least to his knowledge, the authority of district courts to authorize depositions of former trial counsel was not afforded appellate scrutiny in *Allen v. United States,* 2011 WL 4729819 (E.D.Mo. 2011). The appellate courts may have passed on this issue, but the district court was presented with a Motion For Reconsideration, which it thoughtfully denied concluding that an interlocutory appeal of its Order to allow depositions was inappropriate. *Allen v. United States,* WL 5553635

depositions infringe into matters of attorney-client representation/privilege. The Supreme Court has concluded that disclosure orders potentially adverse to such privilege simply do not qualify for immediate appeal because effective appellate review can be accomplished in other, more traditional means. *Mohawk,* at 609.

Finally, it should be pointed out, Berrigan is no longer an attorney of record in the matter pending before the Court. Instead, he is a witness. As a nonparty, he has no standing to challenge the Court's ruling. The Supreme Court has said, however, that "when a nonparty has an interest that is affected by the trial court's judgment...the better practice is for such a nonparty to seek intervention for purposes of appeal" because only parties to a lawsuit may appeal adverse judgment." *Marino v. Ortiz,* 484 U.S. 301, 304 (1988) (internal quotation marks omitted). Berrigan has not sought intervention and even if he had, the type of appeal he urges is not appropriate. At best, his motion could be considered an attempt to quash a subpoena that has not yet been sought. Even still, as a witness to the controversy before the Court, his attempt to avoid deposition should fail.

---

(E.D.Mo.). Appellate scrutiny most likely never came because the issue is quite clear cut, having been decided more than 30 years ago. In 1979, the 8th Circuit cited a Supreme Court case for the proposition that discovery, including depositions, is appropriate in habeas cases. *United States v. Goodman*, 590 F.2d. 705, 712 (1979), citing *Blackledge v. Allison*, 431 U.S. 63, 80-81 (1977).

### III. Conclusion

The United States respectfully requests that the Court issue an order denying Berrigan's attempted immediate appeal and allow the previously Ordered depositions to proceed.

Respectfully submitted,

DAVID KETCHMARK
Acting United States Attorney

By ***/s/ Jeffrey Valenti***

JEFFREY VALENTI
Assistant United States Attorney

Charles Evans Whittaker Courthouse
400 East Ninth Street, Suite 5510
Kansas City, Missouri 64106
Telephone: (816) 426-3122

*Attorneys for Respondent*

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing was served this 28th day of August 2012, by electronic notice or by U.S. Mail, postage prepaid, to:

David A. Ruhnke
Ruhnke & Barrett
47 Park Street
Montclair, NJ 07042

Gary E. Brotherton
Legal Writes, LLC
1390 Boone Industrial Drive, Suite 120
Columbia, MO 65202-3381

Paula Harms
Federal Public Defender
850 W. Adams, Ste. 201
Phoenix, AZ 85007

***/s/ Jeffrey Valenti***

Jeffrey Valenti
Assistant United States Attorney