**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **KEITH D. NELSON,** | ) | |
| | ) | |
| **Movant,** | ) | **4:04-CV-8005 (FJG)** |
| | ) | |
| **vs.** | ) | **99-CR-00303-W (FJG)** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**<u>BERRIGAN'S REPLY TO GOVERNMENT'S RESPONSE IN OPPOSITION TO ATTORNEY BERRIGAN'S MOTION TO FILE NOTICE OF APPEAL</u>**

COMES NOW Patrick J. Berrigan, Assistant Public Defender, and former trial counsel for movant Keith D. Nelson, and, for his reply to the "Government's Response in Opposition to Attorney Berrigan's Motion to File Notice of Appeal" (Doc. 213)[1], states as follows:

## I. The Government's Arguments

1. The government offers three arguments in support of their position that trial counsel's appeal of the Court's discovery order (Doc. 205) is inappropriate in this case:

(a) the effort to appeal is not yet ripe as the Court's order is not "final" for purposes of appeal;

(b) trial counsel doesn't have standing to challenge the Court's order, unless he intervenes as a party to the action;[2] and

(c) there is established precedent for the practice of deposing former trial counsel in capital habeas proceedings.

All of these positions lack merit, and counsel will address each in turn.

### *A. Discretionary Appeals Under 28 U.S.C. § 1291(b) Do Not Require "Final Decisions."*

---

[1] Hereinafter "Government's Response."

[2] The government raises standing for the first time in its Response, although Berrigan has consistently resisted the government's efforts to obtain overly broad, unprecedented discovery by both affidavit (Doc. 122) and deposition (Doc. 203), separate and apart from movant Nelson.

2. Counsel readily acknowledges that the United State Supreme Court has repeatedly held that discovery orders compelling testimony or production of documents, and orders denying motions to quash, absent actual contempt findings, are not "final" under 28 U.S.C. § 1291 and thus not appealable, regardless of how the matter is raised. *See Alexander v. United States*, 201 U.S. 117, 26 S.Ct. 356, 50 L.Ed. 686 (1906); *Cobbledick v. United States*, 309 U.S. 323, 60 S.Ct. 540, 84 L.Ed. 783 (1940); *Cohen v. Beneficial Loan Corp.*, 337 U.S. 541, 60 S.Ct. 1221, 93 L.Ed. 1528 (1949); *Gillespie v. United States Steel Corp.*, 379 U.S. 148, 85 S.Ct. 308, 13 L.Ed.2d 199 (1964); *United States v. Ryan*, 402 U.S. 530, 91 S.Ct. 1580, 29 L.Ed.2d 85 (1971). But Berrigan's motion was for permission to appeal under Rule 5(a), F.R.A.P., which is not an appeal as of right (Rule 4, F.R.A.P.) from a "final decision" of the district court under 28 U.S.C. § 1291, but a discretionary appeal of an interlocutory decision under 28 U.S.C. § 1292(6). For a discretionary appeal, the issue is ripe when the objectionable order is issued.

### *B. Trial Counsel Has Standing to Appeal an Order Compelling His Deposition.*

3. The government implicitly acknowledges that Berrigan has standing to contest, by motion to quash, the subpoena that will eventually follow from this Court's Order authorizing the government to depose him for five (5) hours,[3] but contends that he does not have standing to contest the Order that authorizes the subpoena to begin with. Not only does this argument seek needless delay of appellate review of the disputed Order compelling submission to the government's deposition, but it would result in specious relitigation of the merits of the Order already considered, weighed and entered by this Court. If the motion to quash was denied, which, based on the Order already entered (Doc. 205), it undoubtedly would be, then Berrigan

[3] *See* "Government's Response," Pt. II, Summary of the Government Position, pp. 3-4 ("At best, Mr. Berrigan's motion should be considered a motion to quash a subpoena for deposition, but this motion is not yet ripe…..").

would be forced to disobey the subpoena and be held in contempt[4] before appellate review could be obtained:

> Of course, if he complies with the subpoena he will not thereafter be able to undo the substantial effort he has exerted in order to comply. But compliance is not the only course open to respondent. If, as he claims, the subpoena is unduly burdensome or otherwise unlawful, he may refuse to comply and litigate those questions in the event that contempt or similar proceedings are brought against him. Should his contentions be rejected at that time by the trial court, they will then be ripe for appellate review. But we have consistently held that the necessity for expedition in the administration of the criminal law justifies putting one who seeks to resist the production of desired information to a choice between compliance with a trial court's order to produce prior to any review of that order, and resistance to that order with the concomitant possibility of an adjudication of contempt if his claims are rejected on appeal.

*United States v. Ryan*, 402 U.S. 530, 532-533, 91 S.Ct. 1580, 1582, 29 L.Ed.2d 85 (1971); *quoted with approval in Gialde v. Time, Inc.*, 480 F.2d 1295, 1300 (8th Cir. 1973). There is little rationale, other than harassment, embarrassment and aggravation, to force successful contempt proceedings in order to obtain appellate scrutiny of this unusual discovery Order.

4. An appeal of a district court order pursuant to 28 U.S.C. § 1292(b) does not require appellant to be a party:

> § 1292 Interlocutory decisions
>
> ……..
> (b) When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

28 U.S.C. § 1292(b). Numerous cases have held that a non-party may appeal a judgment in circumstances in which the nonparty has an interest that is affected by the trial court's judgment. *See NML Capital, Ltd. v. Banco Central de la Republica Argent*ina, 652 F.3d 172, 175, n. 1 (2nd Cir. 2011); *Connaught Laboratories, Inc. v. SmithKline Beecham P.L.C.*, 165 F.3d 1368, 1370

[4] *See* Rule 45(e) F.R.C.P.

(Fed. Cir. 1999); *Dellwood Farms, Inc. v. Cargill, Inc.*, 128 F.3d 1122, 1125 (7th Cir. 1997) ("When the [discovery] order is directed against a nonparty, as it is here, he has no appellate remedy at the end of the litigation, so he is allowed to appeal immediately." Posner, Chief Judge); *Eyak Native Village v. Exxon Corp.*, 25 F.3d 773, 777 (9th Cir. 1994); *Kem Manufacturing Corp. v. Wilder*, 817 F.2d 1517, 1521 (11th Cir. 1987); *Southerland v. Irons*, 628 F.2d 978, 980 (6th Cir. 1980).

5. A cursory review reveals not a single appellate decision that prohibits a nonparty from using 28 U.S.C. § 1292(b) to seek discretionary review of a trial court order that directly involves his interests. It is patent that Berrigan has standing to petition the district court to permit a discretionary appeal of a discovery order that directly affects his interests, is unduly burdensome, overly broad, unnecessary and a waste of considerably more time in preparation and review of documents and files than the five hours allotted for the actual deposition.

*C. Ordering Depositions of Capital Trial Counsel is Virtually Unprecedented, Has No Circuit Authority, and is Based on a Single District Court Decision.*

6. The Government's Response repeats its contention that Rule 6 of the Rules Governing Section 2254 Cases alone provides ample authority for the Court's broad discovery order in this case (Doc. 205). But, in truth, the Supreme Court has held that, "Habeas corpus practice in the federal courts has conformed with civil practice only on a general sense. There is no indication that with respect to pretrial proceedings for the development of evidence," that the broad discovery allowed in the Rules of Civil Procedure would ever apply in federal habeas proceedings. *Harris v. Nelson*, 394 U.S. 286, 294, 89 S.Ct. 1082, 1087-1088, 22 L.Ed.2d 281 (1969); *accord Bracy v. Gramley*, 520 U.S. 899, 904, 117 S.Ct. 1793, 1796-1797, 138 L.Ed.2d 97 (1997)("A habeas petitioner, unlike the usual litigant in civil litigation in federal courts, is not entitled to discovery as a matter of ordinary course." J. Rehnquist). This is particularly true of

discovery available to the government, which carries no burden of proof in habeas proceedings, has no issues it is required to prove, and no quantum of evidence it is mandated to produce.

7. When confronted with the assertion that a discovery order allowing the government to depose movant's trial counsel is unprecedented, overly broad, unwarranted and beyond the boundaries of habeas discovery practice, the government cites **one case** as precedent, another district court order not unlike this one. *See Allen v. United States*, 2011 WL 4729819 (E.D. Mo. 2011). Unlike *Allen*, trial counsel here *have already provided affidavits to the Court regarding movant's habeas claims*. Those affidavits were ordered by this Court without a single case in support of the proposition that the trial court could order affidavits from trial counsel who would be testifying, and subject to cross-examination, at movant's *evidentiary hearing*.

8. In a footnote, the government speculates that, "[a]ppellate scrutiny [of orders permitting depositions of trial counsel] mostly likely never came because the issue is quite clear cut, having been decided more than 30 years ago." (Government's Response, pp. 5-6, n. 2). The government cites *United States v. Goodman*, 590 F.2d 705, 712 (1979) and *Blackledge v. Allison*, 431 U.S. 63, 80-81 (1977) in support of this proposition. In fact, neither case involves trial counsel depositions by government attorneys, or any depositions at all for that matter.

9. In *Goodman*, *supra*, a habeas petitioner claimed that he was induced to enter a guilty plea by assurances from his probation officer, who authored his presentence report, and two deputy marshalls who transported him to the federal courthouse, that he would receive no more than ten (10) years on his sentence if he pleaded guilty to the charges against him. 590 F.2d 705, 711-712. Instead, he received twenty-five (25) years imprisonment. *Id*. Goodman's claims were apparently not directly refuted by the record of the guilty plea hearing. *Id*., at 712. Nonetheless, the trial court denied his petition without an evidentiary hearing. *Id*., at 706.

10. The Eighth Circuit Court of Appeals remanded Goodman's claims back to the trial court for an evidentiary hearing in light of *Blackledge v. Allison*, 431 U.S. 63, 97 S.Ct. 1621, 52 L.Ed.2d 736 (1977), in which the Supreme Court held that, "in administering the writ of habeas corpus…, the federal courts cannot fairly adopt a per se rule excluding all possibility that defendant's representations at the time [of] his guilty plea…..were…..[based on] misunderstanding, duress, or misrepresentation by others as to make the guilty plea….. constitutionally inadequate." 431 U.S. at 75, 97 S.Ct. at 1629-30. Since Goodman had made specific claims of promises by the probation officer and deputy marshalls which were not adequately refuted by the record, an evidentiary hearing was required. *Goodman, supra*, at 713.

11. While remanding for an evidentiary hearing in Goodman's scenario, the Eighth Circuit made very clear that "[t]his is not to say that every set of allegations …..entitle a habeas corpus petitioner to an evidentiary hearing." 590 F.2d at 712. The lesson of *Goodman* was the advice that the trial court may use the discovery tools at its disposal, including depositions, to expand the record *so that a hearing is unnecessary*:

> The Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255 (Supp. 1978) (effective Feb. 1, 1997)(hereinafter § 2255 Rules), make it abundantly clear that the judge may direct that the record be expanded to include letters, documents, exhibits, answers under oath to interrogatories, requests for admission, and affidavits. § 2255 Rule 7. Discovery in the form of interrogatories, requests for admission, documents and *depositions* may be authorized by the court. § 2255 Rule 6. The court may then determine whether an evidentiary hearing is required. "If it appears that an evidentiary hearing is not required, the judge shall make such disposition of the motion as justice dictates." § 2255 Rule 8.

*Goodman*, 590 F.2d at 712. (emphasis added).

12. Nothing in the *Goodman* or *Blackledge v. Allison* decisions lends support to the Court Order in Mr. Nelson's case, compelling depositions from trial counsel who have already provided affidavits addressing Nelson's claims, and who will, undoubtedly, be testifying at the

evidentiary hearing mandated in this case. Unlike depositions of probation officers or deputy marshalls, government depositions of habeas petitioner's trial counsel go to the very heart of the Sixth Amendment and attack the sanctity of the attorney-client relationship. Only *Allen*, *supra*, one lone decision from a district judge in St. Louis, supports such an invasive, invidious assault on capital counsel's efforts to maintain the trust, confidence and credibility of their clients.

## II. Requested Relief

13. Given the paucity of case law supporting its discovery Order (Doc. 205), the relative uniqueness of the factual situation (compelled attorney affidavits, depositions, *and* hearing testimony), and the concern raised over the precedental effect of this Court's Order on the attorney-client relationship, counsel respectfully requests this honorable Court make the factual findings required by 28 U.S.C. § 1292(b) and permit counsel Berrigan to request from the Eighth Circuit permission to appeal this discovery Order pursuant to Rule 5(a), F.R.A.P. In the alternative, oral argument on counsel's motion is respectfully requested.

Respectfully submitted,

*/s/ Patrick J. Berrigan*

Patrick J. Berrigan, Mo. Bar # 34321
Assistant Public Defender
Capital Litigation Division, Western District
920 Main Street, Suite 500
Kansas City, Missouri 64106
(816) 889-7699
(816) 889-2088 (FAX)
patrick.berrigan@mspd.mo.gov

## CERTIFICATE OF SERIVCE

I hereby certify that on this 31st day of August, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification for such filing to all attorneys associated with this case. In addition, a copy was also sent by U.S. Mail, postage prepaid to Ms. Susan M. Hunt, Attorney at Law, 819 Walnut, Suite 308, Kansas City, Missouri 64106.

*/s/ Patrick J. Berrigan*

PATRICK J. BERRIGAN