# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| KEITH D. NELSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | 4:04-CV-8005-FJG |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

Currently pending before the Court is the motion of Patrick J. Berrigan, movant's former trial counsel, for a Waiver of Filing Fee and an Order Granting Permission to File Notice of Appeal (Doc. # 210).

### I. BACKGROUND

On July 25, 2012, the Court granted the Government's Motion for Leave of Court to take the depositions of former defense counsel Pat Berrigan, Susan Hunt and Jennifer Herndon. The Government also granted permission to depose two other individuals who had been extensively involved in the mitigation case. On August 9, 2012, Mr. Berrigan filed a Motion seeking a Waiver of the Filing Fee and an Order Granting Permission to File a Notice of Appeal.

Mr. Berrigan states that he wishes to appeal this Court's Order because the idea that "trial counsel in capital cases can be subject to burdensome, invasive, time-consuming depositions whenever government attorneys determine a fishing expedition is needed to defend their case is a dangerous precedent that deserves serious appellate

scrutiny." (Doc. # 210).

In opposition, the Government argues that Berrigan's request is not yet ripe and moreover a pretrial discovery order is not ordinarily subject to collateral review. The Government also argues that Berrigan is no longer a party to the case, but rather a witness and as such, he has no standing to challenge the Court's ruling.

In reply, Berrigan states that he is asserting the right to bring a discretionary appeal of an interlocutory decision under 28 U.S.C. § 1292(b). Berrigan also argues that as a nonparty, he has a right to file an appeal of an order, when the Order affects his interests.

## II. STANDARD

28 U.S.C. § 1292(b) states in part:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

## III. DISCUSSION

In Allen v. United States, No. 4:07CV00027ERW, 2011 WL 5553635, (E.D.Mo. Nov. 15, 2011), the Court issued an Order granting the request of the United States to depose movant, along with numerous other individuals, including his former trial counsel. The Court in that case found that the United States had shown good cause pursuant to Rule 6 of the Rules Governing Section 2255 Proceedings to take the depositions. The Court also limited the scope of the depositions and imposed certain conditions. The movant then filed a motion for reconsideration and alternatively requested that the Court certify the case for an interlocutory appeal pursuant to 28 U.S.C. § 1292(b). The Court

denied the motion, stating:

> Movant cannot meet this standard. First, discovery is a discretionary matter for the trial court, and "the discretionary resolution of discovery precludes the requisite controlling question of law." . . . Next, "[t]he little existing authority on this issue makes clear that a habeas court may, with good cause, order the deposition of a habeas petitioner," and thus Movant cannot show there is a substantial ground for a difference of opinion as to whether a § 2255 [petitioner] may be deposed. . . . Finally, because Movant has already been granted an evidentiary hearing and the parties have already engaged in extensive discovery in preparation for that hearing, there is no basis for finding that an appeal of Movant's deposition would materially advance the termination of the entirety of Movant's pending § 2255 litigation.

Id. at *3 (internal citations omitted).

This Court agrees with the analysis of the Allen court. As was previously explained in the Court's July 25, 2012 Order, "the Court finds that the United States has satisfied the good cause standard because it has shown that the depositions are material to refuting Nelson's claims that his trial counsel was ineffective." The Court also found that the affidavit previously provided by Berrigan was cursory and lacked any specific detail, thus necessitating the need for a deposition. The Court also found that allowing the depositions would assist counsel in narrowing and focusing the areas of inquiry in preparation for the evidentiary hearing. The six issues which the Eighth Circuit directed this Court to conduct an evidentiary hearing on all relate to the allegations of trial and appellate counsel's ineffectiveness. Thus, contrary to Berrigan's assertion that this is just a fishing expedition by the Government in an effort to defend their case, these are the very issues which the Eighth Circuit has directed this Court to consider. Thus, the Court finds that Berrigan has not met the standard for the issuance of Interlocutory Appeal of this Court's July 25, 2012 Order. The Order does not involve a controlling question of law, there are not substantial grounds for a difference of opinion and

certification would not materially advance the ultimate termination of this litigation.

## IV. CONCLUSION

For the reasons stated above, the Motion for Waiver of Filing Fee and For Order Granting Permission to File Notice of Appeal is hereby **DENIED** (Doc. # 210).

Date: October 12, 2012
Kansas City, Missouri

**S/ FERNANDO J. GAITAN, JR.**
Fernando J. Gaitan, Jr.
Chief United States District Judge