IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

KEITH D. NELSON,
Movant,

vs.

UNITED STATES OF AMERICA,
Respondent.

Civil No. 4:04-8005-cv-W (FJG)
Crim. No. 4:99- 00303-cr-W (FJG)

**MOVANT'S MOTION TO ALTER OR AMEND THE JUDGMENT**

Movant, Keith Nelson, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, respectfully requests that this Court alter or amend the judgment to include a Certificate of Appealability ("COA") on all claims upon which the evidentiary hearing was held. Dkt. 269, 270. This Court denied a COA in its Order denying relief on the claims and entered a Judgment on April 7, 2015 denying a COA on all claims. Dkt. 269 at 53, Dkt. 270. Respectfully, the Judgment contains a manifest error of law, and Rule 59(e) is an appropriate vehicle to correct that error. Specifically, this Court erred in denying a COA because: (1) the original grant of COA by the Eighth Circuit Court of Appeals remains in effect; and (2) this Court incorrectly applied the legal standard governing a COA. In support of this motion, the undersigned states as follows:

## I. Suggestions in Support of Motion

### A. Standards for Granting a Motion Pursuant to Rule 59(e)

Rule 59(e) recognizes the district court's power "to rectify its own mistakes in the period immediately following the entry of judgment." *White v. New*

*Hampshire Dep't of Employment Security*, 455 U.S. 445, 450 (1982). A Rule 59(e) motion can be used to correct manifest errors of law. *United States v. Metropolitan St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (internal citations omitted). A district court enjoys broad discretion in determining whether to grant or deny a Rule 59(e) motion. *Id.*

**B. Standards for a COA**

A COA should issue if a petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997).

The fact that this is a death penalty case counsels in favor of granting a COA. "Any doubt regarding whether to grant a COA is resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination." *Graves v. Cockrell*, 351 F.3d 143, 150 (5th Cir. 2003); *see also Valerio v. Crawford*, 306 F.3d 742, 767 (9th Cir. 2002) ("Because this is a capital case, we resolve in Valerio's favor any doubt about whether he has met the standard for a COA"); *Jermyn v. Horn*, 266 F.3d 257, 279 n.7 (3rd Cir. 2001) ("In a capital case, the nature of the penalty is a proper consideration in determining whether to issue a [COA]."); *Clark v. Johnson*, 202 F.3d 760, 763 (5th Cir. 2000) ("[I]n capital cases, doubts as to whether a COA should issue must be resolved in favor of the petitioner.")

## II. The Judgment Denying a COA was Erroneous as a Matter of Law.

### A. The granting of the original COA remains in effect

This Court originally denied Mr. Nelson's § 2255 motion without an evidentiary hearing and denied a COA on all claims. Dkt. 61. Mr. Nelson thereafter requested a COA from the Eighth Circuit. Without even needing to hear from the Government, the Eighth Circuit Court of Appeals held that several of Mr. Nelson's claims met the low threshold necessary to obtain a COA and remanded the case to this Court for an evidentiary hearing on those claims. *Nelson v. United States*, 297 Fed. Appx. 563, 565-66, 2008 WL 4697018 (8th Cir. Oct. 27, 2008). The COA was granted on the issues of trial counsel's ineffectiveness in failing to conduct an adequate mitigation investigation, including an investigation of defendant's mental health; his advice to Nelson that he decline to submit to a mental health examination by a government examiner; and his failure to object to inflammatory and improper comments by the prosecution during closing argument and rebuttal closing argument. *Id*. A COA was also granted on the issues of appellate counsel's ineffectiveness for failing to conduct an adequate review of the trial record and law and the failure to raise on appeal the prosecution's improper comments in closing arguments. *Id*. at 566. A COA was denied on all other issues. *Id.*

This Court's recent Judgment denying a COA on the remanded claims is erroneous as a matter of law. The original COA granted by the Eight Circuit remains in effect after the remand, and it is respectfully requested that this Court correct the Judgment accordingly. *See United States v. Graham*, 312 F. Appx. 79, 80 n.1, 2008 WL 43864 (10th Cir. Jan. 3, 2008). In *Graham*, the district court

initially denied relief on the § 2255 motion and declined to issue a COA on any claims. The Tenth Circuit thereafter granted a COA on a claim of ineffective assistance of counsel and remanded the matter to the district court for an evidentiary hearing. After conducting the hearing, the district court denied relief on the ineffective assistance claim and again declined to issue a COA. On appeal for the second time, the Tenth Circuit stated that "[b]ecause this appeal is from an adverse ruling by the district court following our remand, the original COA remains in effect." *Id.* Similarly, because Mr. Nelson's appeal will be from an adverse ruling by the district court following the circuit court's remand, the original COA remains in effect.

Indeed, the undersigned has been unable to find any authority stating that an adverse ruling by the district court following a remand nullifies the circuit court's original COA or otherwise deprives the circuit court of post-remand jurisdiction. *See also Piskanin v. Krysevig*, 349 F.App'x. 683, 685 n.3 (3d Cir. 2009) (holding that after the appellate court granted the original COA and remanded to the district court, jurisdiction remained in the appellate court, even though the district court had again refused to grant a COA). Accordingly, the Judgment should be corrected to acknowledge that the original COA by the Eighth Circuit remains in effect.

**B. This Court Erred in its Application of the COA Standard**

By granting a COA and a hearing on these claims, the Eighth Circuit has already found them to be debatable among jurists of reason. The fact that a hearing was held does not change this. As the Supreme Court itself has explained: "We do not require petitioner to prove, before the issuance of a COA, that some

jurists would grant [relief]. Indeed, a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003).

The COA standard represents a low threshold and after a hearing, the presentation of facts only make the issues even more debatable. This is especially true here given the Court's finding that counsel performed deficiently, at least in part. Dkt. 269 at 33 (finding that sentencing counsel performed deficiently in failing to have his client assessed for brain damage or cognitive impairments and in advising him not to submit to a government examination). Thus, the fact that this Court ultimately issued an adverse ruling denying relief on the claims does not warrant denial of a COA. *See Miller-El*, 537 U.S. at 337 ("It is consistent with § 2253 that a COA will issue in some instances where there is no certainty of ultimate relief. After all, when a COA is sought, the whole premise is that the prisoner has already failed in that endeavor.") (Internal quotation marks and citation omitted).

**III. Conclusion**

Because the original COA remains in effect on these issues, there is a manifest error of law in the Judgment denying a COA. Moreover, the Eighth Circuit's prior grant of a COA already found that the relevant issues are debatable by jurists of reason, and this Court's adverse ruling on the merits does not alter that analysis – the remanded claims remain debatable by jurists of reason. Accordingly, Movant respectfully requests that the Court alter or amend the Judgment so as to reflect that the original COA on the remanded claims remains in effect, and/or that

the claims meet the low threshold necessary for the issuance of a COA.

Respectfully submitted,

Counsel to Movant Keith Nelson

/s/ *Paula K. Harms*
Jon M. Sands
Federal Public Defender
Paula K. Harms
Capital Habeas Unit
850 W. W. Adams Suite 201
Phoenix, Arizona 85007
(602)382-2816 Phone
(602)889-3960
paula_harms@fd.org

/s/ *David A. Ruhnke*
Ruhnke & Barrett
47 Park Street
Montclair, New Jersey 07042
(973)744-1000 Phone
(973)746-1490 Fax
dr@ruhnkeandbarrett.com

/s/ *Gary E. Brotherton*
Legal Writes, LLC
Stonebridge Office Park
601 W. Nifong Blvd., Building 1, Suite C
Columbia, Missouri 65203
(573)875-1571 Phone
(573)875-1572 Fax
gebrotherton@legalwritesllc.com

Filed via ECF: Kansas City, MO
April 28, 2015

CERTIFICATE OF SERVICE

I hereby certify that on April 28, 2015, I electronically filed the foregoing Movant's Motion to Alter or Amend the Judgment with the Clerk's Office by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

s/ Robin Stoltze
Legal Assistant
Capital Habeas Unit