**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI WESTERN DIVISION**

| | |
|---|---|
| **KEITH D. NELSON,**<br><br>Movant,<br><br>v.<br><br>**UNITED STATES OF AMERICA,**<br><br>Respondent. | Civil No. 04-08005-CV-W-FJG<br>Crim. No. 99-00303-01-CR-W-FJG |

**GOVERNMENT'S RESPONSE AND SUGGESTIONS IN OPPOSITION TO MOVANT'S MOTION UNDER FED. R. CIV. P. 59(e)**

The respondent, the United States of America, respectfully requests that this Court deny movant Keith D. Nelson's motion he filed under Fed. R. Civ. P. 59(e), seeking this Court to alter or amend the judgment. The Government provides the following suggestions in opposition to the motion:

## I. Procedural History

Nelson pleaded guilty to the kidnapping and murder of a ten-year-old girl, and was sentenced to death by a jury. The sentence was affirmed on appeal. *United States v. Nelson*, 347 F.3d 701 (8th Cir. 2003), *cert. denied*, 543 U.S. 978 (2004).

Nelson filed a motion under 28 U.S.C. § 2255, seeking to vacate, set aside or correct his sentence. This Court denied the motion without an evidentiary hearing, and denied a certificate of appealability. Nelson then filed a motion seeking a certificate of appealability with the Eighth Circuit. The Eighth Circuit stated they were "satisfied an evidentiary hearing should have been held on some of the Appellant's claims of ineffectiveness of counsel." *Nelson v. United States*, 297 Fed.Appx. 563, 564 (8th Cir. 2008). The Eighth Circuit therefore granted the certificate of appealability as to certain

enumerated claims, and remanded the case to this Court to hold an evidentiary hearing and make findings of fact and conclusions of law on those claims. *Id*. The Eighth Circuit denied an evidentiary hearing as to the other claims. *Id*. at 566.

On April 14-17, 2014, this Court held an evidentiary hearing. On March 31, 2015, this Court issued a comprehensive order denying the § 2255 claims, and also denied a certificate of appealability.

## II. **Argument and Authorities**

Nelson has now filed a motion under Rule 59(e), seeking this Court to alter or amend the judgment. He contends that this Court's order improperly denied a certificate of appealability when denying the claims after holding an evidentiary hearing. Nelson alleges that the Eighth Circuit's order granting a certificate of appealability remains in effect, and that this Court's order is therefore erroneous as a matter of law.

However, the Eighth Circuit's grant of a certificate of appealability was predicated on the finding that this Court erred by not holding an evidentiary hearing. The Eighth Circuit stated:

> We have carefully reviewed the pending motion and the district court's orders. We are satisfied that an evidentiary hearing should have been held on some of the Appellant's claims of ineffectiveness of counsel. Our cases teach that issues regarding the ineffectiveness of counsel often require a hearing to consider evidence not disclosed on the face of the trial record. Under § 2255, a hearing may be denied only if the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief. . . . Our examination of the claims asserted in this case convinces us that a fair and just determination of some of them required an evidentiary hearing to be held. We note that the Government's response to the original § 2255 motion informed the district court that such a hearing was necessary.

*Nelson*, 297 Fed.Appx. at 564 (internal citations and quotations omitted).

The error identified by the Eighth Circuit, that no evidentiary hearing had been held, has now been corrected. Nothing in the Eighth Circuit's order stated that they would retain jurisdiction, or that this Court's role was limited in the ultimate ruling. It is axiomatic that if the error identified by the Eighth Circuit was a failure to hold an evidentiary hearing and that error has been corrected, the Eighth's Circuit's mandate has been fulfilled.

Indeed, when the Eighth Circuit desires to remand a case for a limited purpose, and when it intends to prosecute the appeal after the remand, it states that intention explicitly. *See United States v. Aguilar*, 743 F.3d 1144, 1150-51 (8th Cir. 2014) (This case is remanded for the limited purpose of inquiry about the alternate's actual participation. This court retains jurisdiction during this limited remand."); *Chavez-Lavagnino v. Motivation Educ. Training, Inc.*, 714 F.3d 1055, 1057 (8th Cir. 2013) (same type of ruling, noting that once supplemental findings are entered, the clerk should return the case to the Eighth Circuit panel); *United States v. Khabeer*, 410 F.3d 477, 479 (8th Cir. 2005) ("[W]e remand the case to the district court for the limited purpose of making supplemental findings of fact necessary to the resolution of the . . . claims, while retaining jurisdiction.").

In support of his proposal that the certificate of appealability is still in effect, Nelson cites *United States v. Graham*, 312 Fed.Appx. 79, 80 n.1 (10th Cir. 2008). *Graham* is an unpublished case from the Tenth Circuit that has no precedential value for this Court. Further, the footnote Nelson relies upon is a non-precedential *dicta,* and the Tenth Circuit qualified even that non-precedential determination:

> We granted a certificate of appealability ("COA") on the issue of ineffective assistance of counsel in Graham's first appeal of the denial of his 28 U.S.C. § 2255 petition. Because this appeal is from an adverse ruling by the district court following our remand, the original COA remains in effect. *To the extent there is, arguendo, any technical need for a new or renewed COA, we grant it.*

*Id.* (emphasis added).

The Government doubts that Nelson's position is correct based on a plain reading of his Eighth Circuit opinion. It is axiomatic that the factors that warranted a certificate of appealability would be drastically changed after an evidentiary hearing. Indeed, in this case, the COA was specifically for failing to hold an evidentiary hearing.

Even accepting Nelson's assertion, *arguendo*, this Court's denial of a certificate of appealability was not erroneous. Section 2253(c)(1) of Title 28, cross-referenced from 28 U.S.C. § 2255(d), specifically grants both circuit justices and district court judges the authority to grant a certificate of appealability. The Eighth Circuit's prior grant of a COA does not deprive this Court from independently determining, in its own judgment, whether a certificate of appealability should issue. The Eighth Circuit did not overrule this Court's prior denial of a certificate of appealability. Rather, the Eighth Circuit issued its own certificate of appealability. Indeed, petitioners often contemporaneously file motions in both courts seeking certificates of appealability.

Further, if Nelson's assertions were correct, this Court's ruling denying a certificate of appealability would be moot. Nelson could simply return to the Eighth Circuit and seek to set a briefing schedule. Instead, it appears that Nelson is seeking to avoid that recourse because the Eighth Circuit's certificate of appealability has been fulfilled. Nelson is attempting, then, to circumvent the application requirement for a new COA in the Eighth Circuit by trying to convince this Court that the initial COA is in

effect. It would be easier to let the Eighth Circuit determine whether the initial certificate remains applicable.

This Court should deny Nelson's motion. Nelson's assertion is contrary to a plain reading of the Eighth Circuit's prior opinion. He offers no case law favorable to his position. The only case law which Nelson cites contains the caveat that if a new or renewed certificate of appealability was required it was granted. This Court ultimately has the authority to determine, independent of the Eighth Circuit, whether a certificate of appealability should issue. This Court exercised that authority. Nothing about that determination is legally erroneous, as Nelson claims.

## III. Conclusion

Accordingly, for all of the reasons previously outlined, the Government respectfully requests that this Court deny the Nelson's Rule 59(e) motion seeking this Court to alter or amend the judgment.

Respectfully submitted,

TAMMY DICKINSON
United States Attorney

By *_/s/ Jeffrey Valenti_*

JEFFREY VALENTI
Assistant United States Attorney

Charles Evans Whittaker Courthouse
400 East 9th Street, Room 5510
Kansas City, Missouri 64106
Telephone: (816) 426-3122

*Attorneys for Respondent*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was delivered on May 8, 2015, to the CM-ECF system of the U.S. District Court for the Western District of Missouri for electronic delivery to all counsel of record:

*/s/ Jeffrey Valenti*

______________________________

Jeffrey Valenti
Assistant United States Attorney