**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | |
|---|---|
| KEITH D. NELSON,<br>Movant,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br>Respondent. | Civil No. 4:04-8005-cv-W (FJG)<br>Crim. No. 4:99- 00303-cr-W (FJG) |

**MOVANT'S REPLY TO GOVERNMENT'S RESPONSE AND SUGGESTIONS IN OPPOSITION TO MOVANT'S MOTION UNDER FED. R. CIV. P. 59(e)**

COMES NOW Keith D. Nelson, Movant, by his undersigned counsel, and files this reply to the government's response and suggestions in opposition to Movant's motion to alter or amend the judgment (Doc. No. 272, hereafter "USA Resp."), pursuant to F.R.CIV.P 59(e). In support of this reply, the undersigned states as follows:

## I. THE EIGHTH CIRCUIT GRANTED A CERTIFICATE OF APPEALABILITY ("COA") BECAUSE MR. NELSON MADE A "SUBSTANTIAL SHOWING OF THE DENIAL OF A CONSTITUTIONAL RIGHT."

The government has characterized the Eighth Circuit's prior ruling granting a COA as simply a determination that an evidentiary hearing was necessary. Now that the hearing has been held, the government argues that the COA is moot and that the Eighth Circuit has lost the jurisdiction conferred upon it by its prior grant of a COA. The government is incorrect.

First, the government's assertion that the Eighth Circuit's prior grant of a COA "was predicated on the finding that this Court erred by not holding an evidentiary hearing," USA Resp. at 2, is flatly incorrect. Under 28 U.S.C. §

2253(c)(2), a court cannot grant a COA simply because a district court abused its discretion in failing to hold an evidentiary hearing: section 2253(c)(2) explicitly states that a COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."

The "substantial showing of the denial of a constitutional right" that was previously made to the 8th Circuit was not "predicated" on the claim that the district court erred by not holding a hearing; the denial of a hearing is not in and of itself a constitutional claim. Rather, the COA was granted because Mr. Nelson demonstrated that six of his constitutional Sixth Amendment claims regarding the ineffective assistance of counsel were "debatable by jurists of reason" under the relevant legal standard set out by the United States Supreme Court. *See, e.g.*, *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Per the dictates of subsection 2253(c)(3),[1] the Eighth Circuit's opinion then listed those six constitutional claims on which a COA was granted. Contrary to the government's assertion, the COA was not "specifically for failing to hold an evidentiary hearing." USA Resp. at 4.

This basic fact in the record undermines the government's argument. The prior COA grant was not based on a failure to hold an evidentiary hearing, so the fact that the district court held a hearing did not render the basis for the COA grant moot. Indeed, the government is conflating two distinct issues: the standard required to obtain a COA and the consequence of fulfilling an appellate mandate. The latter does not implicate the former; they are distinct issues.

---

[1] Subsection 2253(c)(3) states, in relevant part, that the COA "shall indicate which specific issue or issues satisfy the showing required by [§ 2253(c)(2)]."

To demonstrate that the COA standard has been met, a litigant simply has to show that the issue is debatable by jurists of reason. As noted in Mr. Nelson's Motion to Alter or Amend the Judgment, Doc. No. 271, the fact that a district court makes findings and reaches the merits of a constitutional claim in a way that is adverse to the petitioner does not preclude an issue from being debatable. Doc. No. 271 at 5. Indeed, as the *Miller-El* court noted, if that were the case, then asking for a COA after an adverse district court ruling would always be a futile endeavor. 537 U.S. at 337. Thus, this Court's compliance with the mandate to hold an evidentiary hearing did not render the basis for a COA moot. *Id*. at 338 ("a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail").

Mr. Nelson successfully made the requisite showing under § 2253(c)(2) on several claims to the satisfaction of the Eighth Circuit. The error was not simply that a hearing needed to be held, the error was that the resolution of these constitutional claims was debatable among jurists of reason. Now that more facts have been developed regarding these claims — especially given the concessions of counsel and the acknowledgment of this court that counsel performed deficiently — the claims are just as debatable as they were when the Eighth Circuit issued the COA. Although this court was free to make adverse factual and legal findings on Mr. Nelson's claims, the issues remain debatable and are worthy of resolution in the appellate court.[2]

[2] Notably, the government has not cited to a single case for its "axiomatic" proposition that holding an evidentiary hearing renders the circuit court's prior COA grant moot, or that making findings on a claim mean that the claim is no

## II. THE EIGHTH CIRCUIT RETAINS JURISDICTION BASED UPON ITS PRIOR FINDING THAT NELSON MET THE COA STANDARD. EXPLICIT LANGUAGE RETAINING JURISDICTION IS NOT REQUIRED.

The government argues that the Eighth Circuit only retains jurisdiction after a remand if it explicitly says so in its remand order. In support of this, the government cites to two direct appeal cases[3] and a civil case.[4] None of these cases address the circumstance here, where there is a statute which explicitly sets out the standard for appellate jurisdiction: 28 U.S.C. § 2253(c). That standard is the standard for a COA, a standard Mr. Nelson has already met.[5] To hold otherwise would mean that jurisdiction was conferred or lost simply on the basis of language in a remand order.[6] Here, the statute is what confers jurisdiction, not an individual

---

longer debatable by jurists of reason.

[3] *United States v. Aguilar*, 743 F.3d 1144 (8th Cir. 2014), and *United States v. Khabeer*, 410 F.3d 477 (8th Cir. 2005). In *Aguilar*, the issue was whether the district court made sufficient findings regarding an alternate juror's participation in deliberations; in *Khabeer*, the issue was whether the district court made adequate findings before denying a suppression motion. Neither of these cases concerns the central question here: whether a circuit court retains jurisdiction after a remand based on its original grant of a COA.

[4] *Chavez-Lavagnino v. Motivation Educ. Training, Inc*., 714 F.3d 1055, 1057 (8th Cir. 2013). This case is inapposite to any issue before this Court.

[5] In discussing the procedural history of this case, the government states: "The Eighth Circuit did not overrule this Court's prior denial of a certificate of appealability. Rather, the Eighth Circuit issued its own certificate of appealability. Indeed, petitioners often contemporaneously file motions in both courts seeking certificates of appealability." USA Resp. at 4. The government is flatly incorrect. Mr. Nelson did not simultaneously file for a COA in the district court and the circuit court; he was denied a COA by the district court, and thereafter filed a COA request with the Eighth Circuit, which overruled the district court's denial, in part, and granted a COA on six of Mr. Nelson's claims. The government's characterization of the procedural history is contrary to the established record and strains credulity.

[6] Jurisdiction is determined by statute, not by the plenary or supervisory powers of the courts. If all it takes for the circuit court to retain jurisdiction is language in its remand order stating so, as the government claims, it begs the question: from where does that authority to retain jurisdiction originate? It can only come from one place — the original COA grant, which is what conferred jurisdiction on the circuit court in the first place. Indeed, the government's concession that the Eighth Circuit can specify in a remand order that it retains jurisdiction demonstrates that jurisdiction conferred by a COA grant cannot be

remand order.[7]

### III. MR. NELSON'S RULE 59 MOTION SEEKS TO CORRECT A MANIFEST ERROR OF LAW IN THE JUDGMENT.

The government characterizes Mr. Nelson's Rule 59 Motion as an attempt to circumvent the COA requirement. This assertion is unfounded. Mr. Nelson's Rule 59 Motion argues that the portion of the judgment denying a COA is legally incorrect, and that the judgment must therefore be altered or amended to correct that manifest error of law. Unlike the government, Mr. Nelson cites to relevant authority for the position set out in his Rule 59 motion. *See United States v. Graham*, 312 F. App'x. 79, 80 n.1, 2008 WL 43864 (10th Cir. Jan. 3, 2008) (after a remand granting a hearing in a § 2255 case and a COA in the prior appeal, the original COA "remain[ed] in effect.");[8] *Piskanin v. Krysevig*, 319 F. App'x. 683, 685 n.3 (3d Cir. 2009) (holding that after the appellate court granted the original COA and remanded to the district court, jurisdiction remained in the appellate court, even though the district court had again refused to grant a COA). Consistent with that authority, it is respectfully submitted that the district court should amend the judgment to recognize that the original COA remains in effect; alternately, the judgment should be amended to recognize that the requisite COA standard has been met.

---

mooted by fulfilling the mandate of the remand.

[7] Once again, the government lacks any authority for its position; it does not cite to a single case that states that failure to use certain language in a remand order deprives a circuit court of the jurisdiction conferred upon it by the grant of a COA.

[8] The government's attempt to dismiss *Graham* as mere *dicta* is unavailing. The Tenth Circuit was quite clear that it retained jurisdiction over the case based on its prior COA grant. Moreover, the government has not produced a single case that interprets § 2253(c) differently or otherwise stands for the proposition that a circuit court loses its jurisdiction after a remand.

## IV. CONCLUSION

Because the original COA remains in effect on these issues, there is a manifest error of law in the Judgment denying a COA. Moreover, the Eighth Circuit's prior grant of a COA already found that the relevant issues are debatable by jurists of reason, and this Court's adverse ruling on the merits does not alter that analysis – the remanded claims remain debatable by jurists of reason. Accordingly, Movant respectfully requests that the Court alter or amend the Judgment so as to reflect that the original COA on the remanded claims remains in effect, and/or that the claims meet the low threshold necessary for the issuance of a COA.

Respectfully submitted,

Counsel to Movant Keith Nelson

/s/ *Paula K. Harms*
Jon M. Sands
Federal Public Defender
Paula K. Harms
Capital Habeas Unit
850 W. W. Adams Suite 201
Phoenix, Arizona 85007
(602)382-2816 Phone
(602)889-3960
paula_harms@fd.org

/s/ *David A. Ruhnke*
Ruhnke & Barrett
47 Park Street
Montclair, New Jersey 07042
(973)744-1000 Phone
(973)746-1490 Fax
dr@ruhnkeandbarrett.com

/s/ *Gary E. Brotherton*
Legal Writes, LLC
Stonebridge Office Park
601 W. Nifong Blvd., Building 1, Suite C
Columbia, Missouri 65203
(573)875-1571 Phone
(573)875-1572 Fax
gebrotherton@legalwritesllc.com

Filed via ECF: Kansas City, MO
May 21, 2015

CERTIFICATE OF SERVICE

I hereby certify that on May 21, 2015, I electronically filed the foregoing Movant's Reply to Government's Response and Suggestions in Opposition to Movant's Motion Under Fed. R. Civ. P. 59(e) with the Clerk's Office by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

s/ Robin Stoltze
Legal Assistant
Capital Habeas Unit