**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | | |
|---|---|---|
| KEITH D. NELSON, | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Civ. No. 04-CV-8005-FJG |
| | ) | Crim. No. 99-00303-01-CR-W-FJG |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

## ORDER

Currently pending before the Court is petitioner's Motion to Alter or Amend the Judgment Pursuant to Fed.R.Civ.P. 59(e) (Doc. # 271).

### I. BACKGROUND

On October 14, 1999, Keith Nelson was charged with interstate kidnapping resulting in death and interstate travel with intent to engage in a sexual act with a child under the age of twelve. On October 25, 2001, Nelson entered a plea of guilty to count one and proceeded to the penalty phase of the trial. On November 28, 2001, the jury recommended imposition of the death penalty. On December 18, 2001, Nelson filed a Motion for a New Trial. On February 28, 2002, this Court denied Nelson's Motion for New Trial. On March 11, 2002, the Court imposed a sentence of death. Nelson filed a Notice of Appeal to the Eighth Circuit. On October 22, 2003, the Court of Appeals affirmed the conviction and sentence. The United States Supreme Court denied Nelson's petition for certiorari review on November 8, 2004. On November 10, 2004, Nelson filed a motion seeking appointment of counsel to represent him in connection with his post-conviction challenges. Counsel was appointed on December 14, 2004 and Nelson filed a § 2255 motion to set aside his conviction and sentence of death on

November 6, 2005. On August 21, 2006, Nelson filed a motion to disqualify this Court from further participation in the case. On November 21, 2006, this Court determined that no evidentiary hearing was necessary and denied Nelson's motion to disqualify and recuse and also denied Nelson's § 2255 motion to vacate, set aside or correct his sentence. Nelson then appealed the denial to the Eighth Circuit Court of Appeals.

On October 30, 2008, the Eighth Circuit Court of Appeals granted Nelson's motion for a certificate of appealability on six claims of ineffective assistance of trial and appellate counsel and remanded the case to this Court with directions to hold an evidentiary hearing on these claims and to make findings of fact and conclusions of law concerning them. The Court held an evidentiary hearing on these claims on April 14-17, 2014. On March 31, 2015, the Court denied habeas relief on the six claims which had been remanded from the Eighth Circuit. The Court also denied Nelson a certificate of appealability ("COA"). On April 28, 2015, Nelson filed the instant Motion to Alter or Amend the Judgment. He argues that the Court erred in denying a Certificate of Appealability because 1) the original grant of a COA by the Eighth Circuit remains in effect and 2) the Court incorrectly applied the legal standard for deciding if a COA should issue.

## II. STANDARD

> A motion to alter or amend judgment pursuant to Fed.R.Civ.P. 59(e) serves the limited purpose of correcting manifest errors of law or fact or presenting newly discovered evidence. . . . It is not appropriate to use a Rule 59(e) motion to repeat arguments or to raise new arguments that could have been made before judgment. . . . District courts have broad discretion when deciding whether or not to grant a motion to amend judgment.

In re General Motors Corp. Anti-Lock Brake Products Liability Litigation, 174 F.R.D. 444,

446 (E.D.Mo. 1997), aff'd sub nom. Briehl v. General Motors Corp., 172 F.3d 623 (8th Cir. 1999)(citations and internal quotations omitted). "Rule 59(e) motions are used to correct manifest errors of law or fact, or to present newly discovered evidence. . . .Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." Simmons v. U.S., No. 4:11CV01983ERW, 2013 WL 798046, *2 (E.D.Mo. Mar.5, 2013)(internal citations and quotations omitted).

## III. DISCUSSION

Nelson argues that the Court erred in denying a COA because the original COA, granted by the Eighth Circuit remains in effect after the remand. In support of this assertion, Nelson relies on United States v. Graham, 312 Fed.Appx. 79 (10th Cir.) cert. denied, 554 U.S. 907 (2008). In that case, the Court noted in a footnote that it had granted a COA on the issue of ineffective assistance of counsel in petitioner's first appeal of the denial of his §2255 petition. "Because this appeal is from an adverse ruling by the district court following our remand, the original COA remains in effect. To the extent there is, *arguendo*, any technical need for a new or renewed COA, we grant it." Id. at 86, n.1. Thus, Nelson argues that the judgment should be corrected to acknowledge that the original COA issued by the Eighth Circuit remains in effect. Nelson also argues that the Court erred in its application of the COA standard. Nelson states that the COA represents a low threshold and after a hearing and presentation of the facts, the issues are even more debatable.

In opposition, the Government states that the Eighth Circuit remanded the case so that this Court could hold an evidentiary hearing. Now that the evidentiary hearing has

been held, the Government states that there is nothing in the Eighth Circuit's opinion which indicated that it somehow retained jurisdiction. With regard to the Graham case, the Government notes that this is an unpublished decision which has no precedential value for this Court. The Government states that "[t]he Eighth Circuit's prior grant of a COA does not deprive this Court from independently determining, in its own judgment, whether a certificate of appealability should issue." (Government's Response, p. 4). The Government argues that "Nelson is attempting, then, to circumvent the application requirement for a new COA in the Eighth Circuit by trying to convince this Court that the initial COA is in effect. It would be easier to let the Eighth Circuit determine whether the initial certificate remains applicable." (Government's Response, pp. 4-5).

In reply, Nelson argues that the COA was granted because Nelson demonstrated that six of his constitutional claims were "debatable by jurists of reason" under the Supreme Court standard. See Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). Nelson argues that now that the evidentiary hearing has been held and more facts developed regarding these claims, the claims are just as debatable as they were when the Eighth Circuit issued the COA initially. Nelson states that he is not attempting to circumvent the COA requirement by filing his Rule 59 motion, but rather requesting that this Court amend the judgment to recognize that the original COA remains in effect or alternatively amended to recognize that the requisite COA standard has been met.

The Court disagrees with Nelson and finds no basis on which to alter or amend the judgment. First, the Court does not agree with Nelson that the original COA remains in effect. The case which is cited for this proposition, U.S. v. Graham, 312 Fed.Appx. 79 (2008), stated that "[t]his order and judgment is not binding precedent except under the law of the case, res judicata, and collateral estoppel." The court did note that it could be

cited for its persuasive value. However, this Court does not see how the original COA could remain in effect. As the Court noted in Carlson v. Hyundai Motor Co., 222 F.3d 1044 (8th Cir. 2000), cert.denied, 531 U.S.1147 (2001), "[i]ssuance of the mandate formally marks the end of the appellate jurisdiction. Jurisdiction returns to the tribunal to which the mandate is directed, for such proceedings as may be appropriate . . . ." Id. at 1045 (quoting Johnson v. Bechtel Assoc. Prof. Corp., 801 F.2d 412, 415 (D.C.Cir.1986)). As noted above, Nelson filed his §2255 motion in this Court. After determining that an evidentiary hearing was unnecessary, this Court dismissed the motion. Then Nelson then filed a notice of appeal and an application for a certificate of appealability with the Eighth Circuit. On October 27, 2008, the Eighth Circuit granted a certificate of appealability on seven claims and remanded the case to this Court to hold an evidentiary hearing on these claims and enter findings of fact and conclusions of law concerning them. On December 19, 2008, the formal mandate issued. It is hard to conceive how the original COA could still remain in effect, when the appellate court jurisdiction had ended.

The Court also disagrees with Nelson's argument that this Court erred in applying the COA standard. As stated in the March 31, 2015 Order denying habeas relief, this Court stated that it "further denies Nelson a certificate of appealability, in that the issues raised are not debatable among reasonable jurists, nor could a court resolve the issues differently." (Doc. # 269, p. 53). Nelson argues that this standard represents a low threshold and after an evidentiary hearing where additional facts were presented, it makes the issues even more debatable. He states that "the fact that this Court ultimately issued an adverse ruling denying relief on the claims does not warrant denial of a COA." (Nelson's Motion to Alter or Amend, p. 5).

In Zoch v. U.S., Nos. C 13-4107-MWB, CR 11-4031-MWB, 2015 WL 4400132 (N.D.Iowa July 17, 2015), the Court stated:

> In order to obtain a certificate of appealability on his claim, Zoch must make a substantial showing of the denial of a constitutional right. . . .“A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. Cox [v.Norris, 133 F.3d at 569.] Moreover, the United States Supreme Court reiterated in Miller-El v. Cockrell, that “ ‘[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy §2253 (c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court’s assessment of the constitutional claims debatable or wrong.’” 537 U.S. at 338 (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

Id. at *6 (internal citations omitted). Thus, a comparison of this standard to the standard enunciated in the March 31, 2015 order establishes that the Court applied the correct standard when determining whether a COA should have been granted. In Simmons, 2014 WL 798046, the Court stated that “[r]elief pursuant to [Fed.R.Civ.P. 59(e)] is subject to the district court’s broad discretion. . . .An abuse of that discretion is found where the Court fails to consider an important factor, assigns significant weight to an irrelevant or improper factor, or commits a clear error of judgment in weighing those factors.” Id. at *3 (internal citations omitted). In the instant case, the Court finds that “no manifest error of law or fact,” was committed because the original COA issued by the Eighth Circuit did not remain in effect and also because the Court applied the correct legal standard in denying the COA.

## IV. CONCLUSION

Accordingly, for the reasons stated above, the Court hereby **DENIES** petitioner’s Motion for Relief Pursuant to Fed.R.Civ.P. 59(e) (Doc. # 271).

Date: July 27, 2015
Kansas City, Missouri

**S/ FERNANDO J. GAITAN, JR.**
Fernando J. Gaitan, Jr.
United States District Judge